## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ASTELLAS PHARMA INC., ASTELLAS IRELAND CO., LTD. and ASTELLAS PHARMA GLOBAL DEVELOPMENT, INC., | ) ) ) ) | C.A. No. _____ |
| | ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| SANDOZ INC., ACTAVIS ELIZABETH LLC, ACTAVIS LLC, TEVA PHARMACEUTICALS USA, INC., APOTEX INC., APOTEX CORP., AUROBINDO PHARMA LTD., AUROBINDO PHARMA USA, INC., AUROLIFE PHARMA LLC, SAWAI PHARMACEUTICAL CO., LTD., SAWAI USA, INC., PRINSTON PHARMACEUTICAL INC., ZHEJIANG HUAHAI PHARMACEUTICAL CO., LTD., HUAHAI US INC., SOLCO HEALTHCARE US, LLC, WINDLAS HEALTHCARE, PVT. LTD.,WINDLAS BIOTECH LTD., ZYDUS PHARMACEUTICALS (USA), INC., CADILA HEALTHCARE LTD. (d/b/a ZYDUS CADILA), LUPIN LTD. and LUPIN PHARMACEUTICALS, INC. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Astellas Pharma Inc., Astellas Ireland Co., Ltd., and Astellas Pharma Global Development, Inc. (collectively, "Astellas" or "Plaintiffs"), by their undersigned attorneys, hereby allege as follows:

## THE PARTIES

**A.      Astellas Pharma Inc., Astellas Ireland Co., Ltd.  and Astellas Pharma Global Development, Inc.**

1.      Plaintiff Astellas Pharma Inc. ("API") is a corporation organized and existing under the laws of Japan, having its principal place of business at 2-5-1, Nihonbashi-Honcho, Chuo-Ku, Tokyo 103-8411, Japan. API was formed on April 1, 2005, from the merger of Yamanouchi Pharmaceutical Co., Ltd. and Fujisawa Pharmaceutical Co., Ltd.

2.      Plaintiff Astellas Ireland Co., Ltd. ("AICL") is a corporation organized and existing under the laws of Ireland, having its principal place of business at Damastown Road, Damastown Industrial Park, Mulhuddart, Dublin 15, Ireland. AICL is a subsidiary of Plaintiff API.

3.      Plaintiff Astellas Pharma Global Development, Inc. ("APGD") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1 Astellas Way, Northbrook, Illinois 60062. APGD is a subsidiary of Plaintiff API.

**B.      Sandoz Inc. ("Sandoz")**

4.      On information and belief, Defendant Sandoz is a corporation organized and existing under the laws of Delaware, having a principal place of business at 100 College Road West, Princeton, NJ 08540.  On information and belief, Sandoz is in the business of, *inter alia*, developing, manufacturing and/or distributing generic drug products for marketing, sale, and/or use throughout the United States including in this judicial district.

5.      By a letter dated September 9, 2016 ("Sandoz's Notice Letter"), Sandoz notified Plaintiffs that Sandoz had submitted to the United States Food and Drug Administration ("FDA") Abbreviated New Drug Application ("ANDA") No. 209441 for mirabegron extended-release tablets, 25 mg and 50 mg ("Sandoz ANDA"), a drug product that is a generic version of

2

Myrbetriq® extended-release tablets, in the 25mg and 50mg strengths ("Sandoz's ANDA Product"). On information and belief, the purpose of Sandoz's submission of the Sandoz ANDA was to obtain approval under the Federal Food, Drug, and Cosmetic Act ("FDCA") to engage in the commercial manufacture, use, offer for sale, and/or sale of Sandoz's ANDA Product prior to November 4, 2023.

6.     In Sandoz's Notice Letter, Sandoz notified Plaintiffs that, as a part of the Sandoz ANDA, Sandoz had filed a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), with respect to some of the then-listed patents in the FDA's Approved Drug Products with Therapeutic Equivalence Evaluation ("Orange Book"), asserting that they are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, and sale of Sandoz's ANDA Product.

7.     On the basis of Sandoz's Notice Letter, Plaintiffs filed suit against Sandoz for infringement of some of the then-listed patents in the Orange Book. *Astellas Pharma Inc. et al. v. Sandoz Inc.*, C.A. No. 16-952 (D. Del.), D.I. 1.

8.     In its Answer, Sandoz did not dispute at least subject matter jurisdiction under 35 U.S.C. § 271(e)(2)(A), personal jurisdiction or venue. *Astellas Pharma Inc. et al. v. Sandoz Inc.*, C.A. No. 16-952 (D. Del.), D.I. 12 at ¶¶ 7-8, 13.

9.     Astellas and Sandoz reached a settlement and the case was dismissed. *Astellas Pharma Inc. et al. v. Actavis Elizabeth LLC et al*., C.A. No. 16-905-JFB-CJB (Cons.) (D. Del.), D.I. 604.

**C.     Actavis Elizabeth LLC, Actavis LLC and Teva Pharmaceuticals USA, Inc. (collectively, "Actavis")**

10.     On information and belief, Defendant Actavis Elizabeth LLC is a limited liability company organized and existing under the laws of Delaware, having a principal place of

business at 200 Elmora Avenue, Elizabeth, New Jersey, 07202.  On information and belief, Actavis Elizabeth LLC is in the business of, *inter alia*, developing, manufacturing and/or distributing generic drug products for marketing, sale, and/or use throughout the United States including in this judicial district.

11.     On information and belief, Defendant Actavis LLC is a limited liability company organized and existing under the laws of Delaware, having a principal place of business at Morris Corporate Center Ill, 400 Interpace Parkway, Parsippany, New Jersey 07054.  On information and belief, Actavis LLC is in the business of, *inter alia*, developing, manufacturing and/or distributing generic drug products for marketing, sale, and/or use throughout the United States including in this judicial district.

12.     On information and belief, Defendant Teva Pharmaceuticals USA Inc. ("Teva") is a corporation organized and existing under the laws of Delaware, having a principal place of business at 1090 Horsham Road, North Wales, Pennsylvania 19454.  On information and belief, Teva is in the business of, *inter alia*, developing, manufacturing and/or distributing generic drug products for marketing, sale, and/or use throughout the United States including in this judicial district.

13.     On information and belief, on or about August 2, 2016, Teva acquired Actavis's Generics business, including Actavis Elizabeth LLC and Actavis LLC.

14.     On information and belief, Actavis Elizabeth LLC is a wholly owned subsidiary of Actavis LLC, which is a wholly owned subsidiary of Teva.

15.     By a letter dated August 24, 2016, ("Actavis's Notice Letter") Actavis notified Plaintiffs that Actavis had submitted to the FDA ANDA No. 209368 for Mirabegron Extended-Release Tablets, 25 mg and 50 mg ("Actavis ANDA"), a drug product that is a generic version of

Myrbetriq® extended-release tablets, in the 25mg and 50mg strengths ("Actavis's ANDA Product"). On information and belief, the purpose of Actavis's submission of the Actavis ANDA was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of Actavis's ANDA Product prior to November 4, 2023.

16.     In Actavis's Notice Letter, Actavis notified Plaintiffs that, as a part of the Actavis ANDA, Actavis had filed a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), with respect to some of the then-listed patents in the Orange Book, asserting that they are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, and sale of Actavis's ANDA Product.

17.     On the basis of Actavis's Notice Letter, Plaintiffs filed suit against Actavis for infringement of some of the then-listed patents in the Orange Book. *Astellas Pharma Inc. et al. v. Actavis Elizabeth LLC. et al.*, C.A. No. 16-905 (D. Del.), D.I. 1.

18.     In its Answer, Actavis did not dispute jurisdiction or venue. *Astellas Pharma Inc. et al. v. Actavis Elizabeth LLC. et al.*, C.A. No. 16-905 (D. Del.), D.I. 16 at ¶¶ 11-12, 14-16, 21.

19.     Astellas and Actavis reached a settlement and the case was dismissed. *Astellas Pharma Inc. et al. v. Actavis Elizabeth LLC et al.*, C.A. No. 16-905-JFB-CJB (Cons.) (D. Del.), D.I. 11, 28, 587.

20.     On information and belief, and consistent with their past practices, Actavis Elizabeth LLC and Actavis LLC acted collaboratively in the preparation and submission of ANDA No. 209368.

21.     On information and belief, and consistent with their past practices, following any FDA approval of ANDA No. 209368, Actavis Elizabeth LLC, Actavis LLC and Teva will work in concert with one another to make, use, offer to sell, and/or sell the generic drug products that

are the subject of ANDA No. 209368 throughout the United States, and/or import such generic drug products into the United States, including in this judicial district.

**D.      Apotex Inc. and Apotex Corp. (collectively, "Apotex")**

22.     On information and belief, Defendant Apotex Inc. is a corporation organized and existing under the laws of Canada, having a principal place of business at 150 Signet Drive, Toronto, Ontario M9L 1T9, Canada.  On information and belief, Apotex Inc. is in the business of, *inter alia*, developing, manufacturing and/or distributing generic drug products for marketing, sale, and/or use throughout the United States including in this judicial district.

23.     On information and belief, Defendant Apotex Corp. is a corporation organized and existing under the laws of Delaware, having a principal place of business at 2400 N. Commerce Parkway, Suite 400, Weston, Florida 33326.  On information and belief, Apotex Corp. is in the business of, *inter alia*, developing, manufacturing and/or distributing generic drug products for marketing, sale, and/or use throughout the United States including in this judicial district.

24.     By a letter dated October 10, 2016, (Apotex's Notice Letter) Apotex notified Plaintiffs that Apotex had submitted to the FDA ANDA No. 209434 for Mirabegron Extended-Release Tablets, 25 mg and 50 mg ("Apotex ANDA"), a drug product that is a generic version of Myrbetriq® extended-release tablets, in the 25mg and 50mg strengths ("Apotex's ANDA Product"). On information and belief, the purpose of Apotex's submission of the Apotex ANDA was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of Apotex's ANDA Product prior to November 4, 2023.

25.     In Apotex's Notice Letter, Apotex notified Plaintiffs that, as a part of the Apotex ANDA, Apotex had filed a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), with respect to some of the then-listed patents in

6

the Orange Book, asserting that they are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, and sale of Apotex's ANDA Product.

26.     On the basis of Apotex's Notice Letter, Plaintiffs filed suit against Apotex for infringement of some of the some of the then-listed patents in the Orange Book. *Astellas Pharma Inc. et al. v. Apotex Inc. et al.*, C.A. No. 16-976 (D. Del.), D.I. 1.

27.     In its Answer, Apotex did not dispute jurisdiction or venue. *Astellas Pharma Inc. et al. v. Apotex Inc. et al.*, C.A. No. 16-976 (D. Del.), D.I. 17 at ¶¶ 9-14, 16, 18-19.

28.     Astellas and Apotex reached a settlement and the case was dismissed. *Astellas Pharma Inc. et al. v. Actavis Elizabeth LLC et al.*, C.A. No. 16-905-JFB-CJB (Cons.) (D. Del.) D.I. 286.

29.     On information and belief, and consistent with their past practices, Apotex Inc. and Apotex Corp. acted collaboratively in the preparation and submission of ANDA No. 209434.

30.     On information and belief, and consistent with their past practices, following any FDA approval of ANDA No. 209434, Apotex Inc. and Apotex Corp. will work in concert with one another to make, use, offer to sell, and/or sell the generic drug products that are the subject of ANDA No. 209434 throughout the United States, and/or import such generic drug products into the United States, including in this judicial district.

E.     **Aurobindo Pharma Ltd., Aurobindo Pharma USA, Inc. and Aurolife Pharma LLC (collectively, "Aurobindo")**

31.     On information and belief, Defendant Aurobindo Pharma Ltd. is a corporation organized and existing under the laws of India, having a principal place of business at Plot No. 2, Maitrivihar, Ameerpet, Hyderabad-500038, Telangana, India.   On information and belief, Aurobindo Pharma Ltd. is in the business of, *inter alia*, developing, manufacturing and/or

distributing generic drug products for marketing, sale, and/or use throughout the United States including in this judicial district.

32.     On information and belief, Defendant Aurobindo Pharma USA, Inc. is a corporation organized and existing under the laws of Delaware, having a principal place of business at 279 Princeton Hightstown Road, East Windsor, NJ 08520.  On information and belief, Aurobindo Pharma USA, Inc. is in the business of, *inter alia*, developing, manufacturing and/or distributing generic drug products for marketing, sale, and/or use throughout the United States including in this judicial district.

33.     On information and belief, Defendant Aurolife Pharma LLC is a limited liability company organized and existing under the laws of Delaware, having a principal place of business at 2400 Route 130 North, Dayton, New Jersey 08810.  On information and belief, Aurolife Pharma LLC is in the business of, *inter alia*, developing, manufacturing and/or distributing generic drug products for marketing, sale, and/or use throughout the United States including in this judicial district.

34.     By a letter dated September 8, 2016, ("Aurobindo's Notice Letter") Aurobindo notified Plaintiffs that Aurobindo had submitted to the FDA ANDA No. 209413 for 50 mg mirabegron extended-release tablets ("Aurobindo ANDA"), a drug product that is a generic version of Myrbetriq® extended-release tablets, in the 50mg strength ("Aurobindo's ANDA Product"). On information and belief, the purpose of Aurobindo's submission of the Aurobindo ANDA was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of Aurobindo's ANDA Product prior to November 4, 2023.

35.     In Aurobindo's Notice Letter, Aurobindo notified Plaintiffs that, as a part of the Aurobindo ANDA, Aurobindo had filed a certification of the type described in Section

8

505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), with respect to some of the then-listed patents in the Orange Book, asserting that they are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, and sale of Aurobindo's ANDA Product.

36.     On the basis of Aurobindo's Notice Letter, Plaintiffs filed suit against Aurobindo for infringement of some of the then-listed patents in the Orange Book. *Astellas Pharma Inc. et al. v. Aurobindo Pharma Ltd. et al.*, C.A. No. 16-942 (D. Del.), D.I. 1.

37.     In its Answer, Aurobindo did not dispute jurisdiction or venue. *Astellas Pharma Inc. et al. v. Aurobindo Pharma Ltd. et al.*, C.A. No. 16-942 (D. Del.), D.I. 22 at ¶¶ 10-15, 20-21.

38.     Astellas and Aurobindo reached a settlement and the case was dismissed. *Astellas Pharma Inc. et al. v. Actavis Elizabeth LLC et al*., C.A. No. 16-905-JFB-CJB (Cons.) (D. Del.), D.I. 380.

39.     On information and belief, Aurobindo has received tentative approval for the Aurobindo ANDA.

40.     On information and belief, and consistent with their past practices, Aurobindo Pharma Ltd., Aurobindo Pharma USA, Inc., and Aurolife Pharma LLC acted collaboratively in the preparation and submission of ANDA No. 209413.

41.     On information and belief, and consistent with their past practices, following any FDA approval of ANDA No. 209413, Aurobindo Pharma Ltd., Aurobindo Pharma USA, Inc., and Aurolife Pharma LLC will work in concert with one another to make, use, offer to sell, and/or sell the generic drug products that are the subject of ANDA No. 209413 throughout the United States, and/or import such generic drug products into the United States, including in this judicial district.

ME1 35076203v.1

**F.      Sawai Pharmaceutical Co. Ltd. and Sawai USA Inc. (collectively, "Sawai")**

42.      On information and belief, Defendant Sawai Pharmaceutical Co. Ltd. is a corporation organized and existing under the laws of Japan, having a principal place of business in Osaka, Japan.  On information and belief, Sawai Pharmaceutical Co. Ltd. is in the business of, *inter alia*, developing, manufacturing and/or distributing generic drug products for marketing, sale, and/or use throughout the United States including in this judicial district.

43.      On information and belief, Defendant Sawai USA Inc. is a corporation organized and existing under the laws of Delaware, having a principal place of business in Irvine, CA.  On information and belief, Sawai USA Inc. is in the business of, *inter alia*, developing, manufacturing and/or distributing generic drug products for marketing, sale, and/or use throughout the United States including in this judicial district.

44.      By letters dated September 12, 2016 ("Sawai's 2016 Notice Letter") and July 24, 2018 ("Sawai's 2018 Notice Letter") Sawai notified Plaintiffs that Sawai had submitted to the FDA ANDA No. 209446 for a mirabegron extended-release tablet, 25mg product ("Sawai ANDA"), a drug product that is a generic version of Myrbetriq® extended-release tablets, in the 25mg strength ("Sawai's ANDA Product").  On information and belief, the purpose of Sawai's submission of the Sawai ANDA was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of Sawai's ANDA Product prior to November 4, 2023.

45.      In Sawai's 2016 Notice Letter and Sawai's 2018 Notice Letter, Sawai notified Plaintiffs that, as a part of the Sawai ANDA, Sawai had filed a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), with respect to some of the then-listed patents in the Orange Book, asserting that they are invalid,

unenforceable, and/or will not be infringed by the commercial manufacture, use, and sale of Sawai's ANDA Product.

46.     On the basis of Sawai's 2016 Notice Letter, Plaintiffs filed suit against Sawai for infringement of some of the then-listed patents in the Orange Book. *Astellas Pharma Inc. et al. v. Sawai Pharmaceutical Co. Ltd. et al.*, C.A. No. 16-954 (D. Del.), D.I. 1.

47.     In its Answer, Sawai did not dispute jurisdiction or venue.  *Astellas Pharma Inc. et al. v. Sawai Pharmaceutical Co. Ltd. et al.*, C.A. No. 16-954 (D. Del.), D.I. 16 at ¶¶ 9-13, 18-19.

48.     Astellas and Sawai reached a settlement and the case was dismissed. *Astellas Pharma Inc. et al. v. Actavis Elizabeth LLC et al*., C.A. No. 16-905-JFB-CJB (Cons.) (D. Del.), D.I. 533.

49.     On information and belief, Sawai has received tentative approval for the Sawai ANDA.

50.     On information and belief, and consistent with their past practices, Sawai Pharmaceutical Co. Ltd. and Sawai USA Inc. acted collaboratively in the preparation and submission of ANDA No. 209446.

51.     On information and belief, and consistent with their past practices, following any FDA approval of ANDA No. 209446, Sawai Pharmaceutical Co. Ltd. and Sawai USA Inc. will work in concert with one another to make, use, offer to sell, and/or sell the generic drug products that are the subject of ANDA No. 209446 throughout the United States, and/or import such generic drug products into the United States, including in this judicial district.

11

G.     **Prinston Pharmaceutical Inc., Zhejiang Huahai Pharmaceutical Co. Ltd., Huahai US Inc., and Solco Healthcare US LLC (collectively, "Prinston")**

52.     On information and belief, Defendant Prinston Pharmaceutical Inc. is a corporation organized and existing under the laws of Delaware, having a principal place of business at 2002 Eastpark Blvd., Cranbury, New Jersey 08512.  On information and belief, Prinston Pharmaceutical Inc. is in the business of, *inter alia*, developing, manufacturing and/or distributing generic drug products for marketing, sale, and/or use throughout the United States including in this judicial district.

53.     On information and belief, Defendant Zhejiang Huahai Pharmaceutical Co. Ltd. is a corporation organized and existing under the laws of China, having a principal place of business at Xunqiao, Linhai, Zhejiang 317024, China.  On information and belief, Zhejiang Huahai Pharmaceutical Co. Ltd. is in the business of, *inter alia*, developing, manufacturing and/or distributing generic drug products for marketing, sale, and/or use throughout the United States including in this judicial district.

54.     On information and belief, Defendant Huahai US Inc. is a corporation organized and existing under the laws of New Jersey, having a principal place of business at 2002 Eastpark Blvd., Cranbury, New Jersey 08512.  On information and belief, Huahai US Inc. is in the business of, *inter alia*, developing, manufacturing and/or distributing generic drug products for marketing, sale, and/or use throughout the United States including in this judicial district.

55.     On information and belief, Defendant Solco Healthcare US LLC is a limited liability company organized and existing under the laws of Delaware, having a principal place of business at 2002 Eastpark Blvd., Cranbury, New Jersey 08512.  On information and belief, Solco Healthcare US LLC is in the business of, *inter alia*, developing, manufacturing and/or

distributing generic drug products for marketing, sale, and/or use throughout the United States including in this judicial district.

56.     By a letter dated September 8, 2016, ("Prinston Notice Letter") Prinston notified Plaintiffs that Prinston had submitted to the FDA ANDA No. 209475 for mirabegron extended release tablets, 25 mg and 50 mg ("Prinston ANDA"), a drug product that is a generic version of Myrbetriq® extended-release tablets, in the 25mg and 50mg strengths ("Prinston's ANDA Product").   On information and belief, the purpose of Prinston's submission of the Prinston ANDA was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of Prinston's ANDA Product prior to November 4, 2023.

57.     In Prinston's Notice Letter, Prinston notified Plaintiffs that, as a part of the Prinston ANDA, Prinston had filed a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), with respect to some of the then-listed patents in the Orange Book, asserting that they are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, and sale of Prinston's ANDA Product.

58.     On the basis of Prinston's Notice Letter, Plaintiffs filed suit against Prinston for infringement of some of the then-listed patents in the Orange Book.  *Astellas Pharma Inc. et al. v. Prinston Pharmaceutical Inc. et al.*, C.A. No. 16-943 (D. Del.), D.I. 1.

59.     In its Answer, Prinston did not dispute jurisdiction or venue.  *Astellas Pharma Inc. et al. v. Prinston Pharmaceutical Inc.*, C.A. No. 16-943 (D. Del.), D.I. 16 at ¶¶ 11-13, 23.

60.     Astellas and Prinston reached a settlement and the case was dismissed. *Astellas Pharma Inc. et al. v. Prinston Pharmaceutical Inc.*, C.A. No. 16-943 (D. Del.), D.I. 15; *Astellas Pharma Inc. et al. v. Actavis Elizabeth LLC et al*., C.A. No. 16-905-JFB-CJB (Cons.) (D. Del.), D.I. 307.

13

61.     On information and belief, and consistent with their past practices, Prinston Pharmaceutical Inc., Zhejiang Huahai Pharmaceutical Co. Ltd., Huahai US Inc. and Solco Healthcare US LLC acted collaboratively in the preparation and submission of ANDA No. 209475.

62.     On information and belief, and consistent with their past practices, following any FDA approval of ANDA No. 209475, Prinston Pharmaceutical Inc., Zhejiang Huahai Pharmaceutical Co. Ltd., Huahai US Inc. and Solco Healthcare US LLC will work in concert with one another to make, use, offer to sell, and/or sell the generic drug products that are the subject of ANDA No. 209475 throughout the United States, and/or import such generic drug products into the United States, including in this judicial district.

**H.      Windlas Healthcare Pvt. Ltd and Windlas Biotech Ltd. (collectively, "Windlas")**

63.     On information and belief, Defendant Windlas Healthcare Pvt. Ltd. is a corporation organized and existing under the laws of India, having a principal place of business at Plot No. 183 & 192, Mohabewala Industrial Area, Dehradun 248 110, Uttarakhand, India.  On information and belief, Windlas Healthcare Pvt. Ltd. is in the business of, *inter alia*, developing, manufacturing and/or distributing generic drug products for marketing, sale, and/or use throughout the United States including in this judicial district.

64.     On information and belief, Defendant Windlas Biotech Ltd. is a corporation organized and existing under the laws of India, having a principal place of business at 40/1 Mohabewala Industrial Area, Dehradun 248 110, Uttarakhand, India.  On information and belief, Windlas Biotech Ltd. is in the business of, *inter alia*, developing, manufacturing and/or distributing generic drug products for marketing, sale, and/or use throughout the United States including in this judicial district.

14

65.     By a letter dated September 7, 2016, ("Windlas's Notice Letter") Windlas notified Plaintiffs that Windlas had submitted to the FDA ANDA No. 209428 for mirabegron Extended Release Tablets 25mg and 50mg ("Windlas ANDA"), a drug product that is a generic version of Myrbetriq® extended-release tablets, in the 25mg and 50mg strengths ("Windlas's ANDA Product"). On information and belief, the purpose of Windlas's submission of the Windlas ANDA was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of Windlas's ANDA Product prior to November 4, 2023.

66.     In Windlas's Notice Letter, Windlas notified Plaintiffs that, as a part of the Windlas ANDA, Windlas had filed a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), with respect to some of the then-listed patents in the Orange Book, asserting that they are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, and sale of Windlas's ANDA Product.

67.     On the basis of Windlas's Notice Letter, Plaintiffs filed suit against Windlas for infringement of some of the then-listed patents in the Orange Book. *Astellas Pharma Inc. et al. v. Windlas Healthcare Pvt. Ltd. et al.*, C.A. No. 16-930 (D. Del.), D.I. 1.

68.     In its Answer, Windlas did not dispute jurisdiction or venue. *Astellas Pharma Inc. et al. v. Windlas Healthcare Pvt. Ltd. et al.*, C.A. No. 16-930 (D. Del.), D.I. 17 at ¶¶ 9-10, 19.

69.     Astellas and Windlas reached a settlement and the case was dismissed. *Astellas Pharma Inc. et al. v. Actavis Elizabeth LLC et al.*, C.A. No. 16-905-JFB-CJB (Cons.) (D. Del.), D.I. 585.

ME1 35076203v.1

70.     On information and belief, and consistent with their past practices, Windlas Healthcare Pvt. Ltd and Windlas Biotech Ltd. acted collaboratively in the preparation and submission of ANDA No. 209428.

71.     On information and belief, and consistent with their past practices, following any FDA approval of ANDA No. 209428, Windlas Healthcare Pvt. Ltd and Windlas Biotech Ltd. will work in concert with one another to make, use, offer to sell, and/or sell the generic drug products that are the subject of ANDA No. 209428 throughout the United States, and/or import such generic drug products into the United States, including in this judicial district.

I.      **Zydus Pharmaceuticals (USA) Inc. and Cadila Healthcare Ltd. (d/b/a Zydus Cadila) (collectively, "Zydus")**

72.     On information and belief, Defendant Zydus Pharmaceuticals (USA) Inc. is a corporation organized and existing under the laws of New Jersey, having a principal place of business at 73 Route 31 North, Pennington, New Jersey 08534.  On information and belief, Zydus Pharmaceuticals (USA) Inc. is in the business of, *inter alia*, developing, manufacturing and/or distributing generic drug products for marketing, sale, and/or use throughout the United States including in this judicial district.

73.     On information and belief, Defendant Cadila Healthcare Ltd. (d/b/a Zydus Cadila) ("Zydus Cadila") is a corporation organized and existing under the laws of India, having a principal place of business at Zydus Tower, Satellite Cross Roads, Ahmedabad-380015, Gujarat, India.  On information and belief, Zydus Cadila is in the business of, *inter alia*, developing, manufacturing and/or distributing generic drug products for marketing, sale, and/or use throughout the United States including in this judicial district.

74.     By a letters dated September 6, 2016 ("Zydus's 2016 Notice Letter") and July 6, 2018 ("Zydus's 2018 Notice Letter"), Zydus notified Plaintiffs that Zydus had submitted to the

16

ME1 35076203v.1

FDA ANDA No. 209488 for mirabegron extended-release oral tablets, 25 mg, 50 mg ("Zydus ANDA"), a drug product that is a generic version of Myrbetriq® extended-release tablets, in the 25mg and 50mg strengths ("Zydus's ANDA Product"). On information and belief, the purpose of Zydus's submission of the Zydus ANDA was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of Zydus's ANDA Product prior to November 4, 2023.

75.      In Zydus's 2016 Notice Letter and Zydus's 2018 Notice Letter, Zydus notified Plaintiffs that, as a part of the Zydus ANDA, Zydus had filed a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), with respect to some of the then-listed patents in the Orange Book, asserting that they are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, and sale of Zydus's ANDA Product.

76.      On the basis of Zydus's 2016 Notice Letter, Plaintiffs filed suit against Zydus for infringement of some of the then-listed patents in the Orange Book. *Astellas Pharma Inc. et al. v. Zydus Pharmaceuticals (USA) Inc. et al.*, C.A. No. 16-924 (D. Del.), D.I. 1.

77.      In its Answer, Zydus did not dispute jurisdiction or venue. *Astellas Pharma Inc. et al. v. Zydus Pharmaceuticals (USA) Inc. et al.*, C.A. No. 16-924 (D. Del.), D.I. 18, ¶¶ 4-5, 9-14, 19.

78.      Astellas and Zydus reached a settlement and the case was dismissed. *Astellas Pharma Inc. et al. v. Actavis Elizabeth LLC et al.*, C.A. No. 16-905-JFB-CJB (Cons.) (D. Del.), D.I. 536.

79.      On information and belief, Zydus has received tentative approval for the Zydus ANDA.

17

80.    On information and belief, and consistent with their past practices, Zydus Pharmaceuticals (USA) Inc. and Zydus Cadila acted collaboratively in the preparation and submission of ANDA No. 209488.

81.    On information and belief, and consistent with their past practices, following any FDA approval of ANDA No. 209488, Zydus Pharmaceuticals (USA) Inc. and Zydus Cadila will work in concert with one another to make, use, offer to sell, and/or sell the generic drug products that are the subject of ANDA No. 209488 throughout the United States, and/or import such generic drug products into the United States, including in this judicial district.

**J.    Lupin Ltd. and Lupin Pharmaceuticals, Inc. (collectively, "Lupin")**

82.    On information and belief, Defendant Lupin Ltd. is a corporation organized and existing under the laws of India, having a principal place of business at 3rd Floor, Kalpataru Inspire, Off. Western Expressway Highway, Santacruz (East), Mumbai 400 055, India.   On information and belief, Lupin Ltd. is in the business of, *inter alia*, developing, manufacturing and/or distributing generic drug products for marketing, sale, and/or use throughout the United States including in this judicial district.

83.    On information and belief, Defendant Lupin Pharmaceuticals, Inc. is a corporation organized and existing under the laws of Delaware, having a principal place of business at Harborplace Tower, 111 South Calvert Street, 21st Floor, Baltimore, MD 21292.  On information and belief, Lupin Pharmaceuticals Inc. is in the business of, *inter alia*, developing, manufacturing and/or distributing generic drug products for marketing, sale, and/or use throughout the United States including in this judicial district.

84.    By a letter dated August 25, 2016, (Lupin's Notice Letter") Lupin notified Plaintiffs that Lupin had submitted to the FDA ANDA No. 209485 for mirabegron "in the form of extended release tablets, each containing 25mg or 50mg mirabegron as the active ingredient."

18

("Lupin ANDA"), a drug product that is a generic version of Myrbetriq® extended-release tablets, in the 25mg and 50mg strengths ("Lupin's ANDA Product"). On information and belief, the purpose of Lupin's submission of the Lupin ANDA was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of Lupin's ANDA Product prior to November 4, 2023.

85.     In Lupin's Notice Letter, Lupin notified Plaintiffs that, as a part of the Lupin ANDA, Lupin had filed a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), with respect to some of the then-listed patents in the Orange Book, asserting that they are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, and sale of Lupin's ANDA Product.

86.     On the basis of Lupin's Notice Letter, Plaintiffs filed suit against Lupin for infringement of some of the then-listed patents in the Orange Book. *Astellas Pharma Inc. et al. v. Lupin Ltd. et al.*, C.A. No. 16-908 (D. Del.), D.I. 1.

87.     In its Answer, Lupin did not dispute at least subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) for claims arising out of 35 U.S.C. § 271(e)(2), personal jurisdiction or venue. *Astellas Pharma Inc. et al. v. Lupin Ltd. et al.*, C.A. No. 16-908 (D. Del.), D.I. 20 at ¶¶ 9-10, 19.

88.     Astellas and Lupin reached a settlement and the case was dismissed. *Astellas Pharma Inc. et al. v. Actavis Elizabeth LLC et al*., C.A. No. 16-905-JFB-CJB (Cons.) (D. Del.), D.I. 582.

89.     On information and belief, Lupin has received tentative approval for the Lupin ANDA.

90.     On information and belief, and consistent with their past practices, Lupin Ltd. and Lupin Pharmaceuticals Inc. acted collaboratively in the preparation and submission of ANDA No. 209485.

91.     On information and belief, and consistent with their past practices, following any FDA approval of ANDA No. 209485, Lupin Ltd. and Lupin Pharmaceuticals Inc. will work in concert with one another to make, use, offer to sell, and/or sell the generic drug products that are the subject of ANDA No. 209485 throughout the United States, and/or import such generic drug products into the United States, including in this judicial district.

## NATURE OF ACTION

92.     This is an action for patent infringement of United States Patent No. 10,842,780 ("the '780 Patent"), arising under the United States patent laws, Title 35, United States Code. This action relates to the ANDAs submitted by the above-named Defendants under Section 505(j) of the FDCA, 21 U.S.C. § 355(j), seeking FDA approval to market generic pharmaceutical products.

## JURISDICTION AND VENUE

93.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

94.     This Court has personal jurisdiction over each Defendant because, among other things, each has committed, or aided, abetted, contributed to, or participated in the commission of, tortious acts of patent infringement in filing each ANDA that has led to foreseeable harm and injury to Plaintiffs, and will imminently commit, or aid, abet, contribute to, or participate in the commission of, a tortious act of patent infringement by selling its ANDA Product which will lead to foreseeable harm and injury to Plaintiffs.

20

95.     This Court also has personal jurisdiction over each Defendant because each of its affiliations with the State of Delaware, including in many instances by virtue of its incorporation in Delaware or the incorporation in Delaware of subsidiaries, are so continuous and systematic as to render each Defendant essentially at home in this forum, and in some instances are foreign Defendants that are not subject to jurisdiction in any state's courts of general jurisdiction, making this Court a proper venue for personal jurisdiction.

96.     This Court also has personal jurisdiction over each Defendant because each has frequently availed itself of the legal protections of the State of Delaware by, among other things, selecting the State of Delaware as the place of incorporation for itself and their subsidiaries and admitting jurisdiction and asserting counterclaims in lawsuits filed in the United States District Court for the District of Delaware.

97.     For these reasons, and for other reasons that will be presented to the Court if jurisdiction is challenged, the Court has personal jurisdiction over each Defendant.

98.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b) and/or Fed. R. Civ. P. 4(k)(2).

## **MYRBETRIQ® TABLETS**

99.     APGD holds approved New Drug Application ("NDA") No. 202611 for Myrbetriq® extended-release tablets, 25 mg and 50 mg, which contain the active ingredient, mirabegron. The FDA approved NDA No. 202611 on June 28, 2012 for both the 25 mg and 50 mg extended-release Myrbetriq® tablets.

100.    Mirabegron has been referred to chemically as, *inter alia*, (R)-2-(2-aminothiazol-4-yl)-4'-[2-(2-hydroxy-2-phenylethyl)amino]ethyl]acetic acid anilide, (R)-2-(2-aminothiazol-4-yl)-4'-[2-[(2-hydroxy-2-phenylethyl)amino]ethyl]acetanilide, and 2-(2-aminothiazol-4-yl)-N-[4-

21

(2-{[(2R)-2-hydroxy-2-phenylethyl]amino}ethyl)phenyl]acetamide. Mirabegron can be depicted as, *inter alia*, the following formula:



101.    Myrbetriq® extended-release tablets, containing 25 mg or 50 mg of mirabegron ("Myrbetriq® Tablets"), are indicated for the treatment of overactive bladder ("OAB") with symptoms of urge urinary incontinence, urgency, and urinary frequency.

102.    Myrbetriq® Tablets comprise a sustained release hydrogel-forming formulation containing, *inter alia*,  polyethylene oxide and polyethylene glycol as inactive ingredients within the tablet formulation, which function as a means for forming a hydrogel and a means for ensuring penetration of water into the tablets.

103.    For quality control purposes in the U.S. market, Myrbetriq® Tablets are subjected to dissolution testing using the United States Pharmacopeia ("USP") Apparatus I.  A dissolution test evaluates the rate and extent that a compound forms a solution under carefully controlled conditions.  Within the context of regulatory approval, the USP dissolution test helps safeguard against the release of drug products that do not perform acceptably.  USP Apparatus I (basket) and II (paddle) provide a platform to evaluate the *in vitro* performance of dosage forms using standardized conditions.  These two apparatus, and associated procedures, have become widely used and accepted.

104.    When measured in accordance with the United States Pharmacopeia ("USP") dissolution apparatus II, using 900 mL of USP buffer and having a pH of 6.8 at a paddle rotation

ME1 35076203v.1

speed of 200 rpm ("USP II Method"), the Myrbetriq® Tablets release 39% or less of mirabegron after 1.5 hours, and at least 75% mirabegron after 7 hours.

## PRIOR MYRBETRIQ® LITIGATION WITH DEFENDANTS

105.    Within 45 days of receipt of each Defendant's Notice Letter, Astellas initiated suits for infringement of some of the then-listed patents in the Orange Book for Myrbetriq® Tablets, United States Patent Nos. 7,342,117 ("the '117 Patent"), 7,982,049 ("the '049 Patent"), 8,835,474 ("the '474 Patent") and RE44,872 ("the '872 Patent") against each Defendant. *Astellas Pharma Inc. et al. v. Sandoz Inc.*, C.A. No. 16-952 (D. Del.), D.I. 1; *Astellas Pharma Inc. et al. v. Actavis Elizabeth LLC. et al.*, C.A. No. 16-905 (D. Del.), D.I. 1; *Astellas Pharma Inc. et al. v. Apotex Inc. et al.*, C.A. No. 16-976 (D. Del.), D.I. 1; *Astellas Pharma Inc. et al. v. Aurobindo Pharma Ltd. et al.*, C.A. No. 16-942 (D. Del.), D.I. 1; *Astellas Pharma Inc. et al. v. Sawai Pharmaceutical Co. Ltd. et al.*, C.A. No. 16-954 (D. Del.), D.I. 1; *Astellas Pharma Inc. et al. v. Prinston Pharmaceutical Inc. et al.*, C.A. No. 16-943 (D. Del.), D.I. 1; *Astellas Pharma Inc. et al. v. Windlas Healthcare Pvt. Ltd. et al.*, C.A. No. 16-930 (D. Del.), D.I. 1; *Astellas Pharma Inc. et al. v. Zydus Pharmaceuticals (USA) Inc. et al.*, C.A. No. 16-924 (D. Del.), D.I. 1; *Astellas Pharma Inc. et al. v. Lupin Ltd. et al.*, C.A. No. 16-908 (D. Del.), D.I. 1.  Furthermore, Astellas initiated suit for infringement of one additional Orange Book listed patent for Myrbetriq® Tablets, United States Patent No. 6,346,532 ("the '532 Patent") against Actavis and Sawai. *Astellas Pharma Inc. et al. v. Actavis Elizabeth LLC. et al.*, C.A. No. 16-905 (D. Del.), D.I. 1; *Astellas Pharma Inc. et al. v. Sawai Pharmaceutical Co. Ltd. et al.*, C.A. No. 16-954 (D. Del.), D.I. 1.  Astellas reached a settlement with each Defendant, and these suits have concluded. *Astellas Pharma Inc. et al. v. Actavis Elizabeth LLC et al.*, C.A. No. 16-905-JFB-CJB (Cons.) (D. Del.), D.I. 11, 28, 286, 307, 380, 533, 536, 582, 585, 587, 604; *Astellas Pharma Inc. et al. v.*

*Prinston Pharmaceutical Inc.*, C.A. No. 16-943 (D. Del.), D.I. 15.  None of these suits involved the '780 Patent because, *inter alia*, they concluded before the issuance of the '780 Patent.

106.    On information and belief, each Defendant has made, and continues to make, substantial preparation to engage in the commercial manufacture, use, offer to sell, or sale of its proposed ANDA Product prior to the expiration of the '780 Patent, at the latest upon the expiration of the '117, '049, '474 and '872 Patents to the extent each Defendant has or will receive final approval of its ANDA.

## THE PATENT-IN-SUIT

107.    The United States Patent & Trademark Office ("PTO") duly and legally issued the '780 Patent, entitled "Pharmaceutical Composition for Modified Release," on November 24, 2020. A true and correct copy of the '780 Patent is attached as **Exhibit A**.

108.    Plaintiffs intend to file the '780 Patent for listing in the Orange Book in connection with Myrbetriq® Tablets within 30 days of its issue, and expects FDA to list the '780 Patent in due course for NDA No. 202611.

109.    API is the record owner and assignee of the '780 Patent.

110.    The '780 Patent will expire no earlier than September 28, 2029.

111.    AICL is the exclusive licensee of the '780 Patent with the rights to develop, import, market, sell, distribute, and promote any and all pharmaceutical formulations in finished package forms which contain mirabegron as the active ingredient in the United States.

112.    APGD has contracted with AICL to, *inter alia*, clinically develop mirabegron, prepare and submit NDA No. 202611 for marketing approval of Myrbetriq® Tablets in the United States.

113.    AICL has contracted with Astellas Pharma US, Inc., a subsidiary of API to, *inter alia*, market and sell Myrbetriq® Tablets, in the United States on its behalf.

24

114.    Myrbetriq® Tablets are covered by one or more claims of the '780 Patent.

## MIRABEGRON ANDA FILERS

115.    In June 2013, FDA issued a notice in the Federal Register (78 Fed. Reg. 37230 at 31 (June 20, 2013)) regarding bioequivalence guidance to be published on its website for mirabegron ANDAs.   On its website, FDA lists the following dissolution requirements for mirabegron ANDA filers in order to establish bioequivalence with Myrbetriq® Tablets ("Mirabegron Bioequivalence Guidance"):

| Drug Name | Dosage Form | USP Apparatus | Speed (RPMs) | Medium | Volume (mL) | Recommended Sampling Times (minutes) | Date Updated |
|---|---|---|---|---|---|---|---|
| Mirabegron | Tablet (Extended Release) | I (Basket) | 100 | Phosphate Buffer, pH 6.8 | 900 | 1, 3, 5, 7, 8.5, 10 and 12 hours | 05/09/2013 |

116.    On information and belief, each mirabegron ANDA filer will be required to meet this dissolution method, or an equivalent dissolution method, to meet its bioequivalence requirements for its proposed ANDA product using Myrbetriq® Tablets as the reference standard.   On information and belief, a proposed mirabegron ANDA product will have equivalent dissolution properties to Myrbetriq® Tablets as measured by USP Apparatus I and II.

## CLAIMS FOR RELIEF

## COUNT I: INFRINGEMENT OF THE '780 PATENT BY SANDOZ

117.    Plaintiffs incorporate by reference and reallege paragraphs 1 through 116 above as though fully restated herein.

118.    Sandoz, by filing ANDA No. 209441, has necessarily represented to the FDA that, upon approval, Sandoz's ANDA Product will have the same active ingredient, method of

ME1 35076203v.1

administration, dosage form, and dosage amount as Myrbetriq® Tablets, and will be bioequivalent to Myrbetriq® Tablets.

119.    Sandoz, via Sandoz's Notice Letter has indicated its intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Sandoz's ANDA Product prior to the expiration of the '780 Patent.

120.    Sandoz's submission of ANDA No. 209441 seeking approval to engage in the commercial manufacture, use, offer to sell, or sale of Sandoz's ANDA Product, prior to the expiration of the '780 Patent, constitutes infringement of one or more of the claims of the '780 Patent under 35 U.S.C. § 271(e)(2)(A).

121.    On information and belief, Sandoz intends to engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Sandoz's ANDA Product upon final approval of ANDA No. 209441 and no later than the expiration of the '117, '049, '474 and '872 Patents.

122.    Sandoz's ANDA Product contains either 25 mg or 50 mg of mirabegron in extended release tablets.  Sandoz's ANDA Product will also be bioequivalent to Myrbetriq® Tablets.

123.    On information and belief, and as required by the Mirabegron Bioequivalence Guidance, Sandoz uses the dissolution method (or its equivalent) to establish Sandoz's ANDA Product is bioequivalent to Myrbetriq® Tablets.  On information and belief, Sandoz's ANDA Product will have equivalent dissolution properties, as measured by USP Apparatus I and II, to Myrbetriq® Tablets, which uses a hydrogel formulation.  On information and belief, because of the dissolution requirements contained within the Mirabegron Bioequivalence Guidance, including the use of Myrbetriq® Tablets as the reference standard, Sandoz's ANDA Product uses

26

a hydrogel formulation, the same as or equivalent to the Myrbetriq® Tablets formulation, that is covered by one or more claims of the '780 Patent.

124.    The commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Sandoz's ANDA Product would infringe one or more claims of the '780 Patent, or their equivalents, under 35 U.S.C. § 271(a).

125.    Unless Sandoz is enjoined by the Court, Plaintiffs will be substantially and irreparably harmed by Sandoz's infringement of the '780 Patent.  Plaintiffs do not have an adequate remedy at law.

## COUNT II: INFRINGEMENT OF THE '780 PATENT BY ACTAVIS

126.    Plaintiffs incorporate by reference and reallege paragraphs 1 through 116 above as though fully restated herein.

127.    Actavis, by filing ANDA No. 209368, has necessarily represented to the FDA that, upon approval, Actavis's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as Myrbetriq® Tablets, and will be bioequivalent to Myrbetriq® Tablets.

128.    Actavis, via Actavis's Notice Letter has indicated its intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Actavis's ANDA Product prior to the expiration of the '780 Patent.

129.    Actavis's submission of ANDA No. 209368 seeking approval to engage in the commercial manufacture, use, offer to sell, or sale of Actavis's ANDA Product, prior to the expiration of the '780 Patent, constitutes infringement of one or more of the claims of the '780 Patent under 35 U.S.C. § 271(e)(2)(A).

130.    On information and belief, Actavis intends to engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Actavis's

27

ANDA Product upon final approval of ANDA No. 209368 and no later than the expiration of the '117, '049, '474 and '872 Patents.

131.    Actavis's ANDA Product contains either 25 mg or 50 mg of mirabegron in extended release tablets.  Actavis's ANDA Product will also be bioequivalent to Myrbetriq® Tablets.

132.    On information and belief, and as required by the Mirabegron Bioequivalence Guidance, Actavis uses the dissolution method (or its equivalent) to establish Actavis's ANDA Product is bioequivalent to Myrbetriq® Tablets.  On information and belief, Actavis's ANDA Product will have equivalent dissolution properties, as measured by USP Apparatus I and II, to Myrbetriq® Tablets, which uses a hydrogel formulation.  On information and belief, because of the dissolution requirements contained within the Mirabegron Bioequivalence Guidance, including the use of Myrbetriq® Tablets as the reference standard, Actavis's ANDA Product uses a hydrogel formulation, the same as or equivalent to the Myrbetriq® Tablets formulation, that is covered by one or more claims of the '780 Patent.

133.    The commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Actavis's ANDA Product would infringe one or more claims of the '780 Patent, or their equivalents, under 35 U.S.C. § 271(a).

134.    Unless Actavis is enjoined by the Court, Plaintiffs will be substantially and irreparably harmed by Actavis's infringement of the '780 Patent.  Plaintiffs do not have an adequate remedy at law.

## COUNT III: INFRINGEMENT OF THE '780 PATENT BY APOTEX

135.    Plaintiffs incorporate by reference and reallege paragraphs 1 through 116 above as though fully restated herein.

28

136.    Apotex, by filing ANDA No. 209434, has necessarily represented to the FDA that, upon approval, Apotex's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as Myrbetriq® Tablets, and will be bioequivalent to Myrbetriq® Tablets.

137.    Apotex, via Apotex's Notice Letter has indicated its intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Apotex's ANDA Product prior to the expiration of the '780 Patent.

138.    Apotex's submission of ANDA No. 209434 seeking approval to engage in the commercial manufacture, use, offer to sell, or sale of Apotex's ANDA Product, prior to the expiration of the '780 Patent, constitutes infringement of one or more of the claims of the '780 Patent under 35 U.S.C. § 271(e)(2)(A).

139.    On information and belief, Apotex intends to engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Apotex's ANDA Product upon final approval of ANDA No. 209434 and no later than the expiration of the '117, '049, '474 and '872 Patents.

140.    Apotex's ANDA Product contains either 25 mg or 50 mg of mirabegron in extended release tablets.  Apotex's ANDA Product will also be bioequivalent to Myrbetriq® Tablets.

141.    On information and belief, and as required by the Mirabegron Bioequivalence Guidance, Apotex uses the dissolution method (or its equivalent) to establish Apotex's ANDA Product is bioequivalent to Myrbetriq® Tablets.  On information and belief, Apotex's ANDA Product will have equivalent dissolution properties, as measured by USP Apparatus I and II, to Myrbetriq® Tablets, which uses a hydrogel formulation.  On information and belief, because of

29

the dissolution requirements contained within the Mirabegron Bioequivalence Guidance, including the use of Myrbetriq® Tablets as the reference standard, Apotex's ANDA Product uses a hydrogel formulation, the same as or equivalent to the Myrbetriq® Tablets formulation, that is covered by one or more claims of the '780 Patent.

142.    The commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Apotex's ANDA Product would infringe one or more claims of the '780 Patent, or their equivalents, under 35 U.S.C. § 271(a).

143.    Unless Apotex is enjoined by the Court, Plaintiffs will be substantially and irreparably harmed by Apotex's infringement of the '780 Patent.  Plaintiffs do not have an adequate remedy at law.

## COUNT IV: INFRINGEMENT OF THE '780 PATENT BY AUROBINDO

144.    Plaintiffs incorporate by reference and reallege paragraphs 1 through 116 above as though fully restated herein.

145.    Aurobindo, by filing ANDA No. 209413, has necessarily represented to the FDA that, upon approval, Aurobindo's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as Myrbetriq® Tablets, and will be bioequivalent to Myrbetriq® Tablets.

146.    Aurobindo, via Aurobindo's Notice Letter has indicated its intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Aurobindo's ANDA Product prior to the expiration of the '780 Patent.

147.    Aurobindo's submission of ANDA No. 209413 seeking approval to engage in the commercial manufacture, use, offer to sell, or sale of Aurobindo's ANDA Product, prior to the expiration of the '780 Patent, constitutes infringement of one or more of the claims of the '780 Patent under 35 U.S.C. § 271(e)(2)(A).

148.    On information and belief, Aurobindo intends to engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Aurobindo's ANDA Product upon final approval of ANDA No. 209413 and no later than the expiration of the '117, '049, '474 and '872 Patents.

149.    Aurobindo's ANDA Product contains 50 mg of mirabegron in extended release tablets.  Aurobindo's ANDA Product will also be bioequivalent to Myrbetriq® Tablets.

150.    On information and belief, and as required by the Mirabegron Bioequivalence Guidance, Aurobindo uses the dissolution method (or its equivalent) to establish Aurobindo's ANDA Product is bioequivalent to Myrbetriq® Tablets.  On information and belief, Aurobindo's ANDA Product will have equivalent dissolution properties, as measured by USP Apparatus I and II, to Myrbetriq® Tablets, which uses a hydrogel formulation.  On information and belief, because of the dissolution requirements contained within the Mirabegron Bioequivalence Guidance, including the use of Myrbetriq® Tablets as the reference standard, Aurobindo's ANDA Product uses a hydrogel formulation, the same as or equivalent to the Myrbetriq® Tablets formulation, that is covered by one or more claims of the '780 Patent.

151.    On information and belief, Aurobindo has obtained tentative approval for the Aurobindo ANDA, which FDA relied on, *inter alia*, Aurobindo's dissolution data to conclude that Aurobindo's ANDA Product is bioequivalent to Astellas's Myrbetriq® Tablets.

152.    The commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Aurobindo's ANDA Product would infringe one or more claims of the '780 Patent, or their equivalents, under 35 U.S.C. § 271(a).

31

153.    Unless Aurobindo is enjoined by the Court, Plaintiffs will be substantially and irreparably harmed by Aurobindo's infringement of the '780 Patent.  Plaintiffs do not have an adequate remedy at law.

## COUNT V: INFRINGEMENT OF THE '780 PATENT BY SAWAI

154.    Plaintiffs incorporate by reference and reallege paragraphs 1 through 116 above as though fully restated herein.

155.    Sawai, by filing ANDA No. 209446, has necessarily represented to the FDA that, upon approval, Sawai's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as Myrbetriq® Tablets, and will be bioequivalent to Myrbetriq® Tablets.

156.    Sawai, via Sawai's 2016 Notice Letter and Sawai's 2018 Notice Letter, has indicated its intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Sawai's ANDA Product prior to the expiration of the '780 Patent.

157.    Sawai's submission of ANDA No. 209446 seeking approval to engage in the commercial manufacture, use, offer to sell, or sale of Sawai's ANDA Product, prior to the expiration of the '780 Patent, constitutes infringement of one or more of the claims of the '780 Patent under 35 U.S.C. § 271(e)(2)(A).

158.    On information and belief, Sawai intends to engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Sawai's ANDA Product upon final approval of ANDA No. 209446 and no later than the expiration of the '117, '049, '474 and '872 Patents.

159.    Sawai's ANDA Product contains 25 mg of mirabegron in extended release tablets. Sawai's ANDA Product will also be bioequivalent to Myrbetriq® Tablets.

160.    On information and belief, and as required by the Mirabegron Bioequivalence Guidance, Sawai uses the dissolution method (or its equivalent) to establish Sawai's ANDA Product is bioequivalent to Myrbetriq® Tablets.  On information and belief, Sawai's ANDA Product will have equivalent dissolution properties, as measured by USP Apparatus I and II, to Myrbetriq® Tablets, which uses a hydrogel formulation.  On information and belief, because of the dissolution requirements contained within the Mirabegron Bioequivalence Guidance, including the use of Myrbetriq® Tablets as the reference standard, Sawai's ANDA Product uses a hydrogel formulation, the same as or equivalent to the Myrbetriq® Tablets formulation, that is covered by one or more claims of the '780 Patent.

161.    On information and belief, Sawai has obtained tentative approval for the Sawai ANDA, which FDA relied on, *inter alia*, Sawai's dissolution data to conclude that Sawai's ANDA Product is bioequivalent to Astellas's Myrbetriq® Tablets.

162.    The commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Sawai's ANDA Product would infringe one or more claims of the '780 Patent, or their equivalents, under 35 U.S.C. § 271(a).

163.    Unless Sawai is enjoined by the Court, Plaintiffs will be substantially and irreparably harmed by Sawai's infringement of the '780 Patent. Plaintiffs do not have an adequate remedy at law.

### COUNT VI: INFRINGEMENT OF THE '780 PATENT BY PRINSTON

164.    Plaintiffs incorporate by reference and reallege paragraphs 1 through 116 above as though fully restated herein.

165.    Prinston, by filing ANDA No. 209475, has necessarily represented to the FDA that, upon approval, Prinston's ANDA Product will have the same active ingredient, method of

administration, dosage form, and dosage amount as Myrbetriq® Tablets, and will be bioequivalent to Myrbetriq® Tablets.

166.    Prinston, via Prinston's Notice Letter has indicated its intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Prinston's ANDA Product prior to the expiration of the '780 Patent.

167.    Prinston's submission of ANDA No. 209475 seeking approval to engage in the commercial manufacture, use, offer to sell, or sale of Prinston's ANDA Product, prior to the expiration of the '780 Patent, constitutes infringement of one or more of the claims of the '780 Patent under 35 U.S.C. § 271(e)(2)(A).

168.    On information and belief, Prinston intends to engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Prinston's ANDA Product upon final approval of ANDA No. 209475 and no later than the expiration of the '117, '049, '474 and '872 Patents.

169.    Prinston's ANDA Product contains either 25 mg or 50 mg of mirabegron in extended release tablets.  Prinston's ANDA Product will also be bioequivalent to Myrbetriq® Tablets.

170.    On information and belief, and as required by the Mirabegron Bioequivalence Guidance, Prinston uses the dissolution method (or its equivalent) to establish Prinston's ANDA Product is bioequivalent to Myrbetriq® Tablets.  On information and belief, Prinston's ANDA Product will have equivalent dissolution properties, as measured by USP Apparatus I and II, to Myrbetriq® Tablets, which uses a hydrogel formulation.  On information and belief, because of the dissolution requirements contained within the Mirabegron Bioequivalence Guidance, including the use of Myrbetriq® Tablets as the reference standard, Prinston's ANDA Product

34

uses a hydrogel formulation, the same as or equivalent to the Myrbetriq® Tablets formulation, that is covered by one or more claims of the '780 Patent.

171.   The commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Prinston's ANDA Product would infringe one or more claims of the '780 Patent, or their equivalents, under 35 U.S.C. § 271(a).

172.   Unless Prinston is enjoined by the Court, Plaintiffs will be substantially and irreparably harmed by Prinston's infringement of the '780 Patent.  Plaintiffs do not have an adequate remedy at law.

## COUNT VII: INFRINGEMENT OF THE '780 PATENT BY WINDLAS

173.   Plaintiffs incorporate by reference and reallege paragraphs 1 through 116 above as though fully restated herein.

174.   Windlas, by filing ANDA No. 209428, has necessarily represented to the FDA that, upon approval, Windlas's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as Myrbetriq® Tablets, and will be bioequivalent to Myrbetriq® Tablets.

175.   Windlas, via Windlas's Notice Letter has indicated its intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Windlas's ANDA Product prior to the expiration of the '780 Patent.

176.   Windlas's submission of ANDA No. 209428 seeking approval to engage in the commercial manufacture, use, offer to sell, or sale of Windlas's ANDA Product, prior to the expiration of the '780 Patent, constitutes infringement of one or more of the claims of the '780 Patent under 35 U.S.C. § 271(e)(2)(A).

177.   On information and belief, Windlas intends to engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Windlas's

ANDA Product upon final approval of ANDA No. 209428 and no later than the expiration of the '117, '049, '474 and '872 Patents.

178.    Windlas's ANDA Product contains either 25 mg or 50 mg of mirabegron in extended release tablets.  Windlas's ANDA Product will also be bioequivalent to Myrbetriq® Tablets.

179.    On information and belief, and as required by the Mirabegron Bioequivalence Guidance, Windlas uses the dissolution method (or its equivalent) to establish Windlas's ANDA Product is bioequivalent to Myrbetriq® Tablets.  On information and belief, Windlas's ANDA Product will have equivalent dissolution properties, as measured by USP Apparatus I and II, to Myrbetriq® Tablets, which uses a hydrogel formulation.  On information and belief, because of the dissolution requirements contained within the Mirabegron Bioequivalence Guidance, including the use of Myrbetriq® Tablets as the reference standard, Windlas's ANDA Product uses a hydrogel formulation, the same as or equivalent to the Myrbetriq® Tablets formulation, that is covered by one or more claims of the '780 Patent.

180.    The commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Windlas's ANDA Product would infringe one or more claims of the '780 Patent, or their equivalents, under 35 U.S.C. § 271(a).

181.    Unless Windlas is enjoined by the Court, Plaintiffs will be substantially and irreparably harmed by Windlas's infringement of the '780 Patent.  Plaintiffs do not have an adequate remedy at law.

## COUNT VIII: INFRINGEMENT OF THE '780 PATENT BY ZYDUS

182.    Plaintiffs incorporate by reference and reallege paragraphs 1 through 116 above as though fully restated herein.

183.    Zydus, by filing ANDA No. 209488 has necessarily represented to the FDA that, upon approval, Zydus's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as Myrbetriq® Tablets, and will be bioequivalent to Myrbetriq® Tablets.

184.    Zydus, via Zydus's 2016 Notice Letter and Zydus's 2018 Notice Letter, has indicated its intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of its ANDA Product prior to the expiration of the '780 Patent.

185.    Zydus's submission of ANDA No. 209488 seeking approval to engage in the commercial manufacture, use, offer to sell, or sale of Zydus's ANDA Product, prior to the expiration of the '780 Patent, constitutes infringement of one or more of the claims of the '780 Patent under 35 U.S.C. § 271(e)(2)(A).

186.    On information and belief, Zydus intends to engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Zydus's ANDA Product upon final approval of ANDA No. 209488 and no later than the expiration of the '117, '049, '474 and '872 Patents.

187.    Zydus's ANDA Product contains either 25 mg or 50 mg of mirabegron in extended release tablets.  Zydus's ANDA Product will also be bioequivalent to Myrbetriq® Tablets.

188.    On information and belief, and as required by the Mirabegron Bioequivalence Guidance, Zydus uses the dissolution method (or its equivalent) to establish Zydus's ANDA Product is bioequivalent to Myrbetriq® Tablets.  On information and belief, Zydus's ANDA Product will have equivalent dissolution properties, as measured by USP Apparatus I and II, to Myrbetriq® Tablets, which uses a hydrogel formulation.  On information and belief, because of

the dissolution requirements contained within the Mirabegron Bioequivalence Guidance, including the use of Myrbetriq® Tablets as the reference standard, Zydus's ANDA Product uses a hydrogel formulation, the same as or equivalent to the Myrbetriq® Tablets formulation, that is covered by one or more claims of the '780 Patent.

189.    On information and belief, Zydus has obtained tentative approval for the Zydus ANDA, which FDA relied on, *inter alia*, Zydus's dissolution data to conclude that Zydus's ANDA Product is bioequivalent to Astellas's MYRBETRIQ® Tablets.

190.    The commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Zydus's ANDA Product would infringe one or more claims of the '780 Patent, or their equivalents, under 35 U.S.C. § 271(a).

191.    Unless Zydus is enjoined by the Court, Plaintiffs will be substantially and irreparably harmed by Zydus's infringement of the '780 Patent.  Plaintiffs do not have an adequate remedy at law.

## COUNT IX: INFRINGEMENT OF THE '780 PATENT BY LUPIN

192.    Plaintiffs incorporate by reference and reallege paragraphs 1 through 116 above as though fully restated herein.

193.    Lupin, by filing ANDA No. 209485, has necessarily represented to the FDA that, upon approval, Lupin's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as Myrbetriq® Tablets, and will be bioequivalent to Myrbetriq® Tablets.

194.    Lupin, via Lupin's Notice Letter has indicated its intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Lupin's ANDA Product prior to the expiration of the '780 Patent.

195.   Lupin's submission of ANDA No. 209485 seeking approval to engage in the commercial manufacture, use, offer to sell, or sale of Lupin's ANDA Product, prior to the expiration of the '780 Patent, constitutes infringement of one or more of the claims of the '780 Patent under 35 U.S.C. § 271(e)(2)(A).

196.   On information and belief, Lupin intends to engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Lupin's ANDA Product upon final approval of ANDA No. 209485 and no later than the expiration of the '117, '049, '474 and '872 Patents.

197.   Lupin's ANDA Product contains either 25 mg or 50 mg of mirabegron in extended release tablets.   Lupin's ANDA Product will also be bioequivalent to Myrbetriq® Tablets.

198.   On information and belief, and as required by the Mirabegron Bioequivalence Guidance, Lupin uses the dissolution method (or its equivalent) to establish Lupin's ANDA Product is bioequivalent to Myrbetriq® Tablets.   On information and belief, Lupin's ANDA Product will have equivalent dissolution properties, as measured by USP Apparatus I and II, to Myrbetriq® Tablets, which uses a hydrogel formulation.   On information and belief, because of the dissolution requirements contained within the Mirabegron Bioequivalence Guidance, including the use of Myrbetriq® Tablets as the reference standard, Lupin's ANDA Product uses a hydrogel formulation, the same as or equivalent to the Myrbetriq® Tablets formulation, that is covered by one or more claims of the '780 Patent.

199.   On information and belief, Lupin has obtained tentative approval for the Lupin ANDA, which FDA relied on, *inter alia*, Lupin's dissolution data to conclude that Lupin's ANDA Product is bioequivalent to Astellas's Myrbetriq® Tablets.

200.    The commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Lupin's ANDA Product would infringe one or more claims of the '780 Patent, or their equivalents, under 35 U.S.C. § 271(a).

201.    Unless Lupin is enjoined by the Court, Plaintiffs will be substantially and irreparably harmed by Lupin's infringement of the '780 Patent.   Plaintiffs do not have an adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs API, AICL, and APGD, pray for a judgment in their favor and against Defendants, and respectfully request the following relief:

A.    A judgment that each Defendant's submission and maintenance of its ANDA (i.e., the Sandoz ANDA, Actavis ANDA, Apotex ANDA, Aurobindo ANDA, Sawai ANDA, Prinston ANDA, Windlas ANDA, Zydus ANDA, or Lupin ANDA) constituted an act of infringement of the '780 Patent;

B.    A judgment (or a declaration) that each Defendant's making, using, offering to sell, or selling in the United States or importing into the United States of its respective Proposed ANDA Product (i.e., Sandoz's ANDA Product, Actavis's ANDA Product, Apotex's ANDA Product, Aurobindo's ANDA Product, Sawai's ANDA Product, Prinston's ANDA Product, Windlas's ANDA Product, Zydus's ANDA Product, or Lupin's ANDA Product) will infringe the '780 Patent;

C.    A permanent injunction restraining and enjoining each Defendant, its affiliates, subsidiaries, and each of their officers, agents, attorneys and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of its respective Proposed

40

ANDA Product until the expiration of the '780 Patent, including any extensions and/or periods of exclusivity to which Plaintiffs and/or the '780 Patent are or become entitled;

D.      An order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any approval of each Defendant's ANDA shall be a date that is not earlier than the expiration date of the '780 Patent, including any extensions and/or periods of exclusivity to which Plaintiffs and/or the '780 Patent are or become entitled;

E.      Damages, including monetary and other relief, to Plaintiffs if any Defendant engages in commercial manufacture, use, offers to sell, sale, or importation into the United States of its Proposed ANDA Product, prior to the expiration date of the '780 Patent, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled;

F.      A declaration that this case is "exceptional" within the meaning of 35 U.S.C. § 285 and an award of reasonable attorney fees, costs, expenses, and disbursements of this action; and

G.      Such other and further relief as the Court may deem just and proper.

41

Dated:  November 24, 2020

OF COUNSEL:

Simon D. Roberts
Jason A. Leonard
Nitya Anand
Chika S. Seidel
Vincent Li
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
(212) 918-3000
simon.roberts@hoganlovells.com
jason.leonard@hoganlovells.com
nitya.anand@hoganlovells.com
chika.seidel@hoganlovells.com
vincent.li@hoganlovells.com

Celine Jimenez Crowson
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, D.C. 20004
(202) 637-5600
celine.crowson@hoganlovells.com

MCCARTER & ENGLISH, LLP

/s/ *Daniel M. Silver*
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiffs*

42