IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ASTELLAS PHARMA INC., ASTELLAS IRELAND CO., LTD., and ASTELLAS PHARMA GLOBAL DEVELOPMENT, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | C. A. No. 20-1589-JFB-CJB |
| SANDOZ INC., ACTAVIS ELIZABETH LLC, TEVA PHARMACEUTICALS USA, INC., APOTEX INC., APOTEX CORP., AUROBINDO PHARMA LTD., AUROBINDO PHARMA USA, INC., AUROLIFE PHARMA LLC, SAWAI PHARMACEUTICAL CO., LTD., SAWAI USA, INC., PRINSTON PHARMACEUTICAL INC., ZHEJIANG HUAHAI PHARMACEUTICAL CO., LTD., HUAHAI US INC., SOLCO HEALTHCARE US, LLC, WINDLAS HEALTHCARE, PVT. LTD., WINDLAS BIOTECH LTD., ZYDUS PHARMACEUTICALS (USA), INC., CADILA HEALTHCARE LTD. (d/b/a ZYDUS CADILA), LUPIN LTD. and LUPIN PHARMACEUTICALS, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF DEFENDANTS
TEVA PHARMACEUTICALS USA, INC. AND ACTAVIS ELIZABETH LLC**

Defendants Teva Pharmaceuticals USA, Inc. ("Teva USA") and Actavis Elizabeth LLC (collectively, "Actavis") by and through the undersigned attorneys, submit their answer, affirmative defenses, and counterclaims to the Complaint of Plaintiffs Astellas Pharma Inc. ("API"), Astellas Ireland Co., Ltd. ("AICL") and Astellas Pharma Global Development, Inc. ("APGD") (collectively, "Plaintiffs"). The Complaint uses "Actavis" to collectively include Teva Pharmaceuticals USA, Inc., Actavis Elizabeth LLC, and Actavis LLC. Pursuant to the Stipulation

submitted on February 24, 2021 and so ordered on March 11, 2021, the parties have stipulated to dismissal of the Action against Actavis LLC.  Accordingly, all responses herein are made solely on behalf of Teva Pharmaceuticals USA, Inc. and Actavis Elizabeth LLC, and no response is made on behalf of Actavis LLC.

Actavis denies all allegations in Plaintiffs' complaint except those admitted specifically below.  This pleading is based upon Actavis's knowledge as to its own activities and upon information and belief as to the activities of others.

## THE PARTIES

**A.     Astellas Pharma Inc., Astellas Ireland Co., Ltd. and Astellas Pharma Global Development, Inc.**

1.     Plaintiff Astellas Pharma Inc. ("API") is a corporation organized and existing under the laws of Japan, having its principal place of business at 2-5-1, Nihonbashi-Honcho, Chuo-Ku, Tokyo 103-8411, Japan.  API was formed on April 1, 2005, from the merger of Yamanouchi Pharmaceutical Co., Ltd. and Fujisawa Pharmaceutical Co., Ltd.

**ANSWER:**     On information and belief, Actavis admits that Plaintiff Astellas Pharma Inc. ("API") is a company organized and existing under the laws of Japan with its principal place of business at 2-5-1, Nihonbashi-Honcho, Chuo-Ku, Tokyo 103-8411, Japan.  Actavis lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of Paragraph 1, and therefore, denies those allegations.

2.     Plaintiff Astellas Ireland Co., Ltd. ("AICL") is a corporation organized and existing under the laws of Ireland, having its principal place of business at Damastown Road, Damastown Industrial Park, Mulhuddart, Dublin 15, Ireland.  AICL is a subsidiary of Plaintiff API.

**ANSWER:**     On information and belief, Actavis admits that Plaintiff Astellas Ireland Co., Ltd. ("AICL") is a corporation organized and existing under the laws of Ireland with its principal place of business at Damastown Road, Damastown Industrial Park, Mulhuddart, Dublin 15, Ireland.  Actavis lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of Paragraph 2, and therefore, denies those allegations.

3.      Plaintiff Astellas Pharma Global Development, Inc. ("APGD") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1 Astellas Way, Northbrook, Illinois 60062.  APGD is a subsidiary of Plaintiff API.

**ANSWER:**    On information and belief, Actavis admits that Plaintiff Astellas Pharma Global Development, Inc. ("APGD") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 1 Astellas Way, Northbrook, Illinois 60062.  Actavis lacks sufficient knowledge or information to form a belief as the truth or falsity of the remaining allegations of Paragraph 3, and therefore, denies those allegations.

**B.     Sandoz Inc. ("Sandoz")**

4.      On information and belief, Defendant Sandoz is a corporation organized and existing under the laws of Delaware, having a principal place of business at 100 College Road West, Princeton, NJ 08540.  On information and belief, Sandoz is in the business of, *inter alia*, developing, manufacturing and/or distributing generic drug products for marketing, sale, and/or use throughout the United States including in this judicial district.

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4.  Therefore, Actavis denies the allegations in Paragraph 4.

5.      By a letter dated September 9, 2016 ("Sandoz's Notice Letter"), Sandoz notified Plaintiffs that Sandoz had submitted to the United States Food and Drug Administration ("FDA") Abbreviated New Drug Application ("ANDA") No. 209441 for mirabegron extended- release tablets, 25 mg and 50 mg ("Sandoz ANDA"), a drug product that is a generic version of Myrbetriq® extended-release tablets, in the 25mg and 50mg strengths ("Sandoz's ANDA Product").  On information and belief, the purpose of Sandoz's submission of the Sandoz ANDA was to obtain approval under the Federal Food, Drug, and Cosmetic Act ("FDCA") to engage in the commercial manufacture, use, offer for sale, and/or sale of Sandoz's ANDA Product prior to November 4, 2023.

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5.  Therefore, Actavis denies the allegations in Paragraph 5.

6.      In Sandoz's Notice Letter, Sandoz notified Plaintiffs that, as a part of the Sandoz ANDA, Sandoz had filed a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), with respect to some of the then-listed patents in the

FDA's Approved Drug Products with Therapeutic Equivalence Evaluation ("Orange Book"), asserting that they are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, and sale of Sandoz's ANDA Product.

**ANSWER:**   This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6. Therefore, Actavis denies the allegations in Paragraph 6.

7.      On the basis of Sandoz's Notice Letter, Plaintiffs filed suit against Sandoz for infringement of some of the then-listed patents in the Orange Book. *Astellas Pharma Inc. et al.* v. *Sandoz Inc.,* C.A. No. 16-952 (D. Del.), D.I 1.

**ANSWER:**   This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7. Therefore, Actavis denies the allegations in Paragraph 7.

8.      In its Answer, Sandoz did not dispute at least subject matter jurisdiction under 35 U.S.C. § 271(e)(2)(A), personal jurisdiction or venue. *Astellas Pharma Inc. et al.* v. *Sandoz Inc.,* C.A. No. 16-952 (D. Del.), D.I. 12 at ¶¶ 7-8, 13.

**ANSWER:**   This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8. Therefore, Actavis denies the allegations in Paragraph 8.

9.      Astellas and Sandoz reached a settlement and the case was dismissed. *Astellas Pharma Inc. et al.* v. *Actavis Elizabeth LLC et al.,* C.A. No. 16-905-JFB-CJB (Cons.) (D. Del.), D.I. 604.

**ANSWER:**   This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9. Therefore, Actavis denies the allegations in Paragraph 9.

**C.      Actavis Elizabeth LLC, Actavis LLC and Teva Pharmaceuticals USA, Inc. (collectively, "Actavis")**

10.     On information and belief, Defendant Actavis Elizabeth LLC is a limited liability company organized and existing under the laws of Delaware, having a principal place of business at 200 Elmora Avenue, Elizabeth, New Jersey, 07202.  On information and belief, Actavis Elizabeth LLC is in the business of, *inter alia*, developing, manufacturing and/or distributing

generic drug products for marketing, sale, and/or use throughout the United States including in this judicial district.

**ANSWER:**   Actavis admits that Actavis Elizabeth LLC is a limited liability company organized and existing under the laws of Delaware, having a principal place of business at 200 Elmora Avenue, Elizabeth, New Jersey, 07202.  Actavis further admits that Actavis Elizabeth LLC is a pharmaceutical company that, by itself and/or through its affiliates and agents, develops and obtains regulatory approval for pharmaceutical products, including generic pharmaceutical products, that are distributed and sold in the United States.   Actavis denies the remaining allegations in Paragraph 10.

11.     On information and belief, Defendant Actavis LLC is a limited liability company organized and existing under the laws of Delaware, having a principal place of business at Morris Corporate Center 111, 400 Interpace Parkway, Parsippany, New Jersey 07054.  On information and belief, Actavis LLC is in the business of, *inter alia*, developing, manufacturing and/or distributing generic drug products for marketing, sale, and/or use throughout the United States including in this judicial district.

**ANSWER:**   Pursuant to the Stipulation submitted on February 24, 2021 and so ordered on March 11, 2021, the parties have stipulated to dismiss of the Action against Actavis LLC.  Accordingly, all responses herein are made solely on behalf of Teva Pharmaceuticals USA, Inc. and Actavis Elizabeth LLC, and no response is required here.

12.     On information and belief, Defendant Teva Pharmaceuticals USA Inc. ("Teva") is a corporation organized and existing under the laws of Delaware, having a principal place of business at 1090 Horsham Road, North Wales, Pennsylvania 19454.  On information and belief, Teva is in the business of, *inter alia*, developing, manufacturing and/or distributing generic drug products for marketing, sale, and/or use throughout the United States including in this judicial district.

**ANSWER:**   Actavis admits that Teva Pharmaceuticals USA, Inc. ("Teva") is a corporation organized and existing under the laws of Delaware, but denies it has a principal place of business at 1090 Horsham Road, North Wales, Pennsylvania 19454.  Actavis further admits that Teva is a pharmaceutical company that owns ANDAs for generic pharmaceutical products that are

distributed and sold in the United States.  Actavis denies the remaining allegations in Paragraph

12.

13.     On information and belief, on or about August 2, 2016, Teva acquired Actavis's
Generics business, including Actavis Elizabeth LLC and Actavis LLC.

**ANSWER:**     Admitted.

14.     On information and belief, Actavis Elizabeth LLC is a wholly owned subsidiary of
Actavis LLC, which is a wholly owned subsidiary of Teva.

**ANSWER**:     Admitted.

15.     By a letter dated August 24, 2016, ("Actavis's Notice Letter") Actavis notified
Plaintiffs that Actavis had submitted to the FDA ANDA No. 209368 for Mirabegron Extended-
Release Tablets, 25 mg and 50 mg ("Actavis ANDA"), a drug product that is a generic version of
Myrbetriq® extended-release tablets, in the 25mg and 50mg strengths ("Actavis's ANDA
Product").  On information and belief, the purpose of Actavis's submission of the Actavis ANDA
was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for
sale, and/or sale of Actavis's ANDA Product prior to November 4, 2023.

**ANSWER:**     Actavis admits that Actavis Elizabeth LLC sent a letter dated August 24,

2016 titled "Notification of Certification for U.S. Patent Nos. 6,346,532; 6,562,375; 7,342,117;

7,982,049; 8,835,474; and RE44,872 Pursuant to § 505(j)(2)(B)(iv) of the Federal Food, Drug, and

Cosmetic Act" ("Notice Letter") to the 6,346,532, 6,562,375, 7,342,117, 7,982,049, 8,835,474,

and RE44,872 patent holder and the NDA holder.  The Notice Letter advised that, pursuant to 21

U.S.C. § 355(j) and 21 C.F.R. § 314.95(c), Actavis submitted ANDA No. 209368 to the FDA,

pursuant to applicable laws and regulations, to obtain approval to engage in the commercial

manufacture, use, or sale of the product described in ANDA No. 209368.  Actavis denies the

remaining allegations in Paragraph 15.

16.     In Actavis's Notice Letter, Actavis notified Plaintiffs that, as a part of the Actavis
ANDA, Actavis had filed a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of
the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), with respect to some of the then-listed patents in the
Orange Book, asserting that they are invalid, unenforceable, and/or will not be infringed by the
commercial manufacture, use, and sale of Actavis's ANDA Product.

**ANSWER:**     Admitted.

17.     On the basis of Actavis's Notice Letter, Plaintiffs filed suit against Actavis for infringement of some of the then-listed patents in the Orange Book. *Astellas Pharma Inc. et al.* v. *Actavis Elizabeth LLC. et al.,* C.A. No. 16-905 (D. Del.), D.I. 1.

> **ANSWER:**   Admitted.

18.     In its Answer, Actavis did not dispute jurisdiction or venue. *Astellas Pharma Inc. et al.* v. *Actavis Elizabeth LLC. et al.,* C.A. No. 16-905 (D. Del.), D.I. 16 at ¶¶ 11-12, 14-16, 21.

> **ANSWER:**   Admitted.

19.     Astellas and Actavis reached a settlement and the case was dismissed. *Astellas Pharma Inc. et al.* v. *Actavis Elizabeth LLC et al,* C.A. No. 16-905-JFB-CJB (Cons.) (D. Del.), D.I. 11, 28, 587.

> **ANSWER:**   Admitted.

20.     On information and belief, and consistent with their past practices, Actavis Elizabeth LLC and Actavis LLC acted collaboratively in the preparation and submission of ANDA No. 209368.

> **ANSWER:**   Denied.

21.     On information and belief, and consistent with their past practices, following any FDA approval of ANDA No. 209368, Actavis Elizabeth LLC, Actavis LLC and Teva will work in concert with one another to make, use, offer to sell, and/or sell the generic drug products that are the subject of ANDA No. 209368 throughout the United States, and/or import such generic drug products into the United States, including in this judicial district.

> **ANSWER:**  Denied.

## D.     Apotex Inc. and Apotex Corp. (collectively, "Apotex")

22.     On information and belief, Defendant Apotex Inc. is a corporation organized and existing under the laws of Canada, having a principal place of business at 150 Signet Drive, Toronto, Ontario M9L 1T9, Canada.  On information and belief, Apotex Inc. is in the business of, *inter alia*, developing, manufacturing and/or distributing generic drug products for marketing, sale, and/or use throughout the United States including in this judicial district.

> **ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 22.

Therefore, Actavis denies the allegations in Paragraph 22.

23.     On information and belief, Defendant Apotex Corp. is a corporation organized and existing under the laws of Delaware, having a principal place of business at 2400 N. Commerce

Parkway, Suite 400, Weston, Florida 33326.  On information and belief, Apotex Corp. is in the business of, *inter alia*, developing, manufacturing and/or distributing generic drug products for marketing, sale, and/or use throughout the United States including in this judicial district.

**ANSWER:**   This paragraph is not addressed to Actavis, and Actavis is without sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 23.

Therefore, Actavis denies the allegations in Paragraph 23.

24.    By a letter dated October 10, 2016, (Apotex's Notice Letter) Apotex notified Plaintiffs that Apotex had submitted to the FDA ANDA No. 209434 for Mirabegron Extended-Release Tablets, 25 mg and 50 mg ("Apotex ANDA"), a drug product that is a generic version of Myrbetriq® extended-release tablets, in the 25mg and 50mg strengths ("Apotex's ANDA Product").  On information and belief, the purpose of Apotex's submission of the Apotex ANDA was to obtain approval under the FDC A to engage in the commercial manufacture, use, offer for sale, and/or sale of Apotex's ANDA Product prior to November 4, 2023.

**ANSWER:**   This paragraph is not addressed to Actavis, and Actavis is without sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 24.

Therefore, Actavis denies the allegations in Paragraph 24.

25.    In Apotex's Notice Letter, Apotex notified Plaintiffs that, as a part of the Apotex ANDA, Apotex had filed a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), with respect to some of the then-listed patents in the Orange Book, asserting that they are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, and sale of Apotex's ANDA Product.

**ANSWER:**   This paragraph is not addressed to Actavis, and Actavis is without sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 25.

Therefore, Actavis denies the allegations in Paragraph 25.

26.    On the basis of Apotex's Notice Letter, Plaintiffs filed suit against Apotex for infringement of some of the some of the then-listed patents in the Orange Book.  *Astellas Pharma Inc. et al.* v. *Apotex Inc. el al,* C.A. No. 16-976 (D. Del.), D.I. 1.

**ANSWER:**   This paragraph is not addressed to Actavis, and Actavis is without sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 26.

Therefore, Actavis denies the allegations in Paragraph 26.

27.     In its Answer, Apotex did not dispute jurisdiction or venue.  *Astellas Pharma Inc. et al.* v. *Apotex Inc. et al.,* C.A. No. 16-976 (D. Del.), D.I. 17 at ¶¶ 9-14, 16, 18-19.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27. Therefore, Actavis denies the allegations in Paragraph 27.

28.     Astellas and Apotex reached a settlement and the case was dismissed.  *Astellas Pharma Inc. et al.* v. *Actavis Elizabeth LLC et al,* C.A. No. 16-905-JFB-CJB (Cons.) (D. Del.) D.I. 286.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28. Therefore, Actavis denies the allegations in Paragraph 28.

29.     On information and belief, and consistent with their past practices, Apotex Inc. and Apotex Corp. acted collaboratively in the preparation and submission of ANDA No. 209434.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29. Therefore, Actavis denies the allegations in Paragraph 29.

30.     On information and belief, and consistent with their past practices, following any FDA approval of ANDA No. 209434, Apotex Inc. and Apotex Corp. will work in concert with one another to make, use, offer to sell, and/or sell the generic drug products that are the subject of ANDA No. 209434 throughout the United States, and/or import such generic drug products into the United States, including in this judicial district.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30. Therefore, Actavis denies the allegations in Paragraph 30.

## E.     Aurobindo Pharma Ltd., Aurobindo Pharma USA, Inc. and Aurolife Pharma LLC (collectively, "Aurobindo")

31.     On information and belief, Defendant Aurobindo Pharma Ltd. is a corporation organized and existing under the laws of India, having a principal place of business at Plot No. 2, Maitrivihar, Ameerpet, Hyderabad-500038, Telangana, India.   On information and belief, Aurobindo Pharma Ltd. is in the business of, *inter alia,* developing, manufacturing and/or

distributing generic drug products for marketing, sale, and/or use throughout the United States including in this judicial district.

**ANSWER:**   This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31. Therefore, Actavis denies the allegations in Paragraph 31.

32.   On information and belief, Defendant Aurobindo Pharma USA, Inc. is a corporation organized and existing under the laws of Delaware, having a principal place of business at 279 Princeton Hightstown Road, East Windsor, NJ 08520.  On information and belief, Aurobindo Pharma USA, Inc. is in the business of, *inter alia*, developing, manufacturing and/or distributing generic drug products for marketing, sale, and/or use throughout the United States including in this judicial district.

**ANSWER:**   This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32. Therefore, Actavis denies the allegations in Paragraph 32.

33.   On information and belief, Defendant Aurolife Pharma LLC is a limited liability company organized and existing under the laws of Delaware, having a principal place of business at 2400 Route 130 North, Dayton, New Jersey 08810.  On information and belief, Aurolife Pharma LLC is in the business of, *inter alia*, developing, manufacturing and/or distributing generic drug products for marketing, sale, and/or use throughout the United States including in this judicial district.

**ANSWER:**   This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33. Therefore, Actavis denies the allegations in Paragraph 33.

34.   By a letter dated September 8, 2016, ("Aurobindo's Notice Letter") Aurobindo notified Plaintiffs that Aurobindo had submitted to the FDA ANDA No. 209413 for 50 mg mirabegron extended-release tablets ("Aurobindo ANDA"), a drug product that is a generic version of Myrbetriq® extended-release tablets, in the 50mg strength ("Aurobindo's ANDA Product").  On information and belief, the purpose of Aurobindo's submission of the Aurobindo ANDA was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of Aurobindo's ANDA Product prior to November 4, 2023.

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 34. Therefore, Actavis denies the allegations in Paragraph 34.

35.    In Aurobindo's Notice Letter, Aurobindo notified Plaintiffs that, as a part of the Aurobindo ANDA, Aurobindo had filed a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), with respect to some of the then-listed patents in the Orange Book, asserting that they are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, and sale of Aurobindo's ANDA Product.

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35. Therefore, Actavis denies the allegations in Paragraph 35.

36.    On the basis of Aurobindo's Notice Letter, Plaintiffs filed suit against Aurobindo for infringement of some of the then-listed patents in the Orange Book.  *Astellas Pharma Inc. et al.* v. *Aurobindo Pharma Ltd. et al.,* C.A. No. 16-942 (D. Del.), D.I. 1.

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36. Therefore, Actavis denies the allegations in Paragraph 36.

37.    In its Answer, Aurobindo did not dispute jurisdiction or venue.  *Astellas Pharma Inc. et al.* v. *Aurobindo Pharma Ltd. et al.*, C.A. No. 16-942 (D. Del.), D.I. 22 at ¶¶ 10-15, 20-21.

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 37. Therefore, Actavis denies the allegations in Paragraph 37.

38.    Astellas and Aurobindo reached a settlement and the case was dismissed.  *Astellas Pharma Inc. et al.* v. *Actavis Elizabeth LLC et al.,* C.A. No. 16-905-JFB-CJB (Cons.) (D. Del.), D.I. 380.

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 38. Therefore, Actavis denies the allegations in Paragraph 38.

39.     On information and belief, Aurobindo has received tentative approval for the Aurobindo ANDA.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 39. Therefore, Actavis denies the allegations in Paragraph 39.

40.     On information and belief, and consistent with their past practices, Aurobindo Pharma Ltd., Aurobindo Pharma USA, Inc., and Aurolife Pharma LLC acted collaboratively in the preparation and submission of ANDA No. 209413.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 40. Therefore, Actavis denies the allegations in Paragraph 40.

41.     On information and belief, and consistent with their past practices, following any FDA approval of ANDA No. 209413, Aurobindo Pharma Ltd., Aurobindo Pharma USA, Inc., and Aurolife Pharma LLC will work in concert with one another to make, use, offer to sell, and/or sell the generic drug products that are the subject of ANDA No. 209413 throughout the United States, and/or import such generic drug products into the United States, including in this judicial district.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 41. Therefore, Actavis denies the allegations in Paragraph 41.

## F.     Sawai Pharmaceutical Co. Ltd. and Sawai USA Inc. (collectively, "Sawai")

42.     On information and belief, Defendant Sawai Pharmaceutical Co. Ltd. is a corporation organized and existing under the laws of Japan, having a principal place of business in Osaka, Japan.  On information and belief, Sawai Pharmaceutical Co. Ltd. is in the business of, *inter alia*, developing, manufacturing and/or distributing generic drug products for marketing, sale, and/or use throughout the United States including in this judicial district.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 42. Therefore, Actavis denies the allegations in Paragraph 42.

43.     On information and belief, Defendant Sawai USA Inc. is a corporation organized and existing under the laws of Delaware, having a principal place of business in Irvine, CA.  On

information and belief, Sawai USA Inc. is in the business of, *inter alia*, developing, manufacturing and/or distributing generic drug products for marketing, sale, and/or use throughout the United States including in this judicial district.

> **ANSWER:**   This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 43. Therefore, Actavis denies the allegations in Paragraph 43.

44.   By letters dated September 12, 2016 ("Sawai's 2016 Notice Letter") and July 24, 2018 ("Sawai's 2018 Notice Letter") Sawai notified Plaintiffs that Sawai had submitted to the FDA ANDA No. 209446 for a mirabegron extended-release tablet, 25mg product ("Sawai ANDA"), a drug product that is a generic version of Myrbetriq® extended-release tablets, in the 25mg strength ("Sawai's ANDA Product").  On information and belief, the purpose of Sawai's submission of the Sawai ANDA was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of Sawai's ANDA Product prior to November 4, 2023.

> **ANSWER:**   This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 44. Therefore, Actavis denies the allegations in Paragraph 44.

45.   In Sawai's 2016 Notice Letter and Sawai's 2018 Notice Letter, Sawai notified Plaintiffs that, as a part of the Sawai ANDA, Sawai had filed a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), with respect to some of the then-listed patents in the Orange Book, asserting that they are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, and sale of Sawai's ANDA Product.

> **ANSWER:**   This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 45. Therefore, Actavis denies the allegations in Paragraph 45.

46.   On the basis of Sawai's 2016 Notice Letter, Plaintiffs filed suit against Sawai for infringement of some of the then-listed patents in the Orange Book.  *Astellas Pharma Inc. et al.* v. *Sawai Pharmaceutical Co. Ltd. et al.,* C.A. No. 16-954 (D. Del.), D.I. 1.

> **ANSWER:**   This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 46. Therefore, Actavis denies the allegations in Paragraph 46.

47.     In its Answer, Sawai did not dispute jurisdiction or venue. *Astellas Pharma Inc. et al.* v. *Sawai Pharmaceutical Co. Ltd. et al,* C.A. No. 16-954 (D. Del.), D.I. 16 at ¶¶ 9-13, 18- 19.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 47. Therefore, Actavis denies the allegations in Paragraph 47.

48.     Astellas and Sawai reached a settlement and the case was dismissed. *Astellas Pharma Inc. et al.* v. *Actavis Elizabeth LLC et al,* C.A. No. 16-905-JFB-CJB (Cons.) (D. Del.), D.I. 533.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 48. Therefore, Actavis denies the allegations in Paragraph 48.

49.     On information and belief, Sawai has received tentative approval for the Sawai ANDA.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 49. Therefore, Actavis denies the allegations in Paragraph 49.

50.     On information and belief, and consistent with their past practices, Sawai Pharmaceutical Co. Ltd. and Sawai USA Inc. acted collaboratively in the preparation and submission of ANDA No. 209446.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 50. Therefore, Actavis denies the allegations in Paragraph 50.

51.     On information and belief, and consistent with their past practices, following any FDA approval of ANDA No. 209446, Sawai Pharmaceutical Co. Ltd. and Sawai USA Inc. will work in concert with one another to make, use, offer to sell, and/or sell the generic drug products that are the subject of ANDA No. 209446 throughout the United States, and/or import such generic drug products into the United States, including in this judicial district.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 51.

Therefore, Actavis denies the allegations in Paragraph 51.

**G.    Prinston Pharmaceutical Inc., Zhejiang Huahai Pharmaceutical Co. Ltd., Huahai US Inc., and Solco Healthcare US LLC (collectively, "Prinston")**

52.    On information and belief, Defendant Prinston Pharmaceutical Inc. is a corporation organized and existing under the laws of Delaware, having a principal place of business at 2002 Eastpark Blvd., Cranbury, New Jersey 08512.  On information and belief, Prinston Pharmaceutical Inc. is in the business of, *inter alia*, developing, manufacturing and/or distributing generic drug products for marketing, sale, and/or use throughout the United States including in this judicial district.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 52.

Therefore, Actavis denies the allegations in Paragraph 52.

53.    On information and belief, Defendant Zhejiang Huahai Pharmaceutical Co. Ltd. is a corporation organized and existing under the laws of China, having a principal place of business at Xunqiao, Linhai, Zhejiang 317024, China.  On information and belief, Zhejiang Huahai Pharmaceutical Co. Ltd. is in the business of, *inter alia*, developing, manufacturing and/or distributing generic drug products for marketing, sale, and/or use throughout the United States including in this judicial district.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 53.

Therefore, Actavis denies the allegations in Paragraph 53.

54.    On information and belief, Defendant Huahai US Inc. is a corporation organized and existing under the laws of New Jersey, having a principal place of business at 2002 Eastpark Blvd., Cranbury, New Jersey 08512.  On information and belief, Huahai US Inc. is in the business of, *inter alia*, developing, manufacturing and/or distributing generic drug products for marketing, sale, and/or use throughout the United States including in this judicial district.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 54.

Therefore, Actavis denies the allegations in Paragraph 54.

55.     On information and belief, Defendant Solco Healthcare US LLC is a limited liability company organized and existing under the laws of Delaware, having a principal place of business at 2002 Eastpark Blvd., Cranbury, New Jersey 08512.  On information and belief, Solco Healthcare US LLC is in the business of, *inter alia*, developing, manufacturing and/or distributing generic drug products for marketing, sale, and/or use throughout the United States including in this judicial district.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 55.

Therefore, Actavis denies the allegations in Paragraph 55.

56.     By a letter dated September 8, 2016, ("Prinston Notice Letter") Prinston notified Plaintiffs that Prinston had submitted to the FDA ANDA No. 209475 for mirabegron extended release tablets, 25 mg and 50 mg ("Prinston ANDA"), a drug product that is a generic version of Myrbetriq® extended-release tablets, in the 25mg and 50mg strengths ("Prinston's ANDA Product").  On information and belief, the purpose of Prinston's submission of the Prinston ANDA was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of Prinston's ANDA Product prior to November 4, 2023.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 56.

Therefore, Actavis denies the allegations in Paragraph 56.

57.     In Prinston's Notice Letter, Prinston notified Plaintiffs that, as a part of the Prinston ANDA, Prinston had filed a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), with respect to some of the then-listed patents in the Orange Book, asserting that they are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, and sale of Prinston's ANDA Product.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 57.

Therefore, Actavis denies the allegations in Paragraph 57.

58.     On the basis of Prinston's Notice Letter, Plaintiffs filed suit against Prinston for infringement of some of the then-listed patents in the Orange Book.  *Astellas Pharma Inc. et al.* v. *Prinston Pharmaceutical Inc. et al.,* C.A. No. 16-943 (D. Del.), D.I. 1.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 58. Therefore, Actavis denies the allegations in Paragraph 58.

59.     In its Answer, Prinston did not dispute jurisdiction or venue.  *Astellas Pharma Inc. et al.* v. *Prinston Pharmaceutical Inc.,* C.A. No. 16-943 (D. Del.), D.I. 16 at ¶¶ 11-13, 23.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 59. Therefore, Actavis denies the allegations in Paragraph 59.

60.     Astellas and Prinston reached a settlement and the case was dismissed.  *Astellas Pharma Inc. et al.* v. *Prinston Pharmaceutical Inc.,* C.A. No. 16-943 (D. Del.), D.I. 15; *Astellas Pharma Inc. et al.* v. *Actavis Elizabeth LLC et al.,* C.A. No. 16-905-JFB-CJB (Cons.) (D. Del.), D.I. 307.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 60. Therefore, Actavis denies the allegations in Paragraph 60.

61.     On information and belief, and consistent with their past practices, Prinston Pharmaceutical Inc., Zhejiang Huahai Pharmaceutical Co. Ltd., Huahai US Inc. and Solco Healthcare US LLC acted collaboratively in the preparation and submission of ANDA No. 209475.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 61. Therefore, Actavis denies the allegations in Paragraph 61.

62.     On information and belief, and consistent with their past practices, following any FDA approval of ANDA No. 209475, Prinston Pharmaceutical Inc., Zhejiang Huahai Pharmaceutical Co. Ltd., Huahai US Inc. and Solco Healthcare US LLC will work in concert with one another to make, use, offer to sell, and/or sell the generic drug products that are the subject of ANDA No. 209475 throughout the United States, and/or import such generic drug products into the United States, including in this judicial district.

**ANSWER:** This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 62. Therefore, Actavis denies the allegations in Paragraph 62.

**H.  Windlas Healthcare Pvt. Ltd and Windlas Biotech Ltd. (collectively, "Windlas")**

63.  On information and belief, Defendant Windlas Healthcare Pvt. Ltd. is a corporation organized and existing under the laws of India, having a principal place of business at Plot No. 183 & 192, Mohabewala Industrial Area, Dehradun 248 110, Uttarakhand, India.  On information and belief, Windlas Healthcare Pvt. Ltd. is in the business of, *inter alia*, developing, manufacturing and/or distributing generic drug products for marketing, sale, and/or use throughout the United States including in this judicial district.

**ANSWER:** This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 63. Therefore, Actavis denies the allegations in Paragraph 63.

64.  On information and belief, Defendant Windlas Biotech Ltd. is a corporation organized and existing under the laws of India, having a principal place of business at 40/1 Mohabewala Industrial Area, Dehradun 248 110, Uttarakhand, India.  On information and belief, Windlas Biotech Ltd. is in the business of, *inter alia*, developing, manufacturing and/or distributing generic drug products for marketing, sale, and/or use throughout the United States including in this judicial district.

**ANSWER:** This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 64. Therefore, Actavis denies the allegations in Paragraph 64.

65.  By a letter dated September 7, 2016, ("Windlas's Notice Letter") Windlas notified Plaintiffs that Windlas had submitted to the FDA ANDA No. 209428 for mirabegron Extended Release Tablets 25mg and 50mg ("Windlas ANDA"), a drug product that is a generic version of Myrbetriq® extended-release tablets, in the 25mg and 50mg strengths ("Windlas's ANDA Product").  On information and belief, the purpose of Windlas's submission of the Windlas ANDA was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of Windlas's ANDA Product prior to November 4, 2023.

**ANSWER:** This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 65. Therefore, Actavis denies the allegations in Paragraph 65.

66.     In Windlas's Notice Letter, Windlas notified Plaintiffs that, as a part of the Windlas ANDA, Windlas had filed a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), with respect to some of the then-listed patents in the Orange Book, asserting that they are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, and sale of Windlas's ANDA Product.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 66. Therefore, Actavis denies the allegations in Paragraph 66.

67.     On the basis of Windlas's Notice Letter, Plaintiffs filed suit against Windlas for infringement of some of the then-listed patents in the Orange Book.  *Astellas Pharma Inc. et al.* v. *Windlas Healthcare Pvt. Ltd. et al,* C.A. No. 16-930 (D. Del.), D.I 1.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 67. Therefore, Actavis denies the allegations in Paragraph 67.

68.     In its Answer, Windlas did not dispute jurisdiction or venue.  *Astellas Pharma Inc. et al.* v. *Windlas Healthcare Pvt. Ltd. et al.,* C.A. No. 16-930 (D. Del.), D.I. 17 at ¶¶ 9-10, 19.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 68. Therefore, Actavis denies the allegations in Paragraph 68.

69.     Astellas and Windlas reached a settlement and the case was dismissed.  *Astellas Pharma Inc. et al.* v. *Actavis Elizabeth LLC et al,* C.A. No. 16-905-JFB-CJB (Cons.) (D. Del.), D.I. 585.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 69. Therefore, Actavis denies the allegations in Paragraph 69.

70.     On information and belief, and consistent with their past practices, Windlas Healthcare Pvt. Ltd and Windlas Biotech Ltd. acted collaboratively in the preparation and submission of ANDA No. 209428.

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 70. Therefore, Actavis denies the allegations in Paragraph 70.

71.    On information and belief, and consistent with their past practices, following any FDA approval of ANDA No. 209428, Windlas Healthcare Pvt. Ltd and Windlas Biotech Ltd. will work in concert with one another to make, use, offer to sell, and/or sell the generic drug products that are the subject of ANDA No. 209428 throughout the United States, and/or import such generic drug products into the United States, including in this judicial district.

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 71. Therefore, Actavis denies the allegations in Paragraph 71.

**I.    Zydus Pharmaceuticals (USA) Inc. and Cadila Healthcare Ltd. (d/b/a Zydus Cadila) (collectively, "Zydus")**

72.    On information and belief, Defendant Zydus Pharmaceuticals (USA) Inc. is a corporation organized and existing under the laws of New Jersey, having a principal place of business at 73 Route 31 North, Pennington, New Jersey 08534.  On information and belief, Zydus Pharmaceuticals (USA) Inc. is in the business of, *inter alia*, developing, manufacturing and/or distributing generic drug products for marketing, sale, and/or use throughout the United States including in this judicial district.

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 72. Therefore, Actavis denies the allegations in Paragraph 72.

73.    On information and belief, Defendant Cadila Healthcare Ltd. (d/b/a Zydus Cadila) ("Zydus Cadila") is a corporation organized and existing under the laws of India, having a principal place of business at Zydus Tower, Satellite Cross Roads, Ahmedabad-380015, Gujarat, India.  On information and belief, Zydus Cadila is in the business of, *inter alia*, developing, manufacturing and/or distributing generic drug products for marketing, sale, and/or use throughout the United States including in this judicial district.

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 73. Therefore, Actavis denies the allegations in Paragraph 73.

74.     By a letters dated September 6, 2016 ("Zydus's 2016 Notice Letter") and July 6, 2018 ("Zydus's 2018 Notice Letter"), Zydus notified Plaintiffs that Zydus had submitted to the FDA ANDA No. 209488 for mirabegron extended-release oral tablets, 25 mg, 50 mg ("Zydus ANDA"), a drug product that is a generic version of Myrbetriq® extended-release tablets, in the 25mg and 50mg strengths ("Zydus's ANDA Product").  On information and belief, the purpose of Zydus's submission of the Zydus ANDA was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of Zydus's ANDA Product prior to November 4, 2023.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 74. Therefore, Actavis denies the allegations in Paragraph 74.

75.     In Zydus's 2016 Notice Letter and Zydus's 2018 Notice Letter, Zydus notified Plaintiffs that, as a part of the Zydus ANDA, Zydus had filed a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), with respect to some of the then-listed patents in the Orange Book, asserting that they are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, and sale of Zydus's ANDA Product.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 75. Therefore, Actavis denies the allegations in Paragraph 75.

76.     On the basis of Zydus's 2016 Notice Letter, Plaintiffs filed suit against Zydus for infringement of some of the then-listed patents in the Orange Book.  *Astellas Pharma Inc. et al.* v. *Zydus Pharmaceuticals (USA) Inc. et al.,* C.A. No. 16-924 (D. Del.), D.I 1.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 76. Therefore, Actavis denies the allegations in Paragraph 76.

77.     In its Answer, Zydus did not dispute jurisdiction or venue.  *Astellas Pharma Inc. et al.* v. *Zydus Pharmaceuticals (USA) Inc. et al,* C.A. No. 16-924 (D. Del.), D.I. 18, ¶¶ 4-5, 9-14, 19.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 77. Therefore, Actavis denies the allegations in Paragraph 77.

78.    Astellas and Zydus reached a settlement and the case was dismissed. *Astellas Pharma Inc. et al.* v. *Actavis Elizabeth LLC et al.,* C.A. No. 16-905-JFB-CJB (Cons.) (D. Del.), D.I. 536.

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 78. Therefore, Actavis denies the allegations in Paragraph 78.

79.    On information and belief, Zydus has received tentative approval for the Zydus ANDA.

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 79. Therefore, Actavis denies the allegations in Paragraph 79.

80.    On information and belief, and consistent with their past practices, Zydus Pharmaceuticals (USA) Inc. and Zydus Cadila acted collaboratively in the preparation and submission of ANDA No. 209488.

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 80. Therefore, Actavis denies the allegations in Paragraph 80.

81.    On information and belief, and consistent with their past practices, following any FDA approval of ANDA No. 209488, Zydus Pharmaceuticals (USA) Inc. and Zydus Cadila will work in concert with one another to make, use, offer to sell, and/or sell the generic drug products that are the subject of ANDA No. 209488 throughout the United States, and/or import such generic drug products into the United States, including in this judicial district.

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 81. Therefore, Actavis denies the allegations in Paragraph 81.

## J.    Lupin Ltd. and Lupin Pharmaceuticals, Inc. (collectively, "Lupin")

82.    On information and belief, Defendant Lupin Ltd. is a corporation organized and existing under the laws of India, having a principal place of business at 3rd Floor, Kalpataru Inspire, Off. Western Expressway Highway, Santacruz (East), Mumbai 400 055, India. On information and belief, Lupin Ltd. is in the business of, *inter alia*, developing, manufacturing and/or

distributing generic drug products for marketing, sale, and/or use throughout the United States including in this judicial district.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 82.

Therefore, Actavis denies the allegations in Paragraph 82.

83.     On information and belief, Defendant Lupin Pharmaceuticals, Inc. is a corporation organized and existing under the laws of Delaware, having a principal place of business at Harborplace Tower, 111 South Calvert Street, 21st Floor, Baltimore, MD 21292.  On information and belief, Lupin Pharmaceuticals Inc. is in the business of, *inter alia*, developing, manufacturing and/or distributing generic drug products for marketing, sale, and/or use throughout the United States including in this judicial district.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 83.

Therefore, Actavis denies the allegations in Paragraph 83.

84.     By a letter dated August 25, 2016, (Lupin's Notice Letter") Lupin notified Plaintiffs that Lupin had submitted to the FDA ANDA No. 209485 for mirabegron "in the form of extended release tablets, each containing 25mg or 50mg mirabegron as the active ingredient." ("Lupin ANDA"), a drug product that is a generic version of Myrbetriq® extended-release tablets, in the 25mg and 50mg strengths ("Lupin's ANDA Product").  On information and belief, the purpose of Lupin's submission of the Lupin ANDA was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of Lupin's ANDA Product prior to November 4, 2023.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 84.

Therefore, Actavis denies the allegations in Paragraph 84.

85.     In Lupin's Notice Letter, Lupin notified Plaintiffs that, as a part of the Lupin ANDA, Lupin had filed a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), with respect to some of the then-listed patents in the Orange Book, asserting that they are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, and sale of Lupin's ANDA Product.

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 85. Therefore, Actavis denies the allegations in Paragraph 85.

86.    On the basis of Lupin's Notice Letter, Plaintiffs filed suit against Lupin for infringement of some of the then-listed patents in the Orange Book. *Astellas Pharma Inc. et al.* v. *Lupin Ltd. et al.,* C.A. No. 16-908 (D. Del.), D.I 1.

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 86. Therefore, Actavis denies the allegations in Paragraph 86.

87.    In its Answer, Lupin did not dispute at least subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) for claims arising out of 35 U.S.C. § 271(e)(2), personal jurisdiction or venue. *Astellas Pharma Inc. et al.* v. *Lupin Ltd. et al.,* C.A. No. 16-908 (D. Del.), D. I. 20 at ¶¶ 9-10, 19.

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 87. Therefore, Actavis denies the allegations in Paragraph 87.

88.    Astellas and Lupin reached a settlement and the case was dismissed. *Astellas Pharma Inc. et al.* v. *Actavis Elizabeth LLC et al.,* C.A. No. 16-905-JFB-CJB (Cons.) (D. Del.), D.I. 582.

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 88. Therefore, Actavis denies the allegations in Paragraph 88.

89.    On information and belief, Lupin has received tentative approval for the Lupin ANDA.

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 89. Therefore, Actavis denies the allegations in Paragraph 89.

90.     On information and belief, and consistent with their past practices, Lupin Ltd. and Lupin Pharmaceuticals Inc. acted collaboratively in the preparation and submission of ANDA No. 209485.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 90. Therefore, Actavis denies the allegations in Paragraph 90.

91.     On information and belief, and consistent with their past practices, following any FDA approval of ANDA No. 209485, Lupin Ltd. and Lupin Pharmaceuticals Inc. will work in concert with one another to make, use, offer to sell, and/or sell the generic drug products that are the subject of ANDA No. 209485 throughout the United States, and/or import such generic drug products into the United States, including in this judicial district.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 91. Therefore, Actavis denies the allegations in Paragraph 91.

## NATURE OF ACTION

92.     This is an action for patent infringement of United States Patent No. 10,842,780 ("the '780 Patent"), arising under the United States patent laws, Title 35, United States Code. This action relates to the ANDAs submitted by the above-named Defendants under Section 505(j) of the FDCA, 21 U.S.C. § 355(j), seeking FDA approval to market generic pharmaceutical products.

**ANSWER:**     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, Actavis admits that the Complaint purports to bring an action for infringement of U.S. Patent No. 10,842,780 ("the 780 Patent") arising under the United States patent laws and Title 35 of the United States Code, but denies that Plaintiffs are entitled to any such relief.  Actavis admits that the Complaint purports to bring this action relating to the filing of ANDA No. 209368 with the United States Food and Drug Administration seeking approval to manufacture, use, or sell generic pharmaceutical products.  Actavis denies any remaining allegations in paragraph 92.

## JURISDICTION AND VENUE

93.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

**ANSWER:**     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, Actavis does not contest subject matter jurisdiction for purposes of this case only.  Actavis denies the remaining allegations in Paragraph 93.

94.     This Court has personal jurisdiction over each Defendant because, among other things, each has committed, or aided, abetted, contributed to, or participated in the commission of, tortious acts of patent infringement in filing each ANDA that has led to foreseeable harm and injury to Plaintiffs, and will imminently commit, or aid, abet, contribute to, or participate in the commission of, a tortious act of patent infringement by selling its ANDA Product which will lead to foreseeable harm and injury to Plaintiffs.

**ANSWER:**     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, Actavis does not contest personal jurisdiction for Plaintiffs' infringement action in this Court for the purposes of this action only.  Actavis denies the remaining allegations in paragraph 94.

95.     This Court also has personal jurisdiction over each Defendant because each of its affiliations with the State of Delaware, including in many instances by virtue of its incorporation in Delaware or the incorporation in Delaware of subsidiaries, are so continuous and systematic as to render each Defendant essentially at home in this forum, and in some instances are foreign Defendants that are not subject to jurisdiction in any state's courts of general jurisdiction, making this Court a proper venue for personal jurisdiction.

**ANSWER:**     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, Actavis does not contest personal jurisdiction for Plaintiffs' infringement action in this Court for the purposes of this action only.  Actavis denies the remaining allegations in paragraph 95.

96.     This Court also has personal jurisdiction over each Defendant because each has frequently availed itself of the legal protections of the State of Delaware by, among other things, selecting the State of Delaware as the place of incorporation for itself and their subsidiaries and admitting jurisdiction and asserting counterclaims in lawsuits filed in the United States District Court for the District of Delaware.

**ANSWER:**   This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, Actavis does not contest personal jurisdiction for Plaintiffs' infringement action in this Court for the purposes of this action only.  Actavis denies the remaining allegations in paragraph 96.

97.    For these reasons, and for other reasons that will be presented to the Court if jurisdiction is challenged, the Court has personal jurisdiction over each Defendant.

**ANSWER:**   This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, Actavis does not contest personal jurisdiction for Plaintiffs' infringement action in this Court for the purposes of this action only.  Actavis denies the remaining allegations in paragraph 97.

98.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b) and/or Fed. R. Civ. P. 4(k)(2).

**ANSWER:**   This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, Actavis does not contest that venue for Plaintiffs' infringement action is proper in this Court for the purposes of this action only.  Actavis denies the remaining allegations in paragraph 98.

## MYRBETRIQ® TABLETS

99.    APGD holds approved New Drug Application ("NDA") No. 202611 for Myrbetriq® extended-release tablets, 25 mg and 50 mg, which contain the active ingredient, mirabegron.  The FDA approved NDA No. 202611 on June 28, 2012 for both the 25 mg and 50 mg extended-release Myrbetriq® tablets.

**ANSWER:**   Actavis admits that the Orange Book lists APGD as the holder of approved New Drug Application ("NDA") No. 202611 for Myrbetriq® extended-release tablets, 25 mg and 50 mg on June 28, 2012.  Actavis denies the remaining allegations in Paragraph 99.

100.    Mirabegron has been referred to chemically as, *inter alia*, (R)-2-(2-aminothiazol-4-yl)-4'-[2-(2-hydroxy-2-phenylethyl)amino]ethyl]acetic acid anilide, (R)-2-(2-aminothiazol-4-yl)-4'-[2-[(2-hydroxy-2-phenylethyl)amino]ethyl]acetanilide,  and  2-(2-aminothiazol-4-yl)-N-[4-

(2-{[(2R)-2-hydroxy-2-phenylethyl]amino}ethyl)phenyl]acetamide.  Mirabegron can be depicted as, *inter alia*, the following formula:



**ANSWER:**    Admitted.

101.    Myrbetriq® extended-release tablets, containing 25 mg or 50 mg of mirabegron ("Myrbetriq® Tablets"), are indicated for the treatment of overactive bladder ("OAB") with symptoms of urge urinary incontinence, urgency, and urinary frequency.

**ANSWER:**    Actavis admits that the package insert for Myrbetriq® states that Myrbetriq® extended-release tablets, 25 mg and 50 mg, are indicated for the treatment of overactive bladder (OAB) with symptoms of urge urinary incontinence, urgence, and urinary frequency. Actavis denies the remaining allegations in Paragraph 101.

102.    Myrbetriq® Tablets comprise a sustained release hydrogel-forming formulation containing, *inter alia*, polyethylene oxide and polyethylene glycol as inactive ingredients within the tablet formulation, which function as a means for forming a hydrogel and a means for ensuring penetration of water into the tablets.

**ANSWER:**    Actavis lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 102, and therefore, denies those allegations.

103.    For quality control purposes in the U.S. market, Myrbetriq® Tablets are subjected to dissolution testing using the United States Pharmacopeia ("USP") Apparatus I.  A dissolution test evaluates the rate and extent that a compound forms a solution under carefully controlled conditions.  Within the context of regulatory approval, the USP dissolution test helps safeguard against the release of drug products that do not perform acceptably.  USP Apparatus I (basket) and II (paddle) provide a platform to evaluate the *in vitro* performance of dosage forms using standardized conditions.  These two apparatus, and associated procedures, have become widely used and accepted.

**ANSWER:**  Actavis lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 103, and therefore, denies those allegations.

104.    When measured in accordance with the United States Pharmacopeia ("USP") dissolution apparatus II, using 900 mL of USP buffer and having a pH of 6.8 at a paddle rotation speed of 200 rpm ("USP II Method"), the Myrbetriq® Tablets release 39% or less of mirabegron after 1.5 hours, and at least 75% mirabegron after 7 hours.

**ANSWER:**    Actavis lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 104, and therefore, denies those allegations.

## PRIOR MYRBETRIQ® LITIGATION WITH DEFENDANTS

105.    Within 45 days of receipt of each Defendant's Notice Letter, Astellas initiated suits for infringement of some of the then-listed patents in the Orange Book for Myrbetriq® Tablets, United States Patent Nos. 7,342,117 ("the '117 Patent"), 7,982,049 ("the '049 Patent"), 8,835,474 ("the '474 Patent") and RE44,872 ("the '872 Patent") against each Defendant. *Astellas Pharma Inc. et al. v. Sandoz Inc.,* C.A. No. 16-952 (D. Del.), D.I. 1; *Astellas Pharma Inc. et al.* v. *Actavis Elizabeth LLC. et al.,* C.A. No. 16-905 (D. Del.), D.I. I, *Astellas Pharma Inc. et al.* v. *Apotex Inc. et al,* C.A. No. 16-976 (D. Del.), D.I. 1; *Astellas Pharma Inc. et al.* v. *Aurobindo Pharma Ltd. et al,* C.A. No. 16-942 (D. Del.), D.I. 1; *Astellas Pharma Inc. et al.* v. *Sccwai Pharmaceutical Co. Ltd. et al.,* C.A. No. 16-954 (D. Del.), D.I. 1; *Astellas Pharma Inc. et al.* v. *Prinston Pharmaceutical Inc. et al.,* C.A. No. 16-943 (D. Del.), D.I. 1; *Astellas Pharma Inc. et al.* v. *Windlas Healthcare Pvt. Ltd. et al.,* C.A. No. 16-930 (D. Del.), D.I. 1; *Astellas Pharma Inc. et al.* v. *Zydus Pharmaceuticals (USA) Inc. et al,* C.A. No. 16-924 (D. Del.), D.I. 1; *Astellas Pharma Inc. et al.* v. *Lapin Ltd. et al.,* C.A. No. 16-908 (D. Del.), D.I. 1. Furthermore, Astellas initiated suit for infringement of one additional Orange Book listed patent for Myrbetriq® Tablets, United States Patent No. 6,346,532 ("the '532 Patent") against Actavis and Sawai. *Astellas Pharma Inc. et al.* v. *Actavis Elizabeth LLC. et al,* C.A. No. 16-905 (D. Del.), D.I. 1; *Astellas Pharma Inc. et al.* v. *Sawai Pharmaceutical Co. Ltd. et al.,* C.A. No. 16-954 (D. Del.), D.I. 1. Astellas reached a settlement with each Defendant, and these suits have concluded. *Astellas Pharma Inc. et al.* v. *Actavis Elizabeth LLC et al.,* C.A. No. 16-905-JFB-CJB (Cons.) (D. Del.), D.I. 11, 28, 286, 307, 380, 533, 536, 582, 585, 587, 604; *Astellas Pharma Inc. et al.* v. *Prinston Pharmaceutical Inc.,* C.A. No. 16-943 (D. Del.), D.I. 15. None of these suits involved the '780 Patent because, *inter alia*, they concluded before the issuance of the '780 Patent.

**ANSWER:**    Actavis admits that Astellas initiated the infringement suits listed in Paragraph 105, relating to the '532, '117, '049, '474, and '872 patent but not the '780 patent, and refers to the complaints themselves in each action for a complete statement of their content. Actavis denies the remaining allegations in Paragraph 105.

106.    On information and belief, each Defendant has made, and continues to make, substantial preparation to engage in the commercial manufacture, use, offer to sell, or sale of its proposed ANDA Product prior to the expiration of the '780 Patent, at the latest upon the expiration of the '117, '049, '474 and '872 Patents to the extent each Defendant has or will receive final approval of its ANDA.

**ANSWER:**   This paragraph contains conclusions of law for which no response is required.  Paragraph 106 also contains allegations that are not directed to Actavis.  Actavis admits that Actavis Elizabeth LLC submitted ANDA No. 209368 to the FDA, pursuant to applicable laws and regulations, to obtain approval to engage in the commercial manufacture, use or sale of extended-release tablets of mirabegron in 25 mg and 50 mg strengths.  Actavis is without knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 106, and therefore, denies those allegations.

## THE PATENT-IN SUIT

107.    The United States Patent & Trademark Office ("PTO") duly and legally issued the '780 Patent, entitled "Pharmaceutical Composition for Modified Release," on November 24, 2020. A true and correct copy of the '780 Patent is attached as **Exhibit A**.

**ANSWER:**   Actavis admits that Exhibit A to the Complaint appears to be a copy of U.S. Patent No. 10,842,780 ("the '780 Patent"), which incidates on its face an issue date of November 24, 2020.  Actavis further admits that the '780 Patent is titled "Pharmaceutical Composition for Modified Release."  Actavis denies that the '780 patent duly and legally issued.  Actavis denies the remaining allegations in Paragraph 107.

108.    Plaintiffs intend to file the '780 Patent for listing in the Orange Book in connection with Myrbetriq® Tablets within 30 days of its issue, and expects FDA to list the '780 Patent in due course for NDA No. 202611.

**ANSWER:**   Actavis admis that the '780 patent is listed in the Orange Book in connection with Myrbetriq® Tablets.  Actavis is also without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 108 and therefore, denies those allegations.

109.    API is the record owner and assignee of the '780 Patent.

**ANSWER:**   Actavis admits that the United States Patent and Trademark Office's Patent Assignment Search database, Reel No. 042046, Frame No. 0194, lists "Astellas Pharma Inc." as

the assignee of the '780 patent.  Actavis is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 109 and therefore denies them.

110.    The '780 Patent will expire no earlier than September 28, 2029.

**ANSWER:**    This paragraph contains conclusions of law, a response to which is not required.  To the extent that a response is required, Actavis admits that the Orange Book currently lists the expiration of the '780 Patent as September 28, 2029.  Actavis denies the remaining allegations in Paragraph 110.

111.    AICL is the exclusive licensee of the '780 Patent with the rights to develop, import, market, sell, distribute, and promote any and all pharmaceutical formulations in finished package forms which contain mirabegron as the active ingredient in the United States.

**ANSWER:**    This paragraph contains conclusions of law to which no response is required.  Actavis is also without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 111 and therefore denies the allegations in Paragraph 111.

112.    APGD has contracted with AICL to, *inter alia*, clinically develop mirabegron, prepare and submit NDA No. 202611 for marketing approval of Myrbetriq® Tablets in the United States.

**ANSWER:**    Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 112 and therefore denies the allegations in Paragraph 112.

113.    AICL has contracted with Astellas Pharma US, Inc., a subsidiary of API to, *inter alia*, market and sell Myrbetriq® Tablets, in the United States on its behalf.

**ANSWER:**    Actavis is also without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 113 and therefore denies the allegations in Paragraph 113.

114.    Myrbetriq® Tablets are covered by one or more claims of the '780 Patent.

**ANSWER:**   This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, Actavis denies the allegations in Paragraph 114.

### MIRABEGRON ANDA FILERS

115.    In June 2013, FDA issued a notice in the Federal Register (78 Fed. Reg. 37230 at 31 (June 20, 2013)) regarding bioequivalence guidance to be published on its website for mirabegron ANDAs.  On its website, FDA lists the following dissolution requirements for mirabegron ANDA filers in order to establish bioequivalence with Myrbetriq® Tablets ("Mirabegron Bioequivalence Guidance"):

| Drug Name | Dosage Form | USP Apparatus | Speed (RPMs) | Medium | Volume <mL) | Recommended Sampling Times (minutes) | Date Updated |
|---|---|---|---|---|---|---|---|
| Mirabegron | Tablet (Extended Release) | I (Basket) | 100 | Phosphate Buffer, pH 6.8 | 900 | 1, 3,5,7, 8.5,10 and 12 hours | 05/09/2013 |

**ANSWER:**   Actavis admits that the FDA issued a notice in the Federal Register on June 20, 2013 regarding mirabegron bioequivalence guidance, and that the FDA lists "Dissolution Methods" for mirabegron on its website.  Actavis denies any attempt by Plaintiffs to characterize said notice and methodology in Paragraph 115 and all remaining allegations in Paragraph 115.

116.    On information and belief, each mirabegron ANDA filer will be required to meet this dissolution method, or an equivalent dissolution method, to meet its bioequivalence requirements for its proposed ANDA product using Myrbetriq® Tablets as the reference standard. On information and belief, a proposed mirabegron ANDA product will have equivalent dissolution properties to Myrbetriq® Tablets as measured by USP Apparatus I and II.

**ANSWER:**   Paragraph 116 contains conclusions of law, to which no response is required.  To the extent an answer is required, Actavis admits that its ANDA contains the information and data required by applicable regulations.  Actavis is also without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 116 and therefore, denies those allegations.

## CLAIMS FOR RELIEF

## COUNT I: INFRINGEMENT OF THE '780 PATENT BY SANDOZ

117.    Plaintiffs incorporate by reference and reallege paragraphs 1 through 116 above as though fully restated herein.

**ANSWER:**    Actavis re-asserts and incorporates by reference its answers to Paragraphs

1 through 116 as though fully restated herein.

118.    Sandoz, by filing ANDA No. 209441, has necessarily represented to the FDA that, upon approval, Sandoz's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as Myrbetriq® Tablets, and will be bioequivalent to Myrbetriq® Tablets.

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 118.

Therefore, Actavis denies the allegations in Paragraph 118.

119.    Sandoz, via Sandoz's Notice Letter has indicated its intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Sandoz's ANDA Product prior to the expiration of the '780 Patent.

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 119.

Therefore, Actavis denies the allegations in Paragraph 119.

120.    Sandoz's submission of ANDA No. 209441 seeking approval to engage in the commercial manufacture, use, offer to sell, or sale of Sandoz's ANDA Product, prior to the expiration of the '780 Patent, constitutes infringement of one or more of the claims of the '780 Patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 120.

Therefore, Actavis denies the allegations in Paragraph 120.

121.    On information and belief, Sandoz intends to engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Sandoz's ANDA Product upon final approval of ANDA No. 209441 and no later than the expiration of the '117, '049, '474 and '872 Patents.

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 121. Therefore, Actavis denies the allegations in Paragraph 121.

122.    Sandoz's ANDA Product contains either 25 mg or 50 mg of mirabegron in extended release tablets.  Sandoz's ANDA Product will also be bioequivalent to Myrbetriq® Tablets.

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 122. Therefore, Actavis denies the allegations in Paragraph 122.

123.    On information and belief, and as required by the Mirabegron Bioequivalence Guidance, Sandoz uses the dissolution method (or its equivalent) to establish Sandoz's ANDA Product is bioequivalent to Myrbetriq® Tablets.  On information and belief, Sandoz's ANDA Product will have equivalent dissolution properties, as measured by USP Apparatus I and II, to Myrbetriq® Tablets, which uses a hydrogel formulation.  On information and belief, because of the dissolution requirements contained within the Mirabegron Bioequivalence Guidance, including the use of Myrbetriq® Tablets as the reference standard, Sandoz's ANDA Product uses a hydrogel formulation, the same as or equivalent to the Myrbetriq® Tablets formulation, that is covered by one or more claims of the '780 Patent.

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 123. Therefore, Actavis denies the allegations in Paragraph 123.

124.    The commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Sandoz's ANDA Product would infringe one or more claims of the '780 Patent, or their equivalents, under 35 U.S.C. § 271(a).

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 124. Therefore, Actavis denies the allegations in Paragraph 124.

125.    Unless Sandoz is enjoined by the Court, Plaintiffs will be substantially and irreparably harmed by Sandoz's infringement of the '780 Patent.  Plaintiffs do not have an adequate remedy at law.

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 125.

Therefore, Actavis denies the allegations in Paragraph 125.

### COUNT II: INFRINGEMENT OF THE '780 PATENT BY ACTAVIS

126.    Plaintiffs incorporate by reference and reallege paragraphs 1 through 116 above as though fully restated herein.

**ANSWER:**    Actavis re-asserts and incorporates by reference its answers to Paragraphs

1 through 116 as though fully set forth herein.

127.    Actavis, by filing ANDA No. 209368, has necessarily represented to the FDA that, upon approval, Actavis's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as Myrbetriq® Tablets, and will be bioequivalent to Myrbetriq® Tablets.

**ANSWER:**    Actavis admits that Actavis Elizabeth LLC submitted ANDA No. 209368

to the FDA, pursuant to applicable laws and regulations, to obtain approval to engage in the

commercial manufacture, use or sale of extended-release tablets of mirabegron in 25 mg and 50

mg strengths.   Actavis refers to ANDA No. 209368 for a complete statement of its contents.

Actavis denies the remaining allegations in Paragraph 127.

128.    Actavis, via Actavis's Notice Letter has indicated its intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Actavis's ANDA Product prior to the expiration of the '780 Patent.

**ANSWER:**    Actavis admits that it sent a notice letter to Plaintiffs disclosing that it

submitted ANDA No. 209368 to obtain approval to engage in the commercial manufacture, use or

sale of Mirabegron Extended-Release Tablets, 25 mg and 50 mg before the expiration of the '780

Patent.   Actavis denies the remaining allegations in Paragraph 128.

129.    Actavis's submission of ANDA No. 209368 seeking approval to engage in the commercial manufacture, use, offer to sell, or sale of Actavis's ANDA Product, prior to the expiration of the '780 Patent, constitutes infringement of one or more of the claims of the '780 Patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER:**   This paragraph contains legal conclusions for which no response is required.   To the extent that a response is required, Actavis denies the allegations in Paragraph 129.

130.   On information and belief, Actavis intends to engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Actavis's ANDA Product upon final approval of ANDA No. 209368 and no later than the expiration of the '117, '049, '474 and '872 Patents.

**ANSWER:**   Paragraph 130 contains legal conclusions to which no response is required. To the extent a response is required, Actvis admits that Actavis Elizabeth LLC submitted ANDA No. 209368 to the FDA, pursuant to applicable laws and regulations, to obtain approval to engage in the commercial manufacture, use or sale of extended-release tablets of mirabegron in 25 mg and 50 mg strengths.  Actavis denies the remaining allegations in Paragraph 130.

131.   Actavis's ANDA Product contains either 25 mg or 50 mg of mirabegron in extended release tablets.   Actavis's ANDA Product will also be bioequivalent to Myrbetriq® Tablets.

**ANSWER:**   Paragraph 131 contains legal conclusions to which no response is required. To the extent a response is required, Actavis admits that Actavis Elizabeth LLC submitted ANDA No. 209368 to the FDA, pursuant to applicable laws and regulations, to obtain approval to engage in the commercial manufacture, use or sale of extended-release tablets of mirabegron in 25 mg and 50 mg strengths.  Actavis denies the remaining allegations in Paragraph 131.

132.   On information and belief, and as required by the Mirabegron Bioequivalence Guidance, Actavis uses the dissolution method (or its equivalent) to establish Actavis's ANDA Product is bioequivalent to Myrbetriq® Tablets.  On information and belief, Actavis's ANDA Product will have equivalent dissolution properties, as measured by USP Apparatus I and II, to Myrbetriq® Tablets, which uses a hydrogel formulation.  On information and belief, because of the dissolution requirements contained within the Mirabegron Bioequivalence Guidance, including the use of Myrbetriq® Tablets as the reference standard, Actavis's ANDA Product uses a hydrogel formulation, the same as or equivalent to the Myrbetriq® Tablets formulation, that is covered by one or more claims of the '780 Patent.

**ANSWER:**     Actavis refers to ANDA No. 29368 for a complete statement of its contents.

Paragraph 132 also contains legal conclusion to which no response is required.  To the extent that

a response is required, Actavis denies the allegations in Paragraph 132.

133.    The commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Actavis's ANDA Product would infringe one or more claims of the '780 Patent, or their equivalents, under 35 U.S.C. § 271(a).

**ANSWER:**     Actavis denies the allegations in Paragraph 133.

134.    Unless Actavis is enjoined by the Court, Plaintiffs will be substantially and irreparably harmed by Actavis's infringement of the '780 Patent.  Plaintiffs do not have an adequate remedy at law.

**ANSWER:**     Actavis denies the allegations in Paragraph 134.

**COUNT III: INFRINGEMENT OF THE '780 PATENT BY APOTEX**

135.    Plaintiffs incorporate by reference and reallege paragraphs 1 through 116 above as though fully restated herein.

**ANSWER:**     Actavis re-asserts and incorporates by reference its answers to Paragraphs

1 through 116 as though fully set forth herein.

136.    Apotex, by filing ANDA No. 209434, has necessarily represented to the FDA that, upon approval, Apotex's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as Myrbetriq® Tablets, and will be bioequivalent to Myrbetriq® Tablets.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 136.

Therefore, Actavis denies the allegations in Paragraph 136.

137.    Apotex, via Apotex's Notice Letter has indicated its intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Apotex's ANDA Product prior to the expiration of the '780 Patent.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 137.

Therefore, Actavis denies the allegations in Paragraph 137.

138.    Apotex's submission of ANDA No. 209434 seeking approval to engage in the commercial manufacture, use, offer to sell, or sale of Apotex's ANDA Product, prior to the expiration of the '780 Patent, constitutes infringement of one or more of the claims of the '780 Patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 138.

Therefore, Actavis denies the allegations in Paragraph 138.

139.    On information and belief, Apotex intends to engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Apotex's ANDA Product upon final approval of ANDA No. 209434 and no later than the expiration of the '117, '049, '474 and '872 Patents.

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 139.

Therefore, Actavis denies the allegations in Paragraph 139.

140.    Apotex's ANDA Product contains either 25 mg or 50 mg of mirabegron in extended release tablets.  Apotex's ANDA Product will also be bioequivalent to Myrbetriq® Tablets.

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 140.

Therefore, Actavis denies the allegations in Paragraph 140.

141.    On information and belief, and as required by the Mirabegron Bioequivalence Guidance, Apotex uses the dissolution method (or its equivalent) to establish Apotex's ANDA Product is bioequivalent to Myrbetriq® Tablets.  On information and belief, Apotex's ANDA Product will have equivalent dissolution properties, as measured by USP Apparatus I and II, to Myrbetriq® Tablets, which uses a hydrogel formulation.  On information and belief, because of the dissolution requirements contained within the Mirabegron Bioequivalence Guidance, including the use of Myrbetriq® Tablets as the reference standard, Apotex's ANDA Product uses a hydrogel formulation, the same as or equivalent to the Myrbetriq® Tablets formulation, that is covered by one or more claims of the '780 Patent.

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 141.

Therefore, Actavis denies the allegations in Paragraph 141.

142.    The commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Apotex's ANDA Product would infringe one or more claims of the '780 Patent, or their equivalents, under 35 U.S.C. § 271(a).

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 142.

Therefore, Actavis denies the allegations in Paragraph 142.

143.    Unless Apotex is enjoined by the Court, Plaintiffs will be substantially and irreparably harmed by Apotex's infringement of the '780 Patent.  Plaintiffs do not have an adequate remedy at law.

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 143.

Therefore, Actavis denies the allegations in Paragraph 143.

## COUNT IV: INFRINGEMENT OF THE '780 PATENT BY AUROBINDO

144.    Plaintiffs incorporate by reference and reallege paragraphs 1 through 116 above as though fully restated herein.

**ANSWER:**    Actavis re-asserts and incorporates by reference its answers to Paragraphs 1 through 116 as though fully restated herein.

145.    Aurobindo, by filing ANDA No. 209413, has necessarily represented to the FDA that, upon approval, Aurobindo's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as Myrbetriq® Tablets, and will be bioequivalent to Myrbetriq® Tablets.

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 145.

Therefore, Actavis denies the allegations in Paragraph 145.

146.    Aurobindo, via Aurobindo's Notice Letter has indicated its intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Aurobindo's ANDA Product prior to the expiration of the '780 Patent.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 146.

Therefore, Actavis denies the allegations in Paragraph 146.

147.    Aurobindo's submission of ANDA No. 209413 seeking approval to engage in the commercial manufacture, use, offer to sell, or sale of Aurobindo's ANDA Product, prior to the expiration of the '780 Patent, constitutes infringement of one or more of the claims of the '780 Patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 147.

Therefore, Actavis denies the allegations in Paragraph 147.

148.    On information and belief, Aurobindo intends to engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Aurobindo's ANDA Product upon final approval of ANDA No. 209413 and no later than the expiration of the '117, '049, '474 and '872 Patents.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 148.

Therefore, Actavis denies the allegations in Paragraph 148.

149.    Aurobindo's ANDA Product contains 50 mg of mirabegron in extended release tablets.  Aurobindo's ANDA Product will also be bioequivalent to Myrbetriq® Tablets.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 149.

Therefore, Actavis denies the allegations in Paragraph 149.

150.    On information and belief, and as required by the Mirabegron Bioequivalence Guidance, Aurobindo uses the dissolution method (or its equivalent) to establish Aurobindo's ANDA Product is bioequivalent to Myrbetriq® Tablets. On information and belief, Aurobindo's ANDA Product will have equivalent dissolution properties, as measured by USP Apparatus I and II, to Myrbetriq® Tablets, which uses a hydrogel formulation.  On information and belief, because of the dissolution requirements contained within the Mirabegron Bioequivalence Guidance, including the use of Myrbetriq® Tablets as the reference standard, Aurobindo's ANDA Product uses a hydrogel formulation, the same as or equivalent to the Myrbetriq® Tablets formulation, that is covered by one or more claims of the '780 Patent.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 150. Therefore, Actavis denies the allegations in Paragraph 150.

151.     On information and belief, Aurobindo has obtained tentative approval for the Aurobindo ANDA, which FDA relied on, *inter alia*, Aurobindo's dissolution data to conclude that Aurobindo's ANDA Product is bioequivalent to Astellas's Myrbetriq® Tablets.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 151. Therefore, Actavis denies the allegations in Paragraph 151.

152.     The commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Aurobindo's ANDA Product would infringe one or more claims of the '780 Patent, or their equivalents, under 35 U.S.C. § 271(a).

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 152. Therefore, Actavis denies the allegations in Paragraph 152.

153.     Unless Aurobindo is enjoined by the Court, Plaintiffs will be substantially and irreparably harmed by Aurobindo's infringement of the '780 Patent.  Plaintiffs do not have an adequate remedy at law.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 153. Therefore, Actavis denies the allegations in Paragraph 153.

## COUNT V: INFRINGEMENT OF THE '780 PATENT BY SAWAI

154.     Plaintiffs incorporate by reference and reallege paragraphs 1 through 116 above as though fully restated herein.

**ANSWER:**     Actavis re-asserts and incorporates by reference its answers to Paragraphs 1 through 116 as though fully set forth herein.

155.     Sawai, by filing ANDA No. 209446, has necessarily represented to the FDA that, upon approval, Sawai's ANDA Product will have the same active ingredient, method of

administration, dosage form, and dosage amount as Myrbetriq® Tablets, and will be bioequivalent to Myrbetriq® Tablets.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 155.

Therefore, Actavis denies the allegations in Paragraph 155.

156.    Sawai, via Sawai's 2016 Notice Letter and Sawai's 2018 Notice Letter, has indicated its intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Sawai's ANDA Product prior to the expiration of the '780 Patent.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 156.

Therefore, Actavis denies the allegations in Paragraph 156.

157.    Sawai's submission of ANDA No. 209446 seeking approval to engage in the commercial manufacture, use, offer to sell, or sale of Sawai's ANDA Product, prior to the expiration of the '780 Patent, constitutes infringement of one or more of the claims of the '780 Patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 157.

Therefore, Actavis denies the allegations in Paragraph 157.

158.    On information and belief, Sawai intends to engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Sawai's ANDA Product upon final approval of ANDA No. 209446 and no later than the expiration of the '117, '049, '474 and '872 Patents.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 158.

Therefore, Actavis denies the allegations in Paragraph 158.

159.    Sawai's ANDA Product contains 25 mg of mirabegron in extended release tablets. Sawai's ANDA Product will also be bioequivalent to Myrbetriq® Tablets.

**ANSWER:**   This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 159. Therefore, Actavis denies the allegations in Paragraph 159.

160.   On information and belief, and as required by the Mirabegron Bioequivalence Guidance, Sawai uses the dissolution method (or its equivalent) to establish Sawai's ANDA Product is bioequivalent to Myrbetriq® Tablets.  On information and belief, Sawai's ANDA Product will have equivalent dissolution properties, as measured by USP Apparatus I and II, to Myrbetriq® Tablets, which uses a hydrogel formulation.  On information and belief, because of the dissolution requirements contained within the Mirabegron Bioequivalence Guidance, including the use of Myrbetriq® Tablets as the reference standard, Sawai's ANDA Product uses a hydrogel formulation, the same as or equivalent to the Myrbetriq® Tablets formulation, that is covered by one or more claims of the '780 Patent.

**ANSWER:**   This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 160. Therefore, Actavis denies the allegations in Paragraph 160.

161.   On information and belief, Sawai has obtained tentative approval for the Sawai ANDA, which FDA relied on, *inter alia*, Sawai's dissolution data to conclude that Sawai's ANDA Product is bioequivalent to Astellas's Myrbetriq® Tablets.

**ANSWER:**   This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 161. Therefore, Actavis denies the allegations in Paragraph 161.

162.   The commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Sawai's ANDA Product would infringe one or more claims of the '780 Patent, or their equivalents, under 35 U.S.C. § 271(a).

**ANSWER:**   This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 162. Therefore, Actavis denies the allegations in Paragraph 162.

163.   Unless Sawai is enjoined by the Court, Plaintiffs will be substantially and irreparably harmed by Sawai's infringement of the '780 Patent.  Plaintiffs do not have an adequate remedy at law.

**ANSWER:**   This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 163. Therefore, Actavis denies the allegations in Paragraph 163.

### COUNT VI: INFRINGEMENT OF THE '780 PATENT BY PRINSTON

164.    Plaintiffs incorporate by reference and reallege paragraphs 1 through 116 above as though fully restated herein.

**ANSWER:**   Actavis re-asserts and incorporates by reference its answers to Paragraphs 1 through 116 as though fully restated herein.

165.    Prinston, by filing ANDA No. 209475, has necessarily represented to the FDA that, upon approval, Prinston's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as Myrbetriq® Tablets, and will be bioequivalent to Myrbetriq® Tablets.

**ANSWER:**   This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 165. Therefore, Actavis denies the allegations in Paragraph 165.

166.    Prinston, via Prinston's Notice Letter has indicated its intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Prinston's ANDA Product prior to the expiration of the '780 Patent.

**ANSWER:**   This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 166. Therefore, Actavis denies the allegations in Paragraph 166.

167.    Prinston's submission of ANDA No. 209475 seeking approval to engage in the commercial manufacture, use, offer to sell, or sale of Prinston's ANDA Product, prior to the expiration of the '780 Patent, constitutes infringement of one or more of the claims of the '780 Patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER:**   This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 167. Therefore, Actavis denies the allegations in Paragraph 167.

168.    On information and belief, Prinston intends to engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Prinston's ANDA Product upon final approval of ANDA No. 209475 and no later than the expiration of the '117, '049, '474 and '872 Patents.

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 168. Therefore, Actavis denies the allegations in Paragraph 168.

169.    Prinston's ANDA Product contains either 25 mg or 50 mg of mirabegron in extended release tablets. Prinston's ANDA Product will also be bioequivalent to Myrbetriq® Tablets.

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 169. Therefore, Actavis denies the allegations in Paragraph 169.

170.    On information and belief, and as required by the Mirabegron Bioequivalence Guidance, Prinston uses the dissolution method (or its equivalent) to establish Prinston's ANDA Product is bioequivalent to Myrbetriq® Tablets.  On information and belief, Prinston's ANDA Product will have equivalent dissolution properties, as measured by USP Apparatus I and II, to Myrbetriq® Tablets, which uses a hydrogel formulation.  On information and belief, because of the dissolution requirements contained within the Mirabegron Bioequivalence Guidance, including the use of Myrbetriq® Tablets as the reference standard, Prinston's ANDA Product uses a hydrogel formulation, the same as or equivalent to the Myrbetriq® Tablets formulation, that is covered by one or more claims of the '780 Patent.

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 170. Therefore, Actavis denies the allegations in Paragraph 170.

171.    The commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Prinston's ANDA Product would infringe one or more claims of the '780 Patent, or their equivalents, under 35 U.S.C. § 271(a).

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 171. Therefore, Actavis denies the allegations in Paragraph 171.

172.     Unless Prinston is enjoined by the Court, Plaintiffs will be substantially and irreparably harmed by Prinston's infringement of the '780 Patent.  Plaintiffs do not have an adequate remedy at law.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 172. Therefore, Actavis denies the allegations in Paragraph 172.

### COUNT VII: INFRINGEMENT OF THE '780 PATENT BY WINDLAS

173.     Plaintiffs incorporate by reference and reallege paragraphs 1 through 116 above as though fully restated herein.

**ANSWER:**     Actavis re-asserts and incorporates by reference its answers to Paragraphs 1 through 116 as though fully restated herein.

174.     Windlas, by filing ANDA No. 209428, has necessarily represented to the FDA that, upon approval, Windlas's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as Myrbetriq® Tablets, and will be bioequivalent to Myrbetriq® Tablets.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 174. Therefore, Actavis denies the allegations in Paragraph 174.

175.     Windlas, via Windlas's Notice Letter has indicated its intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Windlas's ANDA Product prior to the expiration of the '780 Patent.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 175. Therefore, Actavis denies the allegations in Paragraph 175.

176.     Windlas's submission of ANDA No. 209428 seeking approval to engage in the commercial manufacture, use, offer to sell, or sale of Windlas's ANDA Product, prior to the expiration of the '780 Patent, constitutes infringement of one or more of the claims of the '780 Patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER:**   This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 176. Therefore, Actavis denies the allegations in Paragraph 176.

177.   On information and belief, Windlas intends to engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Windlas's ANDA Product upon final approval of ANDA No. 209428 and no later than the expiration of the '117, '049, '474 and '872 Patents.

**ANSWER:**   This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 177. Therefore, Actavis denies the allegations in Paragraph 177.

178.   Windlas's ANDA Product contains either 25 mg or 50 mg of mirabegron in extended release tablets.  Windlas's ANDA Product will also be bioequivalent to Myrbetriq® Tablets.

**ANSWER:**   This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 178. Therefore, Actavis denies the allegations in Paragraph 178.

179.   On information and belief, and as required by the Mirabegron Bioequivalence Guidance, Windlas uses the dissolution method (or its equivalent) to establish Windlas's ANDA Product is bioequivalent to Myrbetriq® Tablets.  On information and belief, Windlas's ANDA Product will have equivalent dissolution properties, as measured by USP Apparatus I and II, to Myrbetriq® Tablets, which uses a hydrogel formulation.  On information and belief, because of the dissolution requirements contained within the Mirabegron Bioequivalence Guidance, including the use of Myrbetriq® Tablets as the reference standard, Windlas's ANDA Product uses a hydrogel formulation, the same as or equivalent to the Myrbetriq® Tablets formulation, that is covered by one or more claims of the '780 Patent.

**ANSWER:**   This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 179. Therefore, Actavis denies the allegations in Paragraph 179.

180.   The commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Windlas's ANDA Product would infringe one or more claims of the '780 Patent, or their equivalents, under 35 U.S.C. § 271(a).

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 180.

Therefore, Actavis denies the allegations in Paragraph 180.

181.    Unless Windlas is enjoined by the Court, Plaintiffs will be substantially and irreparably harmed by Windlas's infringement of the '780 Patent.  Plaintiffs do not have an adequate remedy at law.

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 181.

Therefore, Actavis denies the allegations in Paragraph 181.

## COUNT VIII: INFRINGEMENT OF THE '780 PATENT BY ZYDUS

182.    Plaintiffs incorporate by reference and reallege paragraphs 1 through 116 above as though fully restated herein.

**ANSWER:**    Actavis re-asserts and incorporates by reference its answers to Paragraphs

1 through 116 as though fully stated herein.

183.    Zydus, by filing ANDA No. 209488 has necessarily represented to the FDA that, upon approval, Zydus's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as Myrbetriq® Tablets, and will be bioequivalent to Myrbetriq® Tablets.

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 183.

Therefore, Actavis denies the allegations in Paragraph 183.

184.    Zydus, via Zydus's 2016 Notice Letter and Zydus's 2018 Notice Letter, has indicated its intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of its ANDA Product prior to the expiration of the '780 Patent.

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 184.

Therefore, Actavis denies the allegations in Paragraph 184.

185.    Zydus's submission of ANDA No. 209488 seeking approval to engage in the commercial manufacture, use, offer to sell, or sale of Zydus's ANDA Product, prior to the expiration of the '780 Patent, constitutes infringement of one or more of the claims of the '780 Patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 185. Therefore, Actavis denies the allegations in Paragraph 185.

186.    On information and belief, Zydus intends to engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Zydus's ANDA Product upon final approval of ANDA No. 209488 and no later than the expiration of the '117, '049, '474 and '872 Patents.

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 186. Therefore, Actavis denies the allegations in Paragraph 186.

187.    Zydus's ANDA Product contains either 25 mg or 50 mg of mirabegron in extended release tablets. Zydus's ANDA Product will also be bioequivalent to Myrbetriq® Tablets.

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 187. Therefore, Actavis denies the allegations in Paragraph 187.

188.    On information and belief, and as required by the Mirabegron Bioequivalence Guidance, Zydus uses the dissolution method (or its equivalent) to establish Zydus's ANDA Product is bioequivalent to Myrbetriq® Tablets. On information and belief, Zydus's ANDA Product will have equivalent dissolution properties, as measured by USP Apparatus I and II, to Myrbetriq® Tablets, which uses a hydrogel formulation. On information and belief, because of the dissolution requirements contained within the Mirabegron Bioequivalence Guidance, including the use of Myrbetriq® Tablets as the reference standard, Zydus's ANDA Product uses a hydrogel formulation, the same as or equivalent to the Myrbetriq® Tablets formulation, that is covered by one or more claims of the '780 Patent.

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 188. Therefore, Actavis denies the allegations in Paragraph 188.

189.    On information and belief, Zydus has obtained tentative approval for the Zydus ANDA, which FDA relied on, *inter alia*, Zydus's dissolution data to conclude that Zydus's ANDA Product is bioequivalent to Astellas's MYRBETRIQ® Tablets.

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 189. Therefore, Actavis denies the allegations in Paragraph 189.

190.    The commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Zydus's ANDA Product would infringe one or more claims of the '780 Patent, or their equivalents, under 35 U.S.C. § 271(a).

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 190. Therefore, Actavis denies the allegations in Paragraph 190.

191.    Unless Zydus is enjoined by the Court, Plaintiffs will be substantially and irreparably harmed by Zydus's infringement of the '780 Patent.  Plaintiffs do not have an adequate remedy at law.

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 191. Therefore, Actavis denies the allegations in Paragraph 191.

## COUNT IX: INFRINGEMENT OF THE '780 PATENT BY LUPIN

192.    Plaintiffs incorporate by reference and reallege paragraphs 1 through 116 above as though fully restated herein.

**ANSWER:**    Actavis re-asserts and incorporates by reference its answers to Paragraphs 1 through 116 as though fully stated herein.

193.    Lupin, by filing ANDA No. 209485, has necessarily represented to the FDA that, upon approval, Lupin's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as Myrbetriq® Tablets, and will be bioequivalent to Myrbetriq® Tablets.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 193. Therefore, Actavis denies the allegations in Paragraph 193.

194.     Lupin, via Lupin's Notice Letter has indicated its intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Lupin's ANDA Product prior to the expiration of the '780 Patent.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 194. Therefore, Actavis denies the allegations in Paragraph 194.

195.     Lupin's submission of ANDA No. 209485 seeking approval to engage in the commercial manufacture, use, offer to sell, or sale of Lupin's ANDA Product, prior to the expiration of the '780 Patent, constitutes infringement of one or more of the claims of the '780 Patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 195. Therefore, Actavis denies the allegations in Paragraph 195.

196.     On information and belief, Lupin intends to engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Lupin's ANDA Product upon final approval of ANDA No. 209485 and no later than the expiration of the '117, '049, '474 and '872 Patents.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 196. Therefore, Actavis denies the allegations in Paragraph 196.

197.     Lupin's ANDA Product contains either 25 mg or 50 mg of mirabegron in extended release tablets.  Lupin's ANDA Product will also be bioequivalent to Myrbetriq® Tablets.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 197. Therefore, Actavis denies the allegations in Paragraph 197.

198.    On information and belief, and as required by the Mirabegron Bioequivalence Guidance, Lupin uses the dissolution method (or its equivalent) to establish Lupin's ANDA Product is bioequivalent to Myrbetriq® Tablets.   On information and belief, Lupin's ANDA Product will have equivalent dissolution properties, as measured by USP Apparatus I and II, to Myrbetriq® Tablets, which uses a hydrogel formulation.   On information and belief, because of the dissolution requirements contained within the Mirabegron Bioequivalence Guidance, including the use of Myrbetriq® Tablets as the reference standard, Lupin's ANDA Product uses a hydrogel formulation, the same as or equivalent to the Myrbetriq® Tablets formulation, that is covered by one or more claims of the '780 Patent.

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 198. Therefore, Actavis denies the allegations in Paragraph 198.

199.    On information and belief, Lupin has obtained tentative approval for the Lupin ANDA, which FDA relied on, *inter alia*, Lupin's dissolution data to conclude that Lupin's ANDA Product is bioequivalent to Astellas's Myrbetriq® Tablets.

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 199. Therefore, Actavis denies the allegations in Paragraph 199.

200.    The commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Lupin's ANDA Product would infringe one or more claims of the '780 Patent, or their equivalents, under 35 U.S.C. § 271(a).

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 200. Therefore, Actavis denies the allegations in Paragraph 200.

201.    Unless Lupin is enjoined by the Court, Plaintiffs will be substantially and irreparably harmed by Lupin's infringement of the '780 Patent.   Plaintiffs do not have an adequate remedy at law.

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 201. Therefore, Actavis denies the allegations in Paragraph 201.

## PRAYER FOR RELIEF

Actavis denies that Plaintiffs are entitled to any of the relief requested in their Prayer for Relief or to any relief whatsoever, including those specifically requested as against Actavis.

## ACTAVIS'S AFFIRMATIVE DEFENSES

Further answering the Complaint, Actavis asserts the following defenses in response to the allegations of the Complaint, undertaking the burden of proof only as to those defenses required by law, regardless of how such defenses are denominated below. Actavis reserves the right to amend this Answer with additional defenses as further information is obtained in discovery. Actavis asserts the following defenses without prejudice to the denials in this Answer and without admitting any allegations of the Complaint not otherwise admitted.

### FIRST AFFIRMATIVE DEFENSE
### (Invalidity)

The '780 patent and each of the claims thereof are invalid for failure to comply with one or more conditions for patentability set forth in one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

### SECOND AFFIRMATIVE DEFENSE
### (No Infringement)

Actavis does not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '780 patent. If the product that is the subject of ANDA No. 209368 were marketed, Actavis would not infringe any valid and enforceable claim of the '780 patent.

### THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for relief against Acatvis.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for relief against Actavis for an exceptional case under 35 U.S.C. § 285.

## FIFTH AFFIRMATIVE DEFENSE

Any additional defenses that discovery may reveal.

WHEREFORE, Defendant Actavis respectfully requests that Plaintiffs take nothing by way of their Complaint, that judgment be entered in favor of Actavis, that Actavis be awarded its attorneys' fees and costs, and all other just and proper relief.

## TEVA PHARMACEUTICALS USA, INC. AND ACTAVIS ELIZABETH LLC'S COUNTERCLAIMS FOR DECLARATORY JUDGMENT

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendants and Counterclaim Plaintiffs Teva Pharmaceuticals USA, Inc. ("Teva USA") and Actavis Elizabeth LLC ("Actavis Elizabeth")(collectively, "Counterclaim Plaintiffs" or "Actavis"), for their counterclaims against Counterclaim Defendants and Plaintiffs Astellas Pharma Inc. ("API"); Astellas Ireland Co., Ltd. ("AICL"); and Astellas Pharma Global Development, Inc. ("APGD") (collectively "Counterclaim Defendants" or "Astellas"), state as follows:

1.      Actavis repeats and realleges by reference each of the foregoing paragraphs of Actavis's Answer and Affirmative Defenses to the Complaint.

2.      This is an action for declaratory judgment of noninfringement and invalidity of one or more claim of U.S. Patent No. 10,842,780 ("the '780 patent") under the Patent Laws of the United States, Title 35, United States Code, and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

## PARTIES

3.      On information and belief, Counterclaim Defendant API is a corporation organized and existing under the laws of Japan, having its principal place of business at 2-5-1, Nihonbashi-Honcho, Chuo-Ku, Tokyo 103-8411, Japan.  API was formed on April 1, 2005, from the merger of Yamanouchi Pharmaceutical Co., Ltd. and Fujisawa Pharmaceutical Co., Ltd.

4.      On information and belief, Counterclaim Defendant AICL is a corporation organized and existing under the laws of Ireland, having a principal place of business at Damastown Road, Damastown Industrial Park, Mulhuddart, Dublin 15, Ireland. AICL is a subsidiary of Plaintiff Astellas Pharma Inc.

5.      On information and belief, Counterclaim Defendant APGD is a corporation organized and existing under the laws of Delaware, having a principal place of business at 1 Astellas Way, Northbrook, Illinois 60062. APGD is a subsidiary of Plaintiff Astellas Pharma Inc.

6.      Actavis Elizabeth is a Delaware limited liability company having a principal place of business at 200 Elmora Avenue, Elizabeth, New Jersey, 07202.

7.      Teva Pharmaceuticals USA, Inc. is a Delaware corporation having a principal place of business at 400 Interpace Parkway, Parsippany, New Jersey 07054.

## JURISDICTION AND VENUE

8.      These counterclaims arise under the patent laws of the United States and the Declaratory Judgment Act. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

9.      This Court has personal jurisdiction over Counterclaim Defendants on the basis of, *inter alia*, their contacts with Delaware relating to the subject matter of this action, including having filed suit.

10.      Venue is proper under 28 U.S.C. §§ 1391 and 1400.

## BACKGROUND

11.      U.S. Patent No. 10,842,780 ("780 patent") titled "Pharmaceutical Composition for Modified Release" was issued November 24, 2020. According to the Orange Book, the '780 patent will expire on September 28, 2029.

12.     APGD alleges that it is the holder of approved New Drug Application ("NDA") No. 202611 for Myrbetriq® (mirabegron) extended-release tablets in 25 mg and 50 mg dosage forms.

13.     API alleges that it is the record owner and assignee of the '780 patent.

14.     AICL alleges it is the exclusive licensee of the '780 Patent with the rights to develop, import, market, sell, distribute, and promote any and all pharmaceutical formulations in finished package forms which contain mirabegron as the active ingredient in the United States.

15.     Actavis Elizabeth LLC holds Abbreviated New Drug Application ("ANDA") No. 209368 for mirabegron extended-release tablets in 25 and 50 mg dosage forms ("the Actavis ANDA Product").   Actavis Elizabeth LLC is an indirect, wholly-owned subsidiary of Teva Pharmaceuticals USA, Inc.

16.     On August 24, 2016, Actavis Elizabeth LLC sent Counterclaim Defendants APGDI and Astellas Pharma, Inc. a letter ("Actavis's First Notice Letter") pursuant to § 505(j)(2)(B)(iv) of the Federal Food, Drug, and Cosmetic Act and 21 C.F.R. § 314.95.   This letter advised Counterclaim Defendants of the filing of ANDA No. 209368 for Mirabegron Extended-Release Tablets, 25 mg and 50 mg, and contained Paragraph IV certifications for the '532, '117, '049, '474, and '872 patents.

17.     On November 24, 2020, Counterclaim Defendants filed this instant lawsuit alleging infringement of the '780 patent.

## EXCEPTIONAL CASE

18.     This case is an exceptional one, and Actavis is entitled to an award of its reasonable attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT I
### (Declaratory Judgment of Non-Infringement of the '780 Patent)

19.    Actavis re-alleges and incorporates by reference the allegations in paragraphs 1–18 of its Counterclaims.

20.    This counterclaim arises under the Patent Laws of the United States, Title 35, United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*  A case of actual, substantial, and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Actavis and Counterclaim Defendants concerning the infringement of the claims of the '780 patent.

21.    Counterclaim Defendants allege ownership of, title to, and/or interest in the '780 patent and assert that the commercial manufacture, use, sale, and/or offer for sale of the Actavis ANDA Product would infringe claims of the '780 patent.

22.    Actavis has not and will not infringe, contribute to the infringement of, or induce the infringement of any valid and enforceable claim of the '780 patent at least because the claims of the '780 patent are invalid, as set forth in the Second Count of Actavis's counterclaims, and an invalid claim cannot be infringed.  *See Richdel, Inc. v. Sunspool Corp.*, 714 F.2d 1573, 1580 (Fed. Cir. 1983) ("It is axiomatic that one cannot infringe an invalid patent.").

23.    Further, Counterclaim Defendants bear the burden of proving by preponderant evidence that every limitation set forth in each asserted claim is found in the accused product, either literally or under the doctrine of equivalents.  To date, Counterclaim Defendants have not set forth any evidence attempting to prove infringement of any claims of the '780 patent.

24.     Actavis reserves the right to provide additional bases for noninfringement for the '780 patent in its contentions, responses to discovery requests, expert reports, and/or pleadings filed and/or served later in this action.

25.     A present, genuine, and justiciable controversy exists between Actavis, on one hand, and Counterclaim Defendants, on the other hand, regarding, *inter alia*, the issue of whether the manufacture, use, or sale of the Actavis ANDA Product would infringe any valid or enforceable claim of the '780 patent.

26.     Actavis is entitled to a declaration that the manufacture, use, offer for sale, and sale of the Actavis ANDA Product described in ANDA No. 209368 does not and will not infringe any valid claim of the '780 patent.

## COUNT II
### (Declaratory Judgment of Invalidity or Unenforceability of the '780 Patent)

27.     Actavis re-alleges and incorporates by reference the allegations in paragraphs 1–18 of its Counterclaims.

28.     This counterclaim arises under the Patent Laws of the United States, Title 35, United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* A case of actual, substantial, and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Actavis and Counterclaim Defendants concerning the infringement of the claims of the '780 patent.

29.     Counterclaim Defendants allege ownership of, title to, and/or interest in the '780 patent and assert that the commercial manufacture, use, sale, and/or offer for sale of the Actavis ANDA Product would infringe claims of the '780 patent.

30.     Actavis asserts that the manufacture, use, offer for sale, or sale of the Actavis ANDA Product does not and will not infringe, either directly or indirectly, any valid claim of the '780 patent and that the claims of the '780 patent are invalid under one or more provisiosn of §§ U.S.C. 101, 102, 103, and/or 112, or other judicially-created bases for invalidation.

31.     By way of example and not limitation, the claims of the '780 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including but not limited to, 35 U.S.C. §§ 102 and/or 103.  For example, the claims of the '780 patent are invalid under 35 U.S.C. §§ 102 and/or 103 at least in view of US20060115540A1 Takasu ("Takasu"), alone or in combination with other prior art; US6562375 Sako ("US375 Sako"), alone or in combination with other prior art; US20050100602A1 Sako ("US602 Sako"), alone or in combination with other prior art; US20040213845A1 Sugihara ("Sugihara"), alone or in combination with other prior art; and in view of the general knowledge in the art.

32.     For example, '780 patent describes and claims an alleged invention, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge, and mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains.

33.     The alleged invention of the '780 patent does no more than combine familiar elements according to known methods to yield predictable results.  Any alleged improvement over the prior art set forth in the '780 patent is not more than the predictable use of prior art elements according to their established functions.  A person of skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the '780 patent and would have had a reasonable expectation of success in doing so.

34.     The subject matter claimed in the '780 patent fails to comply with 35 U.S.C. § 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

35.     Further, the specification of the '780 patent fails to sufficiently describe the subject matter recited in the claims and fails to show that the named inventors actually invented the claimed pharmaceutical composition for modified release.  Because the named inventors failed to convey with reasonable clarity to those skilled in the art, as of the filing date of the '780 patent, that the named inventors were in possession of any claimed invention(s) and demonstrate that by what is actually disclosed in the patent specification, one or more claims of the '780 patent are invalid under 35 U.S.C. § 112.

36.     The '780 patent also fails to disclose sufficient information to enable or teach a person skilled in the art, at the time the patent application was filed, how to make and use the full scope of the pharmaceutical composition for modified release recited in the patent claims, without undue experimentation, and therefore one or more claims of the '780 patent are invalid under 35 U.S.C. § 112.

37.     Additionally, the claims of the '780 patent, read in light of the corresponding specification and prosecution history, fail to inform, with reasonable certainty, those skilled in the art of the full scope of the claims regarding pharmaceutical composition for modified release, and therefore one or more claims of the '780 patent are invalidy under 35 U.S.C. § 112.

38.     Actavis reserves the right to provide additional prior art and bases for invalidity in its contentions, responses to discovery requests, expert reports, and/or pleadings filed and/or served in this action.

39.     There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of Actavis's ANDA No. 209368 and/or the manufacture, use, offer to sell, sale, and/or importation into the United States of the Actavis ANDA Products infringes, has infringed, and/or will infringe a valid and enforceable claim of the '780 patent.

40.     Actavis is entitled to a declaration that all claims of the '780 patent are invalid under 35 U.S.C. §§ 101, 102, 103, or 112, or other judicially-created bases for invalidation.

## PRAYER FOR RELIEF

WHEREFORE, Actavis respectfully requests judgment in its favor and against Counterclaim Defendants as follows:

a)   declaring that all claims of the '780 patent are invalid;

b)   declaring that the filing of Actavis's ANDA No. 209368 has not infringed and does not infringe any valid and enforceable claim of the '780 patent;

c)   declaring that the manufacture, use, offer to sell, sale, and/or importation into the United States of Actavis's ANDA Products does not, and would not, if marketed, infringe any valid and enforceable claim of the '780 patent;

d)   declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding Actavis its attorneys' fees, costs, and expenses in this action; and

e)   awarding Actavis any further and additional relief as the Court deems just and proper.

/s/ Andrew E. Russell
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
David M. Fry (No. 5486)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
dfry@shawkeller.com
*Attorneys for Defendants Actavis Elizabeth LLC and Teva Pharmaceuticals USA, Inc.*

OF COUNSEL:
George C. Lombardi
Michael Nutter
Samantha M. Lerner
Jason Z. Pesick
Paul J. Sauerteig
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60657
(312) 558-5600

Dated: March 16, 2021