**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ASTELLAS PHARMA INC., et al., Plaintiffs, v. SANDOZ INC., et al., Defendants. | ) | C.A. No. 20-1589-JFB-CJB |

**PATENT CASE SCHEDULING ORDER**

This 23rd day of March, 2021, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 16.1 on N/A, 2021, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. **Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard**. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within fourteen (14) days of the date of this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), which is posted on Magistrate Judge Burke's section of the Court's website (http://www.ded.uscourts.gov) under the "Guidelines" tab, and is incorporated herein by reference.

2. **Joinder of Other Parties and Amendment of Pleadings**. All motions to join other parties or to amend the pleadings shall be filed on or before **January 14, 2022**. All motions to join other parties or to amend the pleadings after this date shall require leave of Court.

3. **Application to Court for Protective Order**. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within fourteen (14) days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 8.h below.

Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4. **Papers Filed Under Seal**. When filing papers under seal, counsel shall follow the District Court's policy on Filing Sealed Civil Documents in CM/ECF and section G of the Administrative Procedures Governing Filing and Service by Electronic Means. A redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding. Should the party subsequently choose to make a request for sealing

or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted, and (2) a copy of the proposed redacted/sealed transcript. With its request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

5. **Courtesy Copies**. Other than with respect to "discovery matters," which are governed by Paragraph 8.h below, and the final pretrial order, which is governed by Paragraph 19, the parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

6. **ADR Process**.

The Court will schedule one or more teleconferences to discuss ADR with the parties during the pendency of this case.

7. **Disclosures**. Absent agreement among the parties, and approval of the Court:

a. By **March 26, 2021**, Plaintiff shall identify the accused product(s) and the asserted patent(s) that the accused product(s) allegedly infringe(s). Plaintiff shall also produce the file history for each asserted patent.

b. By **April 30, 2021**, Defendants shall produce their abbreviated new drug applications, including any supplements to their abbreviated new drug applications, not already produced to Plaintiff in Civil Action No. 16-905-JFB-CJB (Consolidated), or if already produced, identify to Plaintiffs the Bates Number ranges of these productions. In addition, by **April 30,**

**2021**, Defendants shall produce any drug master files, FDA correspondence, and amendments not already produced to Plaintiff in Civil Action No. 16-905-JFB-CJB (Consolidated).

c. By **May 28, 2021**, Plaintiff shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes, and for each asserted claim, state whether Plaintiff is asserting literal infringement or infringement under the doctrine of equivalents and which specific subsection(s) of 35 U.S.C. § 271 are applicable.

d. By **July 2, 2021**, Defendants shall produce their initial invalidity contentions for each asserted claim, including which subsections of 35 U.S.C. § 102, 103, and/or 112 are being asserted, as well as the known related invalidating references for each allegation.

e. By **April 8, 2022**, Plaintiff shall provide final infringement contentions.

f. By **April 15, 2022**, Defendants shall provide final invalidity contentions.

8. **Discovery**. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed. The parties agree and stipulate that all document and things produced in Civil Action No. 16-905-JFB-CJB (Consolidated) may be used in this Action as if produced in this Action originally. The parties agree and stipulate that by **April 30, 2021**, the parties will meet and confer in good faith to discuss whether and the extent to which any other discovery taken or produced in Civil Action No. 16-905-JFB-CJB (Consolidated) may be used in this action. To the extent agreement is not reached, the parties will submit the disputes using the procedures required in Paragraph 8.h below.

b. Discovery Cut Off.

i. All fact discovery in this case shall be initiated so that it will be completed on or before **March 4, 2022**.

ii. All expert discovery in this case shall be initiated so that it will be completed on or before **September 28, 2022**.

c. Document Production.

i. Document production shall be substantially complete by **October 27, 2021**.

ii. Plaintiffs may serve a maximum of 50 requests for production on each "Defendant Group."[2] Defendants, collectively, may serve a maximum of 40 common requests for production on Plaintiffs, and each Defendant Group may serve up to an additional 10 individual requests for production on Plaintiffs.

---

2 "Defendant Group" shall mean the related defendants as follows: (1) Sandoz Inc. ("Sandoz"); (2) Actavis Elizabeth LLC, Actavis LLC and Teva Pharmaceuticals USA, Inc. (collectively, "Actavis"); (3) Apotex Inc. and Apotex Corp. (collectively, "Apotex"); (4) Aurobindo Pharma Ltd., Aurobindo Pharma USA, Inc. and Aurolife Pharma LLC (collectively, "Aurobindo"); (5) Sawai Pharmaceutical Co. Ltd. and Sawai USA Inc. (collectively, "Sawai"); (6) Prinston Pharmaceutical Inc., Zhejiang Huahai Pharmaceutical Co. Ltd., Huahai US Inc., and Solco Healthcare US LLC (collectively, "Prinston"); (7) Zydus Pharmaceuticals (USA) Inc. and Cadila Healthcare Ltd. (d/b/a Zydus Cadila) (collectively, "Zydus"); and (8) Lupin Ltd. and Lupin Pharmaceuticals, Inc. (collectively, "Lupin").

d. Requests for Admission. Plaintiffs may serve a maximum of 50 requests for admission, not including admissions directed towards the authentication of documents, on each Defendant Group. Defendants, collectively, may serve a maximum of 40 common requests for admission, not including admissions directed towards the authentication of documents, on Plaintiffs, and each Defendant Group may serve up to an additional 10 individual, non-duplicative requests for admission, not including admissions directed towards the authentication of documents, on Plaintiffs.

e. Interrogatories.

i. Plaintiffs may serve a maximum of 25 interrogatories, including contention interrogatories, on each Defendant Group. Defendants, collectively, may serve a maximum of 15 common interrogatories, including contention interrogatories, on Plaintiffs, and each Defendant Group may serve up to an additional 10 individual, non-duplicative interrogatories on Plaintiffs.

ii. The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall, in part, be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

f. Depositions.

i. Scheduling of Depositions. No deposition shall be scheduled prior to the completion of substantial document production.

ii. Plaintiffs shall be limited to **21 hours** of fact deposition time per Defendant Group, including depositions taken under Fed. R. Civ. P. 30(b)(1) and Fed. R. Civ. P. 30(b)(6). Defendants, collectively, shall be limited to **70 hours** of fact witness deposition time of Plaintiffs, including depositions taken under Fed. R. Civ. P. 30(b)(1) and Fed. R. Civ. P. 30(b)(6). The parties shall coordinate depositions to facilitate convenience for witnesses. Each deposition taken under Rule 30(b)(1) will count for **a minimum of 3.5 hours** towards a party's time limit, even if less than that amount of time is taken on the record. All depositions, including expert depositions, shall be limited to 7 hours on the record per deposition witness, except where a witness requires an interpreter, in which case the deposition time will be extended by a number of hours not to exceed 7 hours, unless extended by agreement of the parties or leave of the Court. For a deposition that uses an interpreter, only half the time used on the record shall count towards the time limitations under this provision, but the minimum of 3.5 hours for each deposition shall apply to a deposition that uses an interpreter (i.e., if the on the record time is less than 7 hours, that deposition shall count as 3.5 hours of deposition time).

iii. Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

g. Disclosure of Expert Testimony.

i. Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **May 18, 2022**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **June 22, 2022**. Reply expert reports from the party with the initial burden of proof are due on or before **July 22, 2022**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

ii. Expert Report Supplementation. The parties agree they will not permit expert declarations to be filed in connection with motions briefing (including case-dispositive motions) without leave of Court. This provision does not apply to claim construction briefing.

iii. Objections to Expert Testimony. The court shall conduct an in-person status conference on **October 5, 2022, at 10:00a.m.**, if the parties have any issues regarding expert discovery. No *Daubert* motions or motions to strike expert testimony shall be filed unless discussed with the court at this conference and the court deems a motion practice appropriate. To the extent any objection to expert testimony is made pursuant to the principles announced *in Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline set by the Court at this in-person status conference. Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

h. Discovery Matters and Disputes Relating to Protective Orders.

i. Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

ii. Should counsel find, after good faith efforts—including verbal communication among Delaware and Lead Counsel for all parties to the dispute—that they are unable to resolve a discovery matter or a dispute regarding a protective order (other than that involving the initial drafting of a protective order, which is discussed further below), the parties involved in the discovery matter or protective order dispute shall submit a joint letter in substantially the following form:

> Dear Judge Burke:
>
> The parties in the above-referenced matter write to request the scheduling of a discovery teleconference.
>
> The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s):
>
> Delaware Counsel: ____________________
>
> Lead Counsel: ________________________
>
> The disputes requiring judicial attention are listed below:
>
> [provide here a non-argumentative list of disputes requiring judicial attention]

iii. The moving party (i.e., the party seeking relief from the Court) should also file a "Motion For Teleconference To Resolve Discovery Dispute." The suggested text for this motion can be found in Magistrate Judge Burke's section of the Court's website, in the "Forms" tab, under the heading "Discovery Matters -- Motion to Resolve Discovery Dispute."

iv. The Court will thereafter set a discovery telephone conference. Not less than ninety-six (96) hours prior to the teleconference, excluding weekends and holidays, the moving party shall file with the Court a letter, not to exceed four (4) pages, in no less than 12-point font, outlining the issues in dispute and its position on those issues. This submission shall include: (1) a proposed order, attached as an exhibit, setting out the nature of the relief requested of the Court; and (2) to the extent that the dispute relates to responses to certain discovery requests, an attached exhibit (or exhibits) containing the requests and the responses in dispute. Not less than forty-eight (48) hours prior to the teleconference, excluding weekends and holidays, any party opposing the application for relief may file a letter, not to exceed four (4) pages, in no less than 12-point font, outlining that party's reasons for its opposition. To the extent that factual issues are disputed or are otherwise central to the Court's analysis, the parties shall attach as an exhibit (or exhibits) sworn declarations or affidavits regarding those issues. Each party shall submit two (2) courtesy copies of its discovery letter and any attachments to the Clerk's Office within one hour of e-filing.

v. Should the Court find further briefing necessary upon the conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

vi. Should counsel find, after good faith efforts—including verbal communication among Delaware and Lead Counsel for all parties to the dispute—that they are unable to resolve a dispute regarding the initial drafting of a protective order, the parties involved in the dispute shall submit a joint letter in substantially the following form:

Dear Judge Burke:

The parties in the above-referenced matter write to request the scheduling of teleconference to resolve protective order dispute.

The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s):

Delaware Counsel: ____________________

Lead Counsel: ________________________

The disputes requiring judicial attention are listed below:

[provide here a non-argumentative list of disputes requiring judicial attention]

vii. The parties shall also file a "Joint Motion For Teleconference To Resolve Protective Order Dispute." The suggested text for this motion can be found in Magistrate Judge Burke's section of the Court's website, in the "Forms" tab, under the heading "Discovery Matters -- Joint Motion to Resolve Protective Order Dispute."

viii. The Court will thereafter set a protective order dispute teleconference. Not less than ninety-six (96) hours prior to the teleconference, excluding weekends and holidays, each party shall file with the Court a letter, not to exceed two (2) pages, in no less than 12-point font, outlining the issues in dispute and its position on those issues. This submission should include the party's proposal as to how the content of the disputed portion(s) of the protective order should read. Not less than forty-eight (48) hours prior to the teleconference, excluding weekends and holidays, each party may file a letter, not to exceed two (2) pages, in no less than 12-point font, outlining that party's response to the opposing party's initial letter. Each party shall

submit two (2) courtesy copies of its protective order dispute letter and any attachments to the Clerk's Office within one hour of e-filing.

ix. Should the Court find further briefing necessary upon the conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

9. **Motions to Amend**.

a. Any motion to amend (including a motion for leave to amend) a pleading shall ***NOT*** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

b. Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

c. Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to amend.

10. **Motions to Strike**.

a. Any motion to strike any pleading or other document shall ***NOT*** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the document to be stricken.

b. Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

c. Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to strike.

11. **Tutorial Describing the Technology and Matters in Issue**. Unless otherwise ordered by the Court, the parties shall provide the Court, no later than the date on which Plaintiff's opening claim construction brief is due, a tutorial on the technology at issue. In that regard, the parties may separately or jointly submit a DVD of not more than 30 minutes. The tutorial should focus on the technology at issue and should not be used to argue claim construction contentions. The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on the opposing party's tutorial. Any such comment shall be filed no later than the date on which Defendants' answering claim construction brief is due. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

12. **Claim Construction Issue Identification**. On **July 16, 2021**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted to the Court on **August 3, 2021**. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted

with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

13. **Claim Construction Briefing**. Plaintiff shall serve, but not file, its opening brief, not to exceed 20 pages, on claim construction on or before **August 31, 2021**. Defendants shall serve, but not file, a joint answering claim construction brief, not to exceed 30 pages, on or before **September 28, 2021**. Plaintiff shall serve, but not file, its reply brief, not to exceed 20 pages, on or before **October 16, 2021**. Defendants shall serve, but not file, a joint sur-reply brief, not to exceed 10 pages, on or before **November 3, 2021**. No later than **November 8, 2021**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

**JOINT CLAIM CONSTRUCTION BRIEF**

I. Agreed-upon Constructions

II. Disputed Constructions

A. [TERM 1]

1. Plaintiff's Opening Position
2. Defendant's Answering Position
3. Plaintiff's Reply Position
4. Defendant's Sur-Reply Position

B. [TERM 2]

1. Plaintiff's Opening Position
2. Defendant's Answering Position
3. Plaintiff's Reply Position
4. Defendant's Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a joint Appendix.

14. **Hearing on Claim Construction**. Beginning at 10:00a.m. **on November 23, 2021**, the Court will hear argument on claim construction. The parties shall notify the Court, by joint letter submission, no later than the date on which Defendants' sur-reply brief is due: (i) whether they request leave to present testimony at the hearing; (ii) the amount of time they are requesting be allocated to them for the hearing; and (iii) the order in which they intend to present the claim terms at issue, including which side will present first for each term. Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction order within sixty (60) days of the conclusion of the claim construction hearing. If the Court is unable to meet this goal, it will advise the parties no later than sixty (60) days after the conclusion of the claim construction hearing.

15. **Interim Status Report**. On each of **July 1, 2021, February 9, 2022,** and **August 10, 2022**, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

16. **Supplementation**. Absent agreement among the parties, and approval of the Court, no later than **March 15, 2022**, the parties must finally supplement, *inter alia*, the identification of all accused products and of all invalidity references.

17. **Case Dispositive Motions and *Daubert* Motions**.

a. No case dispositive motions without leave. No case dispositive motion under Rule 56 may be filed without leave of the Court.

b. Page limits combined with *Daubert* motion page limits. Each ***SIDE*** granted leave to file case dispositive motion(s) and/or *Daubert* motion(s) will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and

a combined total of 20 pages for all reply briefs regardless of the number of case dispositive motions that are filed. In the event that a SIDE files, in addition to a case dispositive motion, a *Daubert* motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for all case dispositive and *Daubert* motions shall be increased to 50 pages for all opening briefs, 50 pages for all answering briefs, and 25 pages for all reply briefs for each ***SIDE***.[3]

c. Hearing. To the extent the Court desires oral argument, the Court will hear argument on all pending case dispositive and *Daubert* motions on **November 7, 2022** at **10:00a.m**. Subject to further order of the Court, each side will be allocated a total of forty-five (45) minutes to present its argument on all pending motions.

18. **Applications by Motion**. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

19. **Pretrial Conference**. On **December 9**, **2022**, the Court will hold a pretrial conference in Court with counsel beginning at 10:00a.m**.** Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Patent Pretrial Order, which can be found on Magistrate Judge Burke's section of the Court's website (www.ded.uscourts.gov), on or before **November 29, 2022**. Unless otherwise ordered by the Court, the parties

[3] The parties must work together to ensure that the Court receives no more than a ***total*** of ***250 pages*** (i.e., 50 + 50 + 25 regarding one side's motion, and 50 + 50 + 25 regarding the other side's motions) of briefing on all case dispositive motions and *Daubert* motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

The parties shall provide the Court two (2) courtesy copies of the joint proposed final pretrial order and all attachments.

As noted in the Patent Pretrial Order, the parties shall include in their joint proposed pretrial order, among other things:

a. a request for a specific number of ***hours*** for their trial presentations, as well as a requested number of days, based on the assumption that in a typical bench trial day there will be 6 to 7 hours of trial time;

b. their position as to whether the Court should allow objections to efforts to impeach a witness with prior testimony, including objections based on lack of completeness and/or lack of inconsistency;

c. their position as to whether the Court should rule at trial on objections to expert testimony as beyond the scope of prior expert disclosures, taking time from the parties' trial presentation to argue and decide such objections, or defer ruling on all such objections unless renewed in writing following trial, subject to the proviso that a party prevailing on such a post-trial objection will be entitled to have all of its costs associated with a new trial paid for by the party that elicited the improper expert testimony at the earlier trial; and;

d. their position as to how to make motions for judgment as a matter of law, whether it be immediately at the appropriate point during trial or at a subsequent break, whether the jury should be in or out of the courtroom, and whether such motions may be supplemented in writing.

20. **Motions *in Limine***. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each ***SIDE*** shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the party making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

21. **Trial**. This matter is scheduled for a **7-10-day bench trial** beginning at **9:30 a.m**. on **February 6, 2023**, with the subsequent trial days beginning at **9:00 a.m**. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases. Each ***SIDE*** will have an equal amount of trial time allocated.

22. **Post-Trial Motions**. The parties agree to meet-and-confer on a post-trial briefing schedule no later than **7 days** before Trial commences.

Christopher J. Burke
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE



ME1 35935902v.1