**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ASTELLAS PHARMA INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | C.A. No. 20-1589-JFB-CJB |
| ) | |
| SANDOZ INC., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| TEVA PHARMACEUTICALS USA, INC. and ) | |
| ACTAVIS ELIZABETH LLC, ) | |
| ) | |
| Counterclaimants, ) | |
| ) | |
| v. ) | |
| ) | |
| ASTELLAS PHARMA INC., ASTELLAS ) | |
| IRELAND CO., LTD., and ASTELLAS ) | |
| PHARMA GLOBAL DEVELOPMENT, INC., ) | |
| ) | |
| Counterdefendants. ) | |

**PLAINTIFFS' ANSWER TO DEFENDANTS TEVA PHARMACEUTICALS USA, INC.**
**AND ACTAVIS ELIZABETH LLC'S COUNTERCLAIMS**

Plaintiffs/Counterdefendants Astellas Pharma Inc. ("API"), Astellas Ireland Co., Ltd. ("AICL"), and Astellas Pharma Global Development, Inc. ("APGD") (collectively, "Astellas"), by their undersigned attorneys, hereby answers the Counterclaims (D.I. 78) of Defendants/Counterclaimants Teva Pharmaceuticals USA, Inc. and Actavis Elizabeth LLC (collectively, "Actavis") as follows:

## GENERAL DENIAL

Any allegation in Actavis's Counterclaims not expressly admitted by Astellas is hereby denied.  Astellas denies that Actavis is entitled to the relief requested in Actavis's Prayer for Relief or to any relief whatsoever.

## COUNTERCLAIMS

1.     Astellas denies all allegations contained in Actavis's Answer and Affirmative Defenses to the Complaint.

2.     Paragraph No. 2 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Astellas admits that this action is "for declaration of noninfringement and invalidity of or more claim [sic] of U.S. Patent No. 10,842,780 ("the '780 patent") under the Patent Laws of the United States, Title 35, United States Code, and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*"

## PARTIES

3.     Admitted.

4.     Admitted.

5.     Admitted.

6.     On information and belief, admitted.

7.     On information and belief, admitted.

## JURISDICTION AND VENUE

8.     Paragraph No. 8 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Astellas does not contest that this Court has subject matter jurisdiction over this action.

2

9.      Paragraph No. 9 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Astellas does not contest personal jurisdiction for the purposes of this action only.

10.      Paragraph No. 10 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Astellas does not contest that venue is proper in this District for this action.

## **BACKGROUND**

11.      Astellas admits that the '780 patent titled "Pharmaceutical Composition for Modified Release" was issued November 24, 2020, is listed in FDA's Approved Drug Products with Therapeutic Equivalence Evaluation ("Orange Book"), and will expire no earlier than September 28, 2029; otherwise, denied.

12.      Astellas admits that APGD is the present holder of New Drug Application ("NDA") No. 202611 for Myrbetriq® extended-release tablets, which contain either 25 mg or 50 mg of the active ingredient mirabegron ("Myrbetriq® Tablets").

13.      Astellas admits that API is the owner by assignment of the '780 patent.

14.      Admitted.

15.      On information and belief, admitted.

16.      Admitted.

17.      Admitted.

## **EXCEPTIONAL CASE**

18.      Denied.

## **COUNT I**
## **(Declaratory Judgment of Non-Infringement of the '780 Patent)**

19.      Astellas repeats its answers to paragraphs 1 through 18 as if fully set forth herein.

20.     Paragraph No. 20 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Astellas admits that a case or controversy exists concerning Actavis's infringement of the '780 patent with respect to ANDA No. 209368; otherwise denied.

21.     Paragraph No. 21 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Astellas admits that it is seeking to enforce infringement allegations against Actavis of one or more claims of the '780 patent related to Actavis's ANDA No. 209368.

22.     Denied.

23.     Paragraph No. 23 contains legal conclusions and allegations to which no answer is required.  To an extent an answer may be required, denied.

24.     Paragraph No. 24 does not contain any allegations and thus no response is required. To an extent an answer may be required, denied.

25.     Paragraph No. 25 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Astellas does not contest that this Court has jurisdiction over this action.

26.     Denied.

## COUNT II
### (Declaratory Judgment of Invalidity or Unenforceability of the '780 Patent)

27.     Astellas repeats its answers to paragraphs 1 through 18 as if fully set forth herein.

28.     Paragraph No. 28 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Astellas admits that it is seeking to enforce infringement allegations against Actavis of one or more claims of the '780 patent related to Actavis's ANDA No. 209368.

29.     Paragraph No. 29 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Astellas admits that it is seeking to enforce infringement allegations against Actavis of one or more claims of the '780 patent related to Actavis's ANDA No. 209368.

30.     Astellas admits that Actavis asserts that "the manufacture, use, offer for sale, or sale of the Actavis ANDA Product does not and will not infringe, either directly or indirectly, any valid claim of the '780 patent and that the claims of the '780 patent are invalid under one or more provisiosn [sic] of §§ U.S.C. 101, 102, 103, and/or 112, or other judicially-created bases for invalidation;" otherwise denied.

31.     Paragraph No. 31 contains legal conclusions and allegations to which no answer is required.  To an extent an answer may be required, denied.

32.     Paragraph No. 32 contains legal conclusions and allegations to which no answer is required.  To an extent an answer may be required, denied.

33.     Paragraph No. 33 contains legal conclusions and allegations to which no answer is required.  To an extent an answer may be required, denied.

34.     Paragraph No. 34 contains legal conclusions and allegations to which no answer is required.  To an extent an answer may be required, denied.

35.     Paragraph No. 35 contains legal conclusions and allegations to which no answer is required.  To an extent an answer may be required, denied.

36.     Paragraph No. 36 contains legal conclusions and allegations to which no answer is required.  To an extent an answer may be required, denied.

37.     Paragraph No. 37 contains legal conclusions and allegations to which no answer is required.  To an extent an answer may be required, denied.

38.     Paragraph No. 38 does not contain any allegations and thus no response is required. To an extent an answer may be required, denied.

39.     Paragraph No. 39 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Astellas does not contest that this Court has jurisdiction over this action.

40.     Denied.

## PRAYER FOR RELIEF

The "WHEREFORE" paragraphs following Paragraph 40 set forth the remainder of Actavis's request for relief, to which no response is required. To the extent that a response is required, Astellas denies the allegations in the "WHEREFORE" paragraphs following Paragraph 40 and denies that Actavis is entitled to its requested relief, or any relief whatsoever.

To the extent that a further answer is required to any paragraph of Actavis's counterclaims, Astellas denies all further allegations. Any allegation of Actavis's counterclaims not expressly admitted herein is hereby denied.

WHEREFORE, Astellas requests the following relief:

(a)     An order dismissing each of Actavis's counterclaims, with prejudice, and denying all relief sought by Actavis;

(b)     A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

(c)     Costs and expenses in this action; and

(d)     Such further and other relief as this Court may deem just and proper.

Dated: April 6, 2021

MCCARTER & ENGLISH, LLP

/s/ Daniel M. Silver

Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

OF COUNSEL:

Simon D. Roberts
Jason A. Leonard
Nitya Anand
Chika S. Seidel
Vincent Li
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
(212) 918-3000
simon.roberts@hoganlovells.com
jason.leonard@hoganlovells.com
nitya.anand@hoganlovells.com
chika.seidel@hoganlovells.com
vincent.li@hoganlovells.com

Celine Jimenez Crowson
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, D.C. 20004
(202) 637-5600
celine.crowson@hoganlovells.com

*Attorneys for Plaintiffs Astellas Pharma Inc.,
Astellas Ireland Co., Ltd., and Astellas
Pharma Global Development, Inc.*