

Stamatios Stamoulis
stamoulis@swdelaw.com

June 16, 2021

The Honorable Joseph F. Bataillon
J. Caleb Boggs Federal Building
844 N. King Street, Unit 28, Room 2325
Wilmington, Delaware 19801-3555

      Re:    *Astellas Pharma Inc., et al v. Sandoz Inc., et al;* **In the United States District Court for the District of Delaware; Cause No. 1:20-cv-01589-JFB**

Dear Judge Bataillon:

      We write regarding the Prinston Defendants'[1] pending Motion to Dismiss (D.I. 75, "the Motion"). Prinston respectfully requests that the Court rule on the Motion as soon as practicable and/or stay the remainder of the case as to Prinston until the Court is able to rule on the Motion. Prinston appears to be differently situated from the other defendants, and it has explained in its Motion the lack of case or controversy between it and Plaintiff Astellas.

      Astellas filed a single suit against multiple unrelated pharmaceutical companies alleging patent infringement by these companies' filings of their respective Abbreviated New Drug Applications ("ANDA"). (D.I. 1). On March 16, 2021, Prinston moved to dismiss the case against it based on a lack of controversy, and a failure by Astellas to state a basis for relief. (D.I. 75). Other defendants answered the lawsuit, apparently because they are differently situated from Prinston. On March 24, 2021, the Court entered a Scheduling Order (D.I. 88). Because Astellas brought a single suit against multiple defendants, the Order applies to the entire case and all parties therein. After completion of the Motion briefing, on May 4, 2021, Astellas requested an oral argument. (D.I. 133 (May 4, 2021)). A hearing date has not been set.

      "Case or Controversy" is a Constitutional requirement for jurisdiction, pertaining to a federal court's power to even reach the merits of a case. If a federal court lacks jurisdiction, it should dismiss the case rather than reaching past jurisdiction to address merits. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998)("We decline to endorse such an approach [of assuming jurisdiction for the purpose of deciding the merits] because it carries the court beyond the bounds of authorized judicial action …."). Accordingly, the Federal Rules of Civil Procedure afford a defendant a chance to move to dismiss the case for a lack of jurisdiction instead of expending any time and energy answering the complaint and defending itself on the merits. Fed. R. Civ. P. 12(a)(4)(A). Here, however, despite Prinston's Motion filing and a lack of the Constitutional foundation for any lawsuit against it, Prinston is compelled to litigate, only because Astellas decided to file a single suit against multiple ANDA filers. In most ANDA

---

[1] Prinston Pharmaceutical Inc., Zhejiang Huahai Pharmaceutical Co. Ltd., Huahai US Inc., and Solco Healthcare US, LLC (collectively "Prinston").

The Honorable Christopher J. Burke
June 16, 2021
Page 2

cases, the plaintiff files separate actions against each ANDA filer, often then moves to consolidate them once the initial motions to dismiss or transfer have been resolved and the scheduling stage is reached. If Astellas had filed a separate suit against Prinston on Prinston's ANDA product alone, Prinston would not have to conduct time-consuming fact discovery while its Motion is pending.

Despite Prinston not even having answered the complaint, Astellas propounded written discovery upon it, which Prinston was compelled to answer. (D.I. 141).[2] Prinston also produced 27,344 pages of technical documents. (D.I. 131). Furthermore, Prinston must produce its initial invalidity contentions by July 2, 2021, unless the remainder of the case schedule is suspended. (D.I. 88, at ¶ 7). The parties have not yet come to an agreement on whether additional discovery will be taken in this case. To be sure, the discovery efforts Prinston is engaged in are not the limited discovery directed to jurisdictional issues. The parties have completed the briefing of the Motion without requesting or conducting any jurisdiction-related discovery. The Motion is ready to be decided.

For the reasons stated above, because Prinston has set forth the reasons why it does not belong in court, Prinston respectfully requests that the Court rule on its Motion to Dismiss (D.I. 75) as soon as practicable, and/or stay all case deadlines with respect to Prinston.

Respectfully,

Stamatios Stamoulis
*Counsel for the Prinston Defendants*

cc: Counsel of Record (via CM/ECF)

---

[2] Astellas' counsel sent further correspondence to Prinston disputing the adequacy of Prinston's discovery response.