

**Daniel M. Silver**
Partner
T. 302-984-6331
F. 302-691-1260
dsilver@mccarter.com

McCarter & English, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801-3717
www.mccarter.com

June 17, 2021

**VIA CM/ECF**

The Honorable Joseph F. Bataillon
J. Caleb Boggs Federal Building
844 N. King Street, Unit 28, Room 2325
Wilmington, DE 19801

Re:   *Astellas Pharma Inc., et al., v. Sandoz Inc., et al.*, **C.A. No. 20-1589-JFB**

Dear Judge Bataillon:

  We write on behalf of the Astellas Plaintiffs in response to the Prinston Defendants' June 16, 2021 letter.  We apologize for burdening the Court with an additional submission, but are compelled to note that Astellas opposes Prinston's request for a stay, which neither complies with the Local Rules nor the Case Scheduling Order.[1]  Prinston's belief that it is entitled to a stay – or any relief for that matter – simply because it has filed a motion to dismiss is misplaced.  *See, e.g., Willemijn Houdstermaatschaapij BV v. Apollo Computer Inc.,* 707 F.Supp. 1429, 1441 (D. Del. 1989) ("Simple logic teaches that defendant has put the presumption on the wrong side: unless and until it is granted a stay, defendant should be required to conduct discovery as if no motion had been filed at all.").  Moreover, Prinston had not made any previous motion for a stay of discovery, and, admittedly is currently subject to an order entered by Judge Burke to provide discovery in this case.

  Accordingly, Astellas respectfully requests that the Court deny Prinston's request for a stay of discovery and, further, that the Court deny Prinston's motion to dismiss for the reasons set forth in Astellas's opposition thereto (D.I. 110).

  Counsel for Astellas are available at the convenience of the Court.

Respectfully submitted,

*/s/ Daniel M. Silver*

Daniel M. Silver (#4758)

---

[1] Under Local Rule 7.1.1., Prinston was required to meet and confer with Astellas before requesting relief, and the applicable Case Scheduling Order specifies "that any application to the Court shall be by written motion filed with the Clerk."  D.I. 88 ¶ 18.  Prinston did not comply with either of these requirements.  Moreover, the Court has referred all non-dispositive matters to Magistrate Judge Burke, so any request for a stay should have been presented to Judge Burke (through the appropriate procedural mechanism).

ME1 36780492v.1