IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ASTELLAS PHARMA INC., ASTELLAS IRELAND CO., LTD., and ASTELLAS PHARMA GLOBAL DEVELOPMENT, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | C. A. No. 20-1589-JFB-CJB (Consolidated) |
| SANDOZ INC., ACTAVIS ELIZABETH LLC, TEVA PHARMACEUTICALS USA, INC., APOTEX INC., APOTEX CORP., AUROBINDO PHARMA LTD., AUROBINDO PHARMA USA, INC., AUROLIFE PHARMA LLC, SAWAI PHARMACEUTICAL CO., LTD., SAWAI USA, INC., PRINSTON PHARMACEUTICAL INC., ZHEJIANG HUAHAI PHARMACEUTICAL CO., LTD., HUAHAI US INC., SOLCO HEALTHCARE US, LLC, WINDLAS HEALTHCARE, PVT. LTD., WINDLAS BIOTECH LTD., ZYDUS PHARMACEUTICALS (USA), INC., CADILA HEALTHCARE LTD. (d/b/a ZYDUS CADILA), LUPIN LTD., and LUPIN PHARMACEUTICALS, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF DEFENDANTS TEVA PHARMACEUTICALS USA, INC. AND ACTAVIS ELIZABETH TO COMPLAINT FOR PATENT INFRINGEMENT**

Defendants Teva Pharmaceuticals USA, Inc. ("Teva USA") and Actavis Elizabeth LLC (collectively, "Actavis") by and through the undersigned attorneys, submit their answer, affirmative defenses, and counterclaims to the Complaint for Patent Infringement of Plaintiffs Astellas Pharma Inc. ("API"), Astellas Ireland Co., Ltd. ("AICL") and Astellas Pharma Global Development, Inc. ("APGD") (collectively, "Plaintiffs") originally filed in Civil Action No. 21-

425-JFB-CJB (the "Complaint"). The Complaint uses "Actavis" to collectively include Teva Pharmaceuticals USA, Inc., Actavis Elizabeth LLC, and Actavis LLC. Pursuant to the Stipulation submitted on August 11, 2021 (D.I. 157), the parties have stipulated to dismissal of the Action against Actavis LLC. Accordingly, all responses herein are made solely on behalf of Teva Pharmaceuticals USA, Inc. and Actavis Elizabeth LLC, and no response is made on behalf of Actavis LLC.

Actavis denies all allegations in Plaintiffs' complaint except those admitted specifically below. This pleading is based upon Actavis's knowledge as to its own activities and upon information and belief as to the activities of others.

## NATURE OF ACTION

1.     This is an action for patent infringement of United States Patent No. 10,842,780 ("the '780 Patent"), arising under the United States patent laws, Title 35, United States Code. This action relates to the Abbreviated New Drug Applications ("ANDAs") submitted by the above-named Defendants under Section 505(j) of the Federal Food, Drug and Cosmetic Act ("FDCA"), 21 U.S.C. § 355(j), seeking United States Food and Drug Administration ("FDA") approval to market generic pharmaceutical products.

**ANSWER:**     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, Actavis admits that the Complaint purports to bring an action for infringement of U.S. Patent No. 10,842,780 ("the 780 Patent") arising under the United States patent laws and Title 35 of the United States Code, but denies that Plaintiffs are entitled to any such relief.  Actavis admits that the Complaint purports to bring this action relating to the filing of ANDA No. 209368 with the United States Food and Drug Administration seeking approval to manufacture, use, or sell generic pharmaceutical products.  Actavis denies any remaining allegations in Paragraph 1.

## THE PARTIES

**A.     Astellas Pharma Inc., Astellas Ireland Co., Ltd. and Astellas Pharma Global Development, Inc.**

2.     Plaintiff Astellas Pharma Inc. ("API") is a corporation organized and existing under the laws of Japan, having its principal place of business at 2-5-1, Nihonbashi-Honcho, Chuo-Ku, Tokyo 103-8411, Japan. API was formed on April 1, 2005, from the merger of Yamanouchi Pharmaceutical Co., Ltd. and Fujisawa Pharmaceutical Co., Ltd.

**ANSWER:**   On information and belief, Actavis admits that Plaintiff Astellas Pharma Inc. ("API") is a company organized and existing under the laws of Japan with its principal place of business at 2-5-1, Nihonbashi-Honcho, Chuo-Ku, Tokyo 103-8411, Japan.  Actavis lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of Paragraph 2, and therefore, denies those allegations.

3.     Plaintiff Astellas Ireland Co., Ltd. ("AICL") is a corporation organized and existing under the laws of Ireland, having its principal place of business at Damastown Road, Damastown Industrial Park, Mulhuddart, Dublin 15, Ireland. AICL is a subsidiary of Plaintiff API.

**ANSWER:**   On information and belief, Actavis admits that Plaintiff Astellas Ireland Co., Ltd. ("AICL") is a corporation organized and existing under the laws of Ireland with its principal place of business at Damastown Road, Damastown Industrial Park, Mulhuddart, Dublin 15, Ireland.  Actavis lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of Paragraph 3, and therefore, denies those allegations.

4.     Plaintiff Astellas Pharma Global Development, Inc. ("APGD") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1 Astellas Way, Northbrook, Illinois 60062. APGD is a subsidiary of Plaintiff API.

**ANSWER:**   On information and belief, Actavis admits that Plaintiff Astellas Pharma Global Development, Inc. ("APGD") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 1 Astellas Way, Northbrook, Illinois 60062. Actavis lacks sufficient knowledge or information to form a belief as the truth or falsity of the remaining allegations of Paragraph 3, and therefore, denies those allegations.

**B.    Aurobindo Pharma Ltd., Aurobindo Pharma USA, Inc. and Aurolife Pharma LLC (collectively, "Aurobindo")**

5.    On information and belief, Defendant Aurobindo Pharma Ltd. is a corporation organized and existing under the laws of India, having a principal place of business at Plot No. 2, Maitrivihar, Ameerpet, Hyderabad-500038, Telangana, India. On information and belief, Aurobindo Pharma Ltd. is in the business of, *inter alia*, developing, manufacturing and/or distributing generic drug products for marketing, sale, and/or use throughout the United States including in this judicial district.

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 5.

Therefore, Actavis denies the allegations in Paragraph 5.

6.    On information and belief, Defendant Aurobindo Pharma USA, Inc. is a corporation organized and existing under the laws of Delaware, having a principal place of business at 6 Wheeling Road, Dayton, New Jersey 08810. On information and belief, Aurobindo Pharma USA, Inc. is in the business of, *inter alia*, developing, manufacturing and/or distributing generic drug products for marketing, sale, and/or use throughout the United States including in this judicial district.

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 6.

Therefore, Actavis denies the allegations in Paragraph 6.

7.    On information and belief, Defendant Aurolife Pharma LLC is a limited liability company organized and existing under the laws of Delaware, having a principal place of business at 2400 Route 130 North, Dayton, New Jersey 08810. On information and belief, Aurolife Pharma LLC is in the business of, *inter alia*, developing, manufacturing and/or distributing generic drug products for marketing, sale, and/or use throughout the United States including in this judicial district.

**ANSWER:**    This paragraph is not addressed to Actavis, and Actavis is without sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 7.

Therefore, Actavis denies the allegations in Paragraph 7.

8.    By a letter dated March 9, 2021, ("Aurobindo's Notice Letter") Aurobindo notified Plaintiffs that Aurobindo had submitted to FDA ANDA No. 209413 for 50 mg mirabegron extended-release tablets ("Aurobindo ANDA"), a drug product that is a generic version of Myrbetriq® extended-release tablets, in the 50 mg strength ("Aurobindo's ANDA Product"). On information and belief, the purpose of Aurobindo's submission of the Aurobindo ANDA was to

obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of Aurobindo's ANDA Product prior to the expiration of the '780 Patent.

**ANSWER:**   This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8. Therefore, Actavis denies the allegations in Paragraph 8.

9.   In Aurobindo's Notice Letter, Aurobindo notified Plaintiffs that, as a part of the Aurobindo ANDA, Aurobindo had filed a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), with respect to the '780 Patent, asserting it is invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, and sale of Aurobindo's ANDA Product.

**ANSWER:**   This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9. Therefore, Actavis denies the allegations in Paragraph 9.

10.   On information and belief, and consistent with their past practices, Aurobindo Pharma Ltd., Aurobindo Pharma USA, Inc. and Aurolife Pharma LLC acted collaboratively in the preparation and submission of ANDA No. 209413.

**ANSWER:**   This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10. Therefore, Actavis denies the allegations in Paragraph 10.

11.   On information and belief, and consistent with their past practices, following any FDA approval of ANDA No. 209413, Aurobindo Pharma Ltd., Aurobindo Pharma USA, Inc. and Aurolife Pharma LLC will work in concert with one another to make, use, offer to sell, and/or sell the generic drug products that are the subject of ANDA No. 209413 throughout the United States, and/or import such generic drug products into the United States, including in this judicial district.

**ANSWER:**   This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11. Therefore, Actavis denies the allegations in Paragraph 11.

C.      **Actavis Elizabeth LLC, Actavis LLC and Teva Pharmaceuticals USA, Inc. (collectively, "Actavis")**

12.      On information and belief, Defendant Actavis Elizabeth LLC is a limited liability company organized and existing under the laws of Delaware, having a principal place of business at 200 Elmora Avenue, Elizabeth, New Jersey, 07202. On information and belief, Actavis Elizabeth LLC is in the business of, *inter alia*, developing, manufacturing and/or distributing generic drug products for marketing, sale, and/or use throughout the United States including in this judicial district.

**ANSWER:**      Actavis admits that Actavis Elizabeth LLC is a limited liability company

organized and existing under the laws of Delaware, having a principal place of business at 200

Elmora Avenue, Elizabeth, New Jersey, 07202.  Actavis further admits that Actavis Elizabeth LLC

is a pharmaceutical company that, by itself and/or through its affiliates and agents, develops and

obtains regulatory approval for pharmaceutical products, including generic pharmaceutical

products, that are distributed and sold in the United States.  Actavis denies the remaining

allegations in Paragraph 12.

13.      On information and belief, Defendant Actavis LLC is a limited liability company organized and existing under the laws of Delaware, having a principal place of business at Morris Corporate Center Ill, 400 Interpace Parkway, Parsippany, New Jersey 07054. On information and belief, Actavis LLC is in the business of, *inter alia*, developing, manufacturing and/or distributing generic drug products for marketing, sale, and/or use throughout the United States including in this judicial district.

**ANSWER:**      Pursuant to the Stipulation submitted on August 11, 2021, the parties have

stipulated to dismiss of the Action against Actavis LLC.  Accordingly, all responses herein are

made solely on behalf of Teva Pharmaceuticals USA, Inc. and Actavis Elizabeth LLC, and no

response is required here.

14.      On information and belief, Defendant Teva Pharmaceuticals USA Inc. ("Teva") is a corporation organized and existing under the laws of Delaware, having a principal place of business at 400 Interpace Parkway, Parsippany, New Jersey 07054. On information and belief, Teva is in the business of, *inter alia*, developing, manufacturing and/or distributing generic drug products for marketing, sale, and/or use throughout the United States including in this judicial district.

**ANSWER:**   Actavis admits that Teva Pharmaceuticals USA, Inc. ("Teva") is a corporation organized and existing under the laws of Delaware, having a principal place of business at 400 Interpace Parkway, Parsippany, New Jersey 07054.  Actavis further admits that Teva is a pharmaceutical company that owns ANDAs for generic pharmaceutical products that are distributed and sold in the United States.  Actavis denies the remaining allegations in Paragraph 14.

15.     On information and belief, on or about August 2, 2016, Teva acquired Actavis's Generics business, including Actavis Elizabeth LLC and Actavis LLC.

**ANSWER:**   Admitted.

16.     On information and belief, Actavis Elizabeth LLC is a wholly owned subsidiary of Actavis LLC, which is a wholly owned subsidiary of Teva.

**ANSWER:**   Admitted.

17.     By a letter dated March 16, 2021 ("Actavis's Notice Letter"), Actavis notified Plaintiffs that Actavis had submitted to FDA ANDA No. 209368 for Mirabegron Extended-Release Tablets, 25 mg and 50 mg ("Actavis ANDA"), a drug product that is a generic version of Myrbetriq® extended-release tablets, in the 25 mg and 50 mg strengths ("Actavis's ANDA Product"). On information and belief, the purpose of Actavis's submission of the Actavis ANDA was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of Actavis's ANDA Product prior to the expiration of the '780 Patent.

**ANSWER:**   Actavis admits that it sent a letter dated March 16, 2021 titled "Notification of Certification for U.S. Patent No. 10,842,780 pursuant to § 505(j)(2)(B)(iv) of the Federal Food, Drug, and Cosmetic Act" ("Notice Letter") to the 10,842,780 patent holder and the NDA holder. The Notice Letter advised that, pursuant to 21 U.S.C. § 355(j) and 21 C.F.R. § 314.95(c), Actavis submitted ANDA No. 209368 to the FDA, pursuant to applicable laws and regulations, to obtain approval to engage in the commercial manufacture, use, or sale of the product described in ANDA No. 209368.  Actavis denies the remaining allegations in Paragraph 17.

18.     In Actavis's Notice Letter, Actavis notified Plaintiffs that, as a part of the Actavis ANDA, Actavis had filed a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), with respect to the '780 Patent, asserting that it is

invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, and sale of Actavis's ANDA Product.

**ANSWER:**   Admitted.

19.   On information and belief, and consistent with their past practices, Actavis Elizabeth LLC and Actavis LLC acted collaboratively in the preparation and submission of ANDA No. 209368.

**ANSWER:**   Denied.

20.   On information and belief, and consistent with their past practices, following any FDA approval of ANDA No. 209368, Actavis Elizabeth LLC, Actavis LLC and Teva will work in concert with one another to make, use, offer to sell, and/or sell the generic drug products that are the subject of ANDA No. 209368 throughout the United States, and/or import such generic drug products into the United States, including in this judicial district.

**ANSWER:**   Denied.

**D.     Zydus Pharmaceuticals (USA) Inc. and Cadila Healthcare Ltd. (d/b/a Zydus Cadila) (collectively, "Zydus")**

21.   On information and belief, Defendant Zydus Pharmaceuticals (USA) Inc. is a corporation organized and existing under the laws of New Jersey, having a principal place of business at 73 Route 31 North, Pennington, New Jersey 08534. On information and belief, Zydus Pharmaceuticals (USA) Inc. is in the business of, *inter alia*, developing, manufacturing and/or distributing generic drug products for marketing, sale, and/or use throughout the United States including in this judicial district.

**ANSWER:**   This paragraph is not addressed to Actavis, and Actavis is without sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 21.

Therefore, Actavis denies the allegations in Paragraph 21.

22.   On information and belief, Defendant Cadila Healthcare Ltd. (d/b/a Zydus Cadila) ("Zydus Cadila") is a corporation organized and existing under the laws of India, having a principal place of business at Zydus Corporate Park, Scheme No. 63, Survey No. 536, Khoraj (Gandhinagar), Nr. Vaishnodevi Circle, S. G. Highway, Ahmedabad 382 481, India. On information and belief, Zydus Cadila is in the business of, *inter alia*, developing, manufacturing and/or distributing generic drug products for marketing, sale, and/or use throughout the United States including in this judicial district.

**ANSWER:**   This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22. Therefore, Actavis denies the allegations in Paragraph 22.

23.   By a letter dated March 3, 2021 ("Zydus's Notice Letter"), Zydus notified Plaintiffs that Zydus had submitted to FDA ANDA No. 209488 for mirabegron extended-release oral tablets, 25 mg and 50 mg ("Zydus ANDA"), a drug product that is a generic version of Myrbetriq® extended-release tablets, in the 25 mg and 50 mg strengths ("Zydus's ANDA Product"). On information and belief, the purpose of Zydus's submission of the Zydus ANDA was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of Zydus's ANDA Product prior to the expiration of the '780 Patent.

**ANSWER:**   This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23. Therefore, Actavis denies the allegations in Paragraph 23.

24.   In Zydus's Notice Letter, Zydus notified Plaintiffs that, as a part of the Zydus ANDA, Zydus had filed a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), with respect to the '780 Patent, asserting that it is invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, and sale of Zydus's ANDA Product.

**ANSWER:**   This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24. Therefore, Actavis denies the allegations in Paragraph 24.

25.   On information and belief, and consistent with their past practices, Zydus Pharmaceuticals (USA) Inc. and Zydus Cadila acted collaboratively in the preparation and submission of ANDA No. 209488.

**ANSWER:**   This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25. Therefore, Actavis denies the allegations in Paragraph 25.

26.   On information and belief, and consistent with their past practices, following any FDA approval of ANDA No. 209488, Zydus Pharmaceuticals (USA) Inc. and Zydus Cadila will work in concert with one another to make, use, offer to sell, and/or sell the generic drug products that are the subject of ANDA No. 209488 throughout the United States, and/or import such generic drug products into the United States, including in this judicial district.

**ANSWER:**   This paragraph is not addressed to Actavis, and Actavis is without sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 26.

Therefore, Actavis denies the allegations in Paragraph 26.

**E.   Lupin Ltd. and Lupin Pharmaceuticals, Inc. (collectively, "Lupin")**

27.   On information and belief, Defendant Lupin Ltd. is a corporation organized and existing under the laws of India, having a principal place of business at 3rd Floor, Kalpataru Inspire, Off. Western Expressway Highway, Santacruz (East), Mumbai 400 055, India. On information and belief, Lupin Ltd. is in the business of, *inter alia*, developing, manufacturing and/or distributing generic drug products for marketing, sale, and/or use throughout the United States including in this judicial district.

**ANSWER:**   This paragraph is not addressed to Actavis, and Actavis is without sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 27.

Therefore, Actavis denies the allegations in Paragraph 27.

28.   On information and belief, Defendant Lupin Pharmaceuticals, Inc. is a corporation organized and existing under the laws of Delaware, having a principal place of business at Harborplace Tower, 111 South Calvert Street, 21st Floor, Baltimore, MD 21292. On information and belief, Lupin Pharmaceuticals Inc. is in the business of, *inter alia*, developing, manufacturing and/or distributing generic drug products for marketing, sale, and/or use throughout the United States including in this judicial district.

**ANSWER:**   This paragraph is not addressed to Actavis, and Actavis is without sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 28.

Therefore, Actavis denies the allegations in Paragraph 28.

29.   By a letter dated February 8, 2021 ("Lupin's Notice Letter") Lupin notified Plaintiffs that Lupin had submitted to FDA ANDA No. 209485 for mirabegron "in the form of extended release tablets, each containing either 25 mg or 50 mg mirabegron as the active ingredient." ("Lupin ANDA"), a drug product that is a generic version of Myrbetriq® extended-release tablets, in the 25 mg and 50 mg strengths ("Lupin's ANDA Product"). On information and belief, the purpose of Lupin's submission of the Lupin ANDA was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of Lupin's ANDA Product prior to the expiration of the '780 Patent.

**ANSWER:**   This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29. Therefore, Actavis denies the allegations in Paragraph 29.

30.   In Lupin's Notice Letter, Lupin notified Plaintiffs that, as a part of the Lupin ANDA, Lupin had filed a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), with respect to the '780 Patent, asserting that it is invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, and sale of Lupin's ANDA Product.

**ANSWER:**   This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30. Therefore, Actavis denies the allegations in Paragraph 30.

31.   On information and belief, and consistent with their past practices, Lupin Ltd. and Lupin Pharmaceuticals Inc. acted collaboratively in the preparation and submission of ANDA No. 209485.

**ANSWER:**   This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31. Therefore, Actavis denies the allegations in Paragraph 31.

32.   On information and belief, and consistent with their past practices, following any FDA approval of ANDA No. 209485, Lupin Ltd. and Lupin Pharmaceuticals Inc. will work in concert with one another to make, use, offer to sell, and/or sell the generic drug products that are the subject of ANDA No. 209485 throughout the United States, and/or import such generic drug products into the United States, including in this judicial district.

**ANSWER:**   This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32. Therefore, Actavis denies the allegations in Paragraph 32.

## JURISDICTION AND VENUE

33.   This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

**ANSWER:**    This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, Actavis does not contest subject matter jurisdiction for purposes of this case only.  Actavis denies the remaining allegations in Paragraph 33.

34.    This Court has personal jurisdiction over each Defendant because, among other things, each has committed, or aided, abetted, contributed to, or participated in the commission of, tortious acts of patent infringement in filing each ANDA that has led to foreseeable harm and injury to Plaintiffs, and will imminently commit, or aid, abet, contribute to, or participate in the commission of, a tortious act of patent infringement by selling its ANDA Product which will lead to foreseeable harm and injury to Plaintiffs.

**ANSWER:**    This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, Actavis does not contest personal jurisdiction for Plaintiffs' infringement action in this Court for the purposes of this action only.  Actavis denies the remaining allegations in paragraph 34.

35.    This Court also has personal jurisdiction over each Defendant because each of its affiliations with the State of Delaware, including in many instances by virtue of its incorporation in Delaware or the incorporation in Delaware of subsidiaries, are so continuous and systematic as to render each Defendant essentially at home in this forum.

**ANSWER:**    This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, Actavis does not contest personal jurisdiction for Plaintiffs' infringement action in this Court for the purposes of this action only.  Actavis denies the remaining allegations in paragraph 35.

36.    This Court also has personal jurisdiction over Aurobindo Pharma Ltd., Cadila Healthcare Ltd. and Lupin Ltd. pursuant to Fed. R. Civ. P. 4(k)(2) because (a) Astellas's claims arise under federal law; (b) as foreign defendants, Aurobindo Pharma Ltd., Cadila Healthcare Ltd. and Lupin Ltd. are not subject to jurisdiction in any state's courts of general jurisdiction; and (c) Aurobindo Pharma Ltd., Cadila Healthcare Ltd. and Lupin Ltd. have sufficient contacts within the United States as a whole, including but not limited to preparing and submitting an ANDA to FDA and/or manufacturing and/or selling pharmaceutical products distributed throughout the United States, such that this Court's exercise of jurisdiction over Aurobindo Pharma Ltd., Cadila Healthcare Ltd. and Lupin Ltd. satisfies due process.

**ANSWER:**   This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36. Therefore, Actavis denies the allegations in Paragraph 36.

37.   This Court also has personal jurisdiction over each Defendant because each has frequently availed itself of the legal protections of the State of Delaware by, among other things, selecting the State of Delaware as the place of incorporation for itself and their subsidiaries and admitting jurisdiction and asserting counterclaims in lawsuits filed in the United States District Court for the District of Delaware, including in related Myrbetriq® litigations. *See e.g.*, *Astellas Pharma Inc. et al. v. Sandoz Inc. et al.*, C.A. No. 20-1589-JFB-CJB (D. Del.), D.I. 47, 52, 78; *Acadia Pharmaceuticals Inc. v. Zydus Pharmaceuticals (USA) Inc. et al.*, C. A. No. 20-1021 (D. Del.), D.I. 9; *Astellas Pharma Inc. et al. v. Aurobindo Pharma Ltd. et al.*, C.A. No. 16-942 (D. Del.), D.I. 22; *Astellas Pharma Inc. et al. v. Lupin Ltd. et al.*, C.A. No. 16-908 (D. Del.), D.I. 20; *Astellas Pharma Inc. et al. v. Actavis Elizabeth LLC. et al.*, C.A. No. 16-905 (D. Del.), D.I. 21.

**ANSWER:**   This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, Actavis does not contest personal jurisdiction for Plaintiffs' infringement action in this Court for the purposes of this action only.  Actavis denies the remaining allegations in Paragraph 37.

38.   For these reasons, and for other reasons that will be presented to the Court if jurisdiction is challenged, the Court has personal jurisdiction over each Defendant.

**ANSWER:**   This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, Actavis does not contest personal jurisdiction for Plaintiffs' infringement action in this Court for the purposes of this action only.  Actavis denies the remaining allegations in Paragraph 38.

39.   Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b) and/or Fed. R. Civ. P. 4(k)(2).

**ANSWER:**   This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, Actavis does not contest personal jurisdiction for Plaintiffs' infringement action in this Court for the purposes of this action only.  Actavis denies the remaining allegations in Paragraph 39.

**MYRBETRIQ® TABLETS**

40.     APGD holds approved New Drug Application ("NDA") No. 202611 for Myrbetriq® extended-release tablets, 25 mg and 50 mg, which contain the active ingredient, mirabegron. FDA approved NDA No. 202611 on June 28, 2012 for both the 25 mg and 50 mg extended-release Myrbetriq® tablets.

**ANSWER:**     Actavis admits that the Orange Book lists APGD as the holder of approved

New Drug Application ("NDA") No. 202611 for Myrbetriq® extended-release tablets, 25 mg and

50 mg on June 28, 2012.  Actavis denies the remaining allegations in Paragraph 40.

41.     Mirabegron has been referred to chemically as, *inter alia*, (R)-2-(2-aminothiazol-4-yl)-4'-[2-(2-hydroxy-2-phenylethyl)amino]ethyl]acetic acid anilide, (R)-2-(2-aminothiazol-4-yl)-4'-[2-[(2-hydroxy-2-phenylethyl)amino]ethyl]acetanilide, and 2-(2-aminothiazol-4-yl)-N-[4-(2-{[(2R)-2-hydroxy-2-phenylethyl]amino}ethyl)phenyl]acetamide. Mirabegron can be depicted as, *inter alia*, the following formula:



**ANSWER:**     Admitted.

42.     Myrbetriq® extended-release tablets, containing 25 mg or 50 mg of mirabegron ("Myrbetriq® Tablets"), are indicated for the treatment of overactive bladder ("OAB") with symptoms of urge urinary incontinence, urgency, and urinary frequency.

**ANSWER:**     Actavis admits that the package insert for Myrbetriq® states that

Myrbetriq® extended-release tablets, 25 mg and 50 mg, are indicated for the treatment of

overactive bladder (OAB) with symptoms of urge urinary incontinence, urgence, and urinary

frequency. Actavis denies the remaining allegations in Paragraph 42.

43.     Myrbetriq® Tablets comprise a sustained release hydrogel-forming formulation containing, *inter alia*, polyethylene oxide and polyethylene glycol as inactive ingredients within the tablet formulation, which function as a means for forming a hydrogel and a means for ensuring penetration of water into the tablets.

**ANSWER:**   Actavis lacks sufficient knowledge or information to form a belief as to the

truth or falsity of the allegations of Paragraph 43, and therefore, denies those allegations.

44.    For quality control purposes in the U.S. market, Myrbetriq® Tablets are subjected to dissolution testing using the United States Pharmacopeia ("USP") Apparatus I. A dissolution test evaluates the rate and extent that a compound forms a solution under carefully controlled conditions. Within the context of regulatory approval, the USP dissolution test helps safeguard against the release of drug products that do not perform acceptably. USP Apparatus I (basket) and II (paddle) provide a platform to evaluate the *in vitro* performance of dosage forms using standardized conditions. These two apparatus, and associated procedures, have become widely used and accepted.

**ANSWER:**   Actavis lacks sufficient knowledge or information to form a belief as to the

truth or falsity of the allegations of Paragraph 44, and therefore, denies those allegations.

45.    When measured in accordance with the United States Pharmacopeia ("USP") dissolution apparatus II, using 900 mL of USP buffer and having a pH of 6.8 at a paddle rotation speed of 200 rpm ("USP II Method"), the Myrbetriq® Tablets release 39% or less of mirabegron after 1.5 hours, and at least 75% mirabegron after 7 hours.

**ANSWER:**   Actavis lacks sufficient knowledge or information to form a belief as to the

truth or falsity of the allegations of Paragraph 45, and therefore, denies those allegations.

## THE PATENT-IN-SUIT

46.    The United States Patent & Trademark Office ("PTO") duly and legally issued the '780 Patent, entitled "Pharmaceutical Composition for Modified Release," on November 24, 2020. A true and correct copy of the '780 Patent is attached as Exhibit A.

**ANSWER:**   Actavis admits that Exhibit A to the Complaint appears to be a copy of U.S.

Patent No. 10,842,780, which indicates on its face an issue date of November 24, 2020.  Actavis

further admits that the '780 Patent is titled "Pharmaceutical Composition for Modified Release."

Actavis denies that the '780 Patent duly and legally issued.   Actavis denies the remaining

allegations in Paragraph 46.

47.    The '780 Patent is listed in FDA's Approved Drug Products with Therapeutic Equivalence Evaluations (the "Orange Book") in connection with Myrbetriq® Tablets.

**ANSWER:**   Admitted.

48.     API is the record owner and assignee of the '780 Patent.

**ANSWER:**     Actavis admits that the United States Patent and Trademark Office's Patent Assignment Search database, Reel No. 042046, Frame No. 0194, lists "Astellas Pharma Inc." as the assignee of the '780 patent.  Actavis is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 48 and therefore, denies those allegations.

49.     The '780 Patent will expire no earlier than September 28, 2029.

**ANSWER:**     This paragraph contains conclusions of law, a response to which is not required.  To the extent that a response is required, Actavis admits that the Orange Book currently lists the expiration date of the '780 Patent as September 28, 2029.  Actavis denies the remaining allegations in Paragraph 49.

50.     AICL is the exclusive licensee of the '780 Patent with the rights to develop, import, market, sell, distribute, and promote any and all pharmaceutical formulations in finished package forms which contain mirabegron as the active ingredient in the United States.

**ANSWER:**     This paragraph contains conclusions of law to which no response is required.  Actavis is also without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 50 and therefore denies those allegations.

51.     APGD has contracted with AICL to, *inter alia*, clinically develop mirabegron, prepare and submit NDA No. 202611 for marketing approval of Myrbetriq® Tablets in the United States.

**ANSWER:**     Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 51 and therefore denies those allegations.

52.     AICL has contracted with Astellas Pharma US, Inc., a subsidiary of API to, *inter alia*, market and sell Myrbetriq® Tablets, in the United States on its behalf.

**ANSWER:**     Actavis is also without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 52 and therefore denies those allegations.

53.     Myrbetriq® Tablets are covered by one or more claims of the '780 Patent.

**ANSWER:**    This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, Actavis denies the allegations in Paragraph 53.

## MIRABEGRON ANDA FILERS

54.     In June 2013, FDA issued a notice in the Federal Register (78 Fed. Reg. 37230 at 31 (June 20, 2013)) regarding bioequivalence guidance to be published on its website for mirabegron ANDAs. On its website, FDA lists the following dissolution requirements for mirabegron ANDA filers in order to establish bioequivalence with Myrbetriq® Tablets ("Mirabegron Bioequivalence Guidance"):

| Drug Name | Dosage Form | USP Apparatus | Speed (RPMs) | Medium | Volume (mL) | Recommended Sampling Times (minutes) | Date Updated |
|---|---|---|---|---|---|---|---|
| Mirabegron | Tablet (Extended Release) | I (Basket) | 100 | Phosphate Buffer, pH 6.8 | 900 | 1, 3, 5, 7, 8.5, 10 and 12 hours | 05/09/2013 |

**ANSWER:**    Actavis admits that the FDA issued a notice in the Federal Register on June 20, 2013 regarding mirabegron bioequivalence guidance, and that the FDA lists "Dissolution Methods" for mirabegron on its website.  Actavis denies any attempt by Plaintiffs to characterize said notice and methodology in Paragraph 54 and all remaining allegations in Paragraph 54.

55.     On information and belief, each mirabegron ANDA filer will be required to meet this dissolution method, or an equivalent dissolution method, to meet its bioequivalence requirements for its proposed ANDA product using Myrbetriq® Tablets as the reference standard. On information and belief, a proposed mirabegron ANDA product will have equivalent dissolution properties to Myrbetriq® Tablets as measured by USP Apparatus I and II.

**ANSWER:**    Paragraph 55 contains conclusions of law, to which no response is required. To the extent an answer is required, Actavis admits that its ANDA contains the information and data required by applicable regulations.   Actavis is also without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 55 and therefore denies those allegations.

## CLAIMS FOR RELIEF

### COUNT I: INFRINGEMENT OF THE '780 PATENT BY AUROBINDO

56.     Plaintiffs incorporate by reference and reallege paragraphs 1 through 55 above as though fully restated herein.

**ANSWER:**     Actavis re-asserts and incorporates by reference its answers to Paragraphs 1 through 55 as though fully restated herein.

57.     Aurobindo, by filing ANDA No. 209413, has necessarily represented to FDA that, upon approval, Aurobindo's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as Myrbetriq® Tablets, and will be bioequivalent to Myrbetriq® Tablets.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 57. Therefore, Actavis denies the allegations in Paragraph 57.

58.     Aurobindo has indicated, including *inter alia* via Aurobindo's Notice Letter, its intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Aurobindo's ANDA Product prior to the expiration of the '780 Patent.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 58. Therefore, Actavis denies the allegations in Paragraph 58.

59.     On information and belief, and as required by the Mirabegron Bioequivalence Guidance, Aurobindo uses the dissolution method (or its equivalent) to establish Aurobindo's ANDA Product is bioequivalent to Myrbetriq® Tablets. On information and belief, Aurobindo's ANDA Product will have equivalent dissolution properties, as measured by USP Apparatus I and II, to Myrbetriq® Tablets, which uses a hydrogel formulation. On information and belief, because of the dissolution requirements contained within the Mirabegron Bioequivalence Guidance, including the use of Myrbetriq® Tablets as the reference standard, Aurobindo's ANDA Product uses a hydrogel formulation, the same as or equivalent to the Myrbetriq® Tablets formulation, that is covered by one or more claims of the '780 Patent.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 59. Therefore, Actavis denies the allegations in Paragraph 59.

60.     On information and belief, Aurobindo relied on, *inter alia*, Aurobindo's dissolution data to conclude that Aurobindo's ANDA Product is bioequivalent to Astellas's Myrbetriq® Tablets.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 60. Therefore, Actavis denies the allegations in Paragraph 60.

61.     In Aurobindo's Notice Letter, Aurobindo does not deny that Aurobindo's ANDA Product is covered by one or more claims of the '780 Patent.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 61. Therefore, Actavis denies the allegations in Paragraph 61.

62.     Aurobindo's submission of ANDA No. 209413 seeking approval to engage in the commercial manufacture, use, offer to sell, or sale of Aurobindo's ANDA Product, prior to the expiration of the '780 Patent, constitutes infringement of one or more of the claims of the '780 Patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 62. Therefore, Actavis denies the allegations in Paragraph 62.

63.     Unless Aurobindo is enjoined by the Court, Plaintiffs will be substantially and irreparably harmed by Aurobindo's infringement of the '780 Patent. Plaintiffs do not have an adequate remedy at law.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 63. Therefore, Actavis denies the allegations in Paragraph 63.

64.     Plaintiffs are commencing this action within 45 days of receiving Aurobindo's Notice Letter pursuant to 21 U.S.C. § 355(j)(5)(B)(iii).

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 64. Therefore, Actavis denies the allegations in Paragraph 64.

### COUNT II: INFRINGEMENT OF THE '780 PATENT BY ACTAVIS

65.     Plaintiffs incorporate by reference and reallege paragraphs 1 through 64 above as though fully restated herein.

**ANSWER:**     Actavis re-asserts and incorporates by reference its answers to Paragraphs 1 through 64 as though fully set forth herein.

66.     Actavis, by filing ANDA No. 209368, has necessarily represented to FDA that, upon approval, Actavis's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as Myrbetriq® Tablets, and will be bioequivalent to Myrbetriq® Tablets.

**ANSWER:**     Actavis admits that Actavis Elizabeth LLC submitted ANDA No. 209368 to the FDA, pursuant to applicable laws and regulations, to obtain approval to engage in the commercial manufacture, use, or sale of extended-release tablets of mirabegron in 25 mg and 50 mg strengths.   Actavis refers to ANDA No. 209368 for a complete statement of its contents. Actavis denies the remaining allegations in Paragraph 66.

67.     Actavis has indicated, including *inter alia* via Actavis's Notice Letter, its intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Actavis's ANDA Product prior to the expiration of the '780 Patent.

**ANSWER:**     Actavis admits that it sent a notice letter to Plaintiffs disclosing that it submitted ANDA No. 209368 to obtain approval to engage in the commercial manufacture, use, or sale of Mirabegron Extended-Release Tablets, 25 mg and 50 mg before the expiration of the '780 Patent.  Actavis denies the remaining allegations in Paragraph 67.

68.     On information and belief, and as required by the Mirabegron Bioequivalence Guidance, Actavis uses the dissolution method (or its equivalent) to establish Actavis's ANDA Product is bioequivalent to Myrbetriq® Tablets. On information and belief, Actavis's ANDA Product will have equivalent dissolution properties, as measured by USP Apparatus I and II, to Myrbetriq® Tablets, which uses a hydrogel formulation. On information and belief, because of

the dissolution requirements contained within the Mirabegron Bioequivalence Guidance, including the use of Myrbetriq® Tablets as the reference standard, Actavis's ANDA Product uses a hydrogel formulation, the same as or equivalent to the Myrbetriq® Tablets formulation, that is covered by one or more claims of the '780 Patent.

**ANSWER:**   Actavis refers to ANDA No. 29368 for a complete statement of its contents. Paragraph 68 also contains legal conclusion to which no response is required.  To the extent that a response is required, Actavis denies the allegations in Paragraph 68.

69.     In Actavis's Notice Letter, Actavis does not deny that Actavis's ANDA Product is covered by one or more claims of the '780 Patent.

**ANSWER:**   Actavis refers to Actavis's Notice Letter for a complete statement of its contents.  Paragraph 69 also contains legal conclusions to which no response is required.  To the extent that a response is required, Actavis denies the allegations in Paragraph 69.

70.     Actavis's submission of ANDA No. 209368 seeking approval to engage in the commercial manufacture, use, offer to sell, or sale of Actavis's ANDA Product, prior to the expiration of the '780 Patent, constitutes infringement of one or more of the claims of the '780 Patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER:**   This paragraph contains legal conclusions for which no response is required.  To the extent that a response is required, Actavis denies the allegations in Paragraph 70.

71.     Unless Actavis is enjoined by the Court, Plaintiffs will be substantially and irreparably harmed by Actavis's infringement of the '780 Patent. Plaintiffs do not have an adequate remedy at law.

**ANSWER:**   Actavis denies the allegations in Paragraph 71.

72.     Plaintiffs are commencing this action within 45 days of receiving Actavis's Notice Letter pursuant to 21 U.S.C. § 355(j)(5)(B)(iii).

**ANSWER:**   Paragraph 72 contains legal conclusion to which no response is required. To the extent that a response is required, Actavis admits that this action was filed within 45 days of receiving Actavis's Notice Letter, but denies that 21 U.S.C. § 355(j)(5)(B)(iii) applies to this case or that Plaintiffs are entitled to an additional thirty-month stay based off this Action.  Actavis denies any remaining allegations in Paragraph 72.

## COUNT III: INFRINGEMENT OF THE '780 PATENT BY ZYDUS

73.     Plaintiffs incorporate by reference and reallege paragraphs 1 through 72 above as though fully restated herein.

**ANSWER:**     Actavis re-asserts and incorporates by reference its answers to Paragraphs

1 through 72 as though fully stated herein.

74.     Zydus, by filing ANDA No. 209488 has necessarily represented to FDA that, upon approval, Zydus's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as Myrbetriq® Tablets, and will be bioequivalent to Myrbetriq® Tablets.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 74.

Therefore, Actavis denies the allegations in Paragraph 74.

75.     Zydus has indicated, including *inter alia* via Zydus's Notice Letter, its intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Zydus's ANDA Product prior to the expiration of the '780 Patent.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 75.

Therefore, Actavis denies the allegations in Paragraph 75.

76.     On information and belief, and as required by the Mirabegron Bioequivalence Guidance, Zydus uses the dissolution method (or its equivalent) to establish Zydus's ANDA Product is bioequivalent to Myrbetriq® Tablets. On information and belief, Zydus's ANDA Product will have equivalent dissolution properties, as measured by USP Apparatus I and II, to Myrbetriq® Tablets, which uses a hydrogel formulation. On information and belief, because of the dissolution requirements contained within the Mirabegron Bioequivalence Guidance, including the use of Myrbetriq® Tablets as the reference standard, Zydus's ANDA Product uses a hydrogel formulation, the same as or equivalent to the Myrbetriq® Tablets formulation, that is covered by one or more claims of the '780 Patent.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 76.

Therefore, Actavis denies the allegations in Paragraph 76.

77.     On information and belief, Zydus relied on, *inter alia*, Zydus's dissolution data to conclude that Zydus's ANDA Product is bioequivalent to Astellas's MYRBETRIQ® Tablets.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 77. Therefore, Actavis denies the allegations in Paragraph 77.

78.     In Zydus's Notice Letter, Zydus does not deny that Zydus's ANDA Product is covered by one or more claims of the '780 Patent.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 78. Therefore, Actavis denies the allegations in Paragraph 78.

79.     Zydus's submission of ANDA No. 209488 seeking approval to engage in the commercial manufacture, use, offer to sell, or sale of Zydus's ANDA Product, prior to the expiration of the '780 Patent, constitutes infringement of one or more of the claims of the '780 Patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 79. Therefore, Actavis denies the allegations in Paragraph 79.

80.     Unless Zydus is enjoined by the Court, Plaintiffs will be substantially and irreparably harmed by Zydus's infringement of the '780 Patent. Plaintiffs do not have an adequate remedy at law.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 80. Therefore, Actavis denies the allegations in Paragraph 80.

81.     Plaintiffs are commencing this action within 45 days of receiving Zydus's Notice Letter pursuant to 21 U.S.C. § 355(j)(5)(B)(iii).

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 81. Therefore, Actavis denies the allegations in Paragraph 81.

## COUNT IV: INFRINGEMENT OF THE '780 PATENT BY LUPIN

82.     Plaintiffs incorporate by reference and reallege paragraphs 1 through 81 above as though fully restated herein.

**ANSWER:**     Actavis re-asserts and incorporates by reference its answers to Paragraphs 1 through 81 as though fully stated herein.

83.     Lupin, by filing ANDA No. 209485, has necessarily represented to FDA that, upon approval, Lupin's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as Myrbetriq® Tablets, and will be bioequivalent to Myrbetriq® Tablets.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 83. Therefore, Actavis denies the allegations in Paragraph 83.

84.     Lupin has indicated, including *inter alia* via Lupins's Notice Letter, its intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Lupin's ANDA Product prior to the expiration of the '780 Patent.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 84. Therefore, Actavis denies the allegations in Paragraph 84.

85.     On information and belief, and as required by the Mirabegron Bioequivalence Guidance, Lupin uses the dissolution method (or its equivalent) to establish Lupin's ANDA Product is bioequivalent to Myrbetriq® Tablets. On information and belief, Lupin's ANDA Product will have equivalent dissolution properties, as measured by USP Apparatus I and II, to Myrbetriq® Tablets, which uses a hydrogel formulation. On information and belief, because of the dissolution requirements contained within the Mirabegron Bioequivalence Guidance, including the use of Myrbetriq® Tablets as the reference standard, Lupin's ANDA Product uses a hydrogel formulation, the same as or equivalent to the Myrbetriq® Tablets formulation, that is covered by one or more claims of the '780 Patent.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 85. Therefore, Actavis denies the allegations in Paragraph 85.

86.     On information and belief, Lupin relied on, *inter alia*, Lupin's dissolution data to conclude that Lupin's ANDA Product is bioequivalent to Astellas's Myrbetriq® Tablets.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 86. Therefore, Actavis denies the allegations in Paragraph 86.

87.     Lupin's submission of ANDA No. 209485 seeking approval to engage in the commercial manufacture, use, offer to sell, or sale of Lupin's ANDA Product, prior to the expiration of the '780 Patent, constitutes infringement of one or more of the claims of the '780 Patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 87. Therefore, Actavis denies the allegations in Paragraph 87.

88.     Unless Lupin is enjoined by the Court, Plaintiffs will be substantially and irreparably harmed by Lupin's infringement of the '780 Patent. Plaintiffs do not have an adequate remedy at law.

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 88. Therefore, Actavis denies the allegations in Paragraph 88.

89.     Plaintiffs are commencing this action within 45 days of receiving Lupin's Notice Letter pursuant to 21 U.S.C. § 355(j)(5)(B)(iii).

**ANSWER:**     This paragraph is not addressed to Actavis, and Actavis is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 89. Therefore, Actavis denies the allegations in Paragraph 89.

## **PRAYER FOR RELIEF**

Actavis denies that Plaintiffs are entitled to any of the relief requested in their Prayer for Relief or to any relief whatsoever, including those specifically requested as against Actavis.

## ACTAVIS'S AFFIRMATIVE DEFENSES

Further answering the Complaint, Actavis asserts the following defenses in response to the allegations of the Complaint, undertaking the burden of proof only as to those defenses required by law, regardless of how such defenses are denominated below. Actavis reserves the right to amend this Answer with additional defenses as further information is obtained in discovery. Actavis asserts the following defenses without prejudice to the denials in this Answer and without admitting any allegations of the Complaint not otherwise admitted.

## FIRST AFFIRMATIVE DEFENSE
### (Invalidity)

The '780 Patent and each of the claims thereof are invalid for failure to comply with one or more conditions for patentability set forth in one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

## SECOND AFFIRMATIVE DEFENSE
### (No Infringement)

Actavis does not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '780 Patent. If the product that is the subject of ANDA No. 209368 were marketed, Actavis would not infringe any valid and enforceable claim of the '780 Patent.

## THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for relief against Actavis.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for relief against Actavis for an exceptional case under 35 U.S.C. § 285.

## FIFTH AFFIRMATIVE DEFENSE

Any additional defenses that discovery may reveal.

WHEREFORE, Defendant Actavis respectfully requests that Plaintiffs take nothing by way of their Complaint, that judgment be entered in favor of Actavis, that Actavis be awarded its attorneys' fees and costs, and all other just and proper relief.

## TEVA PHARMACEUTICALS USA, INC. AND ACTAVIS ELIZABETH LLC'S COUNTERCLAIMS FOR DECLARATORY JUDGMENT

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendants and Counterclaim Plaintiffs Teva Pharmaceuticals USA, Inc. ("Teva USA") and Actavis Elizabeth LLC ("Actavis Elizabeth") (collectively, "Counterclaim Plaintiffs" or "Actavis"), for their counterclaims against Counterclaim Defendants and Plaintiffs Astellas Pharma Inc. ("API"); Astellas Ireland Co., Ltd. ("AICL"); and Astellas Pharma Global Development, Inc. ("APGD") (collectively, "Counterclaim Defendants" or "Astellas"), state as follows:

1.      Actavis repeats and realleges by reference each of the foregoing paragraphs of Actavis's Answer and Affirmative Defenses to the Complaint.

2.      This is an action for declaratory judgment of noninfringement and invalidity of one or more claim of U.S. Patent No. 10,842,780 ("the '780 Patent") under the Patent Laws of the United States, Title 35, United States Code, and the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.

## PARTIES

3.      On information and belief, Counterclaim Defendant API is a corporation organized and existing under the laws of Japan, having its principal place of business at 2-5-1, Nihonbashi-Honcho, Chuo-Ku, Tokyo 103-8411, Japan. API was formed on April 1, 2005, from the merger of Yamanouchi Pharmaceutical Co., Ltd. and Fujisawa Pharmaceutical Co., Ltd.

4.      On information and belief, Counterclaim Defendant AICL is a corporation organized and existing under the laws of Ireland, having a principal place of business at

Damastown Road, Damastown Industrial Park, Mulhuddart, Dublin 15, Ireland. AICL is a subsidiary of Plaintiff Astellas Pharma Inc.

5.      On information and belief, Counterclaim Defendant APGD is a corporation organized and existing under the laws of Delaware, having a principal place of business at 1 Astellas Way, Northbrook, Illinois 60062. APGD is a subsidiary of Plaintiff Astellas Pharma Inc.

6.      Actavis Elizabeth is a Delaware limited liability company having a principal place of business at 200 Elmora Avenue, Elizabeth, New Jersey 07202.

7.      Teva Pharmaceuticals USA, Inc. is a Delaware corporation having a principal place of business at 400 Interpace Parkway, Parsippany, New Jersey 07054.

## JURISDICTION AND VENUE

8.      These counterclaims arise under the patent laws of the United States and the Declaratory Judgment Act. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

9.      This Court has personal jurisdiction over Counterclaim Defendants on the basis of, *inter alia*, their contacts with Delaware relating to the subject matter of this action, including having filed suit.

10.     Venue is proper under 28 U.S.C. §§ 1391 and 1400.

## BACKGROUND

11.     U.S. Patent No. 10,842,780 titled "Pharmaceutical Composition for Modified Release" was issued November 24, 2020. According to the Orange Book, the '780 patent will expire on September 28, 2029.

12.     APGD alleges that it is the holder of approved New Drug Application ("NDA") No. 202611 for Myrbetriq® (mirabegron) extended-release tablets in 25 mg and 50 mg dosage forms.

13.     API alleges that it is the record owner and assignee of the '780 Patent.

14.     AICL alleges it is the exclusive licensee of the '780 Patent with the rights to develop, import, market, sell, distribute, and promote any and all pharmaceutical formulations in finished package forms which contain mirabegron as the active ingredient in the United States.

15.     Actavis Elizabeth LLC holds Abbreviated New Drug Application ("ANDA") No. 209368 for mirabegron extended-release tablets in 25 and 50 mg dosage forms ("the Actavis ANDA Product"). Actavis Elizabeth LLC is an indirect, wholly-owned subsidiary of Teva Pharmaceuticals USA, Inc.

16.     On August 24, 2016, Actavis Elizabeth LLC sent Counterclaim Defendants APGDI and Astellas Pharma, Inc. a letter ("Actavis's First Notice Letter") pursuant to § 505(j)(2)(B)(iv) of the Federal Food, Drug, and Cosmetic Act and 21 C.F.R. § 314.95. This letter advised Counterclaim Defendants of the filing of ANDA No. 209368 for Mirabegron Extended-Release Tablets, 25 mg and 50 mg, and contained Paragraph IV certifications for the '532, '117, '049, '474, and '872 Patents.

17.     On November 24, 2020, Counterclaim Defendants filed this instant lawsuit alleging infringement of the '780 Patent.

## EXCEPTIONAL CASE

18.     This case is an exceptional one, and Actavis is entitled to an award of its reasonable attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT I
## (Declaratory Judgment of Non-Infringement of the '780 Patent)

19.     Actavis re-alleges and incorporates by reference the allegations in Paragraphs 1–18 of its Counterclaims.

20.     This counterclaim arises under the Patent Laws of the United States, Title 35, United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* A case of actual, substantial, and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Actavis and Counterclaim Defendants concerning the infringement of the claims of the '780 Patent.

21.     Counterclaim Defendants allege ownership of, title to, and/or interest in the '780 Patent and assert that the commercial manufacture, use, sale, and/or offer for sale of the Actavis ANDA Product would infringe claims of the '780 Patent.

22.     Actavis has not and will not infringe, contribute to the infringement of, or induce the infringement of any valid and enforceable claim of the '780 Patent at least because the claims of the '780 Patent are invalid, as set forth in the Second Count of Actavis's counterclaims, and an invalid claim cannot be infringed. *See Richdel, Inc. v. Sunspool Corp.*, 714 F.2d 1573, 1580 (Fed. Cir. 1983) ("It is axiomatic that one cannot infringe an invalid patent.").

23.     Further, Counterclaim Defendants bear the burden of proving by preponderant evidence that every limitation set forth in each asserted claim is found in the accused product, either literally or under the doctrine of equivalents.  To date, Counterclaim Defendants have not set forth sufficient evidence to prove infringement of any claims of the '780 Patent.

24.     Actavis reserves the right to provide additional bases for noninfringement for the '780 patent in its contentions, responses to discovery requests, expert reports, and/or pleadings filed and/or served later in this action.

25.     A present, genuine, and justiciable controversy exists between Actavis, on one hand, and Counterclaim Defendants, on the other hand, regarding, inter alia, the issue of whether

the manufacture, use, or sale of the Actavis ANDA Product would infringe any valid or enforceable claim of the '780 Patent.

26.     Actavis is entitled to a declaration that the manufacture, use, offer for sale, and sale of the Actavis ANDA Product described in ANDA No. 209368 does not and will not infringe any valid claim of the '780 Patent.

## <u>COUNT II</u>
### <u>(Declaratory Judgment of Invalidity or Unenforceability of the '780 Patent)</u>

27.     Actavis re-alleges and incorporates by reference the allegations in Paragraphs 1–18 of its Counterclaims.

28.     This counterclaim arises under the Patent Laws of the United States, Title 35, United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*. A case of actual, substantial, and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Actavis and Counterclaim Defendants concerning the infringement of the claims of the '780 Patent.

29.     Counterclaim Defendants allege ownership of, title to, and/or interest in the '780 Patent and assert that the commercial manufacture, use, sale, and/or offer for sale of the Actavis ANDA Product would infringe claims of the '780 Patent.

30.     Actavis asserts that the manufacture, use, offer for sale, or sale of the Actavis ANDA Product does not and will not infringe, either directly or indirectly, any valid claim of the '780 Patent and that the claims of the '780 Patent are invalid under one or more provisions of §§ U.S.C. 101, 102, 103, and/or 112, or other judicially-created bases for invalidation.

31.     By way of example and not limitation, the claims of the '780 Patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the

United States Code, including but not limited to, 35 U.S.C. §§ 102 and/or 103. For example, the claims of the '780 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 at least in view of US20060115540A1 Takasu ("Takasu"), alone or in combination with other prior art; US6562375 Sako ("US375 Sako"), alone or in combination with other prior art; US20050100602A1 Sako ("US602 Sako"), alone or in combination with other prior art; US20040213845A1 Sugihara ("Sugihara"), alone or in combination with other prior art; and in view of the general knowledge in the art.

32.     For example, the '780 Patent describes and claims an alleged invention, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge, and mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains.

33.     The alleged invention of the '780 Patent does no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the '780 Patent is not more than the predictable use of prior art elements according to their established functions. A person of skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the '780 Patent and would have had a reasonable expectation of success in doing so.

34.     The subject matter claimed in the '780 Patent fails to comply with 35 U.S.C. § 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

35.     Further, the specification of the '780 Patent fails to sufficiently describe the subject matter recited in the claims and fails to show that the named inventors actually invented the claimed pharmaceutical composition for modified release. Because the named inventors failed to convey with reasonable clarity to those skilled in the art, as of the filing date of the '780 Patent, that the named inventors were in possession of any claimed invention(s) and demonstrate that by what is actually disclosed in the patent specification, one or more claims of the '780 Patent are invalid under 35 U.S.C. § 112.

36.     The '780 Patent also fails to disclose sufficient information to enable or teach a person skilled in the art, at the time the patent application was filed, how to make and use the full scope of the pharmaceutical composition for modified release recited in the patent claims, without undue experimentation, and therefore one or more claims of the '780 Patent are invalid under 35 U.S.C. § 112.

37.     Additionally, the claims of the '780 Patent, read in light of the corresponding specification and prosecution history, fail to inform, with reasonable certainty, those skilled in the art of the full scope of the claims regarding pharmaceutical composition for modified release, and therefore one or more claims of the '780 Patent are invalid under 35 U.S.C. § 112.

38.     Actavis reserves the right to provide additional prior art and bases for invalidity in its contentions, responses to discovery requests, expert reports, and/or pleadings filed and/or served in this action.

39.     There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of Actavis's ANDA No. 209368 and/or the manufacture, use, offer to sell, sale, and/or importation into the United States of the Actavis ANDA Products infringes, has infringed, and/or will infringe a valid and enforceable claim of the '780 Patent.

40.     Actavis is entitled to a declaration that all claims of the '780 Patent are invalid under 35 U.S.C. §§ 101, 102, 103, or 112, or other judicially-created bases for invalidation.

## **PRAYER FOR RELIEF**

WHEREFORE, Actavis respectfully requests judgment in its favor and against Counterclaim Defendants as follows:

a)  declaring that all claims of the '780 Patent are invalid;

b)  declaring that the filing of Actavis's ANDA No. 209368 has not infringed and does not infringe any valid and enforceable claim of the '780 Patent;

c)  declaring that the manufacture, use, offer to sell, sale, and/or importation into the United States of Actavis's ANDA Products does not, and would not, if marketed, infringe any valid and enforceable claim of the '780 Patent;

d)  declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding Actavis its attorneys' fees, costs, and expenses in this action; and

e)  awarding Actavis any further and additional relief as the Court deems just and proper.

_/s/ Andrew E. Russell_____

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
David M. Fry (No. 5486)

OF COUNSEL:                          SHAW KELLER LLP
George C. Lombardi                   I.M. Pei Building
Michael K. Nutter                    1105 North Market Street, 12th Floor
Samantha M. Lerner                   Wilmington, DE 19801
Jason Z. Pesick                      (302) 298-0700
Paul J. Sauerteig                    jshaw@shawkeller.com
WINSTON & STRAWN LLP                 kkeller@shawkeller.com
35 W. Wacker Drive                   arussell@shawkeller.com
Chicago, IL  60601-9703              dfry@shawkeller.com
(312) 558-5600                       *Attorneys for Defendants Teva*
                                     *Pharmaceuticals USA, Inc. and Actavis*
Dated: August 12, 2021               *Elizabeth LLC*