# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASTELLAS PHARMA INC., et al., | ) |
| Plaintiffs, | ) |
| v. | ) C.A. No. 20-1589-JFB-CJB |
| SANDOZ INC., et al., | ) (consolidated) |
| Defendants. | ) |

**DEFENDANTS' RESPONSIVE LETTER TO JUDGE BURKE IN ADVANCE OF**
**MARCH 28, 2022 DISCOVERY TELECONFERENCE**

Dear Judge Burke:

Defendants submit this letter per the Court's Oral Order (D.I. 309), setting forth their responsive positions on the issues presented in Paragraphs I and III of the parties' joint dispute letter (D.I. 302).

Both of the 'disputes' raised by Astellas against Defendants are illusory. With regard to fact discovery extension, *Astellas* originally proposed an extension for the sole purpose of completing depositions (*see* Ex. 1, 1/11/2022 Correspondence from C. Bruno to Defendants), and Astellas has not given any specific reason that it needs to propound more written discovery; indeed, all of the evidence is to the contrary. And Astellas' attempt to procure supplemental responses to its contention Interrogatory No. 3—i.e., to limit Defendants to the prior art listed in their Preliminary Invalidity Contentions; to compel Defendants to give specific combinations of art; to compel Defendants to provide detailed information on motivation and reasonable expectation of success— directly contradict this Court's Orders and the Federal Rules, and also call for premature expert testimony. Defendants respectfully request that the Court deny Astellas' requests to allow for more written discovery, and for supplemental responses to Interrogatory No. 3.

**Defendants' Response Regarding Discovery Dispute Letter Paragraph I: "Whether the parties are required to meet and confer prior to serving any additional discovery…"**

As an initial matter, Astellas suggests that Defendants raised the issue of limiting a fact discovery extension to the taking of depositions and resolving discovery disputes at the last minute. That is wrong. Astellas' own proposals regarding extending the fact discovery deadline only mentioned doing so to complete depositions.[1] (*See* Ex. 1.)

Regardless, Rule 16(b)(4) requires "good cause" to amend the scheduling order, and Defendants merely propose that neither side be permitted to serve new written discovery requests without it— *i.e.*, Astellas must show that "despite its own diligent efforts," it could not serve all of its written discovery and deposition notices before the deadline. *See MacQueen v. Union Carbide Corp.*, C.A. No. 13-831-SLR-CJB, 2015 WL 167674, at *3 (D. Del. Jan. 8, 2015).

Astellas cannot do so, and unsurprisingly never articulates what specific reason—let alone good cause—exists for permitting new written discovery requests after the already-past fact discovery deadline. Indeed, Astellas has had over a year since filing this second lawsuit to formulate and serve discovery requests on any topic that was not covered in the prior litigation.

Astellas also was not unduly delayed in conducting discovery—it promptly began serving written discovery a year ago. (*See* D.I. 112.) Over the last year, Astellas served (on each defendant) at least 20 interrogatories, 36 requests for production, and 25 requests for admission. And this extensive discovery is on top of the numerous discovery requests it served in the prior mirabegron litigation concerning the very same ANDAs—indeed, several requests overlap with those served in the prior action. It is hard to imagine there is anything left for Astellas to inquire about in a case

---

[1] Defendants attempted to resolve this dispute by pointing out the inconsistency in Astellas' positions (Ex. 2, 3/17/2022 Correspondence at 3-4), but Astellas held fast to its new position, and also refused to provide any justification for serving additional written discovery. (*Id*. at 1.)

2

involving a single patent. In sum, Astellas has not shown any need for additional discovery or substituting new discovery requests for those already responded to.

Rather, Astellas' current position seems designed to create delay. Astellas has subjected Defendants to numerous, lengthy meet-and-confer teleconferences without ever providing a compromise or a reason that its current written discovery is insufficient to prosecute its case. At some point, this case must move on to depositions, and Astellas must finalize any real discovery disputes. If Astellas truly needs additional written discovery, nothing prevents it from seeking leave to serve such discovery after a showing of good cause, as any party would be required to do when serving discovery after the deadline under the rules of this Court.[2] Further, Defendants' proposal allows Astellas to bring a discovery dispute on any request it believes lacks an adequate response, which it already has in significant number.

As for depositions, Astellas has had years to review Defendants' ANDAs and document production to identify individuals for deposition notices. In fact, several Defendants presented numerous Rule 30(b)(6) and Rule 30(b)(1) deponents on these ANDAs in the prior litigation. While Defendants would not contest serving a Rule 30(b)(1) notice on an identified Rule 30(b)(6) representative, Astellas should not be permitted to notice additional individuals, having already served both Rule 30(b)(6) and Rule 30(b)(1) notices. (*See, e.g.*, D.I. 258; 291-93; 295-301.)

For at least these reasons, Astellas has failed to show good cause to extend the deadline for serving written discovery and notices of deposition, and the Court should deny its request.

**Defendants' Response Regarding Discovery Dispute Letter Paragraph III: "Each Defendant's failure to provide [an] adequate response to [] Interrogatory No. 3..."**

Astellas demands that Defendants supplement their Interrogatory No. 3 ("Rog No. 3") answers to: (i) limit their prior art to that in their Preliminary Invalidity Contentions; (ii) set forth specific combinations; and (iii) give detailed evidence on motivation/reasonable expectation of success.

Astellas' complaints ring hollow. Astellas has had Defendants' Rog. No. 3 answers since October 2021—and their preliminary invalidity contentions since July 2021—but did not seek relief until Defendants sought to file a discovery dispute letter in January 2022. Astellas also addressed Defendants' invalidity contentions in response to Defendants' interrogatories without asking for supplemental contentions. (Ex. 3.) If Astellas truly thought it did not have notice of Defendants' invalidity theories, it could have raised the issue in a timely fashion.

Moreover, as detailed below, Rog. No. 3 is duplicative, and seeks more than Astellas is entitled to at *any* time during fact discovery because it seeks premature expert discovery on prior art combinations, motivation, and reasonable expectation of success.

**A. Astellas Cannot Meet Its Burden to Compel Premature Supplemental Responses to Contention Rog. No. 3.**

---

[2] Good cause is also required for the untimely written discovery requests served on Strides and Solara on March 4, 2022.

3

Astellas' Rog. No. 3 seeks Defendants' obviousness contentions, which is duplicative of the Delaware Default Standard and Scheduling Order (*see* D.I. 88 at ¶ 7(d)), which currently provides that Defendants' final invalidity contentions are due June 22, 2022, and opening expert reports are due July 22, 2022. (D.I. 303 at 2.) Astellas has not shown any specific reason why Defendants must present supplemental invalidity contentions on a schedule different than that set by the Court. Thus, given that the Scheduling Order requires Defendants to provide both supplementation and expert reports further defining their obviousness case, the Court need not consider the issue further.

Moreover, as Astellas' own cited case states, to obtain such unusual premature discovery Astellas, at a minimum, "must show that early answers 'will contribute meaningfully to clarifying the issues in the case, narrowing the scope of the dispute, [ ] setting up early settlement discussions, or that such answers are likely to expose a substantial basis for a motion under Rule 11 or Rule 56.'" *Novanta Corp., v. Iradion Laser, Inc.*, No.15-1933-SLR-SRF, 2016 WL 4987110 at *7 (D. Del. Sept. 16, 2016) (quotation omitted).

None of Astellas' purported complaints meet this high bar. Indeed, Astellas does not—because it cannot—set forth ***any*** specific reason that it is entitled to an acceleration of the discovery process, much less entitled to premature expert discovery on prior art combinations, motivation, and reasonable expectation of success. Rather, Astellas justifies the request by hand-waving at issues such as motivation and reasonable expectation of success, and then citing to Rule 26. (*See* Astellas Ltr. at 4.)[3] In so doing, Astellas wholly ignores both the Court's schedule *and* that specific combinations, motivation, and reasonable expectation of success are routinely the subject of expert testimony because they are complex inquiries assessed from the perspective of the fictional person of ordinary skill in the art.[4]

Thus, it was fully proper for Defendants to rely on and incorporate their Preliminary Invalidity Contentions in responding to Rog. No. 3; Astellas' requests should be denied because it has not, and cannot, show that it is entitled to additional—premature—answers to the same. *See Novanta Corp.*, 2016 WL 4987110, at *7.

**B. Defendants' Invalidity Contentions Are More Than Sufficient.**

Astellas attempts to muddy the waters about its contention *interrogatory* by complaining about the sufficiency of Defendants' July 7, 2021 Preliminary Invalidity Contentions (which Astellas never moved to supplement). That is not the issue before the Court, yet if the Court chooses to consider these arguments, they also fail. Notably, Astellas only attached 4 pages (of 276) of Defendants' contention narrative and 1 page (of 50) of Defendants' claim charts in arguing that Defendants' contentions are deficient.[5]

Astellas' request to limit Defendants to prior art disclosed in the Preliminary Contentions

---

[3] Astellas also mixes apples and oranges by belatedly complaining about Defendants' Preliminary Invalidity Contentions, which are irrelevant to whether Interrogatory No. 3 is proper, and regardless, are more than sufficient under the agreed scheduling order. *See infra* Sec. B.

[4] And Astellas' citation to Rule 26 falls flat because that Rule covers fact *and* expert discovery.

[5] If helpful to the Court, Defendants will submit their Preliminary Contentions for inspection.

contradicts this Court's own Orders because the Scheduling Order contains specific deadlines for the identification of supplemental invalidity references and service of Defendants' Final Invalidity Contentions. (D.I. 303 at 2.) Astellas may not like the schedule, but that is what it agreed to.

Astellas' demands for specific combinations, and disclosure of motivation and reasonable expectation of success, also fail because the agreed scheduling order does not require them—it only requires disclosure of "the known related invalidating references." (D.I. 88 at ¶ 7(d)). Further, the District of Delaware has no local rule requiring such disclosures, and at least one court in this district has refused to order a defendant to disclose specific combinations and motivation in its contentions. *See Integra LifeSciences Corp. v. HyperBranch Med. Tech.*, 223 F.Supp.3d 202 (D. Del. 2016) (denying motion to compel defendant to "includ[e] all combinations and specific motivations for combining references for each specific claim" in its initial invalidity contentions). Indeed, the case upon which Astellas relies for this proposition contradicts its position and supports Defendants. *See Slot Speaker Tech. v. Apple, Inc.*, No. 13-1161-HSG, 2017 WL 235049, at *7–8 (N.D. Cal. Jan. 19, 2017) (holding that invalidity contentions did not require disclosure of motivation because the local patent rules did not require it).

Regardless, Defendants' contentions are sufficient because they provide notice of potential specific combinations. *See Virginia Innovation Sci., Inc. v. Amazon.com, Inc.*, Nos. 18-474, 18-475, 18-476, 2020 WL 1275786, at *2-4 (E.D. Tex. Mar. 17, 2020) (contentions not deficient despite disclosing "millions of possible combinations," because they sufficiently identified the combinations); *Ultravision Techs., LLC v. Lamar Advert. Co.*, No. 16-374-JRG-RSP, 2017 WL 3836139, at *1 (E.D. Tex. Apr. 18, 2017) (rejecting the argument that the "astronomical number of combinations" made contentions deficient). Further, Astellas' argument that Defendant' claims charts are somehow inadequate (Astellas Ltr. at 4) rings quite hollow given that the charts contain references, pin cites, and additional discussion identifying where and how each limitation is found. And of course, the Scheduling Order does not even require claim charts.

Notably, Astellas relies on authority from districts requiring identification of specific combinations as part of their local patent rules. *See 0912139 B.C. Ltd. v. Rampion USA Inc.*, No. C18-1464JLR, 2019 WL 3082290, at *5 (W.D. Wash. July 15, 2019) (requiring identification of each particular combination based on explicit provision in the local patent rules); *see also id.* (citing *Slot Speaker*, 2017 WL at *6-7 and *Ironworks Pats. LLC v. Samsung Elecs. Co., Ltd.*, No. 17-1958-HSG, 2017 WL 4573366 (N.D. Cal. Oct. 12, 2017) on the same conclusion).[6]

For at least the above reasons, the Court should deny Astellas' request that Defendants supplement their answers to contention Rog. No. 3.

           \*   \*   \*

Thank you for the Court's attention to this matter.

---

[6] Astellas' citation to *Vehicle IP, LLC v. Werner Enterprises, Inc.*, C.A. No. 10-503-SLR D.I. 203 (D. Del Sept. 9, 2013) is meaningless because *Vehicle IP* concerned a motion to exclude expert testimony on the grounds that the defendant was attempting to proffer a new invalidity theory; it also gives no context whatsoever to the Court's note that it had limited defendant's combinations.

Dated: March 23, 2022

| | |
|---|---|
| YOUNG CONAWAY STARGATT & TAYLOR, LLP | HEYMAN ENERIO GATTUSO & HIRZEL LLP |
| */s/ Pilar G. Kraman* <br> Pilar G. Kraman (#5199) <br> Rodney Square <br> 1000 North King Street <br> Wilmington, DE 19801 <br> (302) 571-6600 <br> pkraman@ycst.com <br><br> *Attorneys for Zydus Pharmaceuticals (USA) Inc. and Cadila Healthcare Limited* | */s/ Dominick T. Gattuso* <br> Dominick T. Gattuso (#3630) <br> Elizabeth A. DeFelice (#5474) <br> 300 Delaware Ave., Suite 200 <br> Wilmington, DE 19801 <br> (302) 472-7300 <br> dgattuso@hegh.law <br> edefelice@hegh.law <br><br> *Attorneys for Defendant Sandoz Inc. and Lek Pharmaceuticals d.d.* |
| ABRAMS & BAYLISS LLP | SHAW KELLER LLP |
| */s/ John M. Seaman* <br> John M. Seaman (#3868) <br> 20 Montchanin Road, Suite 200 <br> Wilmington, DE 19807 <br> (302) 778-1000 <br> seaman@abramsbayliss.com <br><br> *Attorneys for Defendants Apotex Corp. and Apotex Inc.* | */s/ Andrew E. Russell* <br> John W. Shaw (#3362) <br> Karen E. Keller (#4489) <br> Andrew E. Russell (#5382) <br> 1105 North Market Street, 12th Floor <br> Wilmington, DE 19801 <br> (302) 298-0700 <br> jshaw@shawkeller.com <br> kkeller@shawkeller.com <br> arussell@shawkeller.com <br><br> *Attorneys for Defendants Actavis Elizabeth LLC and Teva Pharmaceuticals USA, Inc.* |

| | |
|---|---|
| HEYMAN ENERIO GATTUSO & HIRZEL LLP | MORRIS JAMES LLP |
| | |
| */s/ Dominick T. Gattuso* | */s/ Cortlan S. Hitch* |
| Dominick T. Gattuso (#3630) | Kenneth L. Dorsney (#3726) |
| Elizabeth A. DeFelice (#5474) | Cortlan S. Hitch (#6720) |
| 300 Delaware Ave., Suite 200 | 500 Delaware Avenue, Suite 1500 |
| Wilmington, DE 19801 | Wilmington, DE 19801 |
| (302) 472-7300 | (302) 888- 6800 |
| dgattuso@hegh.law | kdorsney@morrisjames.com |
| edefelice@hegh.law | chitch@morrisjames.com |
| | |
| *Attorneys for Defendants Sawai Pharmaceutical Co., Ltd., Sawai USA, Inc., Solara Active Pharma Sciences Ltd. and Strides Pharma Science Limited* | *Attorneys for Defendants Aurobindo Pharma Ltd., Aurobindo Pharma USA, Inc., and Aurolife Pharma LLC* |

PHILLIPS, MCLAUGHLIN & HALL, P.A.

*/s/ John C. Phillips*
John C. Phillips, Jr. (#110)
David A. Bilson (#4986)
Megan C. Haney (#5016)
1200 N. Broom St
Wilmington, DE 19806
(302) 655-4200
jcp@pmhdelaw.com
dab@pmhdelaw.com
mch@pmhdelaw.com

*Attorneys for Lupin Ltd. and Lupin Pharmaceuticals, Inc.*