

**Daniel M. Silver**
Wilmington Office Managing Partner

T. 302-984-6331
F. 302-691-1260

dsilver@mccarter.com

McCarter & English, LLP

Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801-3717

www.mccarter.com

PUBLIC VERSION FILED: MARCH 25, 2022

March 17, 2022

**VIA CM/ECF AND HAND-DELIVERY**
The Honorable Christopher J. Burke
J. Caleb Boggs Federal Building
844 N. King Street
Unit 28, Room 2325
Wilmington, DE 19801-3555



Re:   *Astellas Pharma Inc. v. Sandoz Inc.*, **C.A. No. 20-1589-JFB-CJB (Consolidated)**

Dear Judge Burke,

Astellas submits this opening letter brief pursuant to the Court's March 11, 2022 Oral Order (D.I. 309) and in anticipation of the March 28, 2022 discovery dispute conference concerning the issues identified in Paragraphs I and III of the parties' March 4, 2022 letter (*see* D.I. 302). Astellas respectfully requests that the Court grant relief in its favor on two discrete issues. First, given that the deadline for the close of fact discovery is May 18, 2022, that the parties may timely serve additional discovery, including deposition notices, before May 18, 2022. Second, that each Defendant shall be compelled to provide an adequate response to Astellas' Interrogatory No. 3 concerning each Defendant's contentions that the Asserted Claims of the Patent-in-Suit are invalid under 35 U.S.C. § 103. A proposed form of order is attached.

***I. Whether the parties may serve additional discovery, including deposition notices, between the dates of March 4, 2022 and May 18, 2022 without a requirement to meet and confer prior to doing so.***

In their joint Stipulation and Proposed Order to Amend the Case Schedule, filed on March 4, 2022 (D.I. 303), the parties agreed that an extension from March 4, 2022 to May 18, 2022 concerning fact discovery was necessary. There is no dispute about that—not a single fact deposition has occurred, and the parties are still working through discovery issues, supplementing productions, and bringing disputes to this Court for resolution. Accordingly, it is natural and necessary—as part of the extended fact discovery period—that the parties have the ability to pursue reasonable follow up discovery in the form of follow-on deposition notices and written discovery requests. This is the norm. Defendants seek to turn the norm on its head, insisting that the "fox guard the henhouse" by having each party decide whether to accept additional discovery. Such a process is unheard of in the undersigned's experience, and will only serve to engender disputes by changing the standard for discovery from one of relevance to good cause contrary to the FRCP.

Astellas does not wish to make this dispute about any particular party's conduct, but instead, offers the following to put this dispute in context and demonstrate the need for reasonable follow on discovery. Despite that Astellas served its notices of Rule 30(b)(6)

depositions on defendants (except Strides and Solara)[1] on January 25, as of today, only one defendant has offered a Rule 30(b)(6) witness to testify.  Rather than issue notices to individual deponents blindly, Astellas sought to conserve the parties' resources and proceed stepwise by: (1) serving a 30(b)(6) notice; (2) receiving a designation of defendants' 30(b)(6) witnesses; (3) determining whether additional deponents were necessary at that point; and (4) reserving the possibility of taking additional depositions based on information learned in depositions. *See* Letter to The Honorable Christopher J. Burke regarding Joint Status Report (Feb. 9, 2022) (D.I. 270) ("Plaintiffs have served notices of deposition of each of defendants under Rule 30(b)(6) and anticipate serving additional notices of deposition under Rule 30(b)(1)."). It wasn't until March 3rd that Defendants indicated they would object to any discovery served after March 4th as untimely, causing Astellas to serve a flurry of Rule 30(b)(1) deposition notices.

Since at least early February, Astellas and Defendants have discussed an extension to the deadline for fact discovery, and Astellas has, on multiple occasions, suggested to Defendants that a 60-day extension to fact discovery would be most appropriate.  But, on the afternoon of March 3, 2022—the day before discovery closed prior to the extension, Defendants informed Astellas of their intention that the parties should have to meet and confer prior to serving additional discovery and that the extension should only apply to permit already-noticed depositions and to resolve already-raised discovery disputes.  At this point, it was too late for Astellas to scramble to serve follow-up written discovery, nor was it practical to do so given the stage of discovery.  It is commonplace in litigation for parties to serve their final written discovery requests approximately 30 days before the close of fact discovery, and the parties should have the ability to do so here.

And although Astellas' primary concern is its ability to notice additional depositions,[2] Astellas also remains concerned about the need to serve additional discovery in light of the still-trickling responses to already-served discovery.  Without fulsome responses to its previous discovery requests, Astellas cannot know for certain whether it will require additional discovery requests or depositions.

Finally, to the extent additional discovery is necessary, the parties should be able to serve it in the normal course.  If it is objectionable, a party can object, but the idea of allowing the recipient of putative discovery to serve as the gatekeeper in the first instance—deciding whether that discovery may even be served—is entirely contrary to the FRCP, and will only result in delays, unnecessary skirmishes, and possibly more disputes before the Court.  That is a bad outcome for all involved.  The default rules should apply for the remainder of fact discovery.

---

[1] Sawai and Astellas have been engaged in discussions about whether discovery from Strides and Solara could be taken through Sawai. Ultimately concluding that Astellas requires independent discovery from Strides and Solara, Astellas issued notices of deposition to them on March 4.

[2] Indeed, Astellas had offered a compromise position, rejected by Defendants, that would set a deadline of March 31, 2022—well before the end of the proposed extension period—for service of interrogatories, requests for admissions, and requests for productions of documents and things.

***III. Each Defendant has failed to provide adequate response to Astellas' Interrogatory No. 3 concerning each Defendant's contentions that the Asserted Claims of the Patent-in-Suit are invalid under 35 U.S.C. § 103.***

Interrogatory No. 3 requests that Defendants provide "the factual and legal bases for [the defendant's] contention that the Asserted Claims of the '780 Patent are invalid under 35 U.S.C § 103, including but not limited to, … how a POSA [*i.e.*, a person of ordinary skill in the art] would have been motivated to combine any references or disclosures, and why a POSA would have reasonably expected success in the combination of references or disclosures." *See* Ex. A attached hereto. In response, after stating their objections, Defendants each incorporated their [Joint] Invalidity Contentions, served on July 7, 2021 ("Contentions"), by reference.  However, the Contentions do not provide Astellas with notice of the obviousness combinations on which Defendants intend to rely, nor do they provide a contention about how a POSA would be motivated to achieve the claimed inventions with a reasonable expectation of success for specific combinations.

By failing to provide specific combinations of references and failing to explain how Defendants believe these combinations render the '780 patent obvious, Astellas is deprived of any meaningful opportunity to address the Contentions through discovery, as discussed below. Defendants identify over 40 references, and then contend that "[c]laims 1-13, and 15-25 of the '780 patent are invalid in view of *at least the prior art references discussed herein . . . .*" Ex. B, Contentions at 116.  Accordingly, it is unclear whether Defendants have additional references, and if so, when they intend to disclose them.  Moreover, Defendants provide what they themselves refer to as "exemplary combinations," which are "for illustrative purposes only." Ex. B, Contentions at 117 n.12, 132. Indeed, Defendants caveat that "[t]he combinations of references discussed [in the Contentions] are not intended to be exhaustive, but rather, to provide examples of combinations of the [41] references that render the asserted claims of the '780 patent obvious." *Id*. at 132.

Courts, including this one, have recognized the importance of Defendants providing a reasonable number of prior art references and detailing how they intend to rely on them. *See, e.g.*, *Vehicle IP, LLC v. Werner Enterprises, Inc.*, C.A. No. 10-503-SLR (D. Del Sept. 9, 2013) (D.I. 203 at 4 ¶ 5, noting that the Court had ordered defendant to limit the number of prior art references or combinations per asserted claim); *0912139 B.C. Ltd. v. Rampion USA Inc.*, No. C18-1464JLR, 2019 WL 3082290, at *5 (W.D. Wash. July 15, 2019) (concluding that contentions were inadequate where defendant provided "'buckets' of references that would support virtually endless permutations of prior art combinations"); *Slot Speaker Techs., Inc. v. Apple, Inc.*, No. 13-CV-01161-HSG(DMR), 2017 WL 235049, at *6 (N.D. Cal. Jan. 19, 2017) at *6—7 (same); *Ironworks Pats. LLC v. Samsung Elecs. Co.*, No. 17-CV-01958-HSG(JSC), 2017 WL 4573366, at *1 (N.D. Cal. Oct. 13, 2017) (same).

In response to Astellas' requests for supplementation of Interrogatory No. 3, Defendants have pointed to the page length of their Contentions as evidencing an adequate response.  But it is not the size of the filing that matters but whether it is responsive to Interrogatory No. 3.  By

not providing specific combinations for Astellas to test, Defendants are asserting an untold number of combinations—a disclosure so large that it is effectively no disclosure at all. Take, for example, Combination Set No. 1. *See* Ex. B, Contentions at 132.  That combination identifies 12 references, all of which, according to Defendants, can be taken alone or in combination with one another. *Id.* Those 12 references, taken alone or in combination with one another, create more than 4,000 possible combinations. This does not give Astellas the notice to which it is entitled to allow it to meaningfully develop its case to address the Defendants' invalidity arguments, and thus, does not adequately answer Interrogatory No. 3.

The claim chart appended to the Contentions as Appendix A does not limit the obviousness combinations either. To the contrary, it too expressly disclaims any such limitation by describing the art as "[e]xemplary invalidating prior art" and by stating that "multiple combinations of the references support obviousness" without informing Astellas about what those combinations are. Ex. C. Nor does Appendix A explain how a POSA would be motivated to combine alleged teachings of purported prior art to reach the claimed invention, much less how a POSA would expect success in doing so.

How a POSA would have been motivated to combine the teachings of specific references to achieve the claimed invention with a reasonable expectation of success is central to Defendants' obviousness invalidity defense. *See* Fed. R. Civ. P. 26(b) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]"). Moreover, "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." *See* Fed. R. Civ. P. 33(c). Further, such contentions "will contribute meaningfully to clarifying the issues in the case, narrowing the scope of the dispute, [ ] setting up early settlement discussions, or . . . are likely to expose a substantial basis for a motion under Rule 11 or Rule 56." *Novanta Corporation, v. Iradion Laser, Inc.*, 2016 WL 4987110, at *7 (D. Del. 2016) (internal quotation omitted) (stating that contention interrogatories are proper where any of these factors are met).

Oddly, Defendants have argued that the Plaintiffs' willingness to answer interrogatories concerning the Contentions evidences their adequacy. But the fact that Plaintiffs engaged in a good faith effort to respond to Defendants' interrogatories—even those concerning the Contentions—speaks to why Defendants *should* supplement their response to Interrogatory No. 3. *See* Scheduling Order, D.I. 88, ¶ 8.e.ii ("encourag[ing] the parties to serve and respond to contention interrogatories early in the case" and stating that "[t]he adequacy of all interrogatory answers shall, in part, be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive").

For these reasons, Astellas respectfully requests that the Court compel the Defendants to supplement Interrogatory No. 3 to (1) confirm that they will not rely on any prior art other than the 41 identified references, absent a proper amendment, (2) express specific combinations of art they intend to rely upon in presenting a contention of obviousness, and (3) explain how a POSA would have been motivated to combine the art with a reasonable expectation of success.

March 17, 2022
Page 5

Respectfully submitted,

*/s/ Daniel M. Silver*

Daniel M. Silver (#4758)

cc: Counsel of Record (via E-Mail)

# Exhibit A



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ASTELLAS PHARMA INC., ASTELLAS IRELAND CO., LTD., and ASTELLAS PHARMA GLOBAL DEVELOPMENT, INC., | ) ) ) ) ) | **CONTAINS CONFIDENTIAL INFORMATION OF ACTAVIS** |
| Plaintiffs, | ) ) | |
| v. | ) ) | C. A. No. 20-1589-JFB-CJB |
| SANDOZ INC., et al., | ) ) | **CONSOLIDATED** |
| Defendants. | ) | |

**DEFENDANTS TEVA PHARMACEUTICALS USA, INC.'S AND ACTAVIS ELIZABETH LLC's, RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO ACTAVIS (NOS. 1-16)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of Civil Practice and Procedure for the District of Delaware, Defendants Actavis Elizabeth LLC and Teva Pharmaceuticals USA, Inc. (collectively, "Actavis" or "Defendants"), hereby object and respond to Plaintiffs Astellas Pharma Inc., Astellas Ireland Co., Ltd., and Astellas Pharma Global Development, Inc. (collectively, "Astellas"or "Plaintiffs") First Set of Interrogatories (Nos. 1–16) served on August 24, 2021.

**PRELIMINARY STATEMENT**

Actavis has not yet completed its investigation of the facts related to this case, nor has it completed discovery or preparation for trial. The following responses are based solely upon the information presently available to Actavis. It is anticipated that further discovery, independent investigation, legal research, and analysis may supply additional facts and establish entirely new factual conclusions and legal contentions, all of which may lead to the discovery of additional

Scheduling Order (D.I. 88), which provides for final invalidity contentions and expert discovery.

**INTERROGATORY NO. 3**

State in detail the factual and legal bases for Actavis's contention that the Asserted Claims of the '780 Patent are invalid under 35 U.S.C § 103, including but not limited to, which claims of the '780 Patent Actavis is asserting as invalid under 35 U.S.C § 103, identifying all references and public disclosures used to support Actavis's contention, the motivation(s) for a POSA to select each reference or public disclosure, how a POSA would have been motivated tocombine any references or disclosures, and how and why a POSA would have reasonably expected success in that combination of references or disclosures.

**Response:**

Actavis incorporates by reference its General Objections and Objections to the Definitions and Instructions. Actavis objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, and as seeking information that is not relevant to any claim or defense of any party and not proportional to the needs of the case. Actavis further objects to this Interrogatory on the grounds that it is compound and consists of multiple subparts that properly should be considered separate and discrete interrogatories.

Actavis objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, Federal Rule of Civil Procedure 26(b), statutory and constitutional privacy right, and other applicable doctrines or privileges. Actavis further objects to this Interrogatory to the extent it seeks information that is the subject of expert discovery, which has not yet commenced. Actavis further objects to this Interrogatory to the extent it seeks information that is already in the possession of, or equally accessible to, Astellas, including information in the public domain.

7

Subject to and without waiving the foregoing objections, and to the extent Actavis understands this Interrogatory, Actavis responds as follows:

Actavis refers to Defendants' Joint Initial Invalidity Contentions, dated July 7, 2021. Actavis reserves the right to supplement or amend this response as appropriate in accordance with the Federal Rules of Civil Procedure, including after further investigation and discovery, and the Scheduling Order (D.I. 88), which provides for final invalidity contentions and expert discovery.

## INTERROGATORY NO. 4

For any objective indicia of non-obviousness Actavis is aware of for the Asserted Claims of the '780 Patent, state in detail all of the bases for Actavis's contention that such objective indicia do not support the non-obviousness of the Asserted Claims of the '780 Patent.

## Response:

Actavis incorporates by reference its General Objections and Objections to the Definitions and Instructions. Actavis objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, and as seeking information that is not relevant to any claim or defense of any party and not proportional to the needs of the case. Actavis further objects to this Interrogatory on the grounds that it is compound and consists of multiple subparts that properly should be considered separate and discrete interrogatories.

Actavis objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, Federal Rule of Civil Procedure 26(b), statutory and constitutional privacy right, and other applicable doctrines or privileges. Actavis further objects to this Interrogatory to the extent it seeks information that is the subject of expert discovery, which has not yet commenced. Actavis further objects to this Interrogatory to the extent it seeks information that is already in the possession of, or equally accessible to, Astellas,

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ASTELLAS PHARMA INC. et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| | ) C.A. No. 20-1589-JFB-CJB |
| v. | ) |
| | ) **Contains Confidential Information of** |
| SANDOZ INC. et. al., | ) **Apotex** |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |

**DEFENDANT APOTEX INC. AND APOTEX CORP.'S
OBJECTIONS AND RESPONSES TO PLAINTIFFS'
<u>FIRST SET OF INTERROGATORIES (NOS. 1-16)</u>**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the Scheduling Order entered in this case, and the Local Rules of the United States District Court for the District of Delaware, Defendants Apotex Inc. and Apotex Corp. (together, "Apotex") hereby submit these objections and responses to Plaintiffs Astellas Pharma Inc., Astellas Ireland Co., Ltd., and Astellas Pharma Global Development, Inc.'s (collectively, "Plaintiffs" or "Astellas") First Set of Interrogatories (Nos. 1-16).

The responses herein are based on information presently available to Apotex. Apotex is still engaged in discovery and investigation of this matter, the results of which may alter, modify, and/or add to some of the responses set forth herein. Apotex expressly reserves the right to amend and/or supplement the following responses based on any further investigation and discovery in this case. Apotex also expressly reserves the right to introduce any and all evidence at trial.

Apotex makes the responses and objections set forth below without waiver of and with preservation of: (a) all questions as to competency, relevancy, materiality, privilege, and

{A&B-00766591-}

Apotex's contention, and for each reference or public disclosure, describe in detail how each element of each claim being asserted is disclosed in that reference or by that public disclosure, including explaining why a reference or public disclosure inherently discloses any element(s) of the Asserted Claims of the '780 Patent.

**RESPONSE TO INTERROGATORY NO. 2**

Apotex incorporates its General Objections and Objections to Definitions and Instructions as set forth above. Apotex objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine and/or any other applicable privilege or immunity. Apotex further objects to this Interrogatory to the extent it seeks information not in Apotex's possession, custody or control, or information that is already in Plaintiff's possession. Apotex further objects to this Interrogatory as unduly burdensome and premature to the extent it seeks the discovery of information prior to the dates set forth in the Court's Scheduling Order.

Subject to and without waiving the foregoing, Apotex states that it provided Defendants' Joint Initial Invalidity Contentions on July 7, 2021, which included an identification of the factual and legal bases supporting the invalidity of each of the Asserted Claims. Apotex incorporates Defendants' Joint Initial Invalidity Contentions, including all asserted prior art, as if fully set forth herein. Apotex's investigation of issues in this matter is ongoing, and Apotex expressly reserves the right to further supplement its response to this Interrogatory as discovery proceeds and as required by and/or allowed by the Federal Rules of Civil Procedure and the Local Civil Rules.

**INTERROGATORY NO. 3**

State in detail the factual and legal bases for Apotex's contention that the Asserted Claims of the '780 Patent are invalid under 35 U.S.C § 103, including but not limited to, which claims of the '780 Patent Apotex is asserting as invalid under 35 U.S.C § 103, identifying all references and public disclosures used to support Apotex's contention, the motivation(s) for a POSA to select each reference or public disclosure, how a POSA would have been motivated to combine any

references or disclosures, and how and why a POSA would have reasonably expected success in that combination of references or disclosures.

**RESPONSE TO INTERROGATORY NO. 3**

Apotex incorporates its General Objections and Objections to Definitions and Instructions as set forth above. Apotex objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine and/or any other applicable privilege or immunity. Apotex further objects to this Interrogatory to the extent it seeks information not in Apotex's possession, custody or control, or information that is already in Plaintiff's possession. Apotex further objects to this Interrogatory as unduly burdensome and premature to the extent it seeks the discovery of information prior to the dates set forth in the Court's Scheduling Order.

Subject to and without waiving the foregoing, Apotex states that it provided Defendants' Joint Initial Invalidity Contentions on July 7, 2021, which included an identification of the factual and legal bases supporting the invalidity of each the Asserted Claims. Apotex incorporates Defendants' Joint Initial Invalidity Contentions, including all asserted prior art, as if fully set forth herein. Apotex's investigation of issues in this matter is ongoing, and Apotex expressly reserves the right to further supplement its response to this Interrogatory as discovery proceeds and as required by and/or allowed by the Federal Rules of Civil Procedure and the Local Civil Rules.

**INTERROGATORY NO. 4**

For any objective indicia of non-obviousness Apotex is aware of for the Asserted Claims of the '780 Patent, state in detail all of the bases for Apotex's contention that such objective indicia do not support the non-obviousness of the Asserted Claims of the '780 Patent.

CONFIDENTIAL INFORMATION—SUBJECT TO PROTECTIVE ORDER

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| |
|---|
| ASTELLAS PHARMA INC. et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>SANDOZ INC. et al.,<br><br>    Defendants. |

Civil Action No. 20-1589-JFB-CJB

<u>**AUROBINDO PHARMA LTD., AUROBINDO PHARMA USA, INC., AND AUROLIFE**</u>
<u>**PHARMA LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF**</u>
<u>**INTERROGATORIES (NOS. 1-16)**</u>

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware, Defendants Aurobindo Pharma Ltd., Aurobindo Pharma USA, Inc., and Aurolife Pharma LLC (collectively, "Aurobindo"), by and through undersigned counsel, object and respond to Plaintiffs Astellas Pharma Inc., Astellas Ireland Co., Inc., and Astellas Pharma Global Development, Inc.'s (collectively, "Plaintiffs") First Set of Interrogatories (Nos. 1-16) as follows.

## PRELIMINARY OBJECTIONS

1.      Aurobindo reserves the right to supplement and amend these Responses should future investigation indicate that such supplementation or amendment is necessary. Aurobindo's Responses should in no way be considered prejudicial in relation to further discovery, investigation, research, analysis, or production of evidence.

2.      Aurobindo's Responses are made solely for the purpose of and in relation to this action. Each Response is given subject to all appropriate objections including, but not limited to

1

CONFIDENTIAL INFORMATION—SUBJECT TO PROTECTIVE ORDER

possession or that are publically available. Aurobindo objects to this Interrogatory to the extent that it seeks information, documents, or things already provided in the Prior Action.

Subject to and without waiving any of the foregoing General and Specific Objections, Aurobindo responds as follows:

Aurobindo provided the factual and legal bases for the invalidity of the Asserted Claims of the '780 Patent in at least Defendants' Joint Initial Invalidity Contentions, served July 7, 2021, and incorporates those bases herein. Aurobindo will provide its final invalidity contentions related to the Asserted Claims of the '780 Patent in accordance with the Scheduling Order (D.I. 88), the Local Patent Rules, and any Order of the Court. Additionally, Aurobindo refers to its March 9, 2021 Letter "Notice of Paragraph IV Certification Regarding NDA 202611 (mirabegron extended-release tablets, 25 mg, 50 mg) With Respect to U.S. Patent No. 10,842,780 Pursuant to § 505(j)(2)(B)(ii) of the Federal Food, Drug, and Cosmetic Act." To the extent that any claims in the asserted patent in this case are directed towards the same subject matter or are similar and/or identical to the patent claims asserted against Aurobindo in the Prior Action, Aurobindo incorporates its invalidity contentions and cited references provided in the Prior Action as if fully set forth herein.

Aurobindo specifically reserves the right to revise, correct, supplement, or clarify this Response to the extent necessary as discovery in this case progresses.

**<u>INTERROGATORY NO. 3:</u>**

State in detail the factual and legal bases for Aurobindo's contention that the Asserted Claims of the '780 Patent are invalid under 35 U.S.C § 103, including but not limited to, which claims of the '780 Patent Aurobindo is asserting as invalid under 35 U.S.C § 103, identifying all references and public disclosures used to support Aurobindo's contention, the motivation(s) for a POSA to select each reference or public disclosure, how a POSA would have been motivated to combine any references or disclosures, and how and why a POSA would have reasonably expected success in that combination of references or disclosures.

14

CONFIDENTIAL INFORMATION—SUBJECT TO PROTECTIVE ORDER

## RESPONSE AND OBJECTIONS TO INTERROGATORY NO. 3:

In addition to its General Objections, Aurobindo specifically objects to this Interrogatory to the extent it calls for information subject to the attorney-client privilege, the work-product immunity, or any other applicable privilege, protection, exemption, or immunity. Aurobindo objects to this Interrogatory as prematurely seeking expert discovery, contrary to the Federal Rules of Civil Procedure, the Local Rules, and the Scheduling Order. Aurobindo objects to this Interrogatory to the extent it calls for legal conclusions or seeks litigation strategy. Aurobindo objects to this Interrogatory as vague, overly broad, and unduly burdensome because it demands "identifying all references and public disclosures." Aurobindo objects to this Interrogatory as vague and ambiguous to the extent it uses the undefined term "POSA." Aurobindo objects to this Interrogatory as overbroad and unduly burdensome to the extent it encompasses documents already in Plaintiffs' possession or that are publicly available. Aurobindo objects to this Interrogatory to the extent that it seeks information, documents, or things already provided in the Prior Action.

Subject to and without waiving any of the foregoing General and Specific Objections, Aurobindo responds as follows:

Aurobindo provided the factual and legal bases for the invalidity of the Asserted Claims of the '780 Patent in at least Defendants' Joint Initial Invalidity Contentions, served July 7, 2021, and incorporates those bases herein. Aurobindo will provide its final invalidity contentions related to the Asserted Claims of the '780 Patent in accordance with the Scheduling Order (D.I. 88), the Local Patent Rules, and any Order of the Court. Additionally, Aurobindo refers to its March 9, 2021 Letter "Notice of Paragraph IV Certification Regarding NDA 202611 (mirabegron extended-release tablets, 25 mg, 50 mg) With Respect to U.S. Patent No. 10,842,780 Pursuant to § 505(j)(2)(B)(ii) of the Federal Food, Drug, and Cosmetic Act." To the extent that any claims in

CONFIDENTIAL INFORMATION—SUBJECT TO PROTECTIVE ORDER

the asserted patent in this case are directed towards the same subject matter or are similar and/or identical to the patent claims asserted against Aurobindo in the Prior Action, Aurobindo incorporates its invalidity contentions and cited references provided in the Prior Action as if fully set forth herein.

Aurobindo specifically reserves the right to revise, correct, supplement, or clarify this Response to the extent necessary as discovery in this case progresses.

**INTERROGATORY NO. 4:**

For any objective indicia of non-obviousness Aurobindo is aware of for the Asserted Claims of the '780 Patent, state in detail all of the bases for Aurobindo's contention that such objective indicia do not support the non-obviousness of the Asserted Claims of the '780 Patent.

**RESPONSE AND OBJECTIONS TO INTERROGATORY NO. 4:**

In addition to its General Objections, Aurobindo specifically objects to this Interrogatory to the extent it calls for information subject to the attorney-client privilege, the work-product immunity, or any other applicable privilege, protection, exemption, or immunity. Aurobindo further objects to this Interrogatory to the extent it requires Aurobindo to disprove any elements or theories of infringement for which Plaintiff has the burden of proof and for which Plaintiff has not met that burden as exceeding the obligations imposed by law. Aurobindo objects to this Interrogatory as prematurely seeking expert discovery, contrary to the Federal Rules of Civil Procedure, the Local Rules, and the Scheduling Order. Aurobindo objects to this Interrogatory to the extent it calls for legal conclusions or seeks litigation strategy. Aurobindo objects to this Interrogatory as vague, overly broad, and unduly burdensome because it demands "all of the bases." Aurobindo objects to this Interrogatory as overbroad and unduly burdensome to the extent it encompasses documents already in Plaintiffs' possession or that are publically available. Aurobindo objects to this Interrogatory to the extent that it seeks information, documents, or things already provided in the Prior Action.

`IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASTELLAS PHARMA INC., ASTELLAS IRELAND CO., LTD. and ASTELLAS PHARMA GLOBAL DEVELOPMENT, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SANDOZ INC., <br><br> Defendants. | ) <br> ) <br> ) C.A. No. 1:20-01589-JFB-CJB <br> ) (Consolidated) <br> ) <br> ) <br> ) Honorable Joseph F. Bataillon <br> ) <br> ) <br> ) CONFIDENTIAL INFORMATION – <br> ) SUBJECT TO PROTECTIVE ORDER <br> ) |

**LUPIN LTD. AND LUPIN PHARMACEUTICALS, INC. OBJECTIONS
AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES (NOS. 1-17)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Civil Rule 26.1, Defendants Lupin Ltd. and Lupin Pharmaceuticals, Inc. (collectively, "Lupin") hereby respond to Plaintiffs Astellas Pharma Inc., Astellas Ireland Co., Ltd., and Astellas Pharma Global Development, Inc. (collectively, "Plaintiffs" or "Astellas") First Set of Interrogatories to Lupin (Nos. 1-17) ("Plaintiffs' Interrogatories") as follows:

**<u>GENERAL OBJECTIONS</u>**

The following General Objections apply to all instructions, definitions, and interrogatories, whether or not a general objection is referred to specifically in response to any particular interrogatory.  In addition to these general objections, Lupin has also stated specific objections where appropriate.  By setting forth such specific objections, Lupin does not intend to limit or restrict these general objections.

1.      Lupin incorporates by reference herein the General and Specific Objections set forth in Lupin's Objections & Responses to Plaintiffs' First Set of Requests for Production of

**RESPONSE TO INTERROGATORY NO. 2:**

Lupin incorporates by reference its General Objections as if set forth in full herein.  Lupin objects to this interrogatory as premature to the extent it seeks information that is the subject of expert discovery.  Lupin objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product immunity, the common interest privilege, or other applicable grounds of privilege or immunity.  Lupin objects to this interrogatory as overly broad, unduly burdensome, not proportional to the needs of the case and seeking information not relevant to any party's claims or defenses.  Lupin objects to this interrogatory as duplicative and/or cumulative of Defendants' Joint Initial Invalidity Contentions, served on July 7, 2021.

Subject to and without waiving its General and Specific Objections, Lupin responds as follows:   Lupin incorporates by reference Defendants' Joint Initial Invalidity Contentions, including any supplements or amendments thereto.

Discovery is ongoing, and Lupin reserves the right to amend, modify, supplement, or change its response to this interrogatory.

**INTERROGATORY NO. 3**

State in detail the factual and legal bases for Lupin's contention that the Asserted Claims of the '780 Patent are invalid under 35 U.S.C § 103, including but not limited to, which claims of the '780 Patent Lupin is asserting as invalid under 35 U.S.C § 103, identifying all references and public disclosures used to support Lupin's contention, the motivation(s) for a POSA to select each reference or public disclosure, how a POSA would have been motivated to combine any references or disclosures, and how and why a POSA would have reasonably expected success in that combination of references or disclosures.

**RESPONSE TO INTERROGATORY NO. 3:**

Lupin incorporates by reference its General Objections as if set forth in full herein.  Lupin objects to this interrogatory as premature to the extent it seeks information that is the subject of expert discovery.  Lupin objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product immunity, the common interest privilege, or other applicable grounds of privilege or immunity.  Lupin objects to this interrogatory as overly broad, unduly burdensome, not proportional to the needs of the case and seeking information not relevant to any party's claims or defenses.  Lupin objects to this interrogatory as duplicative and/or cumulative of Defendants' Joint Initial Invalidity Contentions, served on July 7, 2021.

Subject to and without waiving its General and Specific Objections, Lupin responds as follows:  Lupin incorporates by reference Defendants' Joint Initial Invalidity Contentions, including any supplements or amendments thereto.

Discovery is ongoing, and Lupin reserves the right to amend, modify, supplement, or change its response to this interrogatory.

**INTERROGATORY NO. 4**

For any objective indicia of non-obviousness Lupin is aware of for the Asserted Claims of the '780 Patent, state in detail all of the bases for Lupin's contention that such objective indicia do not support the non-obviousness of the Asserted Claims of the '780 Patent.

**RESPONSE TO INTERROGATORY NO. 4:**

Lupin incorporates by reference its General Objections as if set forth in full herein.  Lupin objects to this interrogatory as premature to the extent it seeks information that is the subject of expert discovery.  Lupin objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product immunity, the common interest privilege, or

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ASTELLAS PHARMA INC. et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | C.A. No. 20-1589-JFB-CJB |
| v. | ) | |
| | ) | HIGHLY CONFIDENTIAL |
| SANDOZ INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

HIGHLY CONFIDENTIAL

1

## DEFENDANT PRINSTON'S OBJECTIONS AND RESPONSES TO
## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO PRINSTON
## (NOS. 1-17)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the applicable Local
Rules of the United States District Court for the District of Delaware, and any Orders and Stipulations
entered or to be entered in this case regarding case schedule and discovery, Defendants Prinston
Pharmaceutical Inc., Zhejiang Huahai Pharmaceutical Co., Ltd., Huahai US Inc., and Solco
Healthcare US, LLC ("Defendant" or "Prinston"), by and through the undersigned counsel, hereby
responds to Plaintiffs' First Set of Interrogatories to Prinston (Nos. 1-17) propounded by Astellas
Pharma Inc., Astellas Ireland Co., Ltd., and Astellas Pharma Global Development, Inc. (collectively,
"Astellas" or "Plaintiffs").

## PRELIMINARY STATEMENT

1.      Defendant incorporates by reference each and every General Objection set forth below
into each and every specific Response.  From time to time, a specific Response may repeat a General
Objection for emphasis or some other reason.  The failure to include any General Objection in any
specific Response is not intended to be and should not be construed as a waiver or limitation of any
General Objection to any Interrogatory.

2.      Defendant's Responses to Plaintiffs' Interrogatories are made to the best of
Defendant's present knowledge, information, and belief.  Discovery in this case continues and
Defendant's investigation is ongoing.  Accordingly, Defendant reserves the right to supplement or
amend these Responses as discovery in this matter progresses, should future discovery or
investigation indicate that supplementation or amendment is necessary.  Defendant makes these

HIGHLY CONFIDENTIAL

2

element(s) of the Asserted Claims of the '780 Patent.

**RESPONSE:**

Prinston objects on the ground that this Interrogatory is premature, as Prinston has not filed an answer, counterclaim, and/or defense nor has Prinston sent a Paragraph IV Notice Letter with respect to the '780 Patent, and because this Interrogatory calls for expert testimony. Further answering, Prinston refers to the invalidity contentions already served by Defendants.

Defendant reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e).

**INTERROGATORY NO. 3**

State in detail the factual and legal bases for Prinston's contention that the Asserted Claims of the '780 Patent are invalid under 35 U.S.C § 103, including but not limited to, which claims of the '780 Patent Prinston is asserting as invalid under 35 U.S.C § 103, identifying all references and public disclosures used to support Prinston's contention, the motivation(s) for a POSA to select each reference or public disclosure, how a POSA would have been motivated to combine any references or disclosures, and how and why a POSA would have reasonably expected success in that combination of references or disclosures.

**RESPONSE:**

Prinston objects on the ground that this Interrogatory is premature, as Prinston has not filed an answer, counterclaim, and/or defense nor has Prinston sent a Paragraph IV Notice Letter with respect to the '780 Patent, and because this Interrogatory calls for expert testimony. Further answering, Prinston refers to the invalidity contentions already served by Defendants.

Defendant reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e).

HIGHLY CONFIDENTIAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ASTELLAS PHARMA INC. et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | C.A. No. 20-1589-JFB-CJB |
| v. | ) | |
| | ) | HIGHLY CONFIDENTIAL |
| SANDOZ INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

HIGHLY CONFIDENTIAL

1

**DEFENDANT PRINSTON'S REVISED AND SUPPLEMENTAL
RESPONSES TO PLAINTIFFS' FIRST SET OF
<u>INTERROGATORIES TO PRINSTON (NOS. 1-17)</u>**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the applicable Local Rules of the United States District Court for the District of Delaware, and any Orders and Stipulations entered or to be entered in this case regarding case schedule and discovery, Defendants Prinston Pharmaceutical Inc., Zhejiang Huahai Pharmaceutical Co., Ltd., Huahai US Inc., and Solco Healthcare US, LLC ("Defendant" or "Prinston"), by and through the undersigned counsel, hereby responds to Plaintiffs' First Set of Interrogatories to Prinston (Nos. 1-17) propounded by Astellas Pharma Inc., Astellas Ireland Co., Ltd., and Astellas Pharma Global Development, Inc. (collectively, "Astellas" or "Plaintiffs").

## <u>PRELIMINARY STATEMENT</u>

1.      Defendant incorporates by reference each and every General Objection set forth below into each and every specific Response.  From time to time, a specific Response may repeat a General Objection for emphasis or some other reason.  The failure to include any General Objection in any specific Response is not intended to be and should not be construed as a waiver or limitation of any General Objection to any Interrogatory.

2.      Defendant's Responses to Plaintiffs' Interrogatories are made to the best of Defendant's present knowledge, information, and belief.  Discovery in this case continues and Defendant's investigation is ongoing.  Accordingly, Defendant reserves the right to supplement or amend these Responses as discovery in this matter progresses, should future discovery or investigation indicate that supplementation or amendment is necessary.  Defendant makes these

HIGHLY CONFIDENTIAL

2

**INTERROGATORY NO. 3**

State in detail the factual and legal bases for Prinston's contention that the Asserted Claims of the '780 Patent are invalid under 35 U.S.C § 103, including but not limited to, which claims of the '780 Patent Prinston is asserting as invalid under 35 U.S.C § 103, identifying all references and public disclosures used to support Prinston's contention, the motivation(s) for a POSA to select each reference or public disclosure, how a POSA would have been motivated to combine any references or disclosures, and how and why a POSA would have reasonably expected success in that combination of references or disclosures.

**REVISED RESPONSE:**

Prinston objects on the ground that this Interrogatory calls for expert testimony prior to the time for expert testimony, and the time to serve invalidity contentions, as set forth by the Scheduling Order. Further answering, Prinston refers to the invalidity contentions already served by Defendants.

Defendant reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e).

**INTERROGATORY NO. 4**

For any objective indicia of non-obviousness Prinston is aware of for the Asserted Claims of the '780 Patent, state in detail all of the bases for Prinston's contention that such objective indicia do not support the non-obviousness of the Asserted Claims of the '780 Patent.

**REVISED RESPONSE:**

Prinston objects on the ground that this Interrogatory calls for expert testimony prior to the time for expert testimony as set forth by the Scheduling Order. Further answering, Prinston refers to the invalidity contentions already served by Defendants.

HIGHLY CONFIDENTIAL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ASTELLAS PHARMA INC. et al., | |
| Plaintiffs, | |
| v. | C.A. No. 20-1589-JFB-CJB (Consolidated) |
| SANDOZ INC. et al., | |
| Defendants. | |

**SANDOZ INC.'S ANSWERS AND OBJECTIONS TO**
**PLAINTIFFS' FIRST SET OF INTERROGATORIES (NOS. 1-16)**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant and Counterclaim-Plaintiff Sandoz Inc. ("Sandoz") hereby submits its Answers and Objections to Plaintiffs and Counterclaim-Defendants' Astellas Pharma Inc., Astellas Ireland Co., Ltd., and Astellas Pharma Global Development, Inc. (collectively, "Astellas" or "Plaintiffs") First Set of Interrogatories (Nos. 1-16) to Sandoz.

**PRELIMINARY STATEMENT**

These Answers and Objections are based on information and documents presently available as a result of a search and review process that is ongoing. Sandoz's answers to the interrogatories are without prejudice to, and do not constitute a waiver of, Sandoz's rights to rely on other documents or information at trial. Sandoz expressly reserves the right to supplement and/or amend its responses as necessary, as provided for in FED. R. CIV. P. 26(e), particularly in light of ongoing discovery in this case.

An answer to any interrogatory should not be deemed or construed as a representation that there is, in fact, information responsive to the interrogatory, that Sandoz performed any of the acts described in the interrogatory, or that Sandoz acquiesces in the characterization of the conduct or

follows:

The preliminary bases for Sandoz's contentions regarding the invalidity of the '780 patent under 35 U.S.C. §§ 102, 103 and/or 112 are set forth in Defendants' Joint Initial Invalidity Contentions served on July 7, 2021, which Sandoz incorporates in their entirety by reference herein.

Sandoz reserves the right to amend and/or supplement this Interrogatory, including as discovery proceeds, as otherwise provided under the Local Rules of this Court, the Scheduling Order entered in this case (D.I. 88), or any other applicable Rule or Order of the Court.

**INTERROGATORY NO. 3**

State in detail the factual and legal bases for Sandoz's contention that the Asserted Claims of the '780 Patent are invalid under 35 U.S.C § 103, including but not limited to, which claims of the '780 Patent Sandoz is asserting as invalid under 35 U.S.C § 103, identifying all references and public disclosures used to support Sandoz's contention, the motivation(s) for a POSA to select each reference or public disclosure, how a POSA would have been motivated to combine any references or disclosures, and how and why a POSA would have reasonably expected success in that combination of references or disclosures.

**RESPONSE:**   In addition to its general objections, Sandoz objects to this Interrogatory as seeking discovery protected by the attorney client privilege, work product doctrine, and/or any other applicable privilege or immunity.  Sandoz also objects to this Interrogatory to the extent it seeks a legal conclusion.  Sandoz further objects to this Interrogatory as premature because it seeks to impose upon Sandoz an obligation to formulate and disclose its complete contentions with respect to invalidity before fact or expert discovery has been completed.  Sandoz objects to use of the interrogatory process to circumvent the schedule set by the Court, which provides that final invalidity contentions are due April 15, 2022; opening expert reports are due on May 18, 2022; rebuttal expert reports are due on June 22, 2022; reply expert reports are due on July 22, 2022; and expert discovery closes on September 28, 2022.  Sandoz also objects to the extent this Interrogatory seeks discovery concerning any consultant or expert witness Sandoz may have retained in

13

connection with this case, but who will not present opinions or testimony at trial, as such information is not discoverable. *See* FED. R. CIV. P. 26(a)(2), 26(b)(4)(D).  Sandoz further objects to this Interrogatory because it constitutes separate individual Interrogatories under Federal Rule of Civil Procedure 33.

Without waiving its objections, and subject to them, and without limitation on arguments Sandoz may present during the expert discovery phase of this litigation, Sandoz answers as follows:

The preliminary bases for Sandoz's contentions regarding the invalidity of the '780 patent under 35 U.S.C. §§ 102, 103 and/or 112 are set forth in Defendants' Joint Initial Invalidity Contentions served on July 7, 2021, which Sandoz incorporates in their entirety by reference herein.  Sandoz reserves the right to amend and/or supplement this Interrogatory, including as discovery proceeds, as otherwise provided under the Local Rules of this Court, the Scheduling Order entered in this case (D.I. 88), or any other applicable Rule or Order of the Court.

**INTERROGATORY NO. 4**

For any objective indicia of non-obviousness Sandoz is aware of for the Asserted Claims of the '780 Patent, state in detail all of the bases for Sandoz's contention that such objective indicia do not support the non-obviousness of the Asserted Claims of the '780 Patent.

**RESPONSE:**  In addition to its general objections, Sandoz objects to this Interrogatory as seeking discovery protected by the attorney client privilege, work product doctrine, and/or any other applicable privilege or immunity.  Sandoz also objects to this Interrogatory to the extent it seeks a legal conclusion.  Sandoz further objects to this Interrogatory as premature because it seeks to impose upon Sandoz an obligation to formulate and disclose its complete contentions with respect to invalidity before fact or expert discovery has been completed.  Sandoz objects to use of the interrogatory process to circumvent the schedule set by the Court, which provides that final invalidity contentions are due April 15, 2022; opening expert reports are due on May 18, 2022;

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASTELLAS PHARMA INC. et al., | |
| Plaintiffs, | |
| v. | C.A. No. 20-1589-JFB-CJB (Consolidated) |
| SANDOZ INC. et al., | |
| Defendants. | |

## SANDOZ INC.'S FIRST SUPPLEMENTAL ANSWERS AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES (NOS. 1-16)

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant and Counterclaim-Plaintiff Sandoz Inc. ("Sandoz") hereby submits its First Supplemental Answers and Objections to Plaintiffs and Counterclaim-Defendants' Astellas Pharma Inc., Astellas Ireland Co., Ltd., and Astellas Pharma Global Development, Inc. (collectively, "Astellas" or "Plaintiffs") First Set of Interrogatories (Nos. 1-16) to Sandoz.

## PRELIMINARY STATEMENT

These Answers and Objections are based on information and documents presently available as a result of a search and review process that is ongoing. Sandoz's answers to the interrogatories are without prejudice to, and do not constitute a waiver of, Sandoz's rights to rely on other documents or information at trial. Sandoz expressly reserves the right to supplement and/or amend its responses as necessary, as provided for in FED. R. CIV. P. 26(e), particularly in light of ongoing discovery in this case.

An answer to any interrogatory should not be deemed or construed as a representation that there is, in fact, information responsive to the interrogatory, that Sandoz performed any of the acts

follows:

The preliminary bases for Sandoz's contentions regarding the invalidity of the '780 patent under 35 U.S.C. §§ 102, 103 and/or 112 are set forth in Defendants' Joint Initial Invalidity Contentions served on July 7, 2021, which Sandoz incorporates in their entirety by reference herein.

Sandoz reserves the right to amend and/or supplement this Interrogatory, including as discovery proceeds, as otherwise provided under the Local Rules of this Court, the Scheduling Order entered in this case (D.I. 88), or any other applicable Rule or Order of the Court.

## INTERROGATORY NO. 3

State in detail the factual and legal bases for Sandoz's contention that the Asserted Claims of the '780 Patent are invalid under 35 U.S.C § 103, including but not limited to, which claims of the '780 Patent Sandoz is asserting as invalid under 35 U.S.C § 103, identifying all references and public disclosures used to support Sandoz's contention, the motivation(s) for a POSA to select each reference or public disclosure, how a POSA would have been motivated to combine any references or disclosures, and how and why a POSA would have reasonably expected success in that combination of references or disclosures.

**RESPONSE:**   In addition to its general objections, Sandoz objects to this Interrogatory as seeking discovery protected by the attorney client privilege, work product doctrine, and/or any other applicable privilege or immunity.  Sandoz also objects to this Interrogatory to the extent it seeks a legal conclusion.  Sandoz further objects to this Interrogatory as premature because it seeks to impose upon Sandoz an obligation to formulate and disclose its complete contentions with respect to invalidity before fact or expert discovery has been completed.  Sandoz objects to use of the interrogatory process to circumvent the schedule set by the Court, which provides that final invalidity contentions are due April 15, 2022; opening expert reports are due on May 18, 2022; rebuttal expert reports are due on June 22, 2022; reply expert reports are due on July 22, 2022; and expert discovery closes on September 28, 2022.  Sandoz also objects to the extent this Interrogatory seeks discovery concerning any consultant or expert witness Sandoz may have retained in

13

connection with this case, but who will not present opinions or testimony at trial, as such information is not discoverable. *See* FED. R. CIV. P. 26(a)(2), 26(b)(4)(D). Sandoz further objects to this Interrogatory because it constitutes separate individual Interrogatories under Federal Rule of Civil Procedure 33.

Without waiving its objections, and subject to them, and without limitation on arguments Sandoz may present during the expert discovery phase of this litigation, Sandoz answers as follows:

The preliminary bases for Sandoz's contentions regarding the invalidity of the '780 patent under 35 U.S.C. §§ 102, 103 and/or 112 are set forth in Defendants' Joint Initial Invalidity Contentions served on July 7, 2021, which Sandoz incorporates in their entirety by reference herein. Sandoz reserves the right to amend and/or supplement this Interrogatory, including as discovery proceeds, as otherwise provided under the Local Rules of this Court, the Scheduling Order entered in this case (D.I. 88), or any other applicable Rule or Order of the Court.

## INTERROGATORY NO. 4

For any objective indicia of non-obviousness Sandoz is aware of for the Asserted Claims of the '780 Patent, state in detail all of the bases for Sandoz's contention that such objective indicia do not support the non-obviousness of the Asserted Claims of the '780 Patent.

**RESPONSE:** In addition to its general objections, Sandoz objects to this Interrogatory as seeking discovery protected by the attorney client privilege, work product doctrine, and/or any other applicable privilege or immunity. Sandoz also objects to this Interrogatory to the extent it seeks a legal conclusion. Sandoz further objects to this Interrogatory as premature because it seeks to impose upon Sandoz an obligation to formulate and disclose its complete contentions with respect to invalidity before fact or expert discovery has been completed. Sandoz objects to use of the interrogatory process to circumvent the schedule set by the Court, which provides that final invalidity contentions are due April 15, 2022; opening expert reports are due on May 18, 2022;

14

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ASTELLAS PHARMA, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | C.A. No. 20-1589-JFB-CJB |
| v. | ) | |
| | ) | |
| SANDOZ INC., et al., | ) | **CONFIDENTIAL** |
| | ) | **Pursuant to Protective Order** |
| Defendants. | ) | **Contains Sawai Defendants Confidential** |
| | ) | **Information** |
| _____ | ) | |

## SAWAI DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO SAWAI (NOS. 1-17)

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and the Local Rules of Civil Practice and Procedure for the District of Delaware, Sawai Pharmaceutical Co., Ltd. and Sawai USA, Inc. (collectively, "Sawai Defendants"), by and through its undersigned counsel, hereby object and respond to Plaintiffs Astellas Pharma Inc., Astellas Ireland Co., Ltd., and Astellas Pharma Global Development, Inc. (collectively, "Plaintiffs" or "Astellas") First Set of Interrogatories (Nos. 1-17), served on August 24, 2021.

## GENERAL OBJECTIONS

1.     The objections and responses contained herein are made to the best of Sawai Defendants' present knowledge, information, and belief.  Sawai Defendants, through their attorneys, have not completed: (i) their investigation of the facts and circumstances related to this case; (ii) discovery in this case; and (iii) preparation for trial in this case.

2.     The General Objections set forth in Sawai Defendants' Objections and Responses

**CONFIDENTIAL**
**Pursuant to Protective Order**
**Contains Sawai Defendants' Confidential Information**

Subject to the General Objections and the foregoing specific objections, Sawai Defendants incorporates by reference as if set forth fully herein Defendants' Joint Initial Invalidity Contentions served on July 7, 2021 (D.I. 149), and any amendments or supplements thereto (including but not limited to Defendants' Join Final Invalidity Contentions).

Discovery is ongoing. Pursuant to Rule 26(e)(1) of the Federal Rules of Civil Procedure, Sawai Defendants reserve the right to revise, clarify, and/or supplement their response as discovery progresses.

## INTERROGATORY NO. 3

State in detail the factual and legal bases for Sawai's contention that the Asserted Claims of the '780 Patent are invalid under 35 U.S.C § 103, including but not limited to, which claims of the '780 Patent Sawai is asserting as invalid under 35 U.S.C § 103, identifying all references and public disclosures used to support Sawai's contention, the motivation(s) for a POSA to select each reference or public disclosure, how a POSA would have been motivated to combine any references or disclosures, and how and why a POSA would have reasonably expected success in that combination of references or disclosures.

## *Objections to INTERROGATORY NO. 3:*

Sawai Defendants object to this Interrogatory because it is at least five interrogatories.

Sawai Defendants object to this Interrogatory because it is duplicative of the initial and final invalidity contentions contemplated by the Scheduling Order (D.I. 88). Sawai Defendants further object to this Interrogatory to the extent it calls for legal conclusions. Sawai Defendants further object to this Interrogatory to the extent it prematurely seeks expert discovery, final Invalidity Contentions, and/or information in advance of the time set by the Court in the Scheduling Order (D.I. 88). Sawai Defendants object to this Interrogatory in view of the fact that Astellas has neither articulated nor proven a *prima facie* case of infringement sufficient to invoke any burden on Sawai Defendants to present rebuttal arguments and/or evidence. Sawai

10

**CONFIDENTIAL**
**Pursuant to Protective Order**
**Contains Sawai Defendants' Confidential Information**

Defendants object to this Interrogatory to the extent that it seeks information protected by attorney-client privilege, work-product immunity, joint defense privilege, common interest privilege and/or any other applicable privilege, protection or immunity and will not include any such information in any response.

*Response to INTERROGATORY NO. 3:*

Subject to the General Objections and the foregoing specific objections, Sawai Defendants incorporates by reference as if set forth fully herein Defendants' Joint Initial Invalidity Contentions served on July 7, 2021 (D.I. 149), and any amendments or supplements thereto (including but not limited to Defendants' Join Final Invalidity Contentions).

Discovery is ongoing. Pursuant to Rule 26(e)(1) of the Federal Rules of Civil Procedure, Sawai Defendants reserve the right to revise, clarify, and/or supplement their response as discovery progresses.

**INTERROGATORY NO. 4**

For any objective indicia of non-obviousness Sawai is aware of for the Asserted Claims of the '780 Patent, state in detail all of the bases for Sawai's contention that such objective indicia do not support the non-obviousness of the Asserted Claims of the '780 Patent.

*Objections to INTERROGATORY NO. 4:*

Sawai Defendants object to this Interrogatory to the extent it is multiple interrogatories.

Sawai Defendants object to this Interrogatory because it is duplicative of the initial and final invalidity contentions contemplated by the Scheduling Order (D.I. 88). Sawai Defendants further object to this Interrogatory to the extent it calls for legal conclusions. Sawai Defendants further object to this Interrogatory to the extent it prematurely seeks expert discovery, final Invalidity Contentions, and/or information in advance of the time set by the Court in the

11

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ASTELLAS PHARMA INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | C.A. No. 20-1589-JFB-CJB |
| SANDOZ INC., et al., | ) | |
| | ) | **CONFIDENTIAL INFORMATION –** |
| Defendants. | ) | **SUBJECT TO PROTECTIVE ORDER** |
| | ) | |

**DEFENDANTS ZYDUS PHARMACEUTICALS (USA) INC.'S
AND CADILA HEALTHCARE LIMITED'S
FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO
PLAINTIFFS' FIRST SET OF INTERROGATORIES TO ZYDUS (NOS. 1-16)**

Defendants Zydus Pharmaceuticals (USA) Inc. ("Zydus USA") and Cadila Healthcare

Limited ("Cadila") (collectively, "Zydus"), pursuant to Rules 26 and 33 of the Federal Rules of

Civil Procedure and the Local Rules of the United States District Court for the District of

Delaware, supplement their responses to Astellas Pharma Inc., Astellas Ireland Co., Ltd., and

Astellas Pharma Global Development, Inc.'s (collectively, "Plaintiffs") First Set of

Interrogatories to Zydus (Nos. 1-16) ("Interrogatories") as follows:

**PRELIMINARY STATEMENT**

Zydus incorporates by reference its Preliminary Statement in Zydus's Objections and

Responses to Plaintiffs' First Set of Requests to Defendants for the Production of Documents and

Things (Nos. 1-3), served May 14, 2021, and Zydus's Objections and Responses to Plaintiffs'

Second Set of Requests to Defendants for the Production of Documents and Things (Nos. 4-25),

served October 7, 2021, as if fully set forth herein.

extent it seeks communications protected by the attorney client privilege or work product

doctrine.  Zydus further objects to this Interrogatory to the extent that it seeks information

regarding expert discovery in advance of the dates provided in the Court's Scheduling Order

(D.I. 88).  Zydus will produce expert discovery and supporting materials in accordance with the

Federal Rules of Civil Procedure and the Court's Scheduling Order (D.I. 88).

Subject to and without waiving any of its general and specific objections, Zydus responds

as follows:  Defendants have provided their invalidity contentions and associated documents

(D.I. 149), which Zydus incorporates by reference.  Zydus's investigation into all of the facts and

circumstances regarding this matter continues.  Zydus's response to this Interrogatory is without

prejudice to, and not a waiver of, Zydus's right to rely on other documents or information at trial.

Zydus reserves the right to supplement this Response as may be appropriate.

**INTERROGATORY NO. 3:**

State in detail the factual and legal bases for Zydus's contention that the Asserted Claims of the '780 Patent are invalid under 35 U.S.C § 103, including but not limited to, which claims of the '780 Patent Zydus is asserting as invalid under 35 U.S.C § 103, identifying all references and public disclosures used to support Zydus's contention, the motivation(s) for a POSA to select each reference or public disclosure, how a POSA would have been motivated to combine any references or disclosures, and how and why a POSA would have reasonably expected success in that combination of references or disclosures.

**RESPONSE:**

Zydus objects to this Interrogatory as overly broad, unduly burdensome, and seeking

information that is neither relevant to the claims or defenses of any party nor proportional to the

needs of this case, at least with respect to "[s]tate in detail the factual and legal bases" and

"identifying all references and public disclosures."  Zydus objects to this Interrogatory to the

extent it calls for legal opinions or conclusions.  Zydus further objects to this Interrogatory to the

extent it seeks communications protected by the attorney client privilege or work product

doctrine.  Zydus further objects to this Interrogatory to the extent that it seeks information regarding expert discovery in advance of the dates provided in the Court's Scheduling Order (D.I. 88).  Zydus will produce expert discovery and supporting materials in accordance with the Federal Rules of Civil Procedure and the Court's Scheduling Order (D.I. 88).

Subject to and without waiving any of its general and specific objections, Zydus responds as follows:  Defendants have provided their invalidity contentions and associated documents (D.I. 149), which Zydus incorporates by reference.  Zydus's investigation into all of the facts and circumstances regarding this matter continues.  Zydus's response to this Interrogatory is without prejudice to, and not a waiver of, Zydus's right to rely on other documents or information at trial. Zydus reserves the right to supplement this Response as may be appropriate.

**INTERROGATORY NO. 4:**

For any objective indicia of non-obviousness Zydus is aware of for the Asserted Claims of the '780 Patent, state in detail all of the bases for Zydus's contention that such objective indicia do not support the non-obviousness of the Asserted Claims of the '780 Patent.

**RESPONSE:**

Zydus objects to this Interrogatory as overly broad, unduly burdensome, and seeking information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case, at least with respect to "state in detail all of the bases."  Zydus objects to this Interrogatory to the extent it calls for legal opinions or conclusions.  Zydus further objects to this Interrogatory to the extent it seeks communications protected by the attorney client privilege or work product doctrine.  Zydus further objects to this Interrogatory to the extent that it seeks information regarding expert discovery in advance of the dates provided in the Court's Scheduling Order (D.I. 88).  Zydus will produce expert discovery and supporting materials in

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ASTELLAS PHARMA INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 20-1589-JFB-CJB |
| SANDOZ INC., et al., | ) | **CONFIDENTIAL INFORMATION** |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS ZYDUS PHARMACEUTICALS (USA) INC.'S AND CADILA**
**HEALTHCARE LIMITED'S OBJECTIONS AND RESPONSES TO**
**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO ZYDUS (NOS. 1-16)**

Defendants Zydus Pharmaceuticals (USA) Inc. ("Zydus USA") and Cadila Healthcare
Limited ("Cadila") (collectively, "Zydus"), pursuant to Rules 26 and 33 of the Federal Rules of
Civil Procedure and the Local Rules of the United States District Court for the District of
Delaware, respond to Astellas Pharma Inc., Astellas Ireland Co., Ltd., and Astellas Pharma
Global Development, Inc.'s (collectively, "Plaintiffs") First Set of Interrogatories to Zydus (Nos.
1-16) ("Interrogatories") as follows:

**PRELIMINARY STATEMENT**

Zydus incorporates by reference its Preliminary Statement in Zydus's Objections and
Responses to Plaintiffs' First Set of Requests to Defendants for the Production of Documents and
Things (Nos. 1-3), served May 14, 2021, and Zydus's Objections and Responses to Plaintiffs'
Second Set of Requests to Defendants for the Production of Documents and Things (Nos. 4-25),
served October 7, 2021, as if fully set forth herein.

Zydus's contention, and for each reference or public disclosure, describe in detail how each element of each claim being asserted is disclosed in that reference or by that public disclosure, including explaining why a reference or public disclosure inherently discloses any element(s) of the Asserted Claims of the '780 Patent.

**RESPONSE:**

Zydus objects to this Interrogatory as overly broad, unduly burdensome, and seeking information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case, at least with respect to "[s]tate in detail the factual and legal bases" and "identifying all references and public disclosures." Zydus objects to this Interrogatory to the extent it calls for legal opinions or conclusions. Zydus further objects to this Interrogatory to the extent it seeks communications protected by the attorney client privilege or work product doctrine. Zydus further objects to this Interrogatory to the extent that it seeks information regarding expert discovery in advance of the dates provided in the Court's Scheduling Order (D.I. 88). Zydus will produce expert discovery and supporting materials in accordance with the Federal Rules of Civil Procedure and the Court's Scheduling Order (D.I. 88).

Subject to and without waiving any of its general and specific objections, Zydus responds as follows: Defendants have provided their invalidity contentions and associated documents (D.I. 149), which Zydus incorporates by reference. Zydus's investigation into all of the facts and circumstances regarding this matter continues. Zydus's response to this Interrogatory is without prejudice to, and not a waiver of, Zydus's right to rely on other documents or information at trial. Zydus reserves the right to supplement this Response as may be appropriate.

**INTERROGATORY NO. 3:**

State in detail the factual and legal bases for Zydus's contention that the Asserted Claims of the '780 Patent are invalid under 35 U.S.C § 103, including but not limited to, which claims of the '780 Patent Zydus is asserting as invalid under 35 U.S.C § 103, identifying all references and public disclosures used to support Zydus's contention, the motivation(s) for a POSA to select each reference or public disclosure, how a POSA would have been motivated to combine any

references or disclosures, and how and why a POSA would have reasonably expected success in that combination of references or disclosures.

**RESPONSE:**

Zydus objects to this Interrogatory as overly broad, unduly burdensome, and seeking information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case, at least with respect to "[s]tate in detail the factual and legal bases" and "identifying all references and public disclosures." Zydus objects to this Interrogatory to the extent it calls for legal opinions or conclusions. Zydus further objects to this Interrogatory to the extent it seeks communications protected by the attorney client privilege or work product doctrine. Zydus further objects to this Interrogatory to the extent that it seeks information regarding expert discovery in advance of the dates provided in the Court's Scheduling Order (D.I. 88). Zydus will produce expert discovery and supporting materials in accordance with the Federal Rules of Civil Procedure and the Court's Scheduling Order (D.I. 88).

Subject to and without waiving any of its general and specific objections, Zydus responds as follows: Defendants have provided their invalidity contentions and associated documents (D.I. 149), which Zydus incorporates by reference. Zydus's investigation into all of the facts and circumstances regarding this matter continues. Zydus's response to this Interrogatory is without prejudice to, and not a waiver of, Zydus's right to rely on other documents or information at trial. Zydus reserves the right to supplement this Response as may be appropriate.

**INTERROGATORY NO. 4:**

For any objective indicia of non-obviousness Zydus is aware of for the Asserted Claims of the '780 Patent, state in detail all of the bases for Zydus's contention that such objective indicia do not support the non-obviousness of the Asserted Claims of the '780 Patent.

Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| ASTELLAS PHARMA INC., *et al.*, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| v. | ) | |
| | ) | |
| SANDOZ INC., *et al*., | ) | |
| | ) | C.A. No. 20-1589-JFB-CJB |
| *Defendants*. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## DEFENDANTS' JOINT INITIAL INVALIDITY CONTENTIONS

Pursuant to Paragraph 4(d) of the Court's Default Standard of Discovery and Paragraph 7(d) of the Scheduling Order entered in the above-captioned action (D.I. 88), Defendants Sandoz Inc. ("Sandoz"); Actavis Elizabeth LLC and Teva Pharmaceuticals USA, Inc. (collectively, "Actavis"); Apotex Inc. and Apotex Corp. (collectively, "Apotex"); Aurobindo Pharma Ltd., Aurobindo Pharma USA, Inc., and Aurolife Pharma LLC (collectively, "Aurobindo"); Sawai Pharmaceutical Co., Ltd. and Sawai USA, Inc. (collectively, "Sawai"); Prinston Pharmaceutical Inc., Zhejiang Huahai Pharmaceutical Co. Ltd., Huahai US Inc., and Solco Healthcare US LLC (collectively, "Prinston"); Zydus Pharmaceuticals (USA), Inc. and Cadila Healthcare Limited (collectively, "Zydus"); Lupin Ltd. and Lupin Pharmaceuticals, Inc. (collectively, "Lupin") (all collectively, "Defendants"), through their undersigned counsel, hereby provide the following Joint Initial Invalidity Contentions to Plaintiffs Astellas Pharma Inc., Astellas Ireland Co., Ltd., and Astellas Pharma Global Development, Inc. (collectively, "Plaintiffs").  As set forth in Plaintiffs' Initial Claim Charts on Infringement dated May 28, 2021, Plaintiffs assert

For at least these reasons, claims 1-25 are anticipated by DRAGON European Protocol.

## VI.   OBVIOUSNESS ANALYSIS FOR THE ASSERTED CLAIMS OF THE '780 PATENT.

Subject to the above, Defendants contend that claims 1-13, and 15-25 of the '780 patent are invalid under at least 35 U.S.C. § 103.

In accordance with Section 4(d) of the Court's Default Standard for Discovery, Defendants provide herein a claim-by-claim analysis attached hereto as Appendix A, describing in detail, with respect to the prior art, Defendants' initial contention that the asserted claims are invalid as obvious.

Under 35 U.S.C. §103(a), a patent is invalid as obvious "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains."  The relevant factual inquiries include:

1. determining the scope and contents of the prior art;
2. ascertaining the differences between the prior art and the claims in issue;
3. resolving the level of ordinary skill in the pertinent art; and
4. evaluating evidence of secondary considerations.

*Graham v. John Deere Co. of Kansas City*, 383 U.S. 1, 17-18 (1966).  The Supreme Court reiterated the applicability of the *Graham* factors in *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 406 (2007). Claims 1-13, and 15-25 of the '780 patent are invalid in view of at least the prior art references discussed herein in combination with the background knowledge and skill a POSA would have possessed in September 2008.  *See* Appendix A.

### A.   STATE OF THE PRIOR ART IN SEPTEMBER 2008.

The alleged invention of the '780 patent would have been obvious to a skilled person in September of 2008 because it is merely a combination of a known prior art compound, mirabegron, with a known hydrogel formulation technology, and a drug dissolution rate that was

readily achievable by such known hydrogel formulation technology.  Indeed, the patentee admits in the '780 patent that WO 94/06414 (cited herein as U.S. equivalent, Sako '024) discloses "a technique of preparing a formulation for modified release, a hydrogel sustained release tablet containing an additive which ensures penetration of water into the tablet, and a hydrogel-forming polymer." ('780 patent at 1:63-67; *id.* at 2:14-15).  Moreover, the patentee admits that "the art is replete with information on how to prepare hydrogel-forming formulations, and *a skilled artisan would clearly be able to identify components that could be used for that purpose to achieve the claimed dissolution rate*." ('780 patent PH, 5/13/2019 Remarks at 9 (emphasis added)).

As further explained below, as of September 2008, the prior art:  (1) disclosed Mirabegron in Tablet Dosage Form (e.g., 50 mg and 100 mg); (2) disclosed the sustained release hydrogel formulation technology of Astellas; (3) was replete with information on how to prepare sustained and/or controlled release formulations, and included examples of sustained and/or controlled release formulations of secondary amines, β3-adrenaline receptor agonists, and other compounds used to treat urinary disorders; and (4) would have motivated a skilled person to make a sustained release formulation of mirabegron that falls within the scope of the asserted '780 patent claims with a reasonable expectation of success.[12]

### 1. The Prior Art Disclosed Mirabegron in Tablet Dosage Form to Treat Overactive Bladder.

As of September 2008, mirabegron was known as a useful drug for β3-adrenaline receptor agonism for the treatment of overactive bladder (OAB).  (*See, e.g.*, US '532 (an Astellas patent) at claim 6, claim 12, 10:30-33; US '474 (another Astellas patent) at Abstract, claim 1, 3:34-41 ("[mirabegron] is useful as a remedy particularly for overactive bladder")).  Furthermore, US '474 disclosed mirabegron in a tablet dosage form of 100 mg.  (US '474 at

---

[12] The prior art groupings below are for illustrative purposes only.

**B.    EXEMPLARY COMBINATIONS OF PRIOR ART REFERENCES.**

Defendants identify below exemplary combinations of prior art references that render the asserted claims of the '780 patent obvious.  The combinations of references discussed below are not intended to be exhaustive, but rather, to provide examples of combinations of the above references that render the asserted claims of the '780 patent obvious.  Furthermore, Defendants reserve the right to supplement and/or modify these exemplary combinations based on information obtained through discovery, including, but not limited to, additional specific combinations of prior art identified herein or subsequently obtained through fact and expert discovery.

**1.   The Asserted Claims are Obvious Over Takasu in Combination With CA '705, Sako '024, Sako '603, Sugihara, Sako 1996, and/or Chapple, Alone or in Combination, Optionally in View of FDA Guidance, Singh, Welling, Sandberg, Benziger, Alone or in Combination, All in View of a POSA's Knowledge and Skill in September 2008.**

(1)    Summary.

Claims 1-13 and 15-25 are invalid as obvious over Takasu in combination with CA '705, Sako '024, Sako '603, Sugihara, Sako 1996, and /or Chapple, alone or in combination, optionally in view of FDA Guidance, Singh, Welling, Sandberg, Benzinger, alone or in combination, all in view of a skilled person's knowledge and skill in September 2008.

As explained above in Section VI(A), Takasu discloses a pharmaceutical composition comprising 100 mg of mirabegron that is useful as a "remedy for overactive bladder." (Takasu at Abstract; *id.* at [0056], claim 1).  Takasu teaches and/or suggests modified and/or sustained release dosage formulations of mirabegron.  For example, Takasu states that "[t]he drug containing the active ingredient of the present invention may be in any of forms of oral administration," and identifies components commonly used in sustained release formulations. (Takasu at [0027] (identifying hydroxypropyl cellulose, polyvinylpyrrolidone, and enteric

132

Exhibit C

**APPENDIX A – Obviousness of '780 Patent**

| Asserted Claims | Exemplary[1] Invalidating Prior Art |
|---|---|
| **Claim 1** | |
| A pharmaceutical composition, comprising 10 mg to 200 mg of (R)-2-(2-aminothiazol-4-yl)-4'-[2-[(2-hydroxy-2-phenylethyl)amino]ethyl]acetic acid anilide, or a pharmaceutically acceptable salt thereof, | The prior art discloses "[a] pharmaceutical composition, comprising 10 mg to 200 mg of (R)-2-(2-aminothiazol-4-yl)-4'-[2-[(2-hydroxy-2-phenylethyl)amino]ethyl]acetic acid anilide, or a pharmaceutically acceptable salt thereof."<br><br>**Takasu:** *See e.g.*, at Abstract (disclosing mirabegron as a useful remedy for OAB), [0004]-[0005], [0025], [0027] (disclosing that the daily dose of mirabegron is from about 0.01 mg/kg to 100 mg/kg, which is about 0.7 mg to 7000 mg for an average 70 kg person, and that the "[d]ose may be appropriately decided for each case taking symptom, age and sex of the subject to be administered, etc., into consideration"), [0019] (disclosing mirabegron is useful as a remedy for diabetes mellitus and that benign prostatic hyperplasia as one of the causes of OAB), [0035], [0051], [0056]-[0057] (disclosing 100 mg formulation of mirabegron), claim 1 (disclosing "[a] remedy for overactive bladder comprising (R)-2-(2-aminothiazol-4-yl)-4'-[2-[(2-hydroxy-2-phenylethyl )amino] ethyl]acetic acid anilide or a salt thereof as an active ingredient").<br><br>**US '532:** *See e.g.*, at 2:23 – 3:1 (disclosing a class of compounds intended to act as β3 agonists, and salts thereof, and generally disclosing the free base form of compounds of formula (I), where formula (I) includes mirabegron), 10:30-33 (disclosing that β3-adrenoreceptor stimulating compounds would be "useful for prevention and therapy of . . . several diseases which have been reported to be improved by the stimulation of β3-receptor"), 12:20-25 (disclosing that "dose may be appropriately decided depending upon each particular case while taking into consideration symptom, age, sex, etc. of the patient but usually, is around 0.01 mg/kg to 100 mg/kg per day for adults in the case of oral administration"), 20:1-12 (Example 41) (disclosing synthesis of mirabegron as its dihydrochloride form), 39 (Table 3) |

[1] As described in Defendants' accompanying Invalidity Contentions, the Asserted Claims are anticipated and/or obvious, particularly in view of this exemplary prior art, the state of the prior art, and the background knowledge of a POSA.  In light of the overlap between or among certain of the references identified herein, multiple combinations of the references support obviousness, including those identified below.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ASTELLAS PHARMA INC., ASTELLAS IRELAND CO., LTD., and ASTELLAS PHARMA GLOBAL DEVELOPMENT, INC., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| SANDOZ INC., et al., | ) ) |
| Defendants. | ) ) |

C.A. No. 20-1589-JFB-CJB
(Consolidated)

## [PROPOSED] ORDER REGARDING DISCOVERY DISPUTES

The Court having conducted a discovery teleconference on March 28, 2022, and having considered any arguments by the parties in their letter briefing and during the conference,

**IT IS HEREBY ORDERED** this _____ day of _____, 2022 that:

1. The deadline for the close of all fact discovery is May 18, 2022. Defendants' proposal – as set forth in the Stipulation to Amend the Case Schedule (D.I. 303) is **REJECTED**, and Plaintiffs' proposal is **ACCEPTED.** The parties shall not be limited to completing discovery or depositions that were served prior to March 4, 2022, but rather, the parties may serve additional discovery, including deposition notices, before the May 18, 2022 deadline. Any discovery shall be served with appropriate notice in advance of May 18, 2022, and in accordance with the Federal Rules of Civil Procedure and the District of Delaware's Local Rules.  The parties shall retain all rights to object to any discovery served on any bases permitted by the Federal and Local Rules.

1

2. Plaintiffs' request to compel Defendants to amend and/or supplement their respective responses to Astellas's Interrogatory No. 3 is **GRANTED**.  Within (14) days of this Order, each Defendant or Defendant group shall serve an amended or supplemental response to Interrogatory No. 3, which shall, to the extent applicable, (i) disclose or otherwise confirm that they have disclosed any prior art on which they intend to rely for invalidity, (ii) disclose specific combinations of prior art they intend to rely upon in presenting a contention of obviousness, and/or (iii) provide each Defendant's position on how a POSA would have been motivated to combine the art with a reasonable expectation of success.

_____
UNITED STATES MAGISTRATE JUDGE

ME1 39930874v.1

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel hereby certifies that true and correct copies of the foregoing document were caused to be served on March 17, 2022 on the following counsel in the manner indicated:

### <u>VIA EMAIL:</u>

Dominick T. Gattuso
Aaron Nelson
HEYMAN ENERIO GATTUSO & HIRZEL LLP
300 Delaware Ave., Suite 200
Wilmington, DE 19801
Tel.: (302) 472-7300
dgattuso@hegh.law
anelson@hegh.law

William A. Rakoczy
Deanne M. Mazzochi
Rachel Pernic Waldron
Kevin P. Burke
Greg Goldblatt
RAKOCZY MOLINO MAZZOCHI SIWIK LLP
6 West Hubbard Street, Suite 500
Chicago, Illinois 60654
wrakoczy@rmmslegal.com
dmazzochi@rmmslegal.com
rpernicwaldron@rmmslegal.com
kburke@rmmslegal.com
ggoldblatt@rmmslegal.com

*Attorneys for Defendant Sandoz Inc.*

John M. Seaman
ABRAMS & BAYLISS LLP
20 Montchanin Road, Suite 200
Wilmington, DE 19807
(302) 778-1000
Fax: (302) 573-3501
seaman@abramsbayliss.com

ME1 39930921v.1

Deepro R. Mukerjee
Lance A. Soderstrom
KATTEN MUCHIN ROSENMAN LLP
575 Madison  Avenue
New York, NY 10022-2585
(212) 940-8800
deepro.mukerjee@katten.com
lance.soderstrom@katten.com

Joseph M. Janusz
KATTEN MUCHIN ROSENMAN LLP
550 South Tryon Street, Suite 2900
Charlotte, NC 28202-4213
(704) 444-2000
joe.janusz@kattenlaw.com

Jillian M. Schurr
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, IL 60661-3693
(312) 902-5200
jillian.schurr@katten.com

*Attorneys for Defendants Apotex Corp. and Apotex Inc.*

John W. Shaw
Karen E. Keller
Andrew E. Russell
David M. Fry
SHAW KELLER LLP
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
dfry@shawkeller.com

George C. Lombardi
Samantha M. Lerner
Jason Pesick
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60657
(312) 558-5600
glombardi@winston.com
slerner@winston.com
jpesick@winston.com

*Attorneys for Defendants Actavis Elizabeth LLC and Teva Pharmaceuticals USA, Inc.*

Dominick T. Gattuso
HEYMAN ENERIO GATTUSO & HIRZEL LLP
300 Delaware Ave., Suite 200
Wilmington, DE 19801
Tel.: (302) 472-7300
dgattuso@hegh.law

Brian Sodikoff
Martin S. Masar III, Ph.D.
Matthew M. Holub
Catherine O'Brien
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago, Illinois 60661
Tel: (312) 902-5200
brian.sodikoff@katten.com
martin.masar@katten.com
matthew.holub@katten.com
catherine.obrien@katten.com

*Attorneys for Defendants Sawai Pharmaceutical Co., Ltd., Sawai USA, Inc.*

Kenneth L. Dorsney
Cortlan Hitch
MORRIS JAMES LLP
500 Delaware Avenue
Suite 1500
Wilmington, DE 19899-2306
(302) 888- 6855
Fax: (302) 571-1750
kdorsney@morrisjames.com
chitch@morrisjames.com

-3-

Dennies Varughese
Sasha S. Rao
STERNE, KESSLER, GOLDSTEIN & FOX
1100 New York Ave.,
Washington, DC 20005
(202) 371-2600
dvarughese@sternekessler.com
srao@sternekessler.com

*Attorneys for Defendants Aurobindo Pharma Ltd., Aurobindo Pharma USA, Inc.,
and Aurolife Pharma LLC*

Stamatios Stamoulis
Richard Weinblatt
STAMOULIS & WEINBLATT LLC
800 N. West Street, 3rd Floor
Wilmington, DE 19801
(302) 999-1540
stamoulis@swdelaw.com
weinblatt@swdelaw.com

Shashank Upadhye
Yixin Tang
Brent Batzer
Lindsay Eastman
UPADHYE TANG LLP
135 S. LaSalle Street, Suite 1930
Chicago, IL 60603
(312) 327-3326
shashank@ipfdalaw.com
yixin@ipfdalaw.com
brent@ipfdalaw.com
lindsay@ipfdalaw.com

*Attorneys for Defendants Prinston Pharmaceutical Inc., Zhejiang Huahai Pharmaceutical Co.,
Ltd., Huahai US Inc., and Solco Healthcare US, LLC*

Pilar G. Kraman
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
pkraman@ycst.com

ME1 39930921v.1

Michael J. Gaertner
David B. Abramowitz
Carolyn A. Blessing
Emily L. Savas
Jennifer M. Coronel
Smitha B. Uthaman
LOCKE LORD LLP
111 SouthWacker Drive
Chicago, IL 60606
(312) 443-0700
mgaertner@lockelord.com
dabramowitz@lockelord.com
cblessing@lockelord.com
esavas@lockelord.com
jennifer.coronel@lockelord.com
smitha.uthaman@lockelord.com

*Attorneys for Zydus Pharmaceuticals (USA), Inc. and Cadila Healthcare Limited*

John C. Phillips, Jr.
Megan C. Haney
PHILLIPS, MCLAUGHLIN & HALL, P.A.
1200 N. Broom St
Wilmington, DE 19806
(302) 655-4200
jcp@pgmhlaw.com
mch@pgmhlaw.com

William R. Zimmerman
Andrea Cheek
KNOBBE, MARTENS, OLSON & BEAR, LLP
1717 Pennsylvania Ave. N.W., Ste. 900
Washington, D.C. 20006
(202) 640-6400
Bill.zimmerman@knobbe.com
Andrea.cheek@knobbe.com

Carol Pitzel Cruz
KNOBBE, MARTENS, OLSON & BEAR, LLP
925 Fourth Avenue, Ste. 2500
Seattle, WA 98104
(206) 405-2000
Carol.pitzel.cruz@knobbe.com

*Attorneys for Lupin Ltd. and Lupin Pharmaceuticals, Inc.*

Dated: March 17, 2022

*/s/ Daniel M. Silver*
Daniel M. Silver (#4758)