# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASTELLAS PHARMA INC. et al., ) </br> ) </br> Plaintiffs, ) </br> ) </br> v. ) </br> ) </br> SANDOZ INC. et al., ) </br> ) </br> Defendants. ) </br> ) | C.A. No. 20-1589-JFB-CJB |

## STIPULATION AND [PROPOSED] ORDER NARROWING ISSUES IN DISPUTE

WHEREAS, Plaintiffs Astellas Pharma Inc., Astellas Ireland Co., Ltd., and Astellas Pharma Global Development, Inc. (collectively, "Plaintiffs") are the holders of New Drug Application No. 202611 ("the NDA");

WHEREAS, one or more of the Defendants Prinston Pharmaceutical Inc., Zhejiang Huahai Pharmaceutical Co., Ltd., Huahai US Inc., and Solco Healthcare US, LLC (collectively, "Prinston" or "Defendant") are the holders of Abbreviated New Drug Application No. 209475 ("Prinston's ANDA") covering 25 mg and 50 mg mirabegron extended-release tablets;

WHEREAS, "Prinston's ANDA Product" means the final dosage form product that meets the specifications of, and is the subject of Prinston's ANDA No. 209475;

WHEREAS, Plaintiffs filed their Complaint in the above-captioned proceeding ("this Action") against Prinston asserting their infringement of U.S. Patent No. 10,842,780 (the "'780 Patent") under 35 U.S.C. § 271(e)(2)(A) and § 271(a);

WHEREAS, Plaintiffs served their First Set of Requests to Defendants for the Production of Documents and Things Nos. 1-3 in this Action on Prinston on April 14, 2021;

WHEREAS, Request for Production No. 2 requested production of representative samples of each Excipient that is required to Manufacture Prinston's ANDA Product;

WHEREAS, Plaintiffs sought deposition testimony including, *inter alia*, the excipients of Prinston's ANDA Product;

WHEREAS, Plaintiffs and Prinston agree that by making this joint stipulation, neither Plaintiffs nor Prinston shall be deemed to have delayed and/or to have failed to reasonably cooperate in expediting this Action;

WHEREAS, Plaintiffs maintain that production of Prinston's excipients and testimony regarding the excipients is necessary if Prinston continues to challenge that the molecular weight and solubility limitations of the '780 Patent are met by its ANDA Product;

WHEREAS, in an effort to streamline the parties' efforts and the issues in this case and to avoid unnecessary time, burden, and expense associated with discovery, Astellas is willing to forgo Prinston's productions of the requested excipients, and limit the scope of deposition testimony it seeks from Prinston, if Prinston will stipulate that the molecular weight and solubility limitations of the '780 Patent are met by Prinston's ANDA Product;

IT IS HEREBY STIPULATED AND AGREED by Plaintiffs and Prinston, subject to the approval of the Court, that:

1. Prinston's ANDA Product meets the "hydrogel-forming polymer having an average molecular weight of 100,000 to 8,000,000" limitation of Claims 1–5, 15–21 of the '780 Patent;

2. Prinston's ANDA Product meets the "average molecular weight of the hydrogel-forming polymer is 100,000 to 2,000,000" limitation of Claim 15 of the '780 Patent;

3. Prinston's ANDA Product meets the "average molecular weight of the hydrogel-forming polymer is 100,000 to 5,000,000" limitation of Claim 21 of the '780 Patent;

4. Prinston's ANDA Product meets the "additive having a water solubility of at least 0.1 g/mL at 20±5° C." limitation of Claims 1–5, 15–21 of the '780 Patent;

5. Prinston will not challenge infringement of the '780 Patent on the basis that the average molecular weight limitation of Claims 1–5, 15–21 is not met by Prinston's ANDA Product;

6. Prinston will not challenge infringement of the '780 Patent on the basis that the average molecular weight limitation of Claim 15 is not met by Prinston's ANDA Product;

7. Prinston will not challenge infringement of the '780 Patent on the basis that the average molecular weight limitation of Claim 21 is not met by Prinston's ANDA Product;

8. Prinston will not challenge infringement of the '780 Patent on the basis that the water solubility limitation of Claims 1–5, 15–21 is not met by Prinston's ANDA Product;

9. For purposes of proving infringement by Prinston's ANDA Product, it is not necessary for Plaintiffs to offer any proof regarding the average molecular weight and water solubility limitations of the '780 Patent;

10. Plaintiffs withdraw their Request for Production No. 2 directed to Prinston.

11. Plaintiffs will not seek deposition testimony from Prinston regarding the average molecular weight or water solubility of individual excipients of Prinston's ANDA Product;

12. Plaintiffs and Prinston make this Stipulation without prejudice to or waiver of their rights on any appeal of any judgment of this Court, except with respect to the matters as stipulated herein.

ME1 40522814v.1

Dated: May 11, 2022

| MCCARTER & ENGLISH, LLP | STAMOULIS & WEINBLATT LLC |
|---|---|
| /s/ *Alexandra M. Joyce* | /s/ *Richard C. Weinblatt* |
| Daniel M. Silver (#4758) | Stamatios Stamoulis (#4606) |
| Alexandra M. Joyce (#6423) | Richard C. Weinblatt (#5080) |
| Renaissance Centre | 800 N. West Street, 3rd Floor |
| 405 N. King Street, 8th Floor | Wilmington, Delaware 19801 |
| Wilmington, Delaware 19801 | (302) 999-1540 |
| (302) 984-6300 | stamoulis@swdelaw.com |
| dsilver@mccarter.com | weinblatt@swdelaw.com |
| ajoyce@mccarter.com | |

*Attorneys for Plaintiffs Astellas Pharma Inc., Astellas Ireland Co., Ltd., and Astellas Pharma Global Development, Inc.*

*Attorneys for Defendants Prinston Pharmaceutical Inc., Zhejiang Huahai Pharmaceutical Co., Ltd., Huahai US Inc., and Solco Healthcare US, LLC.*

IT IS SO ORDERED, this _____ day of May, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

ME1 40522814v.1