IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASTELLAS PHARMA INC., ASTELLAS IRELAND CO., LTD., and ASTELLAS PHARMA GLOBAL DEVELOPMENT, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>SANDOZ INC., et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) C. A. No. 20-1589-JFB-CJB<br>) **CONSOLIDATED**<br>)<br>)<br>) |

**STIPULATION AND [PROPOSED] ORDER TO STAY CLAIMS
AND BE BOUND BY RESULT IN LITIGATION**

WHEREAS, on November 24, 2020, Plaintiffs filed a complaint against the defendants in the above captioned case, *Astellas Pharma Inc., et al. v. Sandoz Inc., et al.*, C.A. No. 20-01589-JFB-CJB ("the Action"), alleging infringement of U.S. Patent No. 10,842,780 ("the Patent-In-Suit") based on their Abbreviated New Drug Applications ("ANDA") seeking approval to market generic versions of Plaintiffs' Myrbetriq® products prior to the expiry of the Patent-In-Suit and the pediatric exclusivity attached to it;

WHEREAS, on March 24, 2021, Plaintiffs filed a complaint against the defendants in the above captioned case, *Astellas Pharma Inc., et al. v. Aurobindo Pharma Ltd., et al.*, C.A. No. 21-00425-JFB-CJB ("the Second Action"), alleging infringement of U.S. Patent No. 10,842,780 ("the Patent-In-Suit") based on their Abbreviated New Drug Applications ("ANDA") seeking approval to market generic versions of Plaintiffs' Myrbetriq® products prior to the expiry of the Patent-In-Suit and the pediatric exclusivity attached to it;

WHEREAS, Actavis Elizabeth LLC, Actavis LLC and Teva Pharmaceuticals USA, Inc. ("Actavis") are included as defendants in the Action and the Second Action based upon their submission of ANDA No. 209368 which seeks approval to market a generic version of Plaintiffs' Myrbetriq® products ("the Actavis ANDA Product") prior to the expiration of the Patent-In-Suit;

WHEREAS, Plaintiffs and Actavis have agreed to a procedure to streamline and expedite resolution of disputed issues and to conserve party and judicial resources by agreeing that Plaintiffs and Actavis shall be bound, in accordance with the terms explained in paragraph 2 hereafter, by any final judgment of the District Court concerning the Patent-In-Suit entered in the Action following actual litigation on the merits (i.e., excluding judgment that is entered as a result of settlement, consent judgment, stipulated judgment, sanctions, procedural default, or other judgment or disposition that is not an actual contested decision on the merits of the Action);

WHEREAS, Plaintiffs and Actavis agree that by making this joint stipulation, neither Plaintiffs nor Actavis shall be deemed to have delayed and/or to have failed to reasonably cooperate in expediting the Action or the Second Action;

NOW THEREFORE, the parties hereby stipulate and agree as follows, subject to approval by the Court:

1. All claims between Plaintiffs and Actavis and all proceedings and acts involving Actavis in the Action and the Second Action shall be stayed in their entirety pending the conclusion of the Action, with the exception that Actavis will confirm that it has produced all

communications to date between Actavis and the U.S. Food & Drug Administration relating to the Actavis ANDA Product.

2. If judgment of the District Court regarding the validity and/or infringement of the asserted claims of the Patent-In-Suit (which does not include a judgment that is entered as a result of settlement, consent judgment, stipulated judgment, sanctions, procedural default, or other judgment or disposition that is not an actual contested decision on the merits of the case) as to at least one defendant is entered, then Plaintiffs and Actavis agree as follows:

    a. Subject to subparagraph 2 d., Plaintiffs and Actavis will be bound by the judgment of the District Court in the Action.

    b. Following the judgment of the District Court, a judgment will be entered in favor of either Plaintiffs and/or Actavis. That is, if judgment of the District Court is entered in Plaintiffs' favor with respect any of the asserted claims, then a judgment shall be entered for Plaintiffs and against Actavis with respect to infringement and validity of those asserted claims of the Patent-In-Suit. On the other hand, if judgment of the District Court is entered against Plaintiffs with respect any of the asserted claims, then a judgment shall be entered for Actavis and against Plaintiffs with respect to non-infringement and/or invalidity of those asserted claims of the Patent-In-Suit.

    c. Notwithstanding the above, any judgment of the District Court entered in the Action concerning the issues of willful infringement and/or exceptional case under 35 U.S.C. § 285, or costs under 28 U.S.C. §

        1920, or any other decision or ruling on fees or costs, shall not be entered in favor of or against Actavis as it pertains to the Action.

    d.    Notwithstanding the above, nothing in this agreement will prevent Plaintiffs or Actavis from appealing or participating in the appeal of any judgment of the District Court that is referenced in subparagraph 2.a. with the exception that Actavis may not appeal or participate in the appeal of any portion of such judgment that relates to issues of willful infringement and/or exceptional case under 35 U.S.C. § 285, or costs under 28 U.S.C. § 1920, or any other decision or ruling on fees or costs. Moreover, Plaintiffs and Actavis will be bound by any Final Judgment[1] that results from such an appeal, unless the United States Supreme Court grants certiorari and issues a decision on the merits, in which case Plaintiffs and Actavis will be bound by that judgment and any subsequent Final Judgment in the event of a remand. To the extent Actavis imports, sells, offers for sale, or manufactures in the United States the Actavis ANDA Product prior to both the expiration of the Patent-In-Suit including any marketing exclusivities associated with the Patent-In-Suit and entry of any such Final Judgment, Plaintiffs retain their right to seek relief, including injunctive relief, damages, enhanced

---

[1] Final Judgment shall mean a judgment on the merits on validity and/or infringement of the asserted claims from which no appeal can be taken other than a petition to the United States Supreme Court for a writ of certiorari. With respect to a decision on appeal, it will be considered final when the Federal Circuit Court of Appeals issues its mandate and no further proceedings on remand are required or have been completed, including any further appeal.

damages and any other equitable relief, and nothing in this agreement in any way limits the relief that may be sought by Plaintiffs.

3. In the event of any settlement with any other defendant of the Action that results in such other defendant receiving a license, covenant, or other authorization to market a generic equivalent of Myrbetriq ® in the United States under the Patent-In-Suit, Plaintiffs shall inform Actavis of the effective date of such license, covenant, or other authorization, and Actavis will have the option to settle the Action on terms that are materially the same. At Actavis's request, Astellas will promptly prepare a settlement agreement embodying such materially similar terms and Actavis will have twenty (20) business days to accept or reject that settlement agreement unless otherwise extended by Astellas.

4. Plaintiffs and Actavis agree to engage in good faith negotiations, commencing on or about June 15, 2022, for a period of up to 180 days, but expiring no later than 30 days prior to a trial on the merits in the Action, to reach a settlement of all of their claims against each other in this Action. After the expiration of this negotiation period, Plaintiffs and Actavis will have no further obligation to continue to engage in such good faith negotiations.

5. If the Action is resolved as to all of the other defendants (except any other defendants who have agreed to stay their case pending resolution of the Action) by settlement or any other type of stipulated, consent or otherwise agreed final judgment or dismissal (such as a dismissal that results from the withdrawal of a defendant's ANDA or conversion to a Paragraph III certification) prior to the entry of a Final Judgment, then Plaintiffs and Actavis will agree to execute an agreement and be bound by settlement terms materially the same as the terms of the then last executed settlement agreement entered between Plaintiffs and any other defendant in the Action.

6. Actavis agrees that it will not import, sell, offer for sale, or manufacture in the United States the Actavis ANDA Product prior to the earliest of (1) the expiration of the Patent-In-Suit including any marketing exclusivities associated with the Patent-In-Suit; (2) the entry of a Final Judgement in the Action holding all the asserted claims of the Patents-In-Suit not-infringed and/or invalid; (3) the authorized entry date of the Actavis ANDA Product pursuant to a license to the Patent-In-Suit.

7. If Actavis imports, sells, offers for sale, or manufactures in the United States in breach of the terms of paragraph 6, then Plaintiffs and Actavis agree that this Order to Stay Claims shall be lifted upon the request and motion of Plaintiffs. Plaintiffs and Actavis further agree that either Plaintiffs or Actavis may move to lift the stay for good cause shown under any other circumstance which, in the District Court's judgment, taking into account Plaintiffs and Actavis's agreements as stated herein and without relieving Plaintiffs or Actavis of the spirit of the obligations entered into herein, renders enforcement of Plaintiffs and Actavis's agreed stay unjust or inequitable. In the event the stay is lifted pursuant to this paragraph, Plaintiffs and Actavis further agree to meet and confer regarding an appropriate schedule for the remainder of the litigation.

| | |
|---|---|
| */s/ Daniel M. Silver*  <br>Daniel M. Silver (#4758)  <br>Alexandra M. Joyce (#6423)  <br>MCCARTER & ENGLISH, LLP  <br>405 N. King St., 8th Floor  <br>Wilmington, DE 19801  <br>(302) 984-6331  <br>dsilver@mccarter.com  <br>ajoyce@mccarter.com  <br><br>*Attorneys for Plaintiffs Astellas Pharma Inc., Astellas Ireland Co., Ltd., and Astellas Pharma Global Development, Inc.*  <br><br>Dated: July 12, 2022 | */s/ Andrew E. Russell*  <br>John W. Shaw (No. 3362)  <br>Karen E. Keller (No. 4489)  <br>Andrew E. Russell (No. 5382)  <br>SHAW KELLER LLP  <br>I.M. Pei Building  <br>1105 North Market Street, 12th Floor  <br>Wilmington, DE 19801  <br>(302) 298-0700  <br>jshaw@shawkeller.com  <br>kkeller@shawkeller.com  <br>arussell@shawkeller.com  <br><br>*Attorneys for Defendants Teva Pharmaceuticals USA, Inc. and Actavis Elizabeth LLC* |

IT IS SO ORDERED this _____ day of _____, 2022.

_____  
UNITED STATES DISTRICT JUDGE