## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ASTELLAS PHARMA INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 20-1589-JFB-CJB |
| v. | ) | (consolidated) |
| | ) | |
| SANDOZ INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWERING LETTER TO JUDGE BURKE IN ADVANCE OF
## NOVEMBER 21, 2022 DISCOVERY TELECONFERENCE

Dated: November 14, 2022

Dear Judge Burke:

Defendants respectfully submit this letter per the Court's Oral Order (D.I. 427) in response to Astellas's discovery dispute letter (D.I. 429) concerning the disputes set forth in the parties' joint letter dated November 2, 2022 (D.I. 420).

### 1. There is no real "dispute" over Defendants' Final Invalidity Contentions

Astellas omits that it never raised the purported "dispute" about sufficiency of the invalidity disclosures in defendants' expert reports in view of the Court's April 2022 Oral Order (D.I. 343) until the parties' telephonic meet and confer on October 26, 2022 concerning defendants' request for additional deposition time with Astellas's primary infringement and validity expert, Dr. Little. *See* D.I. 429, Ex. A at 2 (11/1/22 corr. from D. Abramowitz to C. Romm). Astellas could not then explain its complaints nor the specific relief requested, and as Astellas concedes, defendants complied with the Court's April 2022 Order when serving their final invalidity contentions. *See* D.I. 429 at 2. When Astellas sought clarification regarding defendants' obviousness combinations, defendants advised exactly which of the listed prior art combinations it was relying upon for trial, resolving the matter. *See id.* at Ex. D at 1-2. In the months since, Astellas did not raise any issue. Regardless, Astellas seeks no specific relief, rendering this dispute "moot," choosing instead to interweave its complaints with its request regarding Dr. Chambliss. *See* D.I. 429 at 2.

### 2. Defendants require additional deposition time with Dr. Little

Astellas made a tactical choice to use Dr. Little as its primary expert on infringement and validity, apparently hoping to force defendants into a Sophie's choice—potentially foreclosing the opportunity to examine him on at least one of these issues. Astellas's attempt to prejudice defendants should not be rewarded. Astellas should be required to present Dr. Little for two deposition days to ensure all defendants have a full and fair opportunity to depose Dr. Little. *See* Ex. 5, *Novartis Pharms. Corp. v. Accord Healthcare Inc.*, No. 18-1043-LPS/KAJ, D.I. 215, 216 at ¶ 10(g)(3) (D. Del. Oct. 25, 2018) (ordering fourteen hours of deposition times for experts opining on both infringement and validity); Ex. 6, *The Gillette Co. LLC v. Dollar Shave Club, Inc.*, No. 15-1158-LPS-CJB, D.I. 648 (D. Del. Jan. 3, 2019) (ordering two expert depositions over seven hours because "[w]hen an expert opines on infringement and invalidity the party retaining that expert should expect that a deposition of seven (7) hours may be insufficient").

Dr. Little served essentially ten expert reports: (a) an opening report discussing claim construction and infringement conclusions regarding each of the six remaining defendants; (b) six appendices providing separate infringement opinions for each defendant (relying on three other Astellas experts); (c) a supplemental report offering opinions on infringement based on testing of Aurobindo's samples; (d) a rebuttal report on validity discussing § 112 defenses, obviousness, and secondary considerations; and (e) a reply report on infringement. *See* D.I. 411-12, 416, 432. Yet, Astellas suggests that defendants should be limited to seven hours to depose Dr. Little, while requesting fourteen hours to depose Dr. Chambliss who has only opined on validity issues.

The inequity in Astellas's proposal is even more apparent in view of the complexity and scope of Dr. Little's infringement opinions. Dr. Little offers individual infringement opinions for each defendant, which rely on both that defendant's confidential documents and testing of confidential samples *and* all other defendants confidential information (due to purported "similarity" in their products). Defendants Zydus, Lupin, and Sawai all seek separate time to examine Dr. Little on these individual opinions with client representatives present if they choose

1

to attend. Despite the serious confidentiality and practicality issues complicating any attempt to address all of these separate opinions in a single deposition, these defendants have already confirmed their willingness to share seven hours, even though Astellas will be provided a full seven hours of deposition with each of their three separately retained noninfringement experts.

Astellas's letter attempts to deflect from these facts by arguing that Dr. Little's expert reports total fewer pages than Dr. Chambliss. *See* D.I. 429 at 2. That argument, however, falls flat. It is the scope of the opinions that should define the deposition, not the page number.

Thus, to avoid prejudicing defendants, the Court should order Astellas to present Dr. Little for deposition for two full seven hour days to provide defendants sufficient time to examine him on his opinions on validity and infringement.

### 3. Astellas does not require additional deposition time with Dr. Chambliss

Astellas identifies no real prejudice it would sustain should Dr. Chambliss only sit for seven hours of deposition. Indeed, Dr. Chambliss has provided two expert reports (opening and reply) on a single topic—invalidity of the '780 patent—and should sit for one seven hour deposition like all other experts offering opinions on a single issue. Given that defendants plan to share seven hours with Dr. Little on validity issues, defendants only ask for equal treatment.

Astellas's feigned confusion regarding Dr. Chambliss's obviousness opinions does not support its request the Dr. Chambliss give another seven hours of examination. Rather, even a cursory review of Dr. Chambliss's obviousness opinions shows them to be neither "opaque" nor "indecipherable." D.I. 429 at 1. Astellas's four invalidity experts understood those opinions enough to provide hundreds of pages of comprehensive rebuttal reports. *See* Ex. 4.

As demonstrated in the excerpt from one of Dr. Chambliss's obviousness combinations attached as Exhibit 1, Dr. Chambliss discusses only the identified combination references when rendering opinions on the scope and content of the prior art, motivation to combine, and reasonable expectation of success. It appears Astellas's main criticism of Dr. Chambliss's opinions is that he properly couches his obviousness conclusions based on the "knowledge and skill in 2008" of a person of ordinary skill in the art. *See KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 406 (2007) ("Often, it will be necessary for a court to look to…*the background knowledge possessed by a person having ordinary skill in the art*, all in order to determine whether there was an apparent reason to combine the known elements in the fashion claimed by the patent at issue.") (emphasis added).

Astellas's thinly-veiled pretextual complaints focus on Appendices D and E of Dr. Chambliss's opening expert report. Appendix E provides the detailed technical background necessary to support his opinions under 35 U.S.C. § 103 and 112 with citations to prior art references, which are each described in detail in Appendix D. *See* Ex. 2 and 3. Astellas takes the untenable position that by providing citations to background references, Dr. Chambliss created obviousness combinations inconsistent with defendants' final invalidity contentions. D.I. 429 at 3. Had Dr. Chambliss offered these same opinions without including citations, Astellas certainly would seek to exclude any trial testimony as lacking sufficient factual basis. Taken to its logical conclusion, Dr. Chambliss could never comply with the requirements necessary to establish invalidity under Astellas's theory, and the Court should reject Astellas's attempt to create a trick box to ensnare defendants.

2

Additional background references and references used in combination are typically distinguished. *See Brit. Telecoms. PLC v. IAC/InterActiveCorp*, No. CV 18-366-WCB, 2020 WL 3047989, at *5-6 (D. Del. June 8, 2020) (finding IAC did not exceed ordered limit on prior art references and refusing to "impose a strict rule barring any mention of non-charted references for any purpose" because "courts have frequently declined to strike" references used as background material); *see also TQ Delta, LLC v. ADTRAN, Inc.*, No. CV 14-954, 2019 WL 4346530, at *3 (D. Del. Sept. 12, 2019) ("TQ Delta has not been prejudiced by the disclosures of new references and products where Dr. Wesel uses them as background for his invalidity theory.").

To the extent Astellas complains about the number of final obviousness combinations, any fault lies with Astellas. *See id*. at 3. As noted in the Court's April 2022 Oral Order (D.I. 343), Astellas refused to reduce the number of asserted claims in this case. For all but four of the currently asserted claims, defendants are relying on five different prior art combinations that establish obviousness. *See* D.I. 429, Ex. B. at vi-vii. Because Astellas refuses to narrow its case to the claims it will assert at trial (out of twenty-four possibilities), defendants have been required to include five additional combinations that add a reference to each of the five primary combinations in order to address a specific limitation present only in dependent claims 6-9 of the '780 patent, even though these claims are only asserted against a subset of defendants. *See id*.

Astellas also attempts to justify its request based on the "voluminous" page count of Dr. Chambliss's opening expert report. D.I. 429 at 2. This assertion fares no better. Dr. Chambliss's obviousness opinions cover only about one hundred pages of his report, not eight hundred. *See id. at* 3. The other seven hundred pages relate to his § 112 opinions, including most of the Appendices Astellas identifies. *See* D.I. 429, Ex. B at ii-vii. Astellas has no complaints regarding Dr. Chambliss's § 112 opinions, so it should have no issue completing Dr. Chambliss's deposition in the regularly allotted time under the Scheduling Order. *See* D.I. 88 at ¶ 8(f)(ii).

For these reasons, the Court should deny Astellas's request to depose Dr. Chambliss for fourteen hours.

Dated:  November 14, 2022

| YOUNG CONAWAY STARGATT & TAYLOR, LLP | HEYMAN ENERIO GATTUSO & HIRZEL LLP |
|---|---|
| */s/ Pilar G. Kraman* | */s/ Dominick T. Gattuso* |
| Pilar G. Kraman (#5199) | Dominick T. Gattuso (#3630) |
| Rodney Square | Elizabeth A. DeFelice (#5474) |
| 1000 North King Street | 300 Delaware Ave., Suite 200 |
| Wilmington, DE 19801 | Wilmington, DE 19801 |
| (302) 571-6600 | (302) 472-7300 |
| pkraman@ycst.com | dgattuso@hegh.law |
|  | edefelice@hegh.law |
| *Attorneys for Zydus Pharmaceuticals (USA) Inc. and Zydus Lifesciences Limited* | *Attorneys for Defendant Sandoz Inc. and Lek Pharmaceuticals d.d.* |

3

| | |
|---|---|
| ABRAMS & BAYLISS LLP | HEYMAN ENERIO GATTUSO & HIRZEL LLP |
| /s/ *Christopher F. Cannataro* <br> John M. Seaman (#3868) <br> Christopher F. Cannataro (#6621) <br> 20 Montchanin Road, Suite 200 <br> Wilmington, DE 19807 <br> (302) 778-1000 <br> seaman@abramsbayliss.com <br> cannataro@abramsbayliss.com <br><br> *Attorneys for Defendants Apotex Corp. and Apotex Inc.* | /s/ *Dominick T. Gattuso* <br> Dominick T. Gattuso (#3630) <br> Elizabeth A. DeFelice (#5474) <br> 300 Delaware Ave., Suite 200 <br> Wilmington, DE 19801 <br> (302) 472-7300 <br> dgattuso@hegh.law <br> edefelice@hegh.law <br><br> *Attorneys for Defendants Sawai Pharmaceutical Co., Ltd., Sawai USA, Inc., Solara Active Pharma Sciences Ltd. and Strides Pharma Science Limited* |
| STAMOULIS & WEINBLATT LLC | PHILLIPS, MCLAUGHLIN & HALL, P.A. |
| /s/ *Richard C. Weinblatt* <br> Stamatios Stamoulis (#4606) <br> Richard C. Weinblatt (#5080) <br> 800 N. West Street, 3rd Floor <br> Wilmington, DE 19801 <br> (302) 999-1540 <br> stamoulis@swdelaw.com <br> weinblatt@swdelaw.com <br><br> *Attorneys for Defendants Prinston Pharmaceutical Inc., Zhejiang Huahai Pharmaceutical Co., Ltd., Huahai US Inc., and Solco Healthcare US, LLC* | /s/ *Megan C. Haney* <br> John C. Phillips, Jr. (#110) <br> David A. Bilson (#4986) <br> Megan C. Haney (#5016) <br> 1200 N. Broom St <br> Wilmington, DE 19806 <br> (302) 655-4200 <br> jcp@pmhdelaw.com <br> dab@pmhdelaw.com <br> mch@pmhdelaw.com <br><br> *Attorneys for Lupin Ltd. and Lupin Pharmaceuticals, Inc.* |

cc: All counsel of record (via CM/ECF)

4