**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| ASTELLAS PHARMA INC., et al., | ) ) ) | |
| Plaintiffs, | ) | C.A. No. 20-1589-JFB-CJB |
| v. | ) | (consolidated) |
| SANDOZ INC., et al., | ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' SURREPLY LETTER TO JUDGE BURKE IN ADVANCE OF
<u>NOVEMBER 21, 2022 DISCOVERY TELECONFERENCE</u>**

Dated:  November 18, 2022

Dear Judge Burke

We write on behalf of defendants in response to Astellas's reply letter (D.I. 434).

Astellas appears confused about the discovery disputes it claims to be raising. Astellas initially insisted that the parties identify two separate disputes in the joint request for teleconference: one pertaining to the length of Dr. Chambliss's deposition; and another concerning "the [s]ufficiency of Defendants' expert disclosures" in light of the Court's prior Order with respect to defendants' Final Invalidity Contentions. *See* D.I. 420 at ¶¶ 2-3. Astellas did not differentiate between these disputes in its opening letter, and concedes in its reply that both disputes seek the same remedy— additional deposition time with Dr. Chambliss. *See* D.I. 429 at 1-2; D.I. 434 at 1. As such, Astellas really has one discovery dispute to present before the Court, *i.e.*, whether Dr. Chambliss's deposition should be extended to fourteen hours. Defendants' opening letter (D.I. 433) explains why Astellas has not demonstrated the prejudice required for such relief.

Astellas's reply completely pivots the basis for its request with respect to Dr. Chambliss's deposition. *See* D.I. 434 at 1. Initially, Astellas argued that Dr. Chambliss's straightforward obviousness opinions alone justified an additional seven hours of deposition time due to their length and opacity. *See* D.I. 429 at 1-2. Now, Astellas complains that Dr. Chambliss's § 112 opinions are too lengthy, though it never explains what about those opinions it cannot comprehend or why it needs more time to cover both § 112 issues and obviousness with Dr. Chambliss other than because defendants seek more time with Dr. Little on those same topics. *See* D.I. 434 at 1.

Astellas boldly argues the number of pages in Dr. Chambliss's reports (~950) requires him to endure two full days of deposition despite its position regarding Dr. Little, whose reports are similarly lengthy. *See id.* at 1-2 (admitting that Dr. Little served 757 pages of expert reports). Astellas tries to obscure this inconsistency based on one of several findings in *Pharmacyclics* and *Intellectual Ventures* justifying extra deposition time—page length. *See id.* at 2. That selective analysis ignores the other considerations weighed by these courts, including subject matter, complexity, and the number of parties requiring deposition time. *See id.*

Dr. Chambliss will be deposed by a single party (Astellas) on a single subject matter—invalidity, while at least four parties require deposition time with Dr. Little concerning both common validity and infringement opinions and individual infringement opinions as to each defendant. *See Pharmacyclics LLC v. Sandoz Inc.*, No. 18-00192-CFC-CJB, D.I. 433 (D. Del. Aug. 6, 2020) (ordering extra time for deposition of experts opining on both invalidity and noninfringement against multiple parties); *see also Intellectual Ventures I LLC v. Xilink Inc.*, No. 10-1065-LPS, D.I. 429 at 2-3 (noting experts ordered to sit for depositions over seven hours had served infringement reports against multiple defendants or opined on both infringement and invalidity). Weighing these factors together supports extra deposition time with Dr. Little, not more deposition time with Dr. Chambliss. Astellas's positions look even more out of proportion when examining the scope of the parties' requests: (1) defendants, paralleling those in *Intellectual Ventures*, request less deposition time with Dr. Little (fourteen hours) than Astellas currently is entitled to with Dr. Chambliss and the three independent infringement experts (twenty-eight hours); (2) Astellas requests more deposition time with Dr. Chambliss and Dr. Chancellor who only opine on invalidity (twenty-one hours) than defendants are currently entitled to with Dr. Little and Dr. Nitti who offer infringement and validity opinions (fourteen hours). *See id.*

1

Astellas's argument that Dr. Little's deposition should not be extended because he relies on the opinions of other experts actually supports defendants' position by emphasizing the complexity of Dr. Little's opinions.  Defendants now must unwind how the various nested opinions fit together in Dr. Little's ultimate conclusions.  Defendants should be permitted the time necessary to dissect the extent of Dr. Little's reliance, adoption, and rejection of these subsidiary opinions and how he used these other opinions to reach his ultimate conclusions.  *See* Fed. R. Civ. P. 26(e)(2).  Indeed, any inconsistencies between the experts' opinions could weigh on key issues of credibility.

Astellas also asserts that Dr. Chambliss should sit for more than seven hours of deposition because each of his obviousness combinations "rely on ~150 references."  D.I. 434 at 1.  That argument fails under any scrutiny.  Astellas offers this exaggeration without ever attempting to determine which background references were cited by Dr. Chambliss in support of his § 112 opinions as opposed to laying a foundation for obviousness, even though specific citations exist in the § 112 opinions disclosed in the body of his expert reports.  Even a cursory reading of his opinions demonstrates that Dr. Chambliss's ten obviousness combinations include six or less prior-art references and those combinations could be limited further if Astellas were asserting only the two independent claims it refers to (D.I. 434 at 2) rather than an additional twenty-two dependent claims with added limitations.  *See* D.I. 429, Ex. B. at vii, X.5.b.  Defendants are not relying on any additional background references to fill gaps in their obviousness case.

Dr. Chambliss authored his technical background section to support the technology tutorial he will present at trial concerning the basic scientific facts a skilled formulator would already know when evaluating the disclosures of the '780 patent and the prior art identified in his obviousness combinations.  *See id.* at 1.  Astellas has the opportunity to examine Dr. Chambliss on that background knowledge during its seven hours of deposition.  Thus, Astellas has not been—and will not be—prejudiced by Dr. Chambliss's disclosure of background references as shown by the decisions in *TQ Delta* and *British Telecomms* cited in Astellas's own reply (D.I. 434 at 1, n.1). *See TQ Delta, LLC v. ADTRAN, Inc.*, No. 14-494-RGA, 2019 WL 4346530, *3 (D. Del. Sep. 12, 2019) (finding no prejudice in the disclosure of prior art used as background to invalidity opinions, especially in light of opportunity to depose expert without any extension of deposition time); *see also British Telecomms. PLC v. IAC/InterActive Corp.*, No. 18-366-WCB, 2020 WL 3047989, *6 (D. Del. June 8, 2020) (noting courts routinely permit references both identified and not identified in invalidity contentions as background references for the purposes of invalidity).

For these reasons, defendants respectfully request the Court order Dr. Little to sit for fourteen hours of deposition split evenly between infringement and invalidity issues and deny Astellas's request for fourteen hours of deposition time with Dr. Chambliss.

Dated:  November 18, 2022

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

/s/ Pilar G. Kraman
Pilar G. Kraman (#5199)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
pkraman@ycst.com

*Attorneys for Zydus Pharmaceuticals (USA)
Inc. and Zydus Lifesciences Limited*


ABRAMS & BAYLISS LLP

/s/ Christopher F. Cannataro
John M. Seaman (#3868)
Christopher F. Cannataro (#6621)
20 Montchanin Road, Suite 200
Wilmington, DE 19807
(302) 778-1000
seaman@abramsbayliss.com
cannataro@abramsbayliss.com

*Attorneys for Defendants Apotex Corp.
and Apotex Inc.*


STAMOULIS & WEINBLATT LLC

/s/ Richard C. Weinblatt
Stamatios Stamoulis (#4606)
Richard C. Weinblatt (#5080)
800 N. West Street, 3rd Floor
Wilmington, DE 19801
(302) 999-1540

HEYMAN ENERIO GATTUSO &
HIRZEL LLP

/s/ Dominick T. Gattuso
Dominick T. Gattuso (#3630)
Elizabeth A. DeFelice (#5474)
300 Delaware Ave., Suite 200
Wilmington, DE 19801
(302) 472-7300
dgattuso@hegh.law
edefelice@hegh.law

*Attorneys for Defendant Sandoz Inc. and
Lek Pharmaceuticals d.d.*


HEYMAN ENERIO GATTUSO & HIRZEL
LLP

/s/ Dominick T. Gattuso
Dominick T. Gattuso (#3630)
Elizabeth A. DeFelice (#5474)
300 Delaware Ave., Suite 200
Wilmington, DE 19801
(302) 472-7300
dgattuso@hegh.law
edefelice@hegh.law

*Attorneys for Defendants Sawai
Pharmaceutical Co., Ltd., Sawai USA, Inc.,
Solara Active Pharma Sciences Ltd. and
Strides Pharma Science Limited*


PHILLIPS, MCLAUGHLIN & HALL,
P.A.

/s/ Megan C. Haney
John C. Phillips, Jr. (#110)
David A. Bilson (#4986)
Megan C. Haney (#5016)
1200 N. Broom St
Wilmington, DE 19806

stamoulis@swdelaw.com
weinblatt@swdelaw.com

*Attorneys for Defendants Prinston
Pharmaceutical Inc., Zhejiang Huahai
Pharmaceutical Co., Ltd., Huahai US Inc.,
and Solco Healthcare US, LLC*

(302) 655-4200
jcp@pmhdelaw.com
dab@pmhdelaw.com
mch@pmhdelaw.com

*Attorneys for Lupin Ltd. and
Lupin Pharmaceuticals, Inc.*