# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ASTELLAS PHARMA INC., et al., ) | |
| ) | C.A. No. 20-1589-JFB-CJB |
| Plaintiffs, ) | |
| v. ) | (Consolidated) |
| ) | |
| SANDOZ INC., et al., ) | ▮▮▮▮▮▮▮▮▮▮▮▮ |
| ) | |
| Defendants. ) | |
| ) | PUBLIC VERSION FILED: November 23, 2022 |

### REPLY LETTER TO THE HONORABLE CHRISTOPHER J. BURKE
### FROM DANIEL M. SILVER, ESQ. REGARDING EXPERT DISCOVERY DISPUTE

Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
MCCARTER & ENGLISH, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiffs Astellas Pharma Inc., Astellas Ireland Co., Ltd., and Astellas Pharma Global Development, Inc.*

Dear Judge Burke:

Defendants' argument that there is "no real 'dispute' over Defendants' Final Invalidity Contentions" (DI. 433 at 2) is wrong and should be rejected. Defendants suggest any failure to comply with the Court's April 2022 Order is now moot because Astellas allegedly did not raise the issue prior to an October meet and confer, nor request a specific remedy in their Opening Letter. *Id.* Defendants are flat wrong. In fact, Astellas promptly raised the issue after Defendants served their Final Invalidity Contentions (D.I. 429 at 47) and, in response, Defendants misrepresented that they were no longer relying on their improperly included "exemplary" combinations. D.I. 429 at 45-47. That misrepresentation only became apparent when they served Dr. Chambliss's report. As a remedy, Astellas is seeking a 14-hour deposition with Dr. Chambliss so that Astellas may attempt to elucidate Defendants' invalidity defenses and then be given the opportunity to challenge the sufficiency of Dr. Chambliss's opinions and/or reports, to the extent he is not forthcoming in his deposition. *Id.* at 55.

Keenly aware of the sheer volume of Dr. Chambliss's reports and opinions, Defendants attempt to misbrand them as comprising "a single topic." DI. 433 at 3. That mischaracterization should also be rejected. Dr. Chambliss's opening and reply reports, combined, exceed 950 pages and cover varied invalidity grounds, including Lack of Enablement, Written Description, Indefiniteness, and Obviousness. D.I. 429 at 15-21. The Lack of Enablement section alone covers 10 distinct topics: (1) "Broad Route of Administration Limitations;" (2) "Broad Dosage Form Limitations;" (3) "Broad Mirabegron Drug Substance Limitations;" (4) "Different Types, Grades and Combinations of Hydrogel-Forming Polymers;" (5) "Different Amounts and Concentrations of Hydrogel-Forming Polymers;" (6) "Different Types, Grades and Combinations of Water Soluble Additives;" (7) "Different Amounts and Concentrations of Water Soluble Additives;" (8) "'Comprising' Further Broadens the Claims;" (9) "No Stability or PK Limitations;" and (10) "The Asserted Claims Cover Many Variables…." *Id*. at 16-17. And even this list of topics does not fully capture the scope of Dr. Chambliss's reports and opinions. With respect to obviousness, Dr. Chambliss s relies on ten obviousness combinations, each of which rely on ~150 references (with over 140 of those included under the umbrella of "a skilled person's knowledge and skill in September 2008").[1] By including such broad and voluminous opinions in Dr. Chambliss's reports, Defendants have buried their true invalidity arguments amongst excessive clutter, making it impossible for Astellas not only to determine what Defendants intend to argue at trial in less than 3 months, but also to fully explore those specific trial opinions with Dr. Chambliss at his deposition. Astellas's request for 14 deposition hours with Dr. Chambliss is intended to allow Astellas to

---

[1] The case law Defendants cite in support of their reliance on these references is inapposite. Defendants' attempt to include over 140 references under the umbrella of a skilled person's knowledge is precisely what those courts found problematic. *See TQ Delta, LLC v. ADTRAN, Inc.*, 2019 WL 4346530, at *3 (D. Del. Sept. 12, 2019) ("I agree with TQ Delta, however, that to the extent ADTRAN uses the new references to support specific claim elements, the prejudice cannot be remedied before trial."); *Brit. Telecoms. PLC v. IAC/InterActiveCorp*, 2020 WL 3047989, at *6 (D. Del. June 8, 2020) (cautioning Defendants that references it represents as "background material" were not to be asserted as invalidating prior art). And the prescribed remedy? Depositions of the relevant expert. *See, e.g.*, *TQ Delta, LLC*, 2019 WL 4346530, at *3.

1

understand what invalidity positions Dr. Chambliss intends to take at trial and fully explore those positions in advance.

Apparently acknowledging the excessive number of references and permutations propounded by Dr. Chambliss, Defendants pivot blame onto Astellas, purportedly for refusing "to reduce the number of asserted claims in this case." D.I. 433 at 4. Defendants are again being disingenuous as this is case involves only a single patent with only two independent claims. And Astellas is not asserting all claims of the asserted patent against any of the Defendants, as they well know. But any further reduction has been frustrated by Defendants' attempts to hide-the-ball concerning their invalidity positions, making any further narrowing of the asserted claims profoundly unfair at this juncture.

In an effort to justify additional time with Prof. Little, Defendants again suggest that it was a tactical choice for Astellas to use Prof. Little for both validity and infringement opinions. But the amount of time necessary to depose an expert witness is not determined by the number of issues the witness has addressed, but rather the total scope of the opinions disclosed in his or her expert reports for all issues. *See Pharmacyclics LLC et al v. Fresenius Kabi USA, LLC et al.*, No. 1-18-cv-00192 (CJB), D.I. 433 (D. Del. August 6, 2020) (ordering additional deposition time where there was "a lot of material to cover" regarding the experts' opinions); *Intellectual Ventures I LLC et al v. Xilinx Inc.*, No. 1:10-cv-01065-LPS, D.I. 430 (D. Del. September 18, 2013) (determining appropriate deposition lengths based on such factors as "the number of experts and reports, length of the reports, complexity of the technology, and the number of parties"). As Astellas explained in its Opening Letter (a point Defendants completely ignore), Prof. Little provided a significantly lower number of pages of expert opinions as compared to Dr. Chambliss: 757. And many of those pages are simply not relevant to these issues because they relate to infringement positions that do not appear to be in dispute. Tellingly, Defendants conveniently ignore this fact and that the sole remaining infringement issue is to a single claim element, a point Astellas fully explains in its Opening Letter. And, critically, to support his opinions on that element, Prof. Little relies on overlapping evidence with the other Astellas expert witnesses,[2] each of which Defendants will have an additional 7 hours to depose.[3] As a result, Defendants have made no showing they should be entitled to any additional time with Prof. Little, and their request should be denied.

---

[2] *See, e.g.*, Ex. A, ¶¶ 72 ("I have relied upon Prof. Thisted's methodology, conclusions, and opinions he rendered in his opening report concerning predicted dissolution values for certain Defendants' ANDA Products, as detailed further in the Appendices to my Opening Report."), 75 ("I have relied upon Ms. Gray's dissolution testing as part of my infringement analysis, as detailed further below and in the [Appendices] to my Opening Report.").

[3] Defendants argue that they require separate deposition time with Prof. Little so they can have client representatives present "if they choose to attend." D.I. 433 at 2-3. But who attends a deposition does not change the amount of time on the record.

Respectfully submitted,

*/s/* Daniel M. Silver

Daniel M. Silver (#4758)

cc: Counsel of Record (via E-Mail)

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ASTELLAS PHARMA INC., et al., | ) <br> ) <br> ) C.A. No. 20-1589-JFB-CJB <br> ) <br> ) **Outside Counsel Only - Contains** <br> ) **Confidential Information of Astellas,** <br> ) **Apotex, Lupin, Prinston, Sandoz, Sawai,** <br> ) **Zydus, Aurobindo, and Actavis** <br> ) <br> ) <br> ) |
| Plaintiffs, | |
| v. | |
| SANDOZ INC., et al., | |
| Defendants. | |

**OPENING EXPERT REPORT OF PROF. STEVEN R. LITTLE, PH.D.
CONCERNING INFRINGEMENT OF U.S. PATENT NO. 10,842,780**

CONTAINS CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER

Prof. Thisted found that the prediction errors never exceeded 3.6 percentage points, and that there were no systematic differences in predictive accuracy between the 25 mg and the 50 mg tablets, or between the training and validation sets he used.[56]

72. I have relied upon Prof. Thisted's methodology, conclusions, and opinions he rendered in his opening report concerning predicted dissolution values for certain Defendants' ANDA Products, as detailed further in the Appendices to my Opening Report.

### XII. Dissolution Testing by Ms. Vivian Gray

73. As explained in the Gray Opening Report, Ms. Gray conducted dissolution testing on certain tablet samples in order measure their dissolution rates when tested in accordance with the '780 Patent's dissolution testing claim limitation: "wherein a drug dissolution rate from the pharmaceutical composition is 39% or less after 1.5 hours, and at least 75% after 7 hours, as measured in accordance with United States Pharmacopoeia in 900 mL of a USP buffer having a pH of 6.8 at a paddle rotation speed of 200 rpm."[57]

74. I have reviewed the dissolution testing protocol followed by Ms. Gray,[58] and Ms. Gray's dissolution testing protocol is consistent with the dissolution methods described in Astellas' NDA, which are consistent with those described in the USP, and demonstrates the dissolution rate of the tested samples under the conditions set forth in the dissolution testing claim limitation of the '780 Patent.

75. Accordingly, I have relied upon Ms. Gray's dissolution testing as part of my infringement analysis, as detailed further below and in the to my Opening Report.

---

[56] *Id.* ¶ 84.
[57] '780 Patent at Claims 1, 22.
[58] Gray Opening Report at ¶¶ 42-49; Gray Exhibit 4.

28

## **CERTIFICATE OF SERVICE**

The undersigned counsel certifies that true and correct copies of the foregoing documents were caused to be served on November 16, 2022 on the following counsel in the manner indicated:

### **VIA EMAIL:**

Dominick T. Gattuso
HEYMAN ENERIO GATTUSO & HIRZEL LLP
300 Delaware Ave., Suite 200
Wilmington, DE 19801
Tel.: (302) 472-7300
dgattuso@hegh.law

William A. Rakoczy
Deanne M. Mazzochi
Rachel Pernic Waldron
Greg Goldblatt
RAKOCZY MOLINO MAZZOCHI SIWIK LLP
6 West Hubbard Street, Suite 500
Chicago, Illinois 60654
wrakoczy@rmmslegal.com
dmazzochi@rmmslegal.com
rpernicwaldron@rmmslegal.com
ggoldblatt@rmmslegal.com

*Attorneys for Defendant Sandoz Inc.*

### **VIA EMAIL:**

John M. Seaman
ABRAMS & BAYLISS LLP
20 Montchanin Road, Suite 200
Wilmington, DE 19807
(302) 778-1000
Fax: (302) 573-3501
seaman@abramsbayliss.com

Lance A. Soderstrom
KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, NY 10022-2585
(212) 940-8800
lance.soderstrom@katten.com

Joseph M. Janusz
KATTEN MUCHIN ROSENMAN LLP
550 South Tryon Street, Suite 2900
Charlotte, NC 28202-4213
(704) 444-2000
joe.janusz@kattenlaw.com

Jillian M. Schurr
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, IL 60661-3693
(312) 902-5200
jillian.schurr@katten.com

*Attorneys for Defendants Apotex Corp. and Apotex Inc.*

**VIA EMAIL:**

Dominick T. Gattuso
HEYMAN ENERIO GATTUSO & HIRZEL LLP
300 Delaware Ave., Suite 200
Wilmington, DE 19801
Tel.: (302) 472-7300
dgattuso@hegh.law

Brian Sodikoff
Martin S. Masar III, Ph.D.
Matthew M. Holub
Catherine O'Brien
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago, Illinois 60661
Tel: (312) 902-5200
brian.sodikoff@katten.com
martin.masar@katten.com
matthew.holub@katten.com
catherine.obrien@katten.com

*Attorneys for Defendants Sawai Pharmaceutical Co., Ltd., Sawai USA, Inc.*

-2-

-3-

**VIA EMAIL:**

Pilar G. Kraman
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
pkraman@ycst.com

Michael J. Gaertner
David B. Abramowitz
Carolyn A. Blessing
Emily L. Savas
Smitha B. Uthaman
LOCKE LORD LLP
111 SouthWacker Drive
Chicago, IL 60606
(312) 443-0700
mgaertner@lockelord.com
dabramowitz@lockelord.com
cblessing@lockelord.com
esavas@lockelord.com
smitha.uthaman@lockelord.com

*Attorneys for Defendants Zydus Pharmaceuticals (USA) Inc. and Zydus Lifesciences Limited*

**VIA EMAIL:**

John C. Phillips, Jr.
Megan C. Haney
PHILLIPS, MCLAUGHLIN & HALL, P.A.
1200 N. Broom St
Wilmington, DE 19806
(302) 655-4200
jcp@pgmhlaw.com
mch@pgmhlaw.com

-4-

William R. Zimmerman
Andrea Cheek
KNOBBE, MARTENS, OLSON & BEAR, LLP
1717 Pennsylvania Ave. N.W., Ste. 900
Washington, D.C. 20006
(202) 640-6400
Bill.zimmerman@knobbe.com
Andrea.cheek@knobbe.com

Carol Pitzel Cruz
KNOBBE, MARTENS, OLSON & BEAR, LLP
925 Fourth Avenue, Ste. 2500
Seattle, WA 98104
(206) 405-2000
Carol.pitzel.cruz@knobbe.com

*Attorneys for Lupin Ltd. and Lupin Pharmaceuticals, Inc.*

Dated: November 16, 2022

*/s/ Daniel M. Silver*
Daniel M. Silver (#4758)