**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| ASTELLAS PHARMA INC., et al., | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 20-1589-JFB-CJB |
| v. | ) | (consolidated) |
| | ) | |
| SANDOZ INC., et al., | ) | **REDACTED - PUBLIC VERSION** |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWERING LETTER TO JUDGE BURKE IN ADVANCE OF
<u>DECEMBER 5, 2022 DISCOVERY TELECONFERENCE</u>**

Dated:  November 30, 2022

Dear Judge Burke:

Astellas's belated request for a court order permitting production of each Defendant's Confidential Information ("CI") to all other defendants should be denied. Astellas never disputes that the information it seeks to disclose was properly designated as confidential under the Stipulated Protective Order (D.I. 115). Astellas has not justified overruling Defendants' objections to producing their individual CI to all other Defendants.

Contrary to Astellas's characterization, Astellas seeks to disclose significant amounts of each Defendant's CI as part of its infringement case against other Defendants. Using Lupin as an example, Dr. Little alone relies on more than 1,300 pages of its confidential ANDA submission and the deposition transcript of Lupin's 30(b)(6) witness. *See* Ex. I ("LMIR" bates numbers relate to confidential Lupin documents.) Astellas seeks to disclose similarly large amounts of CI from the other Defendants. *See, e.g.*, *id.*

Astellas treats Defendants as a unified whole, failing to acknowledge that Defendants are unrelated parties and competitors seeking to market separate, competing ANDA products. Defendants are not using the Protective Order as "a sword and a shield." Each Defendant legitimately seeks to protect its CI from disclosure to its competitors.[1] Preventing disclosure of any individual Defendant's CI to its competitors does nothing to protect that Defendant from liability; it only protects its CI from its competitors. *Sony Computer Entm't Am., Inc. v. Nasa Elecs. Corp.* does not support Astellas's position. 249 F.R.D. 378 (S.D. Fla. 2008). *Sony* involved disputes over the scope of a protective order to be entered in the case. Astellas's brief cherry-picks a portion of that case, taken out of context. In that portion, the court considered limitations on the plaintiffs' use of certain confidential information that might be disclosed by the defendant. *Id.* at 383-384. The court rejected the defendant's proposal that the protective order contain a burden-shifting provision regarding contacting potential third-parties identified in confidential documents. *Id.* Here, Defendants seek enforcement of the existing Protective Order, which precludes the production of CI that Astellas now seeks to make.

Astellas overlooks significant prejudice to Defendants if its request is granted. It is not true that "outside counsel already knows the substance of the CI documents." *See* Astellas Br. at 2. The 1000+ pages of CI of each Defendant that Astellas seeks to disclose contain far more information than described in Astellas's expert reports. Astellas also wrongly asserts "there has never been any restriction to disclosing the CI documents (or substance) to any expert witnesses in the case." *See* Astellas Br. at 2-3. It is impossible for a Defendant to disclose to its own expert CI that it never received.[2] If production is ordered at this late stage, Defendants' non-infringement experts will need to analyze and potentially respond to the vast amounts of previously unavailable CI.

The belated timing of Astellas's request significantly prejudices Defendants and provides a sufficient basis for denial. Astellas did not disclose any intention to rely on CI of each Defendant in its infringement case against each other defendant until it served its Final Invalidity Contentions

---

[1] If Astellas's request is granted, even Defendants that settle this litigation would not be able to preclude the use of their CI at trial.
[2] Contrary to Astellas's suggestion, Defendants have not disclosed CI of other Defendants to any of their experts, beyond providing copies of Astellas's expert reports.

on August 19, 2022, well after the close of fact discovery.[3] Despite determining some time prior to August 19th that it intended to rely on each Defendant's CI in its infringement cases against each other Defendant, Astellas sought neither consent nor a court order at that time. Instead, Astellas waited until October 27, 2022 to seek consent from Defendants. See Ex. E to Astellas's Letter at p. 44.[4] With expert reports completed, expert discovery set to close on December 22, 2022, the final pretrial order due on January 13, 2023, and trial set to begin on February 6, 2023, the prejudice to Defendants cannot reasonably be cured. Due to Astellas's belated disclosure of its intention to rely on other Defendants' CI in its infringement cases, Defendants had no reason or opportunity to conduct fact discovery into the other Defendants' ANDA products. Reopening fact discovery at this stage would significantly delay resolution of this case. Moreover, production of the documents at this stage would also necessitate supplemental expert reports from Defendants' noninfringement experts. For example, despite Astellas's reliance on ██████████████████████████████ ████████████████████████████████████████████████████████████████████████ Astellas's expert reports do not reveal the full quantitative formulations or manufacturing processes of each Defendant's ANDA product, impeding Defendants' experts from responding fully to those assertions. See, e.g., Ex. D to Astellas Br. at Appendix L.2 ¶ 41. The additional expert discovery required if Astellas's request is granted would likely delay the remaining deadlines in the Scheduling Order, and threaten the trial date.

To the extent Astellas suggests that the Protective Order "make[s] clear that they would be able to use CI *against each of the Defendants* 'in any court pleadings, filings, briefs, letters, expert reports, discovery requests and responses, and contentions,'" such a reading should be rejected. *See* Astellas Br. at 2 (emphasis added). The Protective Order does not state that Astellas is permitted to *use against each Defendant* the CI of another Defendant. Instead, it states that "Plaintiffs are permitted to include CONFIDENTIAL INFORMATION of one or more Defendant Group in any court pleadings, filings, briefs, letters, expert reports, discovery requests, and responses, and contentions." D.I. 115 at ¶ 15. But permission to include CI in certain case documents, to facilitate the joint nature of this case, does not extend to permitting use of such information *against* all defendants. Astellas apparently believes that the Protective Order relieved it of its obligations under the FRCP to produce materials its experts are relying on to prove liability, such that it could use any Defendant's CI against any other Defendant while precluding Defendants from any opportunity to review or respond to such information.[5]

Astellas asks the Court to disregard whether the CI it seeks to disclose is even relevant (it is not). But "relevance" is a consideration for whether Astellas has met the standard for relief from the Protective Order to permit disclosure of each Defendant's CI to the other Defendants. Because the

---

[3] Fact discovery closed on March 4, 2022, with limited extensions to allow for completion of depositions. D.I. 88, 303, 357, 364. The parties also agreed to multiple requests by Astellas to extend the deadline for final contentions. D.I. 370, 373.

[4] Astellas's assertion that it has been prepared to produce the impacted documents for months is unsupported by fact. Astellas made no attempt to produce the documents to Defendants and did not seek consent until after Defendants raised the issue of Astellas's reliance on documents that had not been produced to Defendants.

[5] Astellas's failure to timely produce the documents it seeks to rely on to prove liability warrants exclusion of those documents at trial under Fed. R. Civ. P. 37(c). Defendants intend to seek such exclusion at the motion *in limine* stage.

documents sought to be disclosed bear no relevance to the infringement inquiry, Defendants' confidentiality interests should not be disregarded. It is well-settled that the Hatch-Waxman inquiry begins and ends with each ANDA product as described in the ANDA. *See Glaxo, Inc. v. Novopharm, Ltd.*, 110 F.3d 1562, 1569 (Fed. Cir. 1997) ("[T]he question of infringement must focus on what the ANDA applicant will likely market if its application is approved . . . ."); *see also Ferring B.V. v. Watson Labs., Inc.-Fla.*, 764 F.3d 1401, 1408 (Fed. Cir. 2014) ("[T]he ultimate infringement inquiry provoked by [an ANDA filing] is focused on a comparison of the asserted patent claims against the product that is likely to be sold *following ANDA approval* and determined by traditional patent law principles.") (emphasis added). As a result, infringement can only be established by testing samples of a product that: (1) have been manufactured using the same process described in an ANDA, (2) contain the exact same quantitative and qualitative composition set forth in the ANDA, and (3) meet the same specifications and expiry described in a defendant's ANDA. *See Merck Sharp & Dohme Corp. v. Amneal Pharms. LLC*, 881 F.3d 1376, 1385 (Fed. Cir. 2018) ("[t]he critical inquiry is whether [the ANDA Product sample] is representative of what is likely to be approved and marketed."); *see also Abbott Labs. v. TorPharm, Inc.*, 300 F.3d 1367, 1373 (Fed. Cir. 2002) ("Because drug manufacturers are bound by strict statutory provisions to sell only those products that comport with the ANDA's description of the drug, an ANDA specification defining a proposed generic drug in a manner that directly addresses the issue of infringement will control the infringement inquiry."); *Ferring*, 764 F.3d at 1409 ("Watson cannot sell the uncoated cores alone because it would not comply with its ANDA specification; to do so would be to sell both an unapproved and adulterated drug in violation of the law."). Astellas's expert reports reveal that it seeks to rely on CI of each Defendant to prove infringement of the disputed ███████ by the other Defendants based on ████████████████. *See, e.g.*, Ex. D to Astellas Br. at Appendix L.2 ¶ 41. Astellas has not demonstrated how ████████████████ is probative of whether each Defendant's ANDA product meets the ████████████████ of the asserted claims.

Finally, Astellas's argument that Defendants misused the Protective Order is incorrect. Astellas does not dispute that the Protective Order requires it to obtain consent or a court order to produce Defendants' CI to other defendants. Astellas Br. at 1 n.1. Astellas also asserts that in the prior mirabegron case, "Defendants objected to using their confidential ANDA filings in [Markman] briefing and hearing, citing the protective order." Astellas Br. at 2 n.5. But review of the hearing transcript shows that Defendants requested to seal the courtroom from members of the public before confidential information was disclosed during the hearing and have the opportunity to redact the transcript. *See* 16-905-JFB-CJB, Tr. from March 23, 2018 Markman Hearing, at 44-45.[6]

For the foregoing reasons, Defendants respectfully request the Court deny Astellas's request to modify the protective order to permit production of each Defendant's CI to all parties.

---

[6] Astellas refers to a previous dispute over the motion *in limine* filed by Zydus and Sawai in *Astellas v. Actavis*, No. 16-905-JFB-CJB, over Astellas's prior attempt to use confidential documents against defendants that had not been produced to them. *See* Astellas Brief at 2, n.5. That dispute concerned approximately twenty documents that Astellas represented were prescribing labels the substance of which defendants were essentially identical to Zydus and Sawai's own labels. *Id.* at 90:8-15. This situation differs greatly from the one here.

Dated:  November 30, 2022

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

/s/ Pilar G. Kraman
Pilar G. Kraman (#5199)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
pkraman@ycst.com

*Attorneys for Zydus Pharmaceuticals (USA)*
*Inc. and Zydus Lifesciences Limited*


ABRAMS & BAYLISS LLP

/s/ Christopher F. Cannataro
John M. Seaman (#3868)
Christopher F. Cannataro (#6621)
20 Montchanin Road, Suite 200
Wilmington, DE 19807
(302) 778-1000
seaman@abramsbayliss.com
cannataro@abramsbayliss.com

*Attorneys for Defendants Apotex Corp.*
*and Apotex Inc.*


PHILLIPS, MCLAUGHLIN & HALL, P.A.

/s/  Megan C. Haney
John C. Phillips, Jr. (#110)
David A. Bilson (#4986)
Megan C. Haney (#5016)
1200 N. Broom St
Wilmington, DE 19806

HEYMAN ENERIO GATTUSO &
HIRZEL LLP

/s/ Dominick T. Gattuso
Dominick T. Gattuso (#3630)
Elizabeth A. DeFelice (#5474)
300 Delaware Ave., Suite 200
Wilmington, DE 19801
(302) 472-7300
dgattuso@hegh.law
edefelice@hegh.law

*Attorneys for Defendant Sandoz Inc. and*
*Lek Pharmaceuticals d.d.*


HEYMAN ENERIO GATTUSO & HIRZEL
LLP

/s/  Dominick T. Gattuso
Dominick T. Gattuso (#3630)
Elizabeth A. DeFelice (#5474)
300 Delaware Ave., Suite 200
Wilmington, DE 19801
(302) 472-7300
dgattuso@hegh.law
edefelice@hegh.law

*Attorneys for Defendants Sawai*
*Pharmaceutical Co., Ltd., Sawai USA, Inc.,*
*Solara Active Pharma Sciences Ltd. and*
*Strides Pharma Science Limited*


STAMOULIS & WEINBLATT LLC

/s/ Richard C. Weinblatt
Stamatios Stamoulis (#4606)
Richard C. Weinblatt (#5080)
800 N. West Street, 3rd Floor
Wilmington, DE 19801
(302) 999-1540

4

(302) 655-4200
jcp@pmhdelaw.com
dab@pmhdelaw.com
mch@pmhdelaw.com

*Attorneys for Lupin Ltd. and*
*Lupin Pharmaceuticals, Inc*

stamoulis@swdelaw.com
weinblatt@swdelaw.com

*Attorneys for Defendants Prinston*
*Pharmaceutical Inc., Zhejiang Huahai*
*Pharmaceutical Co., Ltd., Huahai US Inc.,*
*and Solco Healthcare US, LLC*

SHAW KELLER LLP

*/s/ Andrew R. Russell*
John W. Shaw (#3362)
Karen E. Keller (#4489)
Andrew E. Russell (#5382)
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com

*Attorneys for Defendants Actavis Elizabeth*
*LLC and Teva Pharmaceuticals USA, Inc.*

cc:  All counsel of record (via CM/ECF)

# EXHIBIT I

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ASTELLAS PHARMA INC., et al., | ) |
| | ) |
| | )   C.A. No. 20-1589-JFB-CJB |
| Plaintiffs, | ) |
| | )   **Outside Counsel Only - Contains** |
| v. | )   **Confidential Information of Astellas,** |
| | )   **Apotex, Lupin, Prinston, Sandoz, Sawai,** |
| SANDOZ INC., et al., | )   **Zydus, Aurobindo, and Actavis** |
| | ) |
| Defendants. | ) |
| | ) |

**OPENING EXPERT REPORT OF PROF. STEVEN R. LITTLE, PH.D.**
**CONCERNING INFRINGEMENT OF U.S. PATENT NO. 10,842,780**

# Exhibit C

**Exhibit C**

**List of Materials Considered**

| |
|---|
| 2021-03-29 DI 091 - Sandoz Answer and Counterclaims (SEALED) |
| 2021-10-07 (Confidential) Zydus' Responses to First Set of RFAs |
| 2021-10-07 Lupin's Responses to First Set of RFAs |
| 2021-10-07 Sandoz Responses to First Set of RFAs |
| 2021-10-07 Sawai's Responses to First Set of RFAs |
| 2022-01-24 Sandoz's Responses to Second Set of Interrogatories |
| 2022-01-24 Sawai's Responses to Second Set of RFAs |
| 2022-02-08 (Confidential) Apotex's Supplemental Responses to First Set of RFA |
| 2022-02-25 Lupin's Supplemental Responses to First Set of RFAs |
| 2022-03-18 Prinston's Second Supplemental Responses to First RFAs |
| 2022-04-19 Elizabeth Purcell Deposition Transcript |
| 2022-05-10 Mutheiyyan E.  Kannan Deposition Transcript |
| 2022-05-11 DI 0356 Stipulation and Order Narrowing Issues in Dispute (Prinston) |
| 2022-05-12 Yanagi Deposition Transcript |
| 2022-05-13 Yanagi Deposition Transcript |
| 2022-05-19 Singh Deposition Transcript |
| 2022-05-24 Vaya Deposition Transcript |
| 2022-06-09 Seitz Deposition Transcript |
| 2022-06-14 Avachat Deposition Transcript |
| 2022-06-15 Berginc Deposition Transcript |
| 2022-06-17 Wang Deposition Transcript |
| APOMIRA00000172-198 |
| APOMIRA00000261-315 |
| APOMIRA00000808-869 |
| APOMIRA00000933-939 |
| APOMIRA00001998 |
| APOMIRA00002004 |
| APOMIRA00002159-2165 |
| APOMIRA00002604-2610 |
| APOMIRA00003230-243 |
| APOMIRA00024524-549 |
| APOMIRA00041611-618 |
| APOMIRA00041638-645 |
| APOMIRA00041665-672 |
| APOMIRA00041693-702 |
| APOMIRA00041721-728 |

| |
|---|
| APOMIRA00041748-755 |
| APOMIRA00042972-973 |
| APOMIRA00044742-72 |
| APOMIRA00044773-803 |
| ASTMIRA_00009021-078 |
| ASTELLAS_MIRA00092180-201 |
| ASTMIRA_00002881-898 |
| ASTMIRA_00007094-184 |
| ASTMIRA_00009012-013 |
| ASTMIRA_00009014-020 |
| ASTMIRA_00009201-204 |
| ASTMIRA_00009205-206 |
| ASTMIRA_00009207-208 |
| ASTMIRA_00009209-210 |
| ASTMIRA_00009915-10449 |
| ASTMIRA_00010468- |
| ASTMIRA_00010469 |
| ASTMIRA_01969597-657 |
| ASTMIRA_01969658-661 |
| ASTMIRA_01969662-664 |
| ASTMIRA_02208189-242 |
| ASTMIRA_02228843-846 |
| ASTMIRA_02228847-849 |
| ASTMIRA_02228850-853 |
| ASTMIRA_02228854-857 |
| ASTMIRA_02228858-860 |
| ASTMIRA_02228861-863 |
| ASTMIRA_02228864-866 |
| ASTMIRA_02228867-868 |
| ASTMIRA_02228869-872 |
| ASTMIRA_02228873-876 |
| ASTMIRA_02228877-878 |
| ASTMIRA_02228879-880 |
| ASTMIRA_02228881-884 |
| ASTMIRA_02228885-886 |
| ASTMIRA_02228887-889 |
| ASTMIRA_02228890-892 |
| ASTMIRA_02229139-9151 |
| ASTMIRA_02229211-224 |

| |
|---|
| ASTMIRA_02229225-248 |
| ASTMIRA_02229249-250 |
| ASTMIRA_02229251-258 |
| ASTMIRA_02229274-282 |
| ASTMIRA_02229373-386 |
| ASTMIRA_02229415-431 |
| ASTMIRA_02229442-469 |
| ASTMIRA_02229470-471 |
| ASTMIRA_02229474-509 |
| ASTMIRA_02229510-526 |
| ASTMIRA_02229527-531 |
| ASTMIRA_02229532-567 |
| ASTMIRA_02229568-576 |
| ASTMIRA_02231503-507 |
| ASTMIRA_02231537-559 |
| ASTMIRA_02231729 |
| ASTMIRA_02234499-506 |
| ASTMIRA_02234580-584 |
| Aurobindo Exhibit 3 (AURO_MBN_0002433-595) |
| ASTMIRA_02231503-507 |
| Kannan Exhibit 3 (ZYDMYB0004615-625) |
| Kannan Exhibit 4 (ZYDMYB0004628-889) |
| Kannan Exhibit 5 (ZYDMYB0061394-401) |
| Kannan Exhibit 6 (ZYDMYB0022518-521) |
| Kannan Exhibit 7 (ZYDMYB0022028-035) |
| LMIR0000672-917 |
| LMIR0001104-194 |
| LMIR0001195-282 |
| LMIR0001301-312 |
| LMIR0001332-761 |
| LMIR0002533-534 |
| LMIR0002900-947 |
| LMIR0003350-357 |
| LMIR0003358-365 |
| LMIR0003366-373 |
| LMIR0003374-381 |
| LMIR0003382-389 |
| LMIR0003390-397 |
| LMIR0003398-400 |

| |
|---|
| LMIR0007185 |
| LMIR0007186 |
| LMIR0031190-240 |
| LMIR0059485-572 |
| LMIR0060189-190 |
| LMIR0060201-203 |
| LMIR0080584-623 |
| LMIR0080993-996 |
| LMIR0080997-1000 |
| LMIR0081052-079 |
| LMIR0081080-107 |
| LMIR0081127-152 |
| LMIR0081153-165 |
| LMIR0081386-415 |
| LMIR0081773-804 |
| LMIR0100955-968 |
| Prinston Exhibit 10 (PRN_0053534-535) |
| Prinston Exhibit 11 (PRN_0053550-559) |
| Prinston Exhibit 12 (PRN_0053273- |
| Prinston Exhibit 14 (PRN_0053267-285) |
| Prinston Exhibit 15 (PRN_0054286-304) |
| Prinston Exhibit 2 |
| Prinston Exhibit 21 |
| Prinston Exhibit 6 |
| PRN_0000522 |
| PRN_0002674 |
| PRN_0012173 |
| PRN_0053530 |
| PRN_0054201 |
| PRN_0054203 |
| PRN_0054267-85 |
| PRN_0054286-304 |
| PRN_0054381 |
| PRN_2020MIRAB_009260 |
| PRN_2020MIRAB_015567 |
| PRN_2020MIRAB_015695 |
| PRN_2020MIRAB_016304 |
| PRN_2020MIRAB_017018 |
| PRN_2020MIRAB_017023 |

| |
|---|
| PRN_2020MIRAB_017644 |
| PRN_2020MIRAB_018004 |
| PRN_2020MIRAB_018078 |
| PRN_2020MIRAB_018529 |
| PRN_2020MIRAB_021515 |
| PRN_2020MIRAB_022551 |
| PRN_2020MIRAB_028422 |
| SANMIR 0002355 |
| SANMIR 0112486 |
| SANMIR 0112587 |
| SANMIR 0115753 |
| SANMIR 0116656 |
| SANMIR 0117338 |
| Sawai Exhibit 104 |
| Sawai Exhibit 106 |
| Sawai Exhibit 113 |
| Sawai Exhibit 118 |
| Sawai Exhibit 122 |
| Sawai Exhibit 123 |
| Sawai Exhibit 3 |
| Sawai Exhibit 5 |
| SAW-MIR 0000284 |
| SAW-MIR 0000506 |
| SAW-MIR 0002361 |
| Sawai Ex. 111 (SAW-MIR 0003129-39) |
| SAW-MIR 0004511-561 |
| SAW-MIR 0004620-625 |
| SAW-MIR 0004803-807 |
| SAW-MIR 0004808-812 |
| SAW-MIR 0004822-826 |
| SAW-MIR 0004827831 |
| SAW-MIR 0004841-845 |
| SAW-MIR 0004846-850 |
| SAW-MIR 0013759-805 |
| SAW-MIR 0014452-465 |
| SAW-MIR 0019312-339 |
| SAW-MIR 0028148-154 |
| SAW-MIR 0216488-562 |
| SAW-MIR 0899536-561 |

| |
|---|
| SAW-MIR 0899590-627 |
| SAWMIRA0000036-042 |
| SAWMIRA0000064-070 |
| SAWMIRA0000090-095 |
| Seitz Exhibit 17 |
| Seitz Exhibit 18 |
| Seitz Exhibit 5 |
| Seitz Exhibit 6 |
| Seitz Exhibit 8 |
| Singh Exhibit 7 |
| SSL-0000089 |
| U.S. Patent No. 10,842,780 |
| Vaya Exhibit 12 |
| Vaya Exhibit 19 |
| Vaya Exhibit 5 |
| Vaya Exhibit 6 |
| Vaya Exhibit 8 |
| Vaya Exhibit 9 |
| ZYDMYB0003222-343 |
| ZYDMYB0003344-465 |
| ZYDMYB0005334-346 |
| ZYDMYB0005424-436 |
| ZYDMYB0005437-448 |
| ZYDMYB0005579-583 |
| ZYDMYB0005584-588 |
| ZYDMYB0005875-907 |
| ZYDMYB0006072 |
| ZYDMYB0006073-082 |
| ZYDMYB0006083-092 |
| ZYDMYB0008746-802 |
| ZYDMYB0022036-2048 |
| ZYDMYB0022120-155 |
| ZYDMYB0162970-997 |
| ZYDMYB0163024-054 |
| ZYDMYB0163775-89 |