

**Daniel M. Silver**
Wilmington Office Managing Partner

T. 302-984-6331
F. 302-691-1260

dsilver@mccarter.com

McCarter & English, LLP

Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801-3717

www.mccarter.com

January 25, 2023

<u>VIA CM/ECF</u>
The Honorable Christopher J. Burke
J. Caleb Boggs Federal Building
844 N. King Street
Unit 28, Room 2325
Wilmington, DE 19801-3555

Re:   <u>Astellas Pharma Inc. v. Sandoz Inc.</u>, **C.A. No. 20-1589-JFB-CJB (Consolidated)**

Dear Judge Burke:

    I write jointly on behalf of Astellas Pharma Inc., Astellas Ireland Co., Ltd., and Astellas Pharma Global Development, Inc. (collectively, "Astellas") and Defendants Lupin Ltd. and Lupin Pharmaceuticals, Inc. (collectively, "Lupin"), Sandoz Inc. and Lek Pharmaceuticals d.d. (collectively, "Sandoz"), Defendants Sawai Pharmaceutical Co., Ltd., Sawai USA, Inc. ("Sawai"), and Zydus Pharmaceuticals (USA) Inc. and Zydus Lifesciences Limited, (collectively, "Zydus") (all Defendants collectively, "Defendants," and together with Plaintiffs, "the Parties") in advance of the pretrial conference scheduled for January 26, 2023 at 11:00 a.m (see D.I. 485, Order).

    The Parties have conferred and reached agreement on a number of issues regarding the final pretrial order (see D.I., 495) (the "PTO") and respectfully request the following resolutions or modifications to the PTO, pending approval of the Court:

- Regarding PTO ¶ 105, the parties respectfully submit that the Court should defer ruling on the differing positions between Astellas and Defendants until after the Court has decided the *in limine* motions contained within the PTO.  The parties may be able to reach agreement on this issue once the motions *in limine* are decided.

- Regarding PTO ¶ 122, the Parties' differing positions are moot as the Parties will not bring any live witnesses to trial whom will require the assistance of a translator.

- Regarding PTO ¶¶ 133-34, the parties have further discussed post-trial briefing. The Parties will jointly seek that the Court permit closing statements at the conclusion of post-trial briefing.

    The parties propose two (2) rounds of post-trial briefings if closing arguments occur at the conclusion of post-trial briefing and three (3) rounds if closing arguments do not

131579881v.3

occur after post-trial briefing.  The parties propose the following schedule and page limits, with each side's first round submission addressing the issue(s) upon which such side bears the burden of proof, and each side's second round submission addressing issue(s) upon which the other side bears the burden of proof.  The third round submissions (in lieu of post-briefing closing argument) will serve as a short reply brief by the side that bears the burden of proof on each of the issues.

  i. For the first round Astellas will be limited to no more than 1) sixty (60) pages for its post-trial briefings; and 2) sixty (60) pages for its accompanying proposed Findings of Fact. Defendants, collectively, will be limited to no more than 1) sixty (60) pages for their post-trial briefings; and 2) sixty (60) pages for their accompanying proposed Findings of Fact.

  ii. For the second round, both sides will be allocated sixty (60) pages for their post-trial briefings and sixty (60) pages for their accompanying proposed Findings of Fact.

  iii. For the third round (occurring only if the Court does not permit closing argument following the completion of briefing), both sides will be allocated thirty (30) pages for their reply briefs.

- Regarding PTO ¶ 136, the parties agree that equal trial time should be allocated to Astellas, on the one hand, and Defendants, collectively, on the other hand. The parties jointly request that Closing Statements occur after post-trial briefing. The parties jointly propose that each side be allocated a total of 90 minutes for the presentation of closing arguments.

- The parties are also filing contemporaneously with this letter amended versions of Exhibit 3.2 of the Pretrial Order to add Defendants' Rebuttal Issues of Law, which were inadvertently left out of Exhibit 3.2 when originally filed.  The parties are presently conferring on the potential need to supplement exhibits lists and will discuss with the Court at the Pretrial Conference.

Additionally, the parties are discussing stipulations permitting certain witnesses to testify out of order, if necessary, to accommodate scheduling conflicts.

Respectfully submitted,

*/s/ Daniel M. Silver*

Daniel M. Silver (#4758)

cc: Counsel of Record (via CM/ECF and E-Mail)