**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ASTELLAS PHARMA INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-1589-JFB-CJB |
| | ) | |
| SANDOZ INC., et al., | ) | ███████████████████ |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | PUBLIC VERSION FILED: February 21, 2023 |

**<u>FINAL PRETRIAL ORDER</u>**

*Of counsel:*

MCDERMOTT WILL & EMERY

Simon D. Roberts
Jason A. Leonard
Nitya Anand
Vincent Li
Jayita Guhaniyogi
One Vanderbilt Avenue
New York, NY 10017-3852
(212) 547-5700

Christopher M. Bruno
The McDermott Building
500 North Capitol Street, NW
Washington, DC 20001-1531
(202) 756-8000

Maxwell A. Fox
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
(310) 277-4110

Stephen M. Hash
303 Colorado Street, Suite 2200
Austin, TX 78701
(512) 726-2600

Meng Xu
18565 Jamboree Road, Suite 250
Irvine, CA 92612-2565
(949) 851-0633

Connor Romm
200 Clarendon Street, Floor 58
Boston, MA 02116-5021
(617) 535-4000

Rodney Swartz
650 Live Oak Avenue, Suite 300
Menlo Park, CA 94025-4885
(650) 815-7400

MCCARTER & ENGLISH, LLP
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
405 N. King St., 8th Floor
Wilmington, DE 19801
(302) 984-6331
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiffs Astellas Pharma Inc.,*
*Astellas Ireland Co., Ltd., and Astellas Pharma*
*Global Development, Inc.*

ME1 43964636v.1

*Of counsel:*

KNOBBE, MARTENS, OLSON & BEAR, LLP

Carol M. Pitzel Cruz
925 4th Ave #2500
Seattle, WA 98104
(206) 405-2000

William R. Zimmerman
Andrea L. Cheek
Matthew S. Friedrichs
1717 Pennsylvania Avenue N.W., Suite 900
Washington, DC 20006
(202) 640-6400

Brianne M. Kingery
3579 Valley Centre Dr., Suite 300
San Diego, CA 92130
(858) 707-4000

PHILLIPS, MCLAUGHLIN & HALL, P.A.
John C. Phillips, Jr. (#110)
David A. Bilson (#4986)
Megan C. Haney (#5016)
1200 N. Broom St
Wilmington, DE 19806
(302) 655-4200
jcp@pmhdelaw.com
dab@pmhdelaw.com
mch@pmhdelaw.com

*Attorneys for Lupin Ltd. and
Lupin Pharmaceuticals, Inc.*

*Of counsel:*

William A. Rakoczy
Rachel P. Waldron
Kevin P. Burke
Steven J. Birkos
Greg L. Goldblatt

RAKOCZY MOLINO MAZZOCHI SIWIK LLP
6 West Hubbard Street, Suite 500
Chicago, Illinois 60654
(312) 527-2157

HEYMAN ENERIO GATTUSO & HIRZEL LLP
Dominick T. Gattuso (#3630)
Elizabeth A. DeFelice (#5474)
300 Delaware Ave., Suite 200
Wilmington, DE 19801
(302) 472-7300
dgattuso@hegh.law
edefelice@hegh.law

*Attorneys for Defendant Sandoz Inc. and Lek
Pharmaceuticals d.d.*

*Of counsel:*

Brian J. Sodikoff
Martin S. Masar III
Catherine E. O'Brien
Matthew M. Holub

HEYMAN ENERIO GATTUSO & HIRZEL LLP
Dominick T. Gattuso (#3630)
Elizabeth A. DeFelice (#5474)

KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago, Illinois 60661
(312) 902-5200

300 Delaware Ave., Suite 200
Wilmington, DE 19801
(302) 472-7300
dgattuso@hegh.law
edefelice@hegh.law

*Attorneys for Defendants Sawai
Pharmaceutical Co., Ltd. and Sawai USA,
Inc.*

*Of counsel:*

Michael J. Gaertner
David B. Abramowitz
Carolyn A. Blessing
Emily L. Savas
Jonathan B. Turpin
Leah M. Brackensick
Smitha B. Uthaman
LOCKE LORD LLP
111 South Wacker Drive
Chicago, IL  60606
(312) 443-0700

YOUNG CONAWAY STARGATT &
TAYLOR, LLP
Pilar G. Kraman (#5199)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
pkraman@ycst.com

*Attorneys for Zydus Pharmaceuticals (USA)
Inc. and Zydus Lifesciences Limited*

## TABLE OF CONTENTS

I. NATURE OF THE CASE ..................................................................................1

 A. Nature of the Action...............................................................................1

 B. Sandoz Inc. and Lek Pharmaceuticals d.d. ...........................................2

  1. Astellas' Two Complaints and Asserted Claims Against Sandoz Inc. ("Sandoz") (C.A. No. 20-cv-1589-JFB-CFB and 21-cv-664-JFB-CFB)............................................................................2

  2. Astellas' First Amended Complaint and Asserted Claims Against Sandoz and Lek Pharms. d.d.....................................................3

  3. Sandoz's Answer to the First Amended Complaint and Counterclaims ...................................................................................4

  4. Lek Pharmaceuticals d.d. ("Lek")'s Answer to the First Amended Complaint..........................................................................5

 C. Sawai Pharmaceutical Co. Ltd. and Sawai USA Inc. ............................7

  1. Astellas' Complaint and Asserted Claims Against Sawai ...........7

  2. Astellas' Amended Complaint and Asserted Claims Against Sawai, Strides, and Solara .........................................................................7

  3. Sawai's Answer and Counterclaims ...........................................8

  4. Astellas' Answer to Sawai's Counterclaims...............................10

  5. Strides and Solara's Motion to Dismiss and Subsequent Stipulation of Dismissal ...............................................................................10

 D. Zydus Pharmaceuticals (USA) Inc. and Zydus Lifesciences Limited ..................10

  1. Astellas' Complaint and Asserted Claims Against Zydus.........10

  2. Zydus's Answer ........................................................................11

  3. Astellas' Second Complaint and Asserted Claims against Zydus ...........12

 E. Lupin Ltd. And Lupin Pharmaceuticals, Inc. (collectively, "Lupin") ..................13

  1. Astellas' Complaint and Asserted Claims Against Lupin .........13

  2. Lupin's Answer and Counterclaims...........................................13

  3. Astellas' Answer to Lupin's Counterclaims .............................15

  4. Astellas' Second Complaint and Asserted Claims against Lupin..............15

i

F.   Claim Construction ........................................................................................16

G.   Pending Motions ...........................................................................................16

H.   Prior Motions ................................................................................................16

1.   Lupin's and Zydus' Motion to Dismiss dated July 8, 2021 ....................16

2.   Solara's Motion to Dismiss dated October 18, 2021 ...............................16

3.   Zydus' Motion to change name of Defendant dated April 20, 2022 .........17

II.   SUBJECT MATTER JURISDICTION ...................................................................17

III.   FACTS .....................................................................................................................18

A.   Uncontested Facts ........................................................................................18

B.   Contested Facts ............................................................................................18

IV.   ISSUES OF LAW ....................................................................................................19

V.   WITNESSES ............................................................................................................19

A.   List of Witnesses the Plaintiffs Expect to Call ...........................................19

B.   List of Witnesses the Defendants Expect to Call ........................................19

C.   The Parties' Proposal Regarding Witnesses ................................................20

D.   Testimony by Deposition .............................................................................21

E.   Impeachment with Prior Inconsistent Testimony ........................................23

F.   Objections to Expert Testimony ..................................................................24

VI.   EXHIBITS ................................................................................................................24

A.   Exhibits ........................................................................................................24

B.   Demonstrative Exhibits ................................................................................28

C.   Translations and Objections to Translated Exhibits and Testimony ..................29

VII.   DAMAGES AND RELIEF .....................................................................................30

A.   Plaintiff's Request for Relief: ......................................................................30

B.   Defendants' Request for Relief: ...................................................................33

VIII.   BIFURCATION ................................................................................................36

IX.   MOTIONS IN LIMINE ...................................................................................36

X.   DISCOVERY ..................................................................................................36

XI.   POST-TRIAL BRIEFING SCHEDULE FOR NON-JURY TRIAL.................37

XII.   LENGTH OF TRIAL.......................................................................................37

XIII.   AMENDMENTS OF THE PLEADINGS .......................................................38

XIV.   ADDITIONAL MATTERS .............................................................................38

      A.    Order of Proof at Trial ........................................................................38

      B.    Closing Statements..............................................................................39

      C.    Confidentiality ....................................................................................39

      D.    Sealing the Courtroom ........................................................................39

      E.    Miscellaneous  (as of 12/21/22) ........................................................40

XV.   SETTLEMENT ...............................................................................................40

ME1 43964636v.1

## I.    NATURE OF THE CASE

### A.    NATURE OF THE ACTION

1.      This is a consolidated action for patent infringement brought pursuant to the Hatch-Waxman Act, codified as amended at 21 U.S.C. § 355(j) and 35 U.S.C. § 271(e), concerning the drug product Myrbetriq® (mirabegron extended-release tablets), approved by the Food and Drug Administration ("FDA") in tablet strengths of 25 mg and 50 mg for the treatment of Overactive Bladder (OAB).[1]

2.      This case is the second litigation concerning Myrbetriq® filed by Astellas against the instant defendants.  In October 2016, Astellas filed suit against each instant defendant over then-listed patents in the Orange Book; the cases were consolidated under *Astellas Pharma Inc. et al. v. Actavis Elizabeth LLC et al*, C.A. No. 16-905-JFB-CJB.  Due to settlements and dismissals, that lead case was closed on October 5, 2020 (D.I. 604).

---

[1]      Astellas Pharma Inc., Astellas Ireland Co., Ltd., and Astellas Pharma Global Development, Inc. (collectively, "Astellas") brought suit against: Actavis Elizabeth LLC, Actavis LLC, and Actavis Inc. (collectively, "Actavis"); Lupin Ltd. and Lupin Pharmaceuticals, Inc. (collectively, "Lupin"); Zydus Pharmaceuticals (USA) Inc. and Cadila Healthcare Ltd. (d/b/a ZYDUS CADILA) (collectively, "Zydus"); Windlas Healthcare Pvt. Ltd. and Windlas Biotech Ltd. (collectively, "Windlas"); Aurobindo Pharma Ltd., Aurobindo Pharma USA, Inc. and Aurolife Pharma LLC (collectively, "Aurobindo"); Prinston Pharmaceutical Inc., Zhejiang Huahai Pharmaceutical Co., Ltd., Huahai US Inc. and Solco Healthcare US, LLC (collectively, "Prinston"); Sandoz Inc. and Lek Pharmaceuticals d.d.; Sawai Pharmaceutical Co., Ltd. and Sawai USA, Inc. (collectively, "Sawai"); Alkem Labs., Ltd.; Solara Active Pharma Sciences Ltd. and Strides Pharma Science Ltd. (collectively, "Solara"); and Apotex Inc. and Apotex Corp. (collectively, "Apotex"). Some of these cases have either settled (Alkem Labs., Ltd., Actavis, Windlas, Prinston) or the defendants have agreed to be bound by the outcome of this litigation (Aurobindo, Solara).  The Sandoz, Sawai, Lupin, and Zydus Defendants remain.

1

**B.**    SANDOZ INC. AND LEK PHARMACEUTICALS D.D.

   **1.**    **Astellas' Two Complaints and Asserted Claims Against Sandoz Inc. ("Sandoz") (C.A. No. 20-cv-1589-JFB-CFB and 21-cv-664-JFB-CFB)**

   3.    On November 24, 2020, Astellas Pharma Inc., Astellas Ireland Co., Ltd., and Astellas Pharma Global Development, Inc. (collectively, "Astellas") filed their Complaint against Sandoz for infringement of United States Patent No. 10,842,780 ("the '780 Patent") based on Sandoz's September 9, 2016 notice that it filed Abbreviated New Drug Application (ANDA) No. 209441 and accompanying Paragraph IV certification stating that Sandoz intends to manufacture, use, sell, offer for sale, or import generic versions of 25 and 50 mg strength mirabegron extended-release tablets prior to November 4, 2023.  (20-cv-1589 at D.I. 1.)  In its Complaint, Astellas alleged that Sandoz infringed the '780 Patent pursuant to 35 U.S.C. § 271(e)(2) by submission of its ANDA No. 209441 and accompanying Paragraph IV certification. Astellas further alleged that Sandoz's actions constituted exceptional case under 35 U.S.C. § 285.

   4.    On March 25, 2021, Sandoz sent notification that it filed ANDA No. 209441 and accompanying Paragraph IV certification stating that Sandoz intends to manufacture, use, sell, offer for sale, or import generic versions of 25 and 50 mg strength mirabegron extended-release tablets before the expiration of the '780 Patent.  (21-cv-664, D.I. 1.)

   5.    On May 7, 2021, in response to Sandoz's March 25, 2021 notification, Astellas filed another Complaint against Sandoz (21-cv-00664-JFB-CJB) alleging that Sandoz Inc. infringed the '780 Patent pursuant to 35 U.S.C. § 271(e)(2) by submission of its ANDA No. 209441 and accompanying Paragraph IV certification.  Astellas further alleged that Sandoz's actions constitute exceptional case under 35 U.S.C. § 285.

   6.    The Court consolidated 21-cv-664-JFB-CJB with the instant action. (20-cv-1589, D.I. 155.)

ME1 43964636v.1

7.      On 08/18/21, Astellas and Sandoz stipulated that Sandoz was not required to file an answer in 21-cv-664-JFB-CJB in view of the consolidation with 20-cv-01589-JFB-CJB.

**2.      Astellas' First Amended Complaint and Asserted Claims Against Sandoz and Lek Pharms. d.d.**

8.      On March 8, 2021 Astellas filed a First Amended Complaint against Sandoz and Lek Pharms. d.d. ("Lek") for infringement of United States Patent No. 10,842,780 ("the '780 Patent") based on Sandoz's September 9, 2016 notice that it filed Abbreviated New Drug Application (ANDA) No. 209441 and accompanying Paragraph IV certification stating that Sandoz intends to manufacture, use, sell, offer for sale, or import generic versions of 25 and 50 mg strength mirabegron extended-release tablets prior to November 4, 2023.  (20-cv-1589, D.I. 65.)

9.      In its Complaint, Astellas alleged that Sandoz infringed the '780 Patent pursuant to 35 U.S.C. § 271(e)(2)(A) by submission of its ANDA No. 209441 and accompanying Paragraph IV certification.  Astellas also alleged that Lek actively participated, cooperated, and assisted in the preparation and submission of ANDA No. 209441, alleged that Lek stands to benefit directly from ANDA No. 209441 if it is approved, and further alleged that such conduct constituted an act of infringement by Lek of the '780 Patent under 35 U.S.C. § 271(e)(2)(A).  Astellas further alleged that Lek, if ANDA No. 209441 is approved by the FDA, will contribute to and induce the infringement of the '780 Patent.  Astellas sought a declaration that the case is "exceptional" under 35 U.S.C. § 285.

10.      Astellas is asserting claims 1-13 and 15-25 of the '780 Patent against Sandoz and Lek.

3

**3.**     **Sandoz's Answer to the First Amended Complaint and Counterclaims**

11.     Sandoz filed its Answer to Astellas' First Amended Complaint on March 29, 2021. (20-cv-1589, D.I. 91), Sandoz denied infringement of any valid patent and raised affirmative defenses and counterclaims.

12.     Sandoz's Answer asserted the following affirmative defenses:

a)   Astellas' Complaint fails to state a claim upon which relief can be granted;

b)   the claims of the '780 Patent are invalid for failing to comply with one or more provisions of Title 35 of the United States Code and/or double patenting;

c)   the manufacture, use, sale, offer for sale, importation, and/or marketing of Sandoz's ANDA products have not, do not, and would not infringe, directly or indirectly, any valid and/or enforceable claim of the '780 Patent;

d)   Sandoz has not induced, does not induce, and will not induce infringement of any valid and/or enforceable claim of the '780 Patent;

e)   Sandoz has not contributed, does not contribute, and will not contribute to the infringement of any valid and/or enforceable of the '780 Patent;

f)   the Court lacks subject matter jurisdiction over Astellas' claims asserted under 35 U.S.C. § 271 (a–c); and

g)   Astellas' Complaint fails to state a claim for willful infringement and/or exceptional case.

4

h)  Sandoz reserved the right to allege additional affirmative defenses as they become known through the course of discovery.

13.     Sandoz's Answer asserted the following counterclaims:

a)  declaration of Invalidity of the '780 Patent; and

b)  declaration of Noninfringement of the '780 Patent.

14.     In light of its answer and affirmative defenses, Sandoz requested the Court:

a)  declare that the manufacture, use, sale, offer for sale, importation, and/or marketing of Sandoz's ANDA products have not, do not, and would not infringe, directly or indirectly, any valid and/or enforceable claim of the '780 Patent;

b)  declare that the claims of the '780 Patent are invalid;

c)  enter an order dismissing the Complaint and enter judgment in favor of Sandoz;

d)  declare this case exceptional and award Sandoz reasonable attorneys' fees and costs under 35 U.S.C. § 285; and

e)  award Sandoz any other relief as the Court deems just and proper.

**4.     Astellas' Answer to Sandoz Inc.'s Counterclaims**

15.     In its Answer to Sandoz Inc.'s Counterclaims (20-cv-1589, D.I. 97), Astellas denied the counterclaims for declarations of invalidity and noninfringement of the '780 Patent.

**5.     Lek Pharmaceuticals d.d. ("Lek")'s Answer to the First Amended Complaint**

16.     In its Answer (20-cv-1589, D.I. 173), Lek denied infringement of any valid patent and raised affirmative defenses.

5

17.     Lek's Answer asserted the following affirmative defenses:

a)   Astellas' Complaint fails to state a claim upon which relief can be granted;

b)   the claims of the '780 Patent are invalid for failing to comply with one or more provisions of Title 35 of the United States Code and/or double patenting;

c)   Lek did not submit an ANDA containing a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) as required for a claim of infringement under 35 U.S.C. § 271(e)(2);

d)   the manufacture, use, sale, offer for sale, importation, and/or marketing of Sandoz's ANDA products have not, do not, and would not infringe, directly or indirectly, any valid and/or enforceable claim of the '780 Patent;

e)   Lek has not induced, does not induce, and will not induce infringement of any valid and/or enforceable claim of the '780 Patent;

f)   Lek has not contributed, does not contribute, and will not contribute to the infringement of any valid and/or enforceable claim of the '780 Patent;

g)   the Court lacks subject matter jurisdiction over the Asserted Claims; and

h)   Astellas' Complaint fails to state a claim for willful infringement and/or exceptional case.

i)   Lek reserved the right to allege additional affirmative defenses as they become known through the course of discovery.

6

18.     In light of its answer and affirmative defenses, Lek requested the Court:

    a)  dismiss the action with prejudice;

    b)  enter judgment in favor of Lek;

    c)  award Lek reasonable attorneys' fees and costs under 35 U.S.C. § 285; and

    d)  award Lek any other relief as the Court deems just and appropriate.

## C.     SAWAI PHARMACEUTICAL CO. LTD. AND SAWAI USA INC.

### 1.     Astellas' Complaint and Asserted Claims Against Sawai

19.     Astellas filed its Complaint against Sawai for infringement of the '780 Patent based on Sawai's September 12, 2016, and July 24, 2018, notices that it filed ANDA No. 209446 and accompanying Paragraph IV certification stating that Sawai intends to manufacture, use, sell, offer for sale, or import generic versions of 25 mg strength mirabegron extended-release tablets prior to November 4, 2023, even though Sawai did not submit a Paragraph IV certification for the '780 patent.  (20-cv-1589, D.I. 1.)

20.     In its Complaint, Astellas alleged that Sawai infringed the '780 Patent pursuant to 35 U.S.C. § 271(e)(2) by submission of its ANDA No. 209446 and accompanying Paragraph IV certification to other patents.  Astellas further alleged that Sawai actions constitute exceptional case under 35 U.S.C. § 285.

### 2.     Astellas' Amended Complaint and Asserted Claims Against Sawai, Strides, and Solara

21.     Astellas filed an Amended Complaint against Sawai, and added Strides and Solara, for infringement of the '780 Patent based on Sawai's September 12, 2016, and July 24, 2018, notices that they filed ANDA No. 209446 and accompanying Paragraph IV certification stating that Sawai intends to manufacture, use, sell, offer for sale, or import generic versions of 25

7

mg strength mirabegron extended-release tablets prior to November 4, 2023, even though Sawai did not submit a Paragraph IV certification for the '780 patent.  (20-cv-1589, D.I. 58.)

22.   In its Complaint, Astellas alleged that Sawai infringed the '780 Patent pursuant to 35 U.S.C. § 271(e)(2) by submission of its ANDA No. 209446 and accompanying Paragraph IV certification to other patents.  Astellas also alleged that Strides and Solara infringed the '780 Patent under 35 U.S.C. § 271(e)(2) through active participation in the submission of ANDA No. 209446.  Astellas further alleged that Sawai, Strides, and Solara's actions constitute exceptional case under 35 U.S.C. § 285.  Finally, Astellas alleged that Sawai, Strides, and Solara will contribute to and induce infringement of the '780 Patent under 35 U.S.C. § 271(b) and (c) unless enjoined by the Court.

23.   Astellas is asserting claims 1–13 and 15–25 of the '780 Patent against Sawai.

### 3.   Sawai's Answer and Counterclaims

24.   In its Answer (20-cv-1589, D.I. 80), Sawai denied infringement of any valid patent and raised affirmative defenses and counterclaims.

25.   Sawai's Answer asserted the following affirmative defenses:

a) Sawai has not directly or indirectly infringed any valid or enforceable claim of the '780 Patent either literally or under the doctrine of equivalents;

b) the claims of the '780 Patent are invalid and/or unenforceable for failing to comply with one or more of the conditions for patentability contained in 35 U.S.C. §§ 101, 102, 103, 112, and/or double patenting;

c) Astellas' Complaint fails to state a claim upon which relief can be granted;

8

    d)  35 U.S.C. § 288 prevents Astellas from recovering any costs associated with this case; and

    e)  Sawai reserved the right to allege additional affirmative defenses as they become known through the course of discovery.

26.    Sawai's Answer asserted the following counterclaims:

    a)  declaration of Noninfringement of the '780 Patent; and

    b)  declaration of Invalidity of the '780 Patent.

27.    Sawai's Counterclaims also sought a declaration that Astellas' actions constitute an exceptional case under 35 U.S.C. §285.

28.    In light of its affirmative defenses and counterclaims, Sawai requested the Court:

    a)  enter an order dismissing the Complaint with prejudice and denying Astellas each request for relief;

    b)  declare that the claims of the '780 Patent are invalid;

    c)  declare that Sawai's ANDA product has not, does not, and will not infringe, either directly or indirectly, literally or under the doctrine of equivalents, any valid and/or enforceable claims of the '780 Patent;

    d)  grant Sawai judgment in its favor on Plaintiffs/Counterclaim Defendants' claims;

    e)  grant Sawai judgment in its favor on its own Counterclaims;

    f)  declare that this is an exceptional case in favor of Sawai pursuant to 35 U.S.C. § 285;

9

g)  declare that Sawai is the prevailing party and award costs, attorneys' fees, and expenses to Sawai; and

h)  award Sawai such other and further relief to which it may be entitled.

**4.  Astellas' Answer to Sawai's Counterclaims**

29.     In its Answer to Sawai's Counterclaims (20-cv-1589, D.I. 98), Astellas denied the counterclaims for declarations of invalidity and noninfringement of the '780 Patent, and that Sawai is entitled to reasonable attorneys' fees and costs under 35 U.S.C. § 285.

**5.  Strides and Solara's Motion to Dismiss and Subsequent Stipulation of Dismissal**

30.     Strides and Solara moved to dismiss Astellas' Amended Complaint because Strides and Solara are not proper parties to this litigation.  (D.I. 199, 200).

31.      Astellas, Sawai, Strides, and Solara agreed to a procedure to streamline and expedite resolution of disputed issues and to conserve party and judicial resources whereby Solara and Strides did not concede they were proper parties to the litigation, but would be bound by any judgment, order, or decision rendered as to Sawai in this action.  Astellas agreed to dismiss Strides and Solara pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and Strides and Solara agreed to withdraw their motion to dismiss as moot.  (D.I. 443).

32.     The court entered the stipulation dismissing Strides and Solara on November 28, 2022.  (D.I. 452).

**D.  ZYDUS PHARMACEUTICALS (USA) INC. AND ZYDUS LIFESCIENCES LIMITED**

**1.  Astellas' Complaint and Asserted Claims Against Zydus**

33.     Astellas filed its Complaint against Zydus for infringement of the '780 Patent based on Zydus's September 6, 2016 and July 6, 2018 notices that it filed ANDA No. 209488 and accompanying Paragraph IV certification for U.S. Patent Nos. 7,342,117; 7,982,049;

8,835,474; RE44,872 (September 6, 2016) and U.S. Patent No. 8,772,315 (July 6, 2018) stating

that Zydus intends to manufacture, use, sell, offer for sale, or import generic versions of 25 and 50

mg strength mirabegron extended-release tablets prior to November 4, 2023, even though Zydus

had not yet submitted a Paragraph IV certification for the '780 patent.  (20-cv-1589, D.I. 1 at 16-

17.)

34.     In its Complaint, Astellas alleged that Zydus infringed the '780 Patent

pursuant to 35 U.S.C. § 271(e)(2) by submission of its ANDA No. 209488 and accompanying

Paragraph IV certification to other patents. (*Id*. at 37.)  Astellas further alleged that Zydus's actions

constitute exceptional case under 35 U.S.C. § 285.  (*Id*. at 41.)

35.     Astellas is asserting claims 1–5 and 15–25 of the '780 Patent against Zydus.

**2.     Zydus's Answer**

36.     In its Answer, Zydus denied infringement of any valid patent and raised

affirmative defenses.  (20-cv-1589, D.I. 60, at 37.)

37.     In its Answer, Zydus denied that Astellas is entitled to the general or

specific relief requested, or to any relief whatsoever, and prayed for judgment in favor of Zydus

dismissing this action with prejudice, and awarding Zydus its reasonable attorneys' fees pursuant

to 35 U.S.C. § 285, interests and costs of this action, and such other or further relief as this Court

may deem just and proper.  (*Id*. at 40.)

38.     Zydus's Answer asserted the following affirmative defenses:

a)  Plaintiffs will not and cannot show that Zydus's ANDA products will

directly or indirectly infringe, either literally or under the doctrine of

equivalents, any valid claims of the '780 Patent; and

11

b) Invalidity of the claims of the '780 Patent for failure to comply with one or more provisions of Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103, and/or 112.

c) Zydus reserved any and all defenses that existed or would become available later as a result of discovery and further factual investigations.

39.     In light of its answer and affirmative defenses, Zydus requested the Court:

a) enter an order dismissing the Complaint with prejudice and denying Astellas each request for relief;

b) enter judgment in favor of Zydus

c) award Zydus its reasonable attorneys' fees under 35 U.S.C. § 285, interest, and costs; and

d) award Zydus any other relief to which it may be entitled.

### 3.     Astellas' Second Complaint and Asserted Claims against Zydus

40.     Astellas filed a Second Complaint against Zydus for infringement of the '780 Patent in response to Zydus's March 3, 2021 notice that it filed ANDA No. 209488 and accompanying Paragraph IV certification stating that Zydus intends to manufacture, use, sell, offer for sale, or import generic versions of 25 and 50 mg strength mirabegron extended-release tablets before the expiration of the '780 Patent.  (21-cv-425, D.I. 1 at 6-7.)

41.     In its Complaint, Astellas alleged that Zydus infringed the '780 Patent pursuant to 35 U.S.C. § 271(e)(2) by submission of its ANDA No. 209488 and accompanying Paragraph IV certification.  (*Id*. at 17.)  Astellas further alleged that Zydus's actions constitute exceptional case under 35 U.S.C. § 285.  (*Id*. at 19.)

12

42.     The Court consolidated 21-cv-425 with the instant action. (20-cv-1589, D.I. 155.)

### E.     LUPIN LTD. AND LUPIN PHARMACEUTICALS, INC. (COLLECTIVELY, "LUPIN")

#### 1.     Astellas' Complaint and Asserted Claims Against Lupin

43.     Astellas filed its Complaint against Lupin for infringement of the '780 Patent based on Lupin Ltd.'s August 25, 2016 notice that it filed ANDA No. 209485 and accompanying Paragraph IV certification for U.S. Patent Nos. 7,342,117, 7,982,049, 8,835,474, and RE44,872 stating that Lupin Ltd. intends to manufacture, use, sell, offer for sale, or import generic versions of 25 and 50 mg strength mirabegron extended-release tablets prior to November 4, 2023, even though Lupin Ltd. had not yet submitted a Paragraph IV certification for the '780 patent.  (20-cv-1589, D.I. 1.)

44.     In its Complaint, Astellas alleged that Lupin infringed the '780 Patent pursuant to 35 U.S.C. § 271(e)(2) by submission of Lupin Ltd.'s ANDA No. 209485 and accompanying Paragraph IV certification to other patents.  Astellas further alleged that Lupin's actions constitute exceptional case under 35 U.S.C. § 285.

45.     Astellas is asserting claims 1–9 and 15–25 of the '780 Patent against Lupin.

#### 2.     Lupin's Answer and Counterclaims

46.     In its Answer (20-cv-1589, D.I. 47), Lupin denied infringement of any valid patent and raised affirmative defenses and counterclaims.

47.     Lupin's Answer asserted the following affirmative defenses:

a)   Astellas' Complaint fails to state a claim upon which relief can be granted;

b)   the Court lacks subject matter jurisdiction over all claims asserted against Lupin Pharmaceuticals, Inc.;

13

c) the manufacture of Lupin's ANDA products do not and will not infringe (either literally or under the doctrine of equivalents), directly or indirectly (either by inducement or contributorily), any valid, enforceable claim of the '780 Patent ;

d) the claims of the '780 Patent are invalid for failing to comply with one or more of the conditions for patentability contained in 35 U.S.C. §§ 101, 102, 103, 112, and/or double patenting and/or any other judicially created requirements for patentability or enforceability and/or the defenses recognized in 35 U.S.C. § 282;

e) Astellas' Complaint failed to state a claim for exceptional case under 35 U.S.C. § 285; and

f) Lupin Pharmaceuticals, Inc. is not a proper party to the action.

g) Lupin reserved the right to allege additional affirmative defenses as they become known through the course of discovery.

48. Lupin Ltd. asserted the following counterclaims:

a) declaration of noninfringement of the '780 Patent; and

b) declaration of invalidity of the '780 Patent.

49. In light of its affirmative defenses, Lupin requested the Court:

a) dismiss the Complaint with prejudice and enter judgment in favor of Lupin;

b) declare that the manufacture, import, use, sale and/or offer to sell Lupin's ANDA product does not and will not infringe the '780 Patent;

c) declare that the claims of the '780 Patent are invalid;

14

d)  declare that Lupin has the lawful right to manufacture, import, use, sell and/or offer to sell Lupin's ANDA product in the United States once the product is approved;

e)  enjoin the Plaintiffs from threatening or initiating infringement litigation against Lupin or its customers on the basis of the '780 Patent;

f)  enter judgment declaring that this is an exceptional case pursuant to 35 U.S.C. § 285 and award Lupin reasonable attorneys' fees;

g)  award Lupin costs and attorneys' fees; and

h)  award Lupin such other and further relief as is just and proper.

### 3.    Astellas' Answer to Lupin's Counterclaims

50.    In its Answer to Lupin's Counterclaims (20-cv-1589, D.I. 55), Astellas denied the counterclaims for declarations of invalidity and noninfringement of the '780 Patent, and that Lupin is entitled to reasonable attorneys' fees and costs under 35 U.S.C. § 285.

### 4.    Astellas' Second Complaint and Asserted Claims against Lupin

51.    Astellas filed a Second Complaint against Lupin for infringement of the '780 Patent in response to Lupin Ltd.'s February 8, 2021 notice that it filed ANDA No. 209485 and accompanying Paragraph IV certification stating that Lupin Ltd. intends to manufacture, use, sell, offer for sale, or import generic versions of 25 and 50 mg strength mirabegron extended-release tablets before the expiration of the '780 Patent.  (21-cv-425, D.I. 1.)

52.    In its Complaint, Astellas alleged that Lupin infringed the '780 Patent pursuant to 35 U.S.C. § 271(e)(2) by submission of Lupin Ltd.'s ANDA No. 209485 and accompanying Paragraph IV certification.  Astellas further alleged that Lupin's actions constitute exceptional case under 35 U.S.C. § 285.

15

53.     The Court consolidated 21-cv-425 with the instant action. (20-cv-1589, D.I. 155.)

### F.     CLAIM CONSTRUCTION

54.     On July 28, 2021, the parties submitted a joint letter to the Court explaining that none of the claim terms of the '780 Patent required construction. (20-cv-1589, D.I. 153.)  That same day, the Court cancelled the claim construction deadlines and the *Markman* hearing. (20-cv-1589, D.I. 154.)

### G.     PENDING MOTIONS

55.     There are no motions pending in this case at this time.

### H.     PRIOR MOTIONS

#### 1.     Lupin's and Zydus' Motion to Dismiss dated July 8, 2021

56.     Defendants Zydus and Lupin filed a Motion to Dismiss Astellas' complaint in Civil Action No. 21-cv-425 pursuant to Fed. R. Civ. P. 12(b)(6) on July 8, 2021.  (1:21-cv-00425, D.I. 18.)  Specifically, Zydus and Lupin accused Astellas of "claim splitting" by bringing a second lawsuit asserting that the same products of the same defendants infringe the same patent that is at issue in the first suit.  (1:21-cv-425, D.I. 19.)  Defendants withdrew this Motion to Dismiss on August 11, 2021, in light of the consolidation of Civil Action No. 1:21-cv-425 with Civil Action No. 20-cv-1589.  (20-cv-1589, D.I. 155, 156.)

#### 2.     Strides' and Solara's Motion to Dismiss dated October 18, 2021

57.     On March 2, 2021, Astellas filed a first amended complaint to add Strides and Solara to Civil Action No. 20-cv-01589 for infringement of the '780 Patent.  (20-cv-1589, D.I. 58.)  Astellas also included a claim for a declaratory judgment of contributory infringement of the '780 Patent by Sawai, Strides and Solara under 35 U.S.C. § 271(c).  (*Id.*)  In its first amended complaint, Astellas asserted that Strides and Solara collaborated with Sawai in the development

16

of, at least, the formulation of Sawai's ANDA Product.  (*Id.* at ¶ 15.)  Strides and Solara filed a motion to dismiss Astellas' first amended complaint on October 18, 2021, for failure to state a claim under Fed. R. Civ. P. 12(b)(6) because (1) Strides' and Solara's past actions occurred before the '780 Patent issued and are guarded by the Hatch-Waxman safe harbor, (2) the first amended complaint lacks plausible facts surrounding Strides' and Solara's role in the submission of Sawai's ANDA, and (3) Astellas' declaratory judgment counts against Strides and Solara fail to state a claim for indirect infringement.  (20-cv-1589, D.I. 199 & 200.)  In response, Astellas asserted, *inter alia*, that Strides and Solara (1) are a necessary parties, (2) actively participated in the submission of the ANDA, and (3) are also under the declaratory judgment jurisdiction of the Court. (20-cv-1589, D.I. 214.)  In its reply, Strides and Solara argued that Astellas' allegations failed to state a claim, that their activities were protected under the safe-harbor, and that indirect or declaratory judgment claims cannot be used to vitiate the safe-harbor.  (20-cv-1589, D.I. 220.)

58.    On November 11, 2022, the Court invited the parties to each file supplemental briefing on this motion to dismiss.  (20-cv-1589, D.I. 428.)  In the stipulation, Strides and Solara agreed to be bound by any judgment, order, or decision, rendered as to Sawai.  (*Id.*) On November 28, 2022, the Court granted Strides, Solara, Astellas and Sawai's stipulation and proposed order to dismiss Solara, without prejudice.  (20-cv-1589, D.I. 452.)

### 3.    Zydus' Motion to change name of Defendant dated April 20, 2022

59.    Defendant Zydus filed a motion to change the name of Cadila Healthcare Limited to Zydus Lifesciences Limited.  This motion was not opposed by Astellas.  (20-cv-1589, D.I. 341.)

## II.   JURISDICTION

60.    This is an action for patent infringement under the Patent Laws of the United States, Title 35, United States Code.

17

61.   This case does not involve a claim for damages, though the parties seek relief as described in the Damages and Relief section of the Final Pretrial Order.

62.   The jurisdiction of this Court is not disputed and is based on 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

## III.   FACTS

### A.   UNCONTESTED FACTS

63.   A joint statement of uncontested facts is attached as **Exhibit 1**.  These proposed stipulated facts require no proof at trial and will become part of the evidentiary record in this case.

### B.   CONTESTED FACTS

64.   Astellas' statement of issues of fact, with a brief statement of what Astellas intends to prove, is attached as **Exhibit 2.1**.

65.   Defendants' statement of issues of fact regarding validity, with a brief statement of what Defendants intend to prove, is attached as **Exhibit 2.2**.

66.   Sandoz's statement of issues of fact regarding infringement, with a brief statement of what Sandoz intends to prove, is attached as **Exhibit 2.3**.

67.   Sawai's statement of issues of fact regarding infringement, with a brief statement of what Sawai intends to prove, is attached as **Exhibit 2.4**.

68.   Zydus's statement of issues of fact regarding infringement, with a brief statement of what Zydus intends to prove, is attached as **Exhibit 2.5**.

69.   Lupin's statement of issues of fact regarding infringement, with a brief statement of what Lupin intends to prove, is attached as **Exhibit 2.6**.

70.   The inclusion of an issue in a party's statement of fact does not indicate that such issue has been fairly disclosed or identified, and the parties may object to any statements not

18

fairly disclosed.  Nothing in this Pretrial Order is intended to expand the scope of the issues to be litigated beyond those issues properly disclosed during the discovery period.

71.     If this Court determines that any issue identified in the statements of issues of fact is more properly considered an issue of law, it should be so considered.

## IV.     ISSUES OF LAW

72.     Astellas' statement of issues of law that remain to be litigated is attached as **Exhibit 3.1**.

73.     Defendants' statement of issues of law that remain to be litigated is attached as **Exhibit 3.2**.

74.     If this Court determines that any issue identified in the statements of issues of law is more properly considered an issue of fact, it should be so considered.

## V.     WITNESSES

### A.     LIST OF WITNESSES THE PLAINTIFFS EXPECT TO CALL

75.     Astellas' list of expert and non-expert witnesses it intends to call to testify at trial and whether the witness will testify in person or by deposition is attached as **Exhibit 4.1**. Astellas also identifies in **Exhibit 4.1**, the subject matter expertise for each expert witness it intends to call to testify at trial.  Defendants' objections to any identified witness are included in the Exhibit.

### B.     LIST OF WITNESSES THE DEFENDANTS EXPECT TO CALL

76.     Defendants' list of expert and non-expert witnesses it intends to call to testify at trial and whether the witness will testify in person or by deposition is attached as **Exhibit 4.2**. Defendants also identify in **Exhibit 4.2**, the subject matter expertise for each expert witness

19

they intend to call to testify at trial.  Astellas' objections to any identified witness are included in the Exhibit.

### C.   THE PARTIES' PROPOSAL REGARDING WITNESSES

77.    Any witness not listed in Exhibits 4.1 or 4.2 will be precluded from testifying, absent good cause shown.  Such good cause shall include testimony required to authenticate any documents subject to an authenticity objection and rulings by the Court.

78.    The parties will work together in good faith to resolve authentication issues without the need for live testimony, if possible.  However, each party reserves the right to call such rebuttal witnesses (who are not presently identifiable) as may be necessary, on reasonable notice to the opposing party.

79.    A party will identify by email to the opposing party the witnesses it intends to call live or by deposition, and the order in which the party expects to call them, by 8:00 p.m. two calendar days before such witnesses will be called to testify.  For example, if the party expects to conduct the examination on Wednesday, notice should be given to the opposing party by 8:00 p.m. on Monday.  The other party shall identify any objections to such witness(es) by 9:30 p.m. the following day and the parties shall meet and confer to resolve any objections by 10:30 p.m. that same evening.  If good faith efforts to resolve the objections fail, the party objecting shall bring its objections to the Court's attention prior to the witness being called to the witness stand.

80.    Fact witnesses to be called for live testimony will be sequestered and may not be present in the courtroom, including for opening statements, until after they provide their live testimony.

81.    With respect to expert witnesses called as live witnesses at trial, no deposition designations or counter-designations are allowed.

82.     The parties shall exchange a final list of witnesses they intend to call live at trial:  [**Astellas' proposal:**  three (3) weeks in advance of the trial date.] [**Defendants' proposal:** two (2) weeks in advance of the trial date.]  A party shall promptly provide notice if it will not call live a witness who is so identified on the list of trial witnesses.  To the extent a party gives notice that a witness identified as a live witness on the list of trial witnesses is not going to be called live, the parties may provide designations and counter-designations of the witness's deposition transcript, as well as objections to the opposing party's designations, in a reasonable time frame as agreed upon between the parties.  The parties will confer nightly to update opposing counsel as to the expected day that the party expects to complete its presentation of evidence.

D.     TESTIMONY BY DEPOSITION

83.     Astellas' list of deposition designations that it may offer into evidence is attached as **Exhibit 5.1**.  Defendants' objections thereto and counter-designations and Astellas' objections to Defendants' counter-designations are also included in **Exhibit 5.1**.

84.     Defendants' list of deposition designations that they may offer into evidence is attached as **Exhibit 5.2**.  Astellas' objections thereto and counter-designations and Defendants' objections to Astellas' counter-designations are also included in **Exhibit 5.2**.

85.     With respect to those witnesses whom the parties have identified in Exhibits 4.1 and 4.2 that will be called to testify live at trial, no deposition designations or counter-designations are required.  Should a witness identified in Exhibits 4.1 or 4.2 as testifying live at trial become unavailable, the parties may designate specific pages and lines of transcript that they intend to read or play in lieu of the witness's appearance upon reasonable notice.

86.     This pretrial order contains the maximum universe of deposition designations, counter-designations, and objections to admission of deposition testimony; none

21

of the foregoing shall be supplemented without approval of all parties or leave of the Court, on good cause shown.

87.     For deposition testimony provided to the Court, the party providing the designated testimony shall serve the other party with the transcript page and line numbers of the deposition testimony they intend to introduce by 8:00 p.m. three calendar days before such testimony is to be introduced.  A party may choose not to introduce deposition testimony designated in this Pretrial Order, but may not designate additional deposition testimony after the filing of this Pretrial Order, except as otherwise provided in this Pretrial Order.  Should a party choose not to introduce deposition testimony designated in this Pretrial Order, the other party may elect to offer some or all of that previously designated testimony as its designated testimony.  The other party will identify any objections to the designated testimony and any specific pages and lines from that deposition to counter-designate by 8:00 p.m. the following day.  By 9:30 pm that same day, the introducing party will identify any objections to the other party's counter-designated testimony.  The parties shall meet and confer to resolve any objections to designated testimony by 10:30 p.m. two days before that deposition testimony is to be read or played to permit sufficient time to prepare any necessary video / DVD of the testimony. If the objections to the disputed testimony cannot be resolved by the parties, the objections will be presented to the Court as appropriate before trial resumes the day before the testimony's anticipated use.  Unless otherwise instructed by the Court, the parties shall submit a copy of the designated portions of the transcript(s) to the Court at the time the designated testimony is offered in Court.  If a party opts to introduce deposition testimony by video, the party must provide notice to the opposing party or parties so that any counter-designations of that same witness's deposition testimony may also be

22

submitted by video.  Alterations to the exchange schedule outlined herein may be made upon agreement by all parties or leave of the Court, on good cause shown.

88.     When deposition designation excerpts are introduced, all admissible deposition counter-designation excerpts, whether offered by videotape or by transcript, will be introduced simultaneously in the sequence in which the testimony was originally given.  The specific portions of the deposition shall be read or played in page order.  If an exhibit is referenced in a deposition designation, the exhibit is admitted into evidence if it is included on the offering party's trial exhibit list and is not otherwise objected to.

89.     All irrelevant and redundant material, including colloquy between counsel and objections, will be eliminated when the deposition is read or viewed at trial.

90.     Any party may use testimony that is designated by another party, to the same effect as if they had initially designated the testimony as its own, subject to all evidentiary objections.

91.     Designated deposition testimony will be offered to the Court as designated testimony that the parties play by video in Court or have read into the record and will count against that party's trial presentation time (if such time is assigned by the Court).

92.     Any deposition testimony to be used at trial may be used whether or not the transcripts of such deposition have been signed and filed pursuant to Fed. R. Civ. P. 30(b).

93.     The listing of a deposition designation does not constitute an admission as to the admissibility of the testimony nor is it a waiver of any applicable objection.

**E.     IMPEACHMENT WITH PRIOR INCONSISTENT TESTIMONY**

94.     The above procedures regarding deposition designations do not apply to portions of deposition transcripts and/or video used for impeachment or cross-examination of a witness.  Any deposition testimony may be used at trial for the purpose of impeachment, regardless

of whether a party specifically identified that testimony on its list of deposition designations, if the testimony is otherwise competent for such purpose.

95.     The parties reserve the right to object to the use of any deposition testimony and any other prior inconsistent statements for impeachment purposes, including objections based on lack of completeness and/or lack of inconsistency.

### F.     OBJECTIONS TO EXPERT TESTIMONY

96.     The parties request that the Court rule at trial on objections to expert testimony as beyond the scope of prior expert disclosures, taking time from the parties' trial presentation to argue and decide such objections.

## VI.     EXHIBITS

### A.     EXHIBITS

97.     The parties' joint list of trial exhibits, and their respective objections thereto (if any), are attached as **Exhibit 6**.  The joint trial exhibits are identified with JTX numbers, starting with JTX 1.

98.     Astellas' list of trial exhibits, and Defendants' objections thereto, are attached as **Exhibit 6.1**.  Astellas' trial exhibits are identified with PTX numbers, starting with PTX-1.

99.     Defendants' list of trial exhibits, and Astellas' objections thereto, are attached as **Exhibit 6.2**.  Defendants' trial exhibits are identified with DTX numbers, starting with DTX-1.

100.     Supplementation of the exhibit lists will only be allowed based on good cause shown.  Such good cause shall include reasonable supplementation necessitated by the service of Court-ordered reply reports and/or supplemental expert depositions pursuant to such Court-ordered discovery.

101.    Subject to the remaining provisions of this Order, exhibits not listed will not be admitted unless good cause is shown.

102.    The parties will exchange electronic copies of their pre-marked non-demonstrative exhibits listed on their respective exhibit lists in PDF computer file format by 8:00 p.m. on January 25, 2023.  The parties shall provide objections (*e.g.*, completeness of the actual stamped exhibit exchanged, incorrect stamping, etc.) to the other party's pre-marked non-demonstrative exhibits by 9:30 p.m. on January 30, 2023.  The parties will exchange corrected pre-marked non-demonstrative exhibits by 8:00 p.m. on February 3, 2023.

103.    Exhibits to be used or offered into evidence solely for impeachment need not be included on the list of trial exhibits or disclosed in advance of being used or offered at trial.

104.    The listing of a document on a party's exhibit list is not an admission that such document is relevant or admissible.  Each party reserves the right to object to the relevance of any evidence offered by the other party, at the time such evidence is offered, in view of the specific context in which such evidence is offered, or for any other reason as set forth in the Federal Rules of Evidence or other applicable principles of law.

105.    Each party reserves the right to use exhibits from the other party's trial exhibit list, even if not separately listed on its own exhibit list.  All objections to such exhibits are preserved, regardless of whether such exhibits also appear on the objecting party's exhibit list. **Astellas' Position:** Any exhibit, once admitted at trial, may be used equally by each party for any purpose in accordance with the Federal Rules of Evidence.  **Defendants' Position:** Any exhibit, once admitted at trial, may be used equally by each party for any purpose in accordance with the Federal Rules of Evidence, unless it is hearsay under FRE 801-802 for one party, but not the party that moved for it to be admitted, and/or the latter party's use is objectionable under FRE 403.

25

106.   The parties stipulate to the authenticity of all exhibits listed in **Exhibits 6.1 and 6.2**, absent a specific objection set forth in an exhibit list challenging that document's authenticity.

107.   Any document that on its face appears to have been authored by an employee, officer, or agent of a party shall be deemed to be *prima facie* authentic, subject to the right of any party against whom such a document is offered to adduce evidence to the contrary or to require that the offering party provide authenticating evidence if the opposing party has a reasonable basis to believe the document is not authentic.

108.   Any document that on its face appears to be a newspaper, periodical, article, journal, patent, patent publication, certified file history of a patent or patent application, or other publication or portion thereof shall be deemed to be *prima facie* authentic, subject to the right of any party against whom such a document is offered to adduce evidence to the contrary or to require that the offering party provide authenticating evidence if the opposing party has a reasonable basis to believe the document is not authentic.

109.   Complete legible copies of documents may be offered and received in evidence to the same extent as an original unless a genuine question is raised as to the authenticity of the original, or in the circumstances it would be unfair to admit the copy in lieu of the original. Legible copies of United States patents and the contents of the Patent and Trademark Office file histories may be offered and received into evidence in lieu of certified copies thereof, subject to all other objections that might be made to the admissibility of certified copies.

110.   Statements from any opposing party's Request for Admission responses, Interrogatory responses, or pleadings may be read at trial and need not be included on the exhibit lists.  **Astellas' Position:** Astellas requests that no specific procedure be required to rely on such

26

materials, and objections can be made at the time the materials are used.  **Defendants' Position:** Defendants request that the following procedure be followed: to the extent a party intends to rely on these materials, including situations where the document is being used for cross-examination or impeachment, the party will identify by email to the opposing party the statements it intends to read by 8:00 p.m. two calendar days before it will be read.  The other party shall identify any objections to such statements by 9:30 p.m. the following day and the parties shall meet and confer to resolve any objections by 10:30 p.m. that same evening.  If good faith efforts to resolve the objections fail, the party objecting shall bring its objections to the Court's attention prior to the statements being read in court.  However, if there is not time to follow this process, the parties will meet and confer on the issue and timely raise any disputes with the Court.

111.    On or before the first day of trial, counsel will deliver to the Courtroom Deputy a completed AO Form 187 exhibit list for each party.  The parties will attempt to identify common exhibits to avoid, where practical, the submission of duplicative exhibits into the record.

112.    A party will provide a list of non-demonstrative exhibits to be used in connection with direct examination along with an identification of the witness with which the party expects to use each exhibit by 8:00 p.m. two days before their intended use, and objections will be provided no later than 9:30 p.m. the following day.  The parties shall meet and confer to resolve any objections by 10:30 p.m. the day before the intended use of the exhibit.  If good faith efforts to resolve the objections fail, the party objecting to the non-demonstrative exhibits shall bring its objections to the Court's attention prior to the witness being called to the witness stand.

113.    The exhibit lists indicate whether each trial exhibit has previously been marked as a deposition exhibit.  To remove duplicates and improve legibility of the exhibits used

27

at trial, the parties agree that the trial exhibit shall be treated as identical to the indicated deposition exhibit regardless of whether it bears a deposition exhibit sticker.

### B.   DEMONSTRATIVE EXHIBITS

114.   The parties agree that the demonstrative exhibits that the parties intend to use at trial do not need to be included on their respective exhibit lists that are part of this Final Pretrial Order.  Astellas' demonstrative exhibits will be identified with PDX numbers, starting with PDX-1.  Defendants' demonstrative exhibits will be identified with DDX numbers, starting with DDX-1.

115.   The parties will exchange demonstrative exhibits to be used in opening statements by 8:00 p.m. one day before opening statements.  The parties will provide any objections to such demonstrative exhibits by 9:30 pm on the day before opening statements.  The parties shall meet and confer to resolve any objections by 10:30 p.m. the night before the intended use of the demonstrative exhibit.

116.   A party will provide demonstrative exhibits to be used in connection with direct examination by 8:00 p.m. the day before their intended use, and objections will be provided no later than 9:30 p.m. the night before their intended use.  The parties shall meet and confer to resolve any objections by 10:30 p.m. the night before the intended use of the demonstrative exhibit.  If any of the demonstrative exhibits change after the deadline, the party intending to use the demonstrative exhibit will promptly notify the opposing part of the change(s).

117.   The party seeking to use a demonstrative exhibit will provide color PDFs to the other side by email and/or electronic media such as USB and/or FTP (or any electronic media specified by the Court).  For large exhibits and any videos or animations, the party seeking to use the demonstrative exhibit will provide it to the other side by email and/or electronic media such as USB and/or FTP.  For irregularly sized physical exhibits, the party seeking to use the

28

demonstrative exhibit will provide a color representation as a PDF, and will also make the exhibit available for inspection.

118.    For each demonstrative exhibit, the parties will disclose to the opposing party on the face of the demonstrative exhibit all trial exhibits that form the basis of the demonstrative exhibit.

119.    These provisions regarding demonstrative exhibits do not apply to demonstrative exhibits created during testimony or demonstrative exhibits to be used for cross examination, neither of which need to be provided to the other side in advance of their use.  In addition, blow-ups, callouts, or highlights of exhibits or parts of exhibits or testimony are not required to be provided to the other side in advance of their use.

120.    If good faith efforts to resolve the objections fail, the objecting party shall bring its objections to the Court's attention prior to the opening statements or prior to the applicable witness being called to the witness stand.

### C.    TRANSLATIONS AND OBJECTIONS TO TRANSLATED EXHIBITS AND TESTIMONY

121.    The parties will provide any objections to and propose corrections to all translated exhibits and/or deposition testimony on or before January 20, 2023.  The parties will continue to work diligently to resolve any objections to translated exhibits and/or deposition testimony without the need for court intervention by February 3, 2023.

122.    In the event that a party intends to bring a witness to testify live at trial in Japanese (provided the witness has been timely identified and disclosed in accordance with the provisions of the pretrial order) or the parties are unable to reach agreement on all disputed translation issues by February 3, 2023, the parties shall jointly retain an independent interpreter/translator at their shared expense to [**Astellas' Position**] assist the Court at trial

[**Defendants' Position**] resolve disputes between the parties' competing English translations and/or to assist the Court at trial.

## VII.   DAMAGES AND RELIEF

### A.   PLAINTIFF'S REQUEST FOR RELIEF:

123. This case does not involve a claim for damages.

124. Astellas requests the following relief from the Court:

a) declare that under 35 U.S.C. § 271(e)(2)(A), Sandoz has infringed one or more claims of the '780 Patent by Sandoz's filing of ANDA No. 209441 seeking FDA approval for the commercial manufacture, use, offer for sale, sale and/or importation of Sandoz's ANDA Product before the expiration of this Patent;

b) declare that the manufacture, use, offer for sale, sale and/or importation of Sandoz's ANDA Product will infringe the '780 Patent;

c) impose a permanent injunction restraining and enjoining Sandoz and its officers, agents, attorneys, and employees, and those acting in privity or concert therewith, from engaging in the commercial manufacture, use, offer for sale, sale, and/or importation of Sandoz's ANDA Product, as claimed in the '780 Patent, until the expiration of the '780 Patent, or any later date of exclusivity to which Plaintiffs are or become entitled;

d) declare that the effective date of any approval of Sandoz's ANDA No. 209441 be a date that is not earlier than the expiration of the right of exclusivity under the '780 Patent, or any later date of exclusivity to which Plaintiffs are or become entitled;

30

e)   declare that under 35 U.S.C. § 271(e)(2)(A), Sawai has infringed one or more claims of the '780 Patent by Sawai's filing of ANDA No. 209446 seeking FDA approval for the commercial manufacture, use, offer for sale, sale and/or importation of Sawai's ANDA Product before the expiration of this Patent;

f)   declare that the manufacture, use, offer for sale, sale and/or importation of Sawai's ANDA Product will infringe the '780 Patent;

g)   impose a permanent injunction restraining and enjoining Sawai and its officers, agents, attorneys, and employees, and those acting in privity or concert therewith, from engaging in the commercial manufacture, use, offer for sale, sale, and/or importation of Sawai's ANDA Product, as claimed in the '780 Patent, until the expiration of the '780 Patent, or any later date of exclusivity to which Plaintiffs are or become entitled;

h)   declare that the effective date of any approval of Sawai's ANDA No. 209446 be a date that is not earlier than the expiration of the right of exclusivity under the '780 Patent, or any later date of exclusivity to which Plaintiffs are or become entitled;

i)   declare that under 35 U.S.C. § 271(e)(2)(A), Zydus has infringed one or more claims of the '780 Patent by Zydus's filing of ANDA No. 209488 seeking FDA approval for the commercial manufacture, use, offer for sale, sale and/or importation of Zydus's ANDA Product before the expiration of this Patent;

31

j)  declare that the manufacture, use, offer for sale, sale and/or importation of Zydus's ANDA Product will infringe the '780 Patent;

k)  impose a permanent injunction restraining and enjoining Zydus and its officers, agents, attorneys, and employees, and those acting in privity or concert therewith, from engaging in the commercial manufacture, use, offer for sale, sale, and/or importation of Zydus's ANDA Product, as claimed in the '780 Patent, until the expiration of the '780 Patent, or any later date of exclusivity to which Plaintiffs are or become entitled;

l)  declare that the effective date of any approval of Zydus's ANDA No. 209488 be a date that is not earlier than the expiration of the right of exclusivity under the '780 Patent, or any later date of exclusivity to which Plaintiffs are or become entitled;

m)  declare that under 35 U.S.C. § 271(e)(2)(A), Lupin has infringed one or more claims of the '780 Patent by Lupin's filing of ANDA No. 209485 seeking FDA approval for the commercial manufacture, use, offer for sale, sale and/or importation of Lupin's ANDA Product before the expiration of this Patent;

n)  declare that the manufacture, use, offer for sale, sale and/or importation of Lupin's ANDA Product will infringe the '780 Patent;

o)  impose a permanent injunction restraining and enjoining Lupin and its officers, agents, attorneys, and employees, and those acting in privity or concert therewith, from engaging in the commercial manufacture, use, offer for sale, sale, and/or importation of Lupin's ANDA Product, as claimed in

32

the '780 Patent, until the expiration of the '780 Patent, or any later date of exclusivity to which Plaintiffs are or become entitled;

p) declare that the effective date of any approval of Lupin's ANDA No. 209485 be a date that is not earlier than the expiration of the right of exclusivity under the '780 Patent, or any later date of exclusivity to which Plaintiffs are or become entitled;

q) declare that the asserted claims of the '780 Patent remain valid and enforceable;

r) declare that this an exceptional case and that Plaintiffs are entitled to an award of costs and expenses in this action and reasonable attorney fees pursuant to 35 U.S.C. § 285;[2] and

s) such other relief as this Court may deem proper.

**B.    DEFENDANTS' REQUEST FOR RELIEF:**

125.   Sandoz[3] requests the following relief from the Court:

a) declaring that the manufacture, use, sale, offer for sale, importation, and/or marketing of the mirabegron extended-release tablets 25 mg and 50 mg products described in Sandoz's ANDA have not infringed, do not infringe, and would not—if made used, sold, offered for sale, imported, or marketed—infringe, either directly or indirectly, any valid and/or enforceable claim of the '780 patent, either literally or under the doctrine of equivalents;

---

[2]   The parties request that briefing on exceptional case be bifurcated until after appeal (if any).

[3]   Lek did not file counterclaims and does not seek specific relief.

b)   declaring that the claims of the '780 patent are invalid;

c)   declaring that Plaintiffs'/Counterclaim-Defendants' First Amended Complaint (D.I. 65) be dismissed with prejudice and judgment entered in favor of Sandoz;

d)   declaring this case exceptional and awarding Sandoz its reasonable attorneys' fees and costs of these Counterclaims under 35 U.S.C. § 285;

e)   awarding Sandoz such other and further relief as the Court may deem just and proper.

126.   Sawai requests the following relief from the Court:

a)   declaring that the manufacture, use, sale, offer for sale, importation, and/or marketing of the mirabegron extended-release tablets 25 mg products described in Sawai's ANDA have not infringed, do not infringe, and would not—if made used, sold, offered for sale, imported, or marketed—infringe, either directly or indirectly, any valid and/or enforceable claim of the '780 patent, either literally or under the doctrine of equivalents;

b)   declaring that the claims of the '780 patent are invalid;

c)   declaring that Plaintiffs'/Counterclaim-Defendants' Amended Complaint (D.I. 58) be dismissed with prejudice and judgment entered in favor of Sawai;

d)   declaring this case exceptional and awarding Sawai its reasonable attorneys' fees and costs of these Counterclaims under 35 U.S.C. § 285; and

e)   awarding Sawai such other and further relief as the Court may deem just and proper.

34

127.   Zydus requests the following relief from the Court:

a)   Deny Astellas the general or specific relief requested, or any relief whatsoever, and grant judgment in favor of Zydus by dismissing this action with prejudice, and awarding Zydus its reasonable attorneys' fees pursuant to 35 U.S.C. § 285, interests and costs of this action, and such other or further relief as this Court may deem just and proper.

128.   Lupin[4] requests the following relief from the Court:

a)   deny Astellas the relief requested in ¶ 123(m)-(s) or any other relief;

b)   declare that Plaintiffs' Complaint (D.I. 1) be dismissed with prejudice and judgment be entered in favor of Lupin Ltd.

c)   declare the manufacture, import, use, sale, and/or offer to sell Lupin Ltd.'s ANDA Products, has not infringed, does not and will not infringe (either literally or under the doctrine of equivalents), directly or indirectly (either by inducement or contributorily) any valid, enforceable claim of U.S. Patent No. 10,842,780;

d)   declare the claims of U.S. Patent No. 10,842,780 invalid;

e)   declare that Lupin Ltd. has the lawful right to manufacture, import, use, sell, and/or offer to sell Lupin Ltd.'s ANDA Products in the United States once the product is approved by the FDA;

f)   declare that Plaintiffs/Counterdefendants and their agents, representatives, attorneys, and those persons in active concert or participation with them who receive actual notice thereof, be preliminarily and permanently

---

[4] Lupin Pharmaceuticals, Inc. did not file counterclaims and does not seek the relief in ¶ 4(b)-(i).

ME1 43964636v.1

enjoined from threatening or initiating infringement litigation against Lupin Ltd. or any of its customers, dealers, or suppliers, or any prospective or present sellers, dealers, distributors, or customers of Lupin Ltd., or charging any of them either orally or in writing with infringement of U.S. Patent No. 10,842,780;

g) declare that this action is an exceptional case within the meaning of 35 U.S.C. § 285 and that Lupin Ltd. is therefore entitled to recover its reasonable attorneys' fees upon prevailing in this action;

h) award Lupin Ltd. costs, attorney's fees, and other relief, both legal and equitable, to which it may be justly entitled; and

i) award Lupin Ltd. such other and further relief as is just and proper.

## VIII.  BIFURCATION

129.   No party seeks to bifurcate trial.  Astellas intends to seek a declaration that this case is exceptional within the meaning of 35 U.S.C. § 285 with respect to the Defendants. Defendants intend to seek a declaration that this case is exceptional within the meaning of 35 U.S.C. § 285 with respect to Astellas.  The parties request that briefing, including the parties' submissions of evidence, on exceptional case be bifurcated until after appeal (if any).

## IX.    MOTIONS IN LIMINE

130.   Astellas' *in limine* motions, and Defendants' oppositions thereto and Astellas' replies, if any, are attached as **Exhibit 7**.

131.   Defendants' *in limine* motions, and Astellas' oppositions thereto and Defendants' replies, if any, are attached as **Exhibit 8**.

## X.     DISCOVERY

132.   Discovery is complete.

36

## XI.    POST-TRIAL BRIEFING SCHEDULE FOR NON-JURY TRIAL

133.    The parties respectfully propose that they shall submit their respective post-trial briefs on or before March 17, 2023. The post-trial briefs will be limited to no more than sixty (60) pages.

134.    Along with their post-trial briefs, the parties respectfully propose that each party shall provide proposed Findings of Fact, separately stated in numbered paragraphs, constituting a detailed listing of the relevant material facts the party believes it has proven, in a simple narrative form, along with citations to the record. The parties respectfully propose that the proposed Findings of Fact will be limited to no more than sixty (60) pages. The parties respectfully propose that no separate Conclusions of Law shall be filed.

## XII.    LENGTH OF TRIAL

135.    The Court has allocated seven to ten (7-10) days for trial.

136.    **Astellas' Position:** Astellas believes that trial on infringement and validity can be completed in seven (7) days (approximately 35 hours of total trial time), with half the trial time, *i.e.* approximately 18 hours, for Astellas' trial presentations and half the time, *i.e.* approximately 18 hours, for defendants' trial presentations.  Astellas intends to reserve 1 hour and fifteen minutes for its closing statements, should the Court permit closing statements at the conclusion of trial.  **Defendants' Position:** Defendants believe that trial on infringement and invalidity can be completed in approximately 45 hours of total trial time, split evenly between the parties, inclusive of opening statements and closing argument.  Defendants also believe it is possible to have approximately six (6) hours of trial time per day, subject to the Court's schedule and preferences; if the Court agrees that six (6) hours of trial time per day is reasonable, then the trial will last approximately 7.5 days.  Defendants request that closing statements take place after post-trial briefing. If the Court prefers and permits closing statements at the conclusion of trial,

37

Defendants intend to reserve approximately 1.5 hours total (i.e., 90 minutes) for their closing statements.

## XIII.  AMENDMENTS OF THE PLEADINGS

137.    There are no amendments to the pleadings desired by either party.

## XIV.  ADDITIONAL MATTERS

### A.    ORDER OF PROOF AT TRIAL

138.    The parties propose the following order of proof:

a)  Opening statements will be delivered in the following order:  Astellas, then Defendants.

b)  Astellas shall then present its affirmative case on infringement with respect to Defendants.

c)  **Astellas' Position**: Upon conclusion of Astellas' testimony and evidence on infringement with respect to Defendants, Defendants shall present their rebuttal on infringement, and their affirmative case on invalidity, including evidence on objective indicia of obviousness.

**Defendants' Position**: Upon conclusion of Astellas' testimony and evidence on infringement with respect to Defendants, Defendants shall present their rebuttal on infringement, and their affirmative case on invalidity.

d)  Upon conclusion of Defendants' testimony and evidence on noninfringement and invalidity, Astellas shall present its rebuttal on invalidity, including objective indicia of nonobviousness.

38

e) **Defendants' Position**: Upon conclusion of Astellas' rebuttal on validity, including objective indicia of nonobviousness, Defendants shall present reply testimony and evidence on objective indicia of nonobviousness.

### B. CLOSING STATEMENTS

139.    Should the Court permit closing statements, either at the conclusion of trial or after post-trial briefing, such statements will be delivered in the following order:   **Astellas' Position:** Astellas, then Defendants, and then Astellas.  **Defendants' Position:** Astellas, and then Defendants.

### C. CONFIDENTIALITY

140.    Documents marked "Confidential" pursuant to the Protective Order entered in this case will maintain their confidentiality designations unless used at trial.  Unless specifically objected during the time frame set forth in Section VI, the parties do not object to the presentation of "Confidential" documents to witnesses during trial for examination or in opening or closing statements, and the content of documents marked "Confidential" may be projected onto large screens that may be visible at trial.

### D. SEALING THE COURTROOM

141.    Astellas may seek to seal the Courtroom during presentation of evidence on commercial success.

142.    Defendants may seek to seal the Courtroom during presentation of testimony and evidence on the formulation and dissolution profile of their proposed ANDA products.

143.    Any party may seek to seal the Courtroom during the presentation of the confidential information of third parties not present in the Courtroom.

39

144.    The parties do not intend to seal the Courtroom except for the limited purposes listed above.

E.    MISCELLANEOUS  (AS OF **12/21/22**)

145.    Defendants request that the Court enter an order requiring:  (1) Plaintiffs to reduce the number of asserted claims to no more than 5 on or before January 27, 2023; and (2) Defendants to reduce their number of obviousness combinations to no more than 3 by January 30, 2023.

146.    [**Astellas**]: Defendants failed to provide notice as required under 35 U.S.C. §282 of publication dates for a number of proposed prior art references, and thus cannot provide proof those prior art references predate the '780 Patent's priority date at trial. [**Defendants**]: Defendants disagree that their § 282 notice was deficient in any way.

147.    [**Defendants**]:  Defendants object to Astellas's use at trial of third party depositions not attended by any of Defendants in violation of Fed. R Civ. P. 30 and 32 and Fed. R. Evid. 804. [**Astellas**]: Astellas does not understand the basis for Defendants' objection, as no third party discovery was taken in this action.  Any objections regarding the use of deposition designations can be addressed at the time such designations are offered.

XV.    SETTLEMENT

148.    The parties hereby certify that they have engaged in a good faith effort to explore the resolution of the controversy by settlement. As of the filing date of this Order, the parties are continuing to discuss settlement but still intend to proceed to trial.

*      *      *

**IT IS HEREBY ORDERED** that this Final Pretrial Order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.

40

DATED: _____

_____
UNITED STATES DISTRICT JUDGE

APPROVED AS TO FORM AND
SUBSTANCE:

Dated:  January 17, 2023

MCCARTER & ENGLISH, LLP

*/s/ Alexandra M. Joyce*
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
405 N. King St., 8th Floor
Wilmington, DE 19801
(302) 984-6331
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiffs Astellas Pharma Inc.,*
*Astellas Ireland Co., Ltd., and Astellas*
*Pharma Global Development, Inc.*

PHILLIPS, MCLAUGHLIN & HALL, P.A.

*/s/ Megan C. Haney*
John C. Phillips, Jr. (#110)
David A. Bilson (#4986)
Megan C. Haney (#5016)
1200 N. Broom St
Wilmington, DE 19806
(302) 655-4200
jcp@pmhdelaw.com
dab@pmhdelaw.com
mch@pmhdelaw.com

*Attorneys for Lupin Ltd. and*
*Lupin Pharmaceuticals, Inc.*

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Pilar G. Kraman*
Pilar G. Kraman (#5199)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
pkraman@ycst.com

*Attorneys for Zydus Pharmaceuticals (USA)*
*Inc. and Zydus Lifesciences Limited*

41

HEYMAN ENERIO GATTUSO & HIRZEL
LLP

*/s/ Dominick T. Gattuso*
Dominick T. Gattuso (#3630)
Elizabeth A. DeFelice (#5474)
300 Delaware Ave., Suite 200
Wilmington, DE 19801
(302) 472-7300
dgattuso@hegh.law
edefelice@hegh.law

*Attorneys for Defendant Sandoz Inc. and Lek
Pharmaceuticals d.d.*

HEYMAN ENERIO GATTUSO & HIRZEL
LLP

*/s/ Dominick T. Gattuso*
Dominick T. Gattuso (#3630)
Elizabeth A. DeFelice (#5474)
300 Delaware Ave., Suite 200
Wilmington, DE 19801
(302) 472-7300
dgattuso@hegh.law
edefelice@hegh.law

*Attorneys for Defendants Sawai
Pharmaceutical Co., Ltd. and Sawai USA,
Inc.*

42