IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASTELLAS PHARMA INC., ASTELLAS IRELAND CO., LTD. and ASTELLAS PHARMA GLOBAL DEVELOPMENT, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SANDOZ INC., et al., <br><br> Defendants. | C.A. No. 1:20-01589-JFB-CJB (Consolidated) <br><br> Honorable Joseph F. Bataillon |

## DEFENDANTS' UNOPPOSED MOTION TO SEAL AND REDACT PORTIONS OF THE TRIAL TRANSCRIPTS

Pursuant to Rule 5.2 of the Federal Rules of Civil Procedure and this Court's Policy on the Electronic Availability of Transcripts of Court Proceedings, Defendants Lupin Ltd. and Lupin Pharmaceuticals, Inc. (collectively, "Lupin") and Sandoz Inc. and Lek Pharmaceuticals d.d. (collectively, "Sandoz"), and former defendants Aurobindo Pharma Ltd., Aurobindo Pharma USA, Inc., and Aurolife Pharma LLC (collectively, "Aurobindo"), Sawai Pharmaceutical Co., Ltd., and Sawai USA, Inc (collectively, "Sawai") (all collectively, "Defendants"), hereby submit this joint motion to redact limited portions of the transcripts of the trial held from February 6, 2023 to February 10, 2023, specifically Trial Days 2, 3, and 5 (D.I. 526, 527, 530) in this action, and to seal the original unredacted transcripts. Plaintiffs Astellas Pharma Inc., Astellas Ireland Co., Ltd., and Astellas Pharma Global Development, Inc. (collectively, "Astellas") do not oppose this request.

The Defendants' proposed redactions to those transcripts are attached as Exhibits 1-3. An unredacted copy of the relevant portions is attached hereto as Exhibits 4-6 (filed separately under

seal, with proposed redactions highlighted) and a summary of proposed redactions is attached hereto as Exhibit 7.

The Defendants' proposed redactions to the trial transcripts are narrowly tailored to limited information concerning Defendants' proprietary formulations of their respective mirabegron extended-release products described in their respective Abbreviated New Drug Applications ("ANDAs") (Confidential Formulation Information). This Confidential Formulation Information is the same type of information previously filed under seal by the parties.

The Defendants' proposed redactions are also consistent with controlling precedent in the Third Circuit. The public's access to judicial proceedings and records is "not absolute." *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1978). The Third Circuit has held that courts may exercise inherent supervisory power to deny access to judicial proceedings and records, for example, "where they are sources of business information that might harm a litigant's competitive standing." *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988). A party can overcome the presumption of public access by showing "that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the seeking closure." *Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 673 (3d Cir. 2019) (internal citations omitted).

Redaction of a judicial transcript is appropriate where "good cause" is shown. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). "Assessing whether good cause exists to [redact] a judicial transcript generally involves a balancing process, in which courts weigh the harm of disclosing information against the importance of disclosure to the public." *Mosaid Techs., Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 508 (D. Del. 2012) (citing *Pansy*, 23 F.3d at 787).

The Confidential Formulation Information that Lupin seeks to redact is limited to specific amounts and grades of excipients contained in its ANDA formulations. The Confidential Formulation Information that Sandoz seeks to redact is limited to descriptions of the formulation of its ANDA products, including specific amounts and grades of excipients. The Confidential Formulation Information that Aurobindo seeks to redact is limited to descriptions of the formulation of its ANDA products, including specific amounts and types of excipients, and descriptions of its ANDA-product development process. In the highly competitive generic pharmaceutical market, such Confidential Formulation Information is proprietary and highly confidential to Defendants. Disclosure of this Confidential Formulation Information would place Defendants at a competitive disadvantage by allowing competitors access to proprietary formulation information that would not otherwise be publicly available. Courts in the Third Circuit routinely order redaction of such confidential formulation information. *See, e.g.*, *Purdue Pharm Prods. LP v. Actavis Elizabeth LLC*, 2015 WL 13691888, at *1 (D.N.J. Aug. 24, 2015) (sealing portions of trial transcript relating to formulation of ANDA product); *Supernas Pharm., Inc. v. TWI Pharm., Inc.*, 2017 WL 11634624, at *2 (D.N.J. Mar. 28, 2017) (sealing confidential ANDA-related information, including formulation).[1]

Furthermore, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court entered a Protective Order in this action on April 21, 2021, which is intended to protect "trade secret or other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c)(1)(G)." D.I. 115 at ¶ 2.A. Defendants' Confidential Formulation Information is precisely the type of proprietary information protected under the Protective Order.

---

[1] Defendants acknowledge the court's decision not to seal the courtroom during trial for discussion of formulation-related information. D.I. 526 at 119:7-15.

Consistent with the Protective Order, Defendants produced their Confidential Formulation Information to Plaintiffs on a "Confidential" basis (whether under the terms of the Protective Order or pursuant to D. Del. L.R. 26.2). Defendants' request to redact the foregoing information from the transcripts of Trial Days 2, 3, and 5 is consistent with the provisions of the Protective Order, which allow for information "that is of such a sensitive nature that it supports a reasonable and good faith belief that granting access to such information to an employee or officer of a competitor will place the Producing Party at a competitive disadvantage" to be designated as Confidential and filed under seal *Id.* at ¶¶ 2.A, 19.

Moreover, Astellas is actively prosecuting patent applications for modified release formulations of mirabegron (e.g., U.S. Application No. 16/952,795). *See* Exhibit 8. If Defendants' Confidential Formulation Information is publicly disclosed in the trial transcripts, then it will no longer be subject to the Protective Order entered in this case (D.I. 115), and could be used to craft patent claims to cover Defendants' ANDA products. This result would directly contradict the express prohibition in the Protective Order on Confidential Information being used for purposes of patent prosecution. (*See* D.I. 115 ¶ 16.A). Further, it could encourage yet another round of litigation, and even further delay in Defendants' ability to market their generic versions of Myrbetriq®.

By contrast, the public does not have a strong interest in viewing Defendants' Confidential Formulation Information. This case involves private parties and not public figures, which weighs in favor of redaction. *Pansy*, 23 F.3d at 787. Furthermore, the Confidential Formulation Information does not implicate public health or safety. *Id.* Ultimately, the public's interest in viewing Defendants' Confidential Formulation Information, if any, is greatly outweighed by the harm to Defendants attendant with public disclosure of proprietary formulation information.

This motion is supported by declarations from each Defendant:

- Ex. 9 – Declaration of Himanshu Godbole (Lupin);
- Ex. 10 – Declaration of Thomas Lavery (Sandoz);
- Ex. 11 – Declaration of S.D.V.N. Sivaram (Aurobindo); and
- Ex. 12 – Declaration of Sugimoto Nobuko (Sawai).

Based on the foregoing, the Defendants respectfully submit that their limited redactions to the transcripts of Trial Days 2, 3, and 5 are appropriate and that good cause exists for the unredacted transcripts to remain under seal.

For the reasons stated herein and in the supporting declarations, the Defendants respectfully request that the Court enter an order, substantially similar to the Proposed Order attached hereto, granting their Joint Motion to Seal and Redact Portions of the Trial Transcripts (Days 2, 3, and 5).

Dated: April 28, 2023

| | |
|---|---|
| HEYMAN ENERIO GATTUSO & HIRZEL LLP | MORRIS JAMES LLP |
| */s/ Dominick T. Gattuso* <br> Dominick T. Gattuso (#3630) <br> Elizabeth A. DeFelice (#5474) <br> 300 Delaware Ave., Suite 200 <br> Wilmington, DE 19801 <br> (302) 472-7300 <br> dgattuso@hegh.law <br> edefelice@hegh.law | */s/ Cortlan S. Hitch* <br> Kenneth L. Dorsney (#3726) <br> Cortlan S. Hitch (#6720) <br> 500 Delaware Avenue, Suite 1500 <br> Wilmington, DE 19899 <br> (302) 888-6855 <br> kdorsney@morrisjames.com <br> chitch@morrisjames.com |
| *Attorneys for Defendant Sandoz Inc. and Lek Pharmaceuticals d.d.* | *Attorneys for Aurobindo Pharma Ltd., Aurobindo Pharma USA, Inc. and Aurolife Pharma LLC* |
| PHILLIPS, MCLAUGHLIN & HALL, P.A. | HEYMAN ENERIO GATTUSO & HIRZEL LLP |
| */s/ Megan C. Haney* <br> John C. Phillips, Jr. (#110) <br> David A. Bilson (#4986) <br> Megan C. Haney (#5016) | */s/ Dominick T. Gattuso* <br> Dominick T. Gattuso (#3630) <br> Elizabeth A. DeFelice (#5474) <br> 300 Delaware Ave., Suite 200 |

1200 N. Broom St
Wilmington, DE 19806
(302) 655-4200
jcp@pmhdelaw.com
dab@pmhdelaw.com
mch@pmhdelaw.com

*Attorneys for Lupin Ltd. and Lupin Pharmaceuticals, Inc.*

Wilmington, DE 19801
(302) 472-7300
dgattuso@hegh.law
edefelice@hegh.law

*Attorneys for Defendants Sawai Pharmaceutical Co., Ltd. and Sawai USA, Inc.*