# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASTELLAS PHARMA INC., *et al.*, | ) )  ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 20-1589 (JFB) (CJB) ) CONSOLIDATED ) |
| SANDOZ INC., *et al.*, | ) ) |
| Defendants. | ) ) ) ) |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs respectfully respond to Defendants' Notice of Supplemental Authority (D.I. 569) concerning the U.S. Supreme Court's recent opinion in *Amgen Inc. v. Sanofi*, No. 21-757 (May 18, 2023).[1] While Plaintiffs identified this pending appeal in a footnote, its outcome does not detract from Plaintiffs' arguments regarding enablement of the patent at issue here. *See* D.I. 541 at 33 n.11. Indeed, Plaintiffs had fully distinguished the technology at issue in *Amgen*—namely broad claims to unpredictable antibody drugs—from the specific extended-release formulations of mirabegron at issue in this case, which are based upon well-known formulation technology as described in the patent's specification. *Id.* at 32-34.

Absent from Defendants' notice are key portions of the *Amgen* opinion which undercut several of Defendants' key enablement arguments. First, while Defendants continue to argue "that the 'use of broad functional claim limitations *raises the bar* for enablement' and poses '*high hurdles* in fulfilling the enablement requirement'" (D.I. 569 at 2 (emphasis added)), they omit the Court's express rejection of that very argument: "There is *one* statutory enablement standard." *Amgen*, at 18 (emphasis added).

Second, *Amgen* does not support Defendants' continued emphasis on the "millions" of potential embodiments. Instead, the Court held that "enablement is not measured against the cumulative time and effort it takes to make every embodiment within a claim." *Id.* Furthermore, the Court approvingly stated that claims that require artisans to engage in "preliminary tests" to determine, for example, the proportions of ingredients in a process, still fall within the "reasonable amount of experimentation to make and use a patented invention" allowed by law. *Id.* at 14-15. "[A]spects of antibody science remain unpredictable," foreclosing enablement of the antibody

---

[1] A copy of the opinion is attached to Defendants' notice as Exhibit A. Citations to *Amgen* are citations to the pages of that slip opinion.

1

claims in *Amgen* through "trial and error" experimentation. *Id.* at 3, 18. Plaintiffs have shown that the conventional formulation technology at issue here is a world away from the unpredictable antibody technology of *Amgen*, allowing an artisan to quickly and easily discover any embodiment covered by the claims. D.I. 541 at 2, 8-9, 23-34.

Dated: May 19, 2023

| | |
|---|---|
| *Of Counsel*: | MCCARTER & ENGLISH, LLP |
| | |
| Simon D. Roberts | */s/ Daniel M. Silver* |
| Jason A. Leonard | Daniel M. Silver (#4758) |
| Nitya Anand | Alexandra M. Joyce (#6423) |
| Vincent Li | 405 N. King St., 8th Floor |
| Jayita Guhaniyogi | Wilmington, DE 19801 |
| One Vanderbilt Avenue | (302) 984-6331 |
| New York, NY 10017-3852 | dsilver@mccarter.com |
| (212) 547-5700 | ajoyce@mccarter.com |
| | |
| Stephen M. Hash | |
| Alexander T. Piala | *Attorneys for Plaintiffs* |
| Kyle Sorenson | |
| 303 Colorado Street, Suite 2200 | |
| Austin, TX 78701 | |
| (512) 726-2600 | |
| | |
| Connor Romm | |
| 200 Clarendon Street, Floor 58 | |
| Boston, MA 02116-5021 | |
| (617) 535-4000 | |
| | |
| Rodney Swartz | |
| 650 Live Oak Avenue, Suite 300 | |
| Menlo Park, CA 94025-4885 | |
| (650) 815-7400 | |